Docket No. _____

# In The
# United States Court Of Appeals
# For The Federal Circuit

## IN RE APPLE INC.,

*Petitioner.*

On Petition for Writ of Mandamus to the
United States District Court for the Eastern District of Texas
Case No. 6:12-cv-00943, Judge Leonard Davis

---

### APPENDIX TO PETITION FOR WRIT OF MANDAMUS

---

Bryan K. Anderson
SIDLEY AUSTIN LLP
1001 Page Mill Rd.
Palo Alto, California 94304
(650) 565-7000

Ryan C. Morris
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

July 30, 2014                    *Attorneys for Petitioner Apple Inc.*

# TABLE OF CONTENTS

| Document | Page |
|---|---|
| Docket, *EON Corp. IP Holdings, LLC v. Apple Inc.*, 6:12-cv-943 (E.D. Tex.) | A1-9 |
| Docket, *EON Corp. IP Holdings, LLC v. LG Electronics MobileComm USA, Inc.*, 6:12-cv-941 (E.D. Tex.) | A10-26 |
| Memorandum Opinion and Order Denying Apple Inc.'s Motion to Transfer, ECF 40 | A27-38 |
| Order Adopting Memorandum Opinion and Order of United States Magistrate Judge, ECF 53 | A39 |
| Plaintiff EON Corp. IP Holdings, LLC's Complaint, ECF 1 | A40-52 |
| Excerpts of Defendant Apple Inc.'s Motion to Transfer at 2-3, 6-7, 10, 12-14, ECF 21 | A53-60 |
| Apr. 3, 2013 Declaration of Bryan K. Anderson in Support of Apple Inc.'s Motion to Transfer Venue, ECF 21-3 | A61-132 |
| Apr. 2, 2013 Declaration of Mark Buckley in Support of Apple Inc.'s Motion to Transfer Venue, ECF 21-2 | A133-135 |
| May 22, 2013 Declaration of Jim Young, ECF 29-1 | A136-137 |
| May 22, 2013 Supplemental Declaration of Bryan K. Anderson in Support of Apple Inc.'s Motion to Transfer Venue, ECF 29-2 | A138-197 |
| Jun 27, 2013 Declaration of Payam Mirrashidi, *EON Corp. IP Holdings, LLC v. LG Electronics MobileComm USA, Inc.*, 6:12-cv-941 (E.D. Tex. June 28, 2013), ECF 23-31 | A198-200 |
| June 27, 2013 Declaration of Maxine Curry, *EON Corp. IP Holdings, LLC v. LG Electronics MobileComm USA, Inc.*, 6:12-cv-941 (E.D. Tex. June 28, 2013), ECF 23-30 | A201-202 |
| June 27, 2013 Declaration of Beth Kellermann, *EON Corp. IP Holdings, LLC v. LG Electronics MobileComm USA, Inc.*, 6:12-cv-941 (E.D. Tex. June 28, 2013), ECF 23-29 | A203-205 |
| Defendants Cisco Systems, Inc., Aruba Networks, Inc., Broadsoft, Inc., Ip.Access, Inc., Meru Networks, Inc., Stoke, Inc., Tatara Systems, Inc., and Kineto Wireless, Inc.'s Joint Motion to Transfer Venue to The Northern District of California | A206-231 |
| Declaration of Matthew S. Yungwirth in Support of Cisco Systems, Inc.'s Motion to Transfer Venue | A232-235 |
| Plaintiff EON Corp IP Holding, LLC's Exclusive License | A236-239 |

| Document | Page |
|---|---|
| Excerpts of Eon's Response in Opposition to Defendant Apple's Motion to Transfer at 2, App. A, ECF 28 | A240-245 |
| Exhibit A to Eon's Response in Opposition to Defendant Apple's Motion to Transfer (Aug. 6, 2012 Declaration of Erick Haas), ECF 28-2 | A246-248 |
| Exhibit B to Eon's Response in Opposition to Defendant Apple's Motion to Transfer (May 10, 2013 Declaration of Patrick King), ECF 28-3 | A249-250 |
| Exhibit C to Eon's Response in Opposition to Defendant Apple's Motion to Transfer (EON's Disclosures Pursuant to Discovery Order, *EON Corp. IP Holdings, LLC v. Landis+Gyr. Inc.*, No. 6:11-cv-00317 (E.D. Tex.)), ECF 28-4 | A251-261 |
| Excerpts of Defendant Apple Inc.'s Reply Brief in Support of Motion to Transfer Pursuant to 28 U.S.C. § 1404(A) at 1-4, ECF 29 | A262-265 |
| Excerpt of Defendant Apple Inc.'s Motion For Leave to File Initial Disclosures in Support of Apple's Motion to Transfer (ECF 21) at 1, ECF 35 | A266 |
| Declaration of Kelly Krellner in Support of Apple Inc.'s Motion for Leave to File Initial Disclosures in Support of Apple's Motion to Transfer (ECF 21), ECF 35-2, ECF 35-3, ECF 35-4 | A267-302 |
| Excerpt of Defendant Apple Inc.'s Reply Brief in Support of Motion For Leave to File Initial Disclosures in Support of Apple's Motion to Transfer (ECF 21) at 2-3, ECF 38 | A303-304 |
| Excerpts of Objection to Non-Dispositive Order Denying Apple Inc.'s Motion to Transfer at 1, 3, ECF 41 | A305-306 |
| Letter to the President of the United States from Honorable Leonard Davis, dated June16, 2014 | A307-308 |
| *Adaptix, Inc. v. HTC Corp.*, No. 6:12-CV-121, 2013 U.S. Dist. LEXIS 44265, at *9-14 (E.D. Tex. Mar. 28, 2013) | A309-317 |
| *GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-CV-572, 2013 U.S. Dist. LEXIS 58575, at *23-26 (E.D. Tex. Jan. 14, 2013) | A318-328 |
| *In re EMC Corp.*, 501 Fed. Appx. 973 (Fed. Cir. 2013) | A329-332 |

<span style="color:green">CASREF,CONSOL,JURY,LED2,PATENT/TRADEMARK,STAYED</span>

## U.S. District Court [LIVE]
### Eastern District of TEXAS (Tyler)
### CIVIL DOCKET FOR CASE #: 6:12-cv-00943-JDL

EON Corp. IP Holdings, LLC v. Apple Inc.
Assigned to: Magistrate Judge John D. Love
Lead case: 6:12-cv-00941-JDL
Member cases:

    6:12-cv-00942-JDL
    6:12-cv-00943-JDL
    6:12-cv-00944-JDL

Cause: 35:271 Patent Infringement

Date Filed: 12/19/2012
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**EON Corp. IP Holdings, LLC**

represented by **Cabrach John Connor**
Taylor Dunham and Rodriguez, LLP
301 Congress Ave
Suite 1050
Austin, TX 78701
512-473-2257
Fax: 512-478-4409
Email: cconnor@taylordunham.com
*TERMINATED: 07/23/2013*

**Catherine Bentley Harris**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: bharris@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Deron R Dacus**
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 9037051117
Email: ddacus@dacusfirm.com
*ATTORNEY TO BE NOTICED*

**Jeff R Johnson**
Reed & Scardino LLP

A1

301 Congress Ave
Ste 1250
Austin, TX 78749
512-474-2449
Fax: 512-474-2622
Email: jjohnson@reedscardino.com
*TERMINATED: 03/07/2013*

**John Lawrence Hendricks**
Reed & Scardino LLP
301 Congress Ave
Suite 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: jhendricks@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Mark W Halderman**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: mhalderman@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Raymond William Mort , III**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: rmort@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Rola Daaboul**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: rdaaboul@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Daniel Scardino**
Reed & Scardino LLP

A2

301 Congress Ave
Ste 1250
Austin, TX 78749
512-474-2449
Fax: 512-474-2622
Email: dscardino@reedscardino.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Apple Inc.**                    represented by **Ashish Nagdev**
Sidley Austin LLP - Palo Alto
1001 Page Mill Road
Bldg 1
Palo Alto, CA 94304
650.565.7000
Fax: 650.565.7100
Email: anagdev@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bryan K Anderson**
Sidley Austin LLP - Palo Alto
1001 Page Mill Road
Bldg 1
Palo Alto, CA 94304
650/565-7007
Fax: 650/565-7100
Email: bkanderson@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com
*ATTORNEY TO BE NOTICED*

**Kelly A Krellner**
Sidley Austin LLP - San Francisco
555 California Street
Suite 2000
San Francisco, CA 94104
415/772-7418
Fax: 415/772-7400

A3

Email: kkrellner@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Li Chen**
Sidley Austin LLP - Dallas
717 N Harwood
Suite 3400
Dallas, TX 75201
214/981-3385
Fax: 12149813400
Email: lchen@sidley.com
*TERMINATED: 04/30/2014*

**Philip W Woo**
Sidley Austin LLP - San Francisco
555 California Street
Suite 2000
San Francisco, CA 94104
415-772-1200
Fax: 415-772-7400
Email: pwoo@sidley.com
*ATTORNEY TO BE NOTICED*

**Roger Brian Craft**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: bcraft@findlaycraft.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2012 | 1 | COMPLAINT against Apple Inc. ( Filing fee $ 350 receipt number 0540-3922929.), filed by EON Corp. IP Holdings, LLC. (Attachments: # 1 Exhibit A - '757 Patent, # 2 Exhibit B - '101 Patent, # 3 Exhibit C - '546 Patent, # 4 Exhibit D - '491 Patent, # 5 Civil Cover Sheet)(Scardino, Daniel) (Entered: 12/19/2012) |
| 12/19/2012 | 2 | CORPORATE DISCLOSURE STATEMENT filed by EON Corp. IP Holdings, LLC (Scardino, Daniel) (Entered: 12/19/2012) |
| 12/19/2012 | 3 | NOTICE of Attorney Appearance by Cabrach John Connor on behalf of EON Corp. IP Holdings, LLC (Connor, Cabrach) (Entered: 12/19/2012) |
| 12/19/2012 | 4 | NOTICE of Attorney Appearance by Jeff R Johnson on behalf of EON Corp. IP Holdings, LLC (Johnson, Jeff) (Entered: 12/19/2012) |

A4

| 12/19/2012 | | Judge Leonard Davis added. (mll, ) (Entered: 12/20/2012) |
|---|---|---|
| 12/26/2012 | 5 | SUMMONS Issued as to Apple Inc., and emailed to pltf for service. (mll, ) (Entered: 12/26/2012) |
| 01/02/2013 | 6 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Scardino, Daniel) (Entered: 01/02/2013) |
| 01/15/2013 | 7 | NOTICE of Attorney Appearance by Deron R Dacus on behalf of EON Corp. IP Holdings, LLC (Dacus, Deron) (Entered: 01/15/2013) |
| 01/17/2013 | 8 | Return of Service Executed as to Apple Inc. on 1/7/2013, by cert mail; answer due: 1/28/2013. (mll, ) (Entered: 01/17/2013) |
| 01/23/2013 | 9 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Apple Inc..( Chen, Li) (Entered: 01/23/2013) |
| 01/28/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 9 is granted pursuant to Local Rule CV-12 for Apple Inc. to 2/27/2013. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 01/28/2013) |
| 02/06/2013 | 10 | NOTICE of Attorney Appearance by Eric Hugh Findlay on behalf of Apple Inc. (Findlay, Eric) (Entered: 02/06/2013) |
| 02/06/2013 | 11 | NOTICE of Attorney Appearance by Roger Brian Craft on behalf of Apple Inc. (Craft, Roger) (Entered: 02/06/2013) |
| 02/15/2013 | 12 | NOTICE of Attorney Appearance - Pro Hac Vice by Ashish Nagdev on behalf of Apple Inc.. Filing fee $ 100, receipt number 0540-4003849. (Nagdev, Ashish) (Entered: 02/15/2013) |
| 02/18/2013 | 13 | NOTICE of Attorney Appearance - Pro Hac Vice by Kelly A Krellner on behalf of Apple Inc.. Filing fee $ 100, receipt number 0540-4004106. (Krellner, Kelly) (Entered: 02/18/2013) |
| 02/18/2013 | 14 | NOTICE of Attorney Appearance by Philip W Woo on behalf of Apple Inc. (Woo, Philip) (Entered: 02/18/2013) |
| 02/18/2013 | 15 | NOTICE of Attorney Appearance - Pro Hac Vice by Bryan K Anderson on behalf of Apple Inc.. Filing fee $ 100, receipt number 0540-4004251. (Anderson, Bryan) (Entered: 02/18/2013) |
| 02/27/2013 | 16 | *Defendant Apple Inc.'s* ANSWER to 1 Complaint, by Apple Inc..(Findlay, Eric) (Entered: 02/27/2013) |
| 02/27/2013 | 17 | CORPORATE DISCLOSURE STATEMENT filed by Apple Inc. identifying Corporate Parent None for Apple Inc.. (Findlay, Eric) (Entered: 02/27/2013) |
| 03/06/2013 | 18 | Unopposed MOTION to Withdraw as Attorney *Jeff R. Johnson* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Scardino, Daniel) (Entered: 03/06/2013) |
| 03/07/2013 | 19 | ORDER granting 18 Motion to Withdraw as Attorney. Attorney Jeff R Johnson |

| | | terminated. Signed by Judge Leonard Davis on 03/07/13. cc:attys 3-07-13 (mll, ) (Entered: 03/07/2013) |
|---|---|---|
| 04/03/2013 | 20 | NOTICE of Attorney Appearance by Mark W Halderman on behalf of EON Corp. IP Holdings, LLC (Halderman, Mark) (Entered: 04/03/2013) |
| 04/03/2013 | 21 | MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A)* by Apple Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit of Buckley, # 3 Affidavit of Anderson, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26)(Findlay, Eric) (Entered: 04/03/2013) |
| 04/16/2013 | 22 | ORDER REFERRING CASE to Magistrate Judge John D. Love to conduct pretrial proceedings. Signed by Judge Leonard Davis on 04/16/13. (mll, ) (Entered: 04/16/2013) |
| 04/17/2013 | 23 | ORDER OF CONSOLIDATION. The above-styled cases shall be consolidated for pretrial issues only, with the exception of venue. **The earliest filed civil action 6:12cv941 shall serve as the lead case for consolidated issues.** The individual cases will remain active for trial. All motions shall be filed in the consolidated case. The Clerk of the Court shall add all consolidated defendants to the lead case, as well as each defendants Lead and Local Counsel only. Should additional attorneys wish to appear in the consolidated case, they should file a Notice of Appearance in the lead case. Signed by Magistrate Judge John D. Love on 04/17/13. (mll, ) (Entered: 04/18/2013) |
| 04/17/2013 | | **This Civil Action is CONSOLIDATED with cause 6:12cv941, which is designated as the Lead Case. All future pleadings, except for venue motions, should be filed in the Lead Case.** (mll, ) (Entered: 04/18/2013) |
| 04/19/2013 | 24 | Unopposed MOTION for Extension of Time to File *Opposition to Defendant Apple, Inc.s Motion to Transfer Pursuant to 28 U.S.C. § 1404(A)* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order) (Halderman, Mark) (Entered: 04/19/2013) |
| 04/22/2013 | 25 | ORDER granting 24 Motion for Extension of Time. EON is granted an extension to 4-29-2013 to file an Opposition to Defendant Apple, Inc.'s Motion to Transfer. Signed by Magistrate Judge John D. Love on 04/22/13. (mll, ) (Entered: 04/22/2013) |
| 04/26/2013 | 26 | Unopposed MOTION for Extension of Time to File Response/Reply *to Dkt. No. 21* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order Proposed Order)(Halderman, Mark) (Entered: 04/26/2013) |
| 04/29/2013 | 27 | ORDER granting 26 Motion for Extension of Time to File Response/Reply re 21 MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A)*; Responses due by 5/13/2013. Signed by Magistrate Judge John D. Love on 04/29/13. (mll, ) (Entered: 04/29/2013) |
| | | |

A6

| 05/13/2013 | 28 | RESPONSE in Opposition re 21 MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A)* MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A)* MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A) filed by EON Corp. IP Holdings, LLC.* (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Halderman, Mark) (Entered: 05/13/2013) |
| 05/22/2013 | 29 | REPLY to Response to Motion re 21 MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A)* MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404 (A)* MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A) filed by Apple Inc..* (Attachments: # 1 Affidavit of Young, # 2 Affidavit of Anderson, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7)(Findlay, Eric) (Entered: 05/22/2013) |
| 06/03/2013 | 30 | SUR-REPLY to Reply to Response to Motion re 21 MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A)* MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A)* MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A) filed by EON Corp. IP Holdings, LLC.* (Halderman, Mark) (Entered: 06/03/2013) |
| 07/08/2013 | 31 | NOTICE of Attorney Appearance by Rola Daaboul on behalf of EON Corp. IP Holdings, LLC (Daaboul, Rola) (Entered: 07/08/2013) |
| 07/22/2013 | 32 | Unopposed MOTION to Withdraw as Attorney *Cabrach Connor* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Scardino, Daniel) (Entered: 07/22/2013) |
| 07/23/2013 | 33 | ORDER granting 32 Motion to Withdraw as Attorney. Attorney Cabrach John Connor terminated. Signed by Magistrate Judge John D. Love on 07/23/13. (mll, ) (Entered: 07/23/2013) |
| 10/02/2013 | 34 | NOTICE of Attorney Appearance by Raymond William Mort, III on behalf of EON Corp. IP Holdings, LLC (Mort, Raymond) (Entered: 10/02/2013) |
| 10/04/2013 | 35 | MOTION for Leave to File *Initial Disclosures in Support of Apple's Motion to Transfer (ECF 21)* by Apple Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Krellner, # 3 Exhibit 1, # 4 Exhibit 2)(Findlay, Eric) (Entered: 10/04/2013) |
| 10/21/2013 | 36 | RESPONSE to Motion re 21 MOTION to Change Venue *Pursuant to 28 U.S.C. § 1404(A) filed by EON Corp. IP Holdings, LLC.* (Daaboul, Rola) (Entered: 10/21/2013) |
| 10/28/2013 | 37 | NOTICE by EON Corp. IP Holdings, LLC re 1 Complaint, *Notice of Filing Ex Parte Reexamination Certificate for U.S. Patent No. 5,663,757* (Attachments: # 1 Exhibit A)(Scardino, Daniel) (Entered: 10/28/2013) |
| 10/29/2013 | 38 | REPLY to Response to Motion re 35 MOTION for Leave to File *Initial Disclosures in Support of Apple's Motion to Transfer (ECF 21) filed by Apple Inc..* (Attachments: # 1 Declaration of Krellner, # 2 Exhibit 1, # 3 Exhibit 2) (Findlay, Eric) (Entered: 10/29/2013) |
| 10/29/2013 | 39 | ORDER granting 35 Motion for Leave to File Initial Disclosures. Signed by Magistrate Judge John D. Love on 10/29/13. (mll, ) (Entered: 10/30/2013) |

A7

| | | |
|---|---|---|
| 03/28/2014 | 40 | MEMORANDUM ORDER denying 21 Motion to Change Venue. Signed by Magistrate Judge John D. Love on 03/28/14. (mll, ) (Entered: 03/28/2014) |
| 04/04/2014 | 41 | RESPONSE to 40 Order on Motion to Change Venue *Objection to Non-Dispositive Order Denying Apple Inc.'s Motion to Transfer filed by Apple Inc.*. (Attachments: # 1 Declaration of Kelly Krellner, # 2 Exhibit 1, # 3 Text of Proposed Order)(Findlay, Eric) (Entered: 04/04/2014) |
| 04/10/2014 | 42 | NOTICE of Attorney Appearance by Catherine Bentley Harris on behalf of EON Corp. IP Holdings, LLC (Harris, Catherine) (Entered: 04/10/2014) |
| 04/18/2014 | 43 | RESPONSE to 41 Response to Non-Motion, *TO OBJECTION TO NON-DISPOSITIVE ORDER DENYING APPLE INC.S MOTION TO TRANSFER filed by EON Corp. IP Holdings, LLC*. (Attachments: # 1 Text of Proposed Order Proposed Order)(Harris, Catherine) (Entered: 04/18/2014) |
| 04/23/2014 | 44 | NOTICE of Attorney Appearance by John Lawrence Hendricks on behalf of EON Corp. IP Holdings, LLC (Hendricks, John) (Entered: 04/23/2014) |
| 04/25/2014 | 45 | RESPONSE to 41 Response to Non-Motion, 43 Response to Non-Motion, 40 Order on Motion to Change Venue *Apple Inc.'s Reply in Support of Objections to Non-Dispositive Order Denying Apple Inc.'s Motion to Transfer filed by Apple Inc.*. (Findlay, Eric) (Entered: 04/25/2014) |
| 05/02/2014 | 46 | RESPONSE to 45 Response to Non-Motion, *Sur-Reply in Opposition to Apple's Objection to the Non-Dispositive Order Denyings Its Motion to Transfer filed by EON Corp. IP Holdings, LLC*. (Harris, Catherine) (Entered: 05/02/2014) |
| 05/29/2014 | 47 | Joint MOTION to Stay by EON Corp. IP Holdings, LLC. (Scardino, Daniel) (Additional attachment(s) added on 6/13/2014: # 1 Text of Proposed Order) (gsg, ). (Entered: 05/29/2014) |
| 06/04/2014 | | Case Reassigned to Magistrate Judge John D. Love per General Order 14-12. Judge Leonard Davis no longer assigned to the case. (tlh, ) (Entered: 06/04/2014) |
| 06/13/2014 | 48 | ORDER granting 47 Motion to Stay. The Court hereby STAYS all deadlines in this case between EON and Apple Inc. for a period of 30 days. Parties shall submit closing documents by 6-30-2014. Signed by Magistrate Judge John D. Love on 06/13/14. (mll, ) (Entered: 06/13/2014) |
| 06/27/2014 | 49 | Joint MOTION for Extension of Time to File *Dismissal Paperwork* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Scardino, Daniel) (Entered: 06/27/2014) |
| 06/30/2014 | 50 | ORDER granting 49 Motion for Extension of Time to File Closing Documents to 7/11/2014. Signed by Magistrate Judge John D. Love on 6/30/14. (mjc, ) (Entered: 06/30/2014) |
| 07/14/2014 | 51 | NOTICE by EON Corp. IP Holdings, LLC *of Impasse with Respect to Settlement* (Hendricks, John) (Entered: 07/14/2014) |
| 07/14/2014 | 52 | **\*\*\*FILED IN ERROR, PLEASE IGNORE\*\*\***Emergency MOTION to |

A8

| | | |
|---|---|---|
| | | Continue *Claim Construction Hearing and Status Conference* by Apple Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Bryan Anderson) (Findlay, Eric) Modified on 7/15/2014 (sm, ). (Entered: 07/14/2014) |
| 07/15/2014 | | ***FILED IN ERROR, TO BE FILED ONLY IN THE LEAD CASE. Document # 52, Emergency Motion is now Terminated. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 07/15/2014) |
| 07/21/2014 | 53 | ORDER that the Memorandum Opinion and Order of the United States Magistrate Judge 40 is ADOPTED as the findings of this Court and that Apple's Objections 41 are OVERRULED. Signed by Judge Leonard Davis on 07/21/14. (mll, ) (Entered: 07/21/2014) |

CASREF,JURY,LEAD,LED2,PATENT/TRADEMARK,PROTECTIVE-ORDER,STAYED

## U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
## CIVIL DOCKET FOR CASE #: 6:12-cv-00941-JDL

| | |
|---|---|
| EON Corp. IP Holdings, LLC v. LG Electronics MobileComm USA, Inc. | Date Filed: 12/19/2012 |
| Assigned to: Magistrate Judge John D. Love | Jury Demand: Both |
| Member cases: | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

Member cases:

   6:12-cv-00942-JDL

   6:12-cv-00943-JDL

   6:12-cv-00944-JDL

Cause: 35:271 Patent Infringement

**Mediator**

| | | |
|---|---|---|
| **Robert W Faulkner** *Mediator as to Defendant Pantech Wireless Inc* | represented by | **Robert W Faulkner** JAMS Inc 8401 N. Central Expressway Suite 610 Dallas, TX 75225 214/744-5267 Fax: 214/720-6010 Email: rfaulkner@jamsadr.com *ATTORNEY TO BE NOTICED* |

**Mediator**

| | | |
|---|---|---|
| **Alexander Brainerd** *Mediator as to Defendants LG Electronics MobileComm USA Inc, Apple Inc, Asustek Computer Inc, and ASUS Computer International* | represented by | **Alexander Brainerd** JAMS Two Embarcadero Center Suite 1500 San Francisco, CA 94111 415-774-2626 Fax: 415-982-5287 Email: abrainerd@jamsadr.com PRO SE |

**Plaintiff**

| | | |
|---|---|---|
| **EON Corp. IP Holdings, LLC** | represented by | **Cabrach John Connor** Taylor Dunham and Rodriguez, LLP 301 Congress Ave Suite 1050 Austin, TX 78701 512-473-2257 Fax: 512-478-4409 Email: cconnor@taylordunham.com *TERMINATED: 07/23/2013* |

A10

**Catherine Bentley Harris**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: bharris@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Deron R Dacus**
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 9037051117
Email: ddacus@dacusfirm.com
*ATTORNEY TO BE NOTICED*

**Jeff R Johnson**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78749
512-474-2449
Fax: 512-474-2622
Email: jjohnson@reedscardino.com
*TERMINATED: 03/07/2013*

**John Lawrence Hendricks**
Reed & Scardino LLP
301 Congress Ave
Suite 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: jhendricks@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Mark W Halderman**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: mhalderman@reedscardino.com
*TERMINATED: 07/01/2014*
*ATTORNEY TO BE NOTICED*

A11

**Raymond William Mort , III**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: rmort@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Rola Daaboul**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78701
512-474-2449
Fax: 512-474-2622
Email: rdaaboul@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Daniel Scardino**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78749
512-474-2449
Fax: 512-474-2622
Email: dscardino@reedscardino.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**LG Electronics MobileComm USA, Inc.**
*TERMINATED: 06/19/2014*

represented by **Ricardo Joel Bonilla**
Fish & Richardson - Dallas
1717 Main St.
Suite 5000
Dallas, TX 75201
214-747-5071
Fax: 214-747-2091
Email: rbonilla@fr.com
*ATTORNEY TO BE NOTICED*

**Thomas Howard Reger , II**
Fish & Richardson - Dallas
1717 Main St.
Suite 5000
Dallas, TX 75201
214/292-4084

A12

Fax: 214/747-2091
Email: reger@fr.com
*ATTORNEY TO BE NOTICED*

V.

**Consol Defendant**

**Pantech Wireless, Inc.**                    represented by    **Alan Arthur Wright**
*Consolidated Civil Action 6:12cv942*                          HC Park & Associates PLC - Reston
                                                               1894 Preston White Drive
                                                               Reston, VA 20191
                                                               703/288-5105
                                                               Fax: 703/288-5139
                                                               Email: awright@park-law.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Brendan Padraig O'Shea**
                                                               HC Park & Associates PLC - Reston
                                                               1894 Preston White Drive
                                                               Reston, VA 20191
                                                               703/544-9257
                                                               Fax: 703/288-5139
                                                               Email: boshea@park-law.com
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Melissa Richards Smith**
                                                               Gillam & Smith, LLP
                                                               303 South Washington Avenue
                                                               Marshall, TX 75670
                                                               903/934-8450
                                                               Fax: 903/934-9257
                                                               Email: melissa@gillamsmithlaw.com
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Oluwaseun Olugbolade Ajayi**
                                                               HC Park & Associates PLC - Reston
                                                               1894 Preston White Drive
                                                               Reston, VA 20191
                                                               703.288.5105
                                                               Fax: 703.288.5139
                                                               Email: oajayi@park-law.com
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Stephen D Dove**
                                                               HC Park & Associates PLC - Reston
                                                               1894 Preston White Drive
                                                               Reston, VA 20191
                                                               703/544-9230
                                                               Fax: 703/288-5139

A13

Email: sdove@park-law.com
*TERMINATED: 10/31/2013*

**Wayne M Helge**
Davidson, Berquist, Jackson &
Gowdey, LLP
4300 Wilson Blvd. Ste 700
Arlington, VA 22203
703-894-6405
Fax: 703-894-6430
Email: whelge@dbjg.com
*TERMINATED: 01/16/2014*
*PRO HAC VICE*

**Consol Defendant**

**Apple, Inc.**                    represented by  **Ashish Nagdev**
*Consolidated Civil Action 6:12cv943*              Sidley Austin LLP - Palo Alto
1001 Page Mill Road
Bldg 1
Palo Alto, CA 94304
650.565.7000
Fax: 650.565.7100
Email: anagdev@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bryan K Anderson**
Sidley Austin LLP - Palo Alto
1001 Page Mill Road
Bldg 1
Palo Alto, CA 94304
650/565-7007
Fax: 650/565-7100
Email: bkanderson@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com
*ATTORNEY TO BE NOTICED*

**Kelly A Krellner**
Sidley Austin LLP - San Francisco
555 California Street

A14

Suite 2000
San Francisco, CA 94104
415/772-7418
Fax: 415/772-7400
Email: kkrellner@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Li Chen**
Sidley Austin LLP - Dallas
717 N Harwood
Suite 3400
Dallas, TX 75201
214/981-3385
Fax: 12149813400
Email: lchen@sidley.com
*TERMINATED: 04/30/2014*

**Philip W Woo**
Sidley Austin LLP - San Francisco
555 California Street
Suite 2000
San Francisco, CA 94104
415-772-1200
Fax: 415-772-7400
Email: pwoo@sidley.com
*ATTORNEY TO BE NOTICED*

**Roger Brian Craft**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: bcraft@findlaycraft.com
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Asustek Computer, Inc.**                represented by **Joshua M Masur**
*Consolidated Civil Action 6:12cv944*                    Turner Boyd LLP
                                                         702 Marshall Street
                                                         Ste 640
                                                         Redwood City, CA 94063
                                                         650/521-5935
                                                         Fax: 650-521-5931
                                                         Email: masur@turnerboyd.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

A15

**Zhuanjia Gu**
Turner Boyd LLP
702 Marshall Street
Suite 640
Redwood City, CA 94063
650/521-5930
Fax: 650/521-5931
Email: gu@turnerboyd.com
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

| | |
|---|---|
| **ASUS Computer International**<br>*Consolidated Civil Action 6:12cv944* | represented by **Joshua M Masur**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | **Zhuanjia Gu**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2012 | 1 | COMPLAINT *against LG Electronics MobileComm USA, Inc.* by EON Corp. IP Holdings, LLC ( Filing fee $ 350 receipt number 0540-3922826.), filed by EON Corp. IP Holdings, LLC. (Attachments: # 1 Exhibit A - '101 Patent, # 2 Exhibit B - 491 Patent, # 3 Civil Cover Sheet)(Scardino, Daniel) (Entered: 12/19/2012) |
| 12/19/2012 | 2 | NOTICE of Attorney Appearance by Cabrach John Connor on behalf of EON Corp. IP Holdings, LLC (Connor, Cabrach) (Entered: 12/19/2012) |
| 12/19/2012 | 3 | NOTICE of Attorney Appearance by Jeff R Johnson on behalf of EON Corp. IP Holdings, LLC (Johnson, Jeff) (Entered: 12/19/2012) |
| 12/19/2012 | 4 | CORPORATE DISCLOSURE STATEMENT filed by EON Corp. IP Holdings, LLC (Scardino, Daniel) (Entered: 12/19/2012) |
| 12/19/2012 | | Judge Leonard Davis added. (mll, ) (Entered: 12/20/2012) |
| 12/26/2012 | 5 | SUMMONS Issued as to LG Electronics MobileComm USA, Inc., and emailed to pltf for service. (mll, ) (Entered: 12/26/2012) |
| 01/02/2013 | 6 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Scardino, Daniel) (Entered: 01/02/2013) |
| 01/15/2013 | 7 | NOTICE of Attorney Appearance by Deron R Dacus on behalf of EON Corp. IP Holdings, LLC (Dacus, Deron) (Entered: 01/15/2013) |
| 01/17/2013 | 8 | Return of Service Executed as to LG Electronics MobileComm USA, Inc. on 1/7/2013, by cert mail; answer due: 1/28/2013. (mll, ) (Entered: 01/17/2013) |

A16

| 01/23/2013 | 9 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re LG Electronics MobileComm USA, Inc..( Reger, Thomas) (Entered: 01/23/2013) |
| 01/28/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 9 is granted pursuant to Local Rule CV-12 for LG Electronics MobileComm USA, Inc. to 2/27/2013. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 01/28/2013) |
| 02/19/2013 | 10 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re LG Electronics MobileComm USA, Inc..( Reger, Thomas) (Entered: 02/19/2013) |
| 02/19/2013 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 10 is granted pursuant to Local Rule CV-12 for LG Electronics MobileComm USA, Inc. to 3/14/2013. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 02/19/2013) |
| 02/20/2013 | 11 | AMENDED COMPLAINT against LG Electronics MobileComm USA, Inc., filed by EON Corp. IP Holdings, LLC. (Attachments: # 1 Exhibit A - 101 Patent, # 2 Exhibit B - 491 Patent)(Scardino, Daniel) (Entered: 02/20/2013) |
| 03/06/2013 | 12 | Unopposed MOTION to Withdraw as Attorney *Jeff R. Johnson* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order) (Scardino, Daniel) (Entered: 03/06/2013) |
| 03/07/2013 | 13 | ORDER granting 12 Motion to Withdraw as Attorney. Attorney Jeff R Johnson terminated. Signed by Judge Leonard Davis on 03/07/13. cc:attys 3-07-13 (mll, ) (Entered: 03/07/2013) |
| 03/14/2013 | 14 | *[LG ELECTRONICS MOBILECOMM U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO EON CORP. IP HOLDINGS, LLC'S FIRST AMENDED COMPLAINT]* ANSWER to 11 Amended Complaint by LG Electronics MobileComm USA, Inc..(Reger, Thomas) (Entered: 03/14/2013) |
| 03/14/2013 | 15 | CORPORATE DISCLOSURE STATEMENT filed by LG Electronics MobileComm USA, Inc. identifying Corporate Parent LG Electronics, Inc., Corporate Parent LG Electronics U.S.A., Inc., Corporate Parent LG Corporation for LG Electronics MobileComm USA, Inc.. (Reger, Thomas) (Entered: 03/14/2013) |
| 04/03/2013 | 16 | NOTICE of Attorney Appearance by Mark W Halderman on behalf of EON Corp. IP Holdings, LLC (Halderman, Mark) (Entered: 04/03/2013) |
| 04/16/2013 | 17 | ORDER REFERRING CASE to Magistrate Judge John D. Love to conduct pretrial proceedings. Signed by Judge Leonard Davis on 04/16/13. (mll, ) (Entered: 04/16/2013) |
| 04/17/2013 | 18 | ORDER OF CONSOLIDATION. The above-styled cases shall be consolidated for pretrial issues only, with the exception of venue. **The earliest filed civil action 6:12cv941 shall serve as the lead case for consolidated issues.** The individual cases will remain active for trial. All motions shall be filed in the consolidated case. The Clerk of the Court shall add all consolidated defendants to the lead case, as well as each defendants |

A17

|  |  | Lead and Local Counsel only. Should additional attorneys wish to appear in the consolidated case, they should file a Notice of Appearance in the lead case. Signed by Magistrate Judge John D. Love on 04/17/13. (mll, ) (Entered: 04/18/2013) |
|---|---|---|
| 04/17/2013 |  | **Consolidated Defendants Added:** Pantech Wireless Inc (6:12cv942); Apple Inc (6:12cv943); Asustek Computer Inc, and ASUS Computer International (6:12cv944). (mll, ) (Entered: 04/18/2013) |
| 04/25/2013 | 19 | NOTICE of Attorney Appearance by Kelly A Krellner on behalf of Apple, Inc. (Krellner, Kelly) (Entered: 04/25/2013) |
| 04/25/2013 | 20 | NOTICE of Attorney Appearance by Bryan K Anderson on behalf of Apple, Inc. (Anderson, Bryan) (Entered: 04/25/2013) |
| 04/25/2013 | 21 | NOTICE of Attorney Appearance by Ashish Nagdev on behalf of Apple, Inc. (Nagdev, Ashish) (Entered: 04/25/2013) |
| 06/03/2013 | 22 | ORDER setting Scheduling Conference for 7/2/2013 01:30 PM in Ctrm 207 (Tyler) before Magistrate Judge John D. Love, UNLESS the parties submit an up-to-date referral Docket Control Order and Discovery Order taken from the undersigned's website (located under the heading, Judge Davis Referrals) no later than 9:00a.m. two days prior to the above date. Signed by Magistrate Judge John D. Love on 6/3/13. (mjc, ) (Entered: 06/03/2013) |
| 06/28/2013 | 23 | MOTION for Submission of Disputed Portions of the Proposed Protective Orders, e-Discovery Order, Discovery Order and Docket Control Order by Apple, Inc.. (Attachments: # 1 Text of Proposed Order Protective Order, # 2 Text of Proposed Order Docket Control Order, # 3 Text of Proposed Order e-Discovery Order, # 4 Text of Proposed Order Discovery Order, # 5 Declaration of Krellner, # 6 Exhibit 1, # 7 Exhibit 2, # 8 Exhibit 3, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 6, # 12 Exhibit 7, # 13 Exhibit 8, # 14 Exhibit 9, # 15 Declaration of Findlay, # 16 Exhibit A, # 17 Exhibit B, # 18 Exhibit C, # 19 Exhibit D, # 20 Exhibit E, # 21 Exhibit F, # 22 Exhibit G, # 23 Exhibit H, # 24 Exhibit I, # 25 Exhibit J.1, # 26 Exhibit J.2, # 27 Exhibit K, # 28 Exhibit L, # 29 Declaration of Kellerman, # 30 Declaration of Curry, # 31 Declaration of Mirrashidi)(Findlay, Eric) (Entered: 06/28/2013) |
| 07/01/2013 |  | NOTICE that the scheduling conference set for Tuesday, July 2, 2013 at 1:30 p.m. has been CANCELLED. The Court hereby SETS a telephone conference for MONDAY, JULY 8, 2013 at 11:00 a.m. The Plaintiff is responsible for setting up the conference and advising the Court, and the other parties, of the conference information no later than Thursday, July 3, 2013 at 4:00 p.m. (srg) (Entered: 07/01/2013) |
| 07/05/2013 | 24 | NOTICE of Attorney Appearance by Stephen D Dove on behalf of Pantech Wireless, Inc. (Dove, Stephen) (Entered: 07/05/2013) |
| 07/08/2013 | 25 | NOTICE of Attorney Appearance by Rola Daaboul on behalf of EON Corp. IP Holdings, LLC (Daaboul, Rola) (Entered: 07/08/2013) |
| 07/08/2013 | 26 | NOTICE of Attorney Appearance by Brendan Padraig O'Shea on behalf of Pantech Wireless, Inc. (O'Shea, Brendan) (Entered: 07/08/2013) |

A18

| 07/08/2013 |  | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge John D. Love: Telephone Conference held on 7/8/2013. (Digitally Recorded) (mjm) (Entered: 07/09/2013) |
|---|---|---|
| 07/08/2013 | 27 | ORDER ON DISCOVERY ORDER, PROTECTIVE ORDER, DOCKET CONTROL ORDER AND ESI ORDER. The parties are ordered to submit all of the disputed orders by 12:00 PM on 7-12-2013. Signed by Magistrate Judge John D. Love on 07/08/13. (mll, ) (Entered: 07/09/2013) |
| 07/12/2013 | 28 | MOTION Submission of Proposed Orders by Apple, Inc.. (Attachments: # 1 Text of Proposed Order Docket Control Order, # 2 Text of Proposed Order Protective Order, # 3 Text of Proposed Order Discovery Order, # 4 Text of Proposed Order e-Discovery Order)(Findlay, Eric) (Entered: 07/12/2013) |
| 07/15/2013 | 29 | DISCOVERY ORDER. Signed by Magistrate Judge John D. Love on 07/15/13. (mll, ) (Entered: 07/15/2013) |
| 07/15/2013 | 30 | ORDER REGARDING E-DISCOVERY. Signed by Magistrate Judge John D. Love on 07/15/13. (mll, ) (Entered: 07/15/2013) |
| 07/15/2013 | 31 | AGREED PROTECTIVE ORDER. Signed by Magistrate Judge John D. Love on 07/15/13. (mll, ) (Entered: 07/15/2013) |
| 07/15/2013 | 32 | DOCKET CONTROL ORDER. First Mediation to be completed by 5-09-2014; Second Mediation Completion due by 10/13/2015. Jury Selection set for 1/4/2016 09:00AM before Judge Leonard Davis. Jury Trial set for 1/11/2016 09:00 AM before Judge Leonard Davis. Markman Hearing set for 9/4/2014 09:00 AM before Magistrate Judge John D. Love. Pretrial Conference set for 12/17/2015 09:00 AM before Magistrate Judge John D. Love. Signed by Magistrate Judge John D. Love on 07/15/13. (mll, ) (Entered: 07/15/2013) |
| 07/16/2013 | 33 | ORDER REFERRING CASE to Mediator. Robert W Faulkner added as Mediator. Signed by Magistrate Judge John D. Love on 07/16/13. (mll, ) (Entered: 07/16/2013) |
| 07/16/2013 | 34 | ORDER REFERRING CASE to Mediator. Alexander Brainerd is appointed as Mediator in this cause. Signed by Magistrate Judge John D. Love on 07/16/13. (mll, ) (Entered: 07/16/2013) |
| 07/22/2013 | 35 | Unopposed MOTION to Withdraw as Attorney Cabrach Connor by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order) (Scardino, Daniel) (Entered: 07/22/2013) |
| 07/22/2013 | 36 | MOTION for Reconsideration re 31 Protective Order PATENT PROSECUTION BAR by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Daaboul, Rola) (Additional attachment(s) added on 7/24/2013: # 6 Corrected Proposed Order) (gsg, ). (Entered: 07/22/2013) |
| 07/23/2013 | 37 | ORDER granting 35 Motion to Withdraw as Attorney. Attorney Cabrach John Connor terminated. Signed by Magistrate Judge John D. Love on 07/23/13. (mll, ) (Entered: 07/23/2013) |

A19

| 07/24/2013 | 38 | TRANSCRIPT REQUEST by Apple, Inc. for proceedings held on 7/8/2013 before Judge Love.. (Craft, Roger) (Entered: 07/24/2013) |
|---|---|---|
| 07/31/2013 | 39 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/8/2013 before Judge John D. Love. Court Reporter/Transcriber: Toni Hudson,Telephone number: 361-949-2988.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/26/2013. Redacted Transcript Deadline set for 9/5/2013. Release of Transcript Restriction set for 11/1/2013. (tlh, ) (Entered: 07/31/2013) |
| 08/01/2013 | 40 | RESPONSE in Opposition re 36 MOTION for Reconsideration re 31 Protective Order *PATENT PROSECUTION BAR* MOTION for Reconsideration re 31 Protective Order *PATENT PROSECUTION BAR filed by Apple, Inc.*. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Kelly Krellner, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5)(Findlay, Eric) (Entered: 08/01/2013) |
| 08/12/2013 | 41 | REPLY to Response to Motion re 36 MOTION for Reconsideration re 31 Protective Order *PATENT PROSECUTION BAR* MOTION for Reconsideration re 31 Protective Order *PATENT PROSECUTION BAR filed by EON Corp. IP Holdings, LLC.* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Daaboul, Rola) (Entered: 08/12/2013) |
| 08/15/2013 | 42 | NOTICE of Attorney Appearance by Ricardo Joel Bonilla on behalf of LG Electronics MobileComm USA, Inc. (Bonilla, Ricardo) (Entered: 08/15/2013) |
| 08/19/2013 | 43 | SUR-REPLY to Reply to Response to Motion re 36 MOTION for Reconsideration re 31 Protective Order *PATENT PROSECUTION BAR* MOTION for Reconsideration re 31 Protective Order *PATENT PROSECUTION BAR filed by Apple, Inc.*. (Findlay, Eric) (Entered: 08/19/2013) |
| 08/21/2013 | 44 | NOTICE of Discovery Disclosure by EON Corp. IP Holdings, LLC *EON's Notice of Compliance of P.R. 3-1 and P.R. 3-2 Disclosures* (Halderman, Mark) (Entered: 08/21/2013) |
| 08/26/2013 | 45 | ORDER denying 36 Motion for Reconsideration re 36 MOTION for Reconsideration re 31 Protective Order *PATENT PROSECUTION BAR* filed by EON Corp. IP Holdings, LLC. Signed by Magistrate Judge John D. Love on 8/26/13. (mjc, ) (Entered: 08/26/2013) |
| 09/09/2013 | 46 | SEALED PATENT MOTION *for Reconsideration Pursuant to Rule 72 to* |

A20

| | | |
|---|---|---|
| | | *Order Denying Motion to Reconsider Protective Order (Dkt. No. 45)* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Text of Proposed Order)(Scardino, Daniel) (Entered: 09/09/2013) |
| 09/20/2013 | 47 | RESPONSE in Opposition re 46 SEALED PATENT MOTION *for Reconsideration Pursuant to Rule 72 to Order Denying Motion to Reconsider Protective Order (Dkt. No. 45) filed by Apple, Inc..* (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 09/20/2013) |
| 10/01/2013 | 48 | NOTICE of Attorney Appearance by Raymond William Mort, III on behalf of EON Corp. IP Holdings, LLC (Mort, Raymond) (Entered: 10/01/2013) |
| 10/01/2013 | 49 | NOTICE by Apple, Inc. *of Disclosure Regarding Initial Disclosures* (Findlay, Eric) (Entered: 10/01/2013) |
| 10/01/2013 | 50 | NOTICE by EON Corp. IP Holdings, LLC *of Compliance of Initial Disclosures* (Scardino, Daniel) (Entered: 10/01/2013) |
| 10/01/2013 | 51 | NOTICE of Discovery Disclosure by Pantech Wireless, Inc. *(Initial Disclosures)* (Smith, Melissa) (Entered: 10/01/2013) |
| 10/02/2013 | 52 | NOTICE of Discovery Disclosure by LG Electronics MobileComm USA, Inc. (Bonilla, Ricardo) (Entered: 10/02/2013) |
| 10/15/2013 | 53 | NOTICE by Apple, Inc. *of Service of Supplemental Disclosures* (Craft, Roger) (Entered: 10/15/2013) |
| 10/15/2013 | 54 | NOTICE by EON Corp. IP Holdings, LLC *of Service of Additional Disclosures* (Scardino, Daniel) (Entered: 10/15/2013) |
| 10/16/2013 | 55 | NOTICE by Pantech Wireless, Inc. *Notice of Service of Supplemental Disclosures* (Smith, Melissa) (Entered: 10/16/2013) |
| 10/16/2013 | 56 | NOTICE by ASUS Computer International, Asustek Computer, Inc. *OF SERVICE OF SUPPLEMENTAL DISCLOSURES* (Flanders, Steven) (Entered: 10/16/2013) |
| 10/17/2013 | 57 | NOTICE by LG Electronics MobileComm USA, Inc. *NOTICE OF SERVICE OF SUPPLEMENTAL DISCLOSURES* (Bonilla, Ricardo) (Entered: 10/17/2013) |
| 10/24/2013 | 58 | NOTICE of Attorney Appearance by Wayne M Helge on behalf of Pantech Wireless, Inc. (Helge, Wayne) (Entered: 10/24/2013) |
| 10/28/2013 | 59 | NOTICE by EON Corp. IP Holdings, LLC *Notice of Filing Ex Parte Reexamination Certificate for U.S. Patent No. 5,663,757* (Attachments: # 1 Exhibit A)(Scardino, Daniel) (Entered: 10/28/2013) |
| 10/29/2013 | 60 | NOTICE by Apple, Inc. *of Compliance with P.R. 3-3 and 3-4* (Craft, Roger) (Entered: 10/29/2013) |
| 10/29/2013 | 61 | NOTICE by ASUS Computer International, Asustek Computer, Inc. *of Compliance with P.R. 3-3 and 3-4* (Gu, Zhuanjia) (Entered: 10/29/2013) |
| | | |

A21

| | | |
|---|---|---|
| 10/29/2013 | 62 | NOTICE by Pantech Wireless, Inc. *Notice of Compliance With P.R. 3-3 and P.R. 3-4* (Smith, Melissa) (Entered: 10/29/2013) |
| 10/29/2013 | 63 | Unopposed MOTION to Withdraw as Attorney *re Stephen D. Dove* by Pantech Wireless, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 10/29/2013) |
| 10/29/2013 | 64 | NOTICE by LG Electronics MobileComm USA, Inc. re 32 Order, Set Scheduling Order Deadlines, Set Hearings,,, *Notice of Compliance with P.R. 3-3 and 3-4* (Bonilla, Ricardo) (Entered: 10/29/2013) |
| 10/31/2013 | 65 | ORDER granting 63 Motion to Withdraw as Attorney. Attorney Stephen D Dove terminated. Signed by Magistrate Judge John D. Love on 10/31/13. (mll, ) (Entered: 10/31/2013) |
| 11/05/2013 | 66 | NOTICE by EON Corp. IP Holdings, LLC *of Compliance Pursuant to P.R. 4-1* (Mort, Raymond) (Entered: 11/05/2013) |
| 11/06/2013 | 67 | NOTICE by LG Electronics MobileComm USA, Inc. re 32 Order, Set Scheduling Order Deadlines, Set Hearings,,, *Notice of Compliance with P.R. 4-1* (Bonilla, Ricardo) (Entered: 11/06/2013) |
| 11/06/2013 | 68 | NOTICE by Apple, Inc. *of Compliance with P.R. 4-1* (Craft, Roger) (Entered: 11/06/2013) |
| 11/06/2013 | 69 | NOTICE by ASUS Computer International, Asustek Computer, Inc. *of Compliance with P.R. 4-1* (Gu, Zhuanjia) (Entered: 11/06/2013) |
| 11/07/2013 | 70 | NOTICE by Pantech Wireless, Inc. *of Compliance with P.R. 4-1* (Smith, Melissa) (Entered: 11/07/2013) |
| 11/19/2013 | 71 | ORDER adopting 45 Order of the US Magistrate Judge, and denying 46 Sealed Patent Motion for Reconsideration. Signed by Judge Leonard Davis on 11/19/13. (mll, ) (Entered: 11/19/2013) |
| 01/15/2014 | 72 | Unopposed MOTION to Withdraw as Attorney *regarding Wayne M. Helge* by Pantech Wireless, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 01/15/2014) |
| 01/16/2014 | 73 | MOTION to Stay *Proceedings Pending Resolution of Motions to Transfer Pursuant to 28 U.S.C. §1404(A)* by ASUS Computer International, Apple, Inc., Asustek Computer, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Anderson, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5)(Findlay, Eric) (Entered: 01/16/2014) |
| 01/16/2014 | 74 | ORDER granting 72 Motion to Withdraw as Attorney. Attorney Wayne M Helge terminated. Signed by Magistrate Judge John D. Love on 01/16/14. (mll, ) (Entered: 01/17/2014) |
| 01/28/2014 | 75 | NOTICE of Change of Address by Zhuanjia Gu (Gu, Zhuanjia) (Entered: 01/28/2014) |
| 02/03/2014 | 76 | RESPONSE in Opposition re 73 MOTION to Stay *Proceedings Pending Resolution of Motions to Transfer Pursuant to 28 U.S.C. §1404(A) filed by EON Corp. IP Holdings, LLC.* (Attachments: # 1 Text of Proposed Order) |

A22

| | | (Halderman, Mark) (Entered: 02/03/2014) |
|---|---|---|
| 02/11/2014 | 77 | REPLY to Response to Motion re 73 MOTION to Stay *Proceedings Pending Resolution of Motions to Transfer Pursuant to 28 U.S.C. §1404(A) filed by ASUS Computer International, Apple, Inc., Asustek Computer, Inc..* (Findlay, Eric) (Entered: 02/11/2014) |
| 02/24/2014 | 78 | Unopposed MOTION to Withdraw as Attorney *as to Steven Flanders* by ASUS Computer International, Asustek Computer, Inc.. (Attachments: # 1 Text of Proposed Order)(Masur, Joshua) (Entered: 02/24/2014) |
| 02/25/2014 | 79 | ORDER granting 78 Motion to Withdraw Steven Flanders as Attorney for ASUS Computer International and ASUSTeK Computer Inc. Signed by Magistrate Judge John D. Love on 2/25/14. (mjc, ) (Entered: 02/25/2014) |
| 03/12/2014 | 80 | Unopposed MOTION for Leave to Appear Telephonically by corporate representatives of Defendant ASUSTeK Computer Inc *at mediation* by ASUS Computer International. (Attachments: # 1 Text of Proposed Order) (Masur, Joshua) (Entered: 03/12/2014) |
| 03/17/2014 | 81 | ORDER granting 80 Motion for Leave to Appear Telephonically by Defendant ASUSTeK for mediation ordered by this Court. Signed by Magistrate Judge John D. Love on 3/17/14. (mjc, ) (Entered: 03/17/2014) |
| 03/18/2014 | 82 | Joint MOTION to Stay *and Notice of Settlement* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Scardino, Daniel) (Entered: 03/18/2014) |
| 03/25/2014 | 83 | NOTICE of Change of Address by Roger Brian Craft (Craft, Roger) (Entered: 03/25/2014) |
| 03/28/2014 | 84 | MEMORANDUM ORDER denying as moot 73 Motion to Stay. Signed by Magistrate Judge John D. Love on 03/28/14. (mll, ) (Entered: 03/28/2014) |
| 03/28/2014 | 85 | MEMORANDUM ORDER denying as moot 73 MOTION to Stay *Proceedings Pending Resolution of Motions to Transfer Pursuant to 28 U.S.C. §1404(A)* filed by Asustek Computer, Inc., Apple, Inc., ASUS Computer International. Signed by Magistrate Judge John D. Love on 03/28/14. (mll, ) (Entered: 03/28/2014) |
| 04/01/2014 | 86 | ORDER granting 82 Motion to Stay. All deadlines and settings in this case between Plaintiff and Defendant LG Electronics are stayed until 4-17-2014. Parties shall submit closing documents by 4-16-2014. Signed by Magistrate Judge John D. Love on 04/01/14. (mll, ) (Entered: 04/01/2014) |
| 04/10/2014 | 87 | NOTICE of Attorney Appearance by Catherine Bentley Harris on behalf of EON Corp. IP Holdings, LLC (Harris, Catherine) (Entered: 04/10/2014) |
| 04/13/2014 | 88 | NOTICE of Attorney Appearance by Alan Arthur Wright on behalf of Pantech Wireless, Inc. (Wright, Alan) (Entered: 04/13/2014) |
| 04/16/2014 | 89 | Joint MOTION for Extension of Time to File *Closing Documents and Extend Stay between EON and LG* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Scardino, Daniel) (Entered: 04/16/2014) |
| | | |

| 04/21/2014 | 90 | NOTICE of Attorney Appearance by Oluwaseun Olugbolade Ajayi on behalf of Pantech Wireless, Inc. (Ajayi, Oluwaseun) (Entered: 04/21/2014) |
|---|---|---|
| 04/23/2014 | 91 | NOTICE of Attorney Appearance by John Lawrence Hendricks on behalf of EON Corp. IP Holdings, LLC. (Hendricks, John) (Entered: 04/23/2014) |
| 04/24/2014 | 92 | ORDER granting in part 89 Motion for Extension of Time to Extend STay and Submit Closing Documents. The stay is extended an additional 30 days until May 16, 2014. EON and LG are further ORDERED to file closing documents by May 16, 2014. Signed by Magistrate Judge John D. Love on 4/24/2014. (gsg) (Entered: 04/25/2014) |
| 04/29/2014 | 93 | Unopposed MOTION to Withdraw as Attorney *for Li Chen* by Apple, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 04/29/2014) |
| 04/30/2014 | 94 | ORDER granting 93 Motion to Withdraw as Attorney. Attorney Li Chen terminated. Signed by Magistrate Judge John D. Love on 04/30/14. (mll, ) (Entered: 04/30/2014) |
| 05/07/2014 | 95 | Unopposed MOTION To Dismiss '757 Patent Infringement Claims Without Prejudice by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Harris, Catherine) (Entered: 05/07/2014) |
| 05/12/2014 | 96 | REPORT of Mediation by Alexander Brainerd. Mediation result: impasse (Brainerd, Alexander) (Entered: 05/12/2014) |
| 05/12/2014 | 97 | REPORT of Mediation by Alexander Brainerd. Mediation result: settled (Brainerd, Alexander) (Entered: 05/12/2014) |
| 05/14/2014 | 98 | ORDER granting 95 Motion to Dismiss '757 Patent Infringement Claims Without Prejudice. Signed by Magistrate Judge John D. Love on 05/13/14. (mll, ) (Entered: 05/14/2014) |
| 05/16/2014 | 99 | NOTICE by ASUS Computer International, Asustek Computer, Inc. *Notice regarding privilege logs* (Attachments: # 1 Exhibit 1)(Gu, Zhuanjia) (Entered: 05/16/2014) |
| 05/16/2014 | 100 | Joint MOTION for Extension of Time to File *Closing Documents* by EON Corp. IP Holdings, LLC, LG Electronics MobileComm USA, Inc.. (Attachments: # 1 Affidavit Joint Declaration of EON and LG, # 2 Text of Proposed Order)(Scardino, Daniel) (Entered: 05/16/2014) |
| 05/16/2014 | 101 | NOTICE by Pantech Wireless, Inc. *REGARDING PRIVILEGE LOGS* (Attachments: # 1 Exhibit 1)(Smith, Melissa) (Entered: 05/16/2014) |
| 05/16/2014 | 102 | NOTICE by EON Corp. IP Holdings, LLC *regarding privilege logs.* (Attachments: # 1 Exhibit 1)(Scardino, Daniel) (Entered: 05/16/2014) |
| 05/20/2014 | 103 | ORDER granting 100 Joint MOTION for Extension of Time to File *Closing Documents* filed by EON Corp. IP Holdings, LLC, LG Electronics MobileComm USA, Inc. The Court orders parties to submit closing documents by 6/17/2014. The Court orders lead counsel to appear for a Status Conference set for 6/19/2014 01:30 PM in Ctrm 207 (Tyler) before |

A24

| | | |
|---|---|---|
| | | Magistrate Judge John D. Love. Signed by Magistrate Judge John D. Love on 5/20/14. (mjc, ) (Entered: 05/20/2014) |
| 06/04/2014 | | Case Reassigned to Magistrate Judge John D. Love per General Order 14-12. Judge Leonard Davis no longer assigned to the case. (tlh, ) (Entered: 06/04/2014) |
| 06/16/2014 | 104 | Claim Construction and Prehearing Statement by ASUS Computer International, Asustek Computer, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gu, Zhuanjia) (Entered: 06/16/2014) |
| 06/18/2014 | 105 | Joint MOTION to Dismiss *LG Electronics MobileComm U.S.A., Inc. with Prejudice* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Scardino, Daniel) (Entered: 06/18/2014) |
| 06/18/2014 | | NOTICE that the hearing set on Thursday, June 19, 2014 at 1:30 p.m., with regard to closing documents has been CANCELLED. (srg) (Entered: 06/18/2014) |
| 06/18/2014 | 107 | NOTICE of Attorney Appearance by Zhuanjia Gu on behalf of ASUS Computer International, Asustek Computer, Inc. (Gu, Zhuanjia) (Entered: 06/18/2014) |
| 06/19/2014 | 108 | ORDER granting 105 Motion to Dismiss with Prejudice all claims asserted in this litigation against LG Electronics MobileComm U.S.A., Inc. only. Signed by Magistrate Judge John D. Love on 6/19/14. (mjc, ) (Entered: 06/19/2014) |
| 06/24/2014 | 109 | Sealed Document. Notice of Consent to Proceed Before U.S. Magistrate Judge (O'Shea, Brendan) (Entered: 06/24/2014) |
| 06/26/2014 | 111 | NOTICE by ASUS Computer International, Asustek Computer, Inc. *Joint Notice of Parties' Proposed Technical Advisor* (Gu, Zhuanjia) (Entered: 06/26/2014) |
| 06/30/2014 | 112 | Unopposed MOTION to Withdraw as Attorney *Mark W. Halderman* by EON Corp. IP Holdings, LLC. (Attachments: # 1 Text of Proposed Order) (Hendricks, John) (Entered: 06/30/2014) |
| 07/01/2014 | 113 | ORDER granting 112 Motion to Withdraw as Attorney. Attorney Mark W Halderman terminated as counsel for EON Corp. IP Holdings, LLC. Signed by Magistrate Judge John D. Love on 7/1/14. (mjc, ) (Entered: 07/01/2014) |
| 07/14/2014 | 114 | Emergency MOTION to Continue *Claim Construction Hearing and Status Conference* by Apple, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Bryan Anderson)(Findlay, Eric) (Entered: 07/14/2014) |
| 07/15/2014 | 115 | ORDER re 114 Emergency MOTION to Continue *Claim Construction Hearing and Status Conference* filed by Apple, Inc. Plaintiff EON Corp. IP Holding, LLC shall file a Response to Apple's Emergency Motion, not to exceed three pages, by 11:00 am on Thursday 7-17-2014. Signed by Magistrate Judge John D. Love on 07/15/14. (mll, ) (Entered: 07/15/2014) |
| 07/16/2014 | 116 | RESPONSE to Motion re 114 Emergency MOTION to Continue *Claim Construction Hearing and Status Conference filed by EON Corp. IP* |

A25

| | | |
|---|---|---|
| | | *Holdings, LLC.* (Attachments: # 1 Affidavit of John L. Hendricks, # 2 Text of Proposed Order)(Hendricks, John) (Entered: 07/16/2014) |
| 07/22/2014 | 117 | ORDER denying as moot 114 Motion to Continue Claim Construction Hearing and Status Conference. The Court sets the Markman Hearing as to EON and Apple for 9-25-2014, and further ORDERS EON and Apple to submit an amended Docket Control Order accounting for this new Markman Hearing date as an exhibit attached to a Notice of Compliance with this Order by 7-28-2014. Signed by Magistrate Judge John D. Love on 07/22/14. (mll, ) (Entered: 07/22/2014) |
| 07/24/2014 | 118 | Joint MOTION *For Continuance Of Claim Construction Hearing* by Pantech Wireless, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 07/24/2014) |
| 07/25/2014 | 119 | Joint MOTION to Amend/Correct *Docket Control Order and Joint Notice of Compliance with Dkt. No. 117* by ASUS Computer International, Apple, Inc., Asustek Computer, Inc., EON Corp. IP Holdings, LLC, Pantech Wireless, Inc.. (Attachments: # 1 Exhibit A (proposed amended DCO), # 2 Text of Proposed Order)(Masur, Joshua) (Entered: 07/25/2014) |

A26

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC,** | § | |
| | § | **MEMBER CASE NO. 6:12-CV-943** |
| Plaintiff, | § | |
| | § | **LEAD CASE NO. 6:12-CV-941** |
| v. | § | |
| | § | **JURY TRIAL REQUESTED** |
| **APPLE INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND ORDER

Before the Court is Defendant Apple Inc.'s ("Apple") Motion to Transfer Pursuant to 28 U.S.C. § 1404(A) (Doc. No. 21) ("MOTION"). Eon Corp. IP Holdings, LLC ("EON") has responded (Doc. No. 28) ("RESPONSE"), Apple has filed a reply (Doc. No. 29) ("REPLY"), and EON filed a surreply (Doc. No. 30) ("SURREPLY"). Three months after the close of briefing on Apple's Motion, Apple filed a Motion for Leave to File Initial Disclosures in Support of its Motion to Transfer (Doc. No. 35) which EON did not oppose (Doc. No. 36). Having considered the parties' written submissions, the Court **GRANTS** Apple's Motion for Leave (Doc. No. 35), **DENIES** Apple's Motion to Transfer (Doc. No. 21), and **DENIES AS MOOT** Apple's Motion to Stay Proceedings Pending Resolution of Motion to Transfer as it relates to Apple (6:12-cv-941, Doc. No. 73).

## BACKGROUND

On December 19, 2012, EON filed an action against Apple alleging infringement of United States Patent Nos. 5,592,491 (the "'491 Patent"), 5,388,101 (the "'101 Patent"), 5,481,546 (the "'546 Patent), and 5,663,757 (the "'757 Patent") (collectively the "Patents-in-Suit") (Doc.

No. 1) ("COMPLAINT"). The Patents-in-Suit generally relate to wireless communications technologies.

EON is a Texas limited liability company. *See* COMPLAINT at ¶ 1. Defendant Apple is headquartered in Cupertino, California, where it employees 13,850 people. MOTION at 10, 13. EON accuses Apple of infringing the Patents-in-Suit with "wireless devices" and "interactive video services," such as the iPhone 3, iPhone 3S, iPhone 4, iPhone4S, and iPhone 5. COMPLAINT at ¶¶ 12, 26; MOTION at 2.

## **APPLICABLE LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests

2

decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

## ANALYSIS

### I. Threshold Issue

Apple asserts that the Northern District of California ("NDCA") is a proper venue for all parties because Apple resides in the district and a substantial part of the activity that relates to this action occurred in California. MOTION at 5. EON does not dispute this claim. Thus, there is no dispute over whether the case could have been filed in the Northern District of California. *See* RESPONSE at 1 (addressing only the "'more convenient' forum").

### II. Private Factors

#### a. Relative Ease of Access to Sources of Proof

Despite technological advances that certainly lighten the relative inconvenience of transporting large amounts of documents across the country, this factor is still a part of the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316. Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *See id.* This factor will turn upon which party, usually the accused infringer, will

most probably have the greater volume of documents relevant to the litigation and their location in relation to the transferee and transferor venues. *See, e.g.*, *id.* at 314–15; *In re Nintendo*, 589 F.3d at 1199; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). However, documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009).

Apple argues that this factor favors transfer. Apple is headquartered in Cupertino, CA, and argues that "most, if not all" of its relevant documents are located there, because that is where the "marketing, research design and development activity relevant to the accused products and technology are all centered." MOTION at 6. EON counters that Apple's vague description of its documents as "most, if not all" in NDCA ignores the fact that some documents may be located in Apple's Austin facility. RESPONSE at 6. Additionally, EON explains that "the bulk, if not all, of EON's documents and evidence [are] located in Texas, including in the Eastern District," and that "EON holds corporate meeting in Tyler, where it stores corporate records, books, and papers." RESPONSE at 5 (citing Ex. A, Affidavit of Erick Haas at ¶¶ 5, 6).

While EON's documents are located in this district, the Court is persuaded that most of the relevant documents are located at Apple's headquarters in NDCA. Accordingly, this factor weighs slightly in favor of transfer.

### b. Availability of Compulsory Process

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. *See In re Volkswagen II*, 545 F.3d at 316. This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Id.* "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338.

4

Apple argues this factor favors transfer because NDCA has subpoena power over third-party witnesses. EON counters that "in this case, as in most patent cases, witnesses are located all over the country," and that in the absence of any identifiable unwilling witnesses, this factor weighs against transfer.

Here, the only third-party witness Apple identifies in NDCA, as a mere "example," is the prosecutor of the '419, '101, and '546 Patents, who freely provides that he is willing to attend trial in the Eastern District of Texas ("EDTX"). MOTION at 9; RESPONSE, Ex. B at ¶3; *see* RESPONSE at 7. Moreover, nowhere does Apple aver that the prosecutor is unwilling or that the prosecutor actually possesses specific "material information [that may be] relevant to this case." *Id*.

In the absence of any unwilling witnesses, this factor is neutral.

### c.  Convenience of Witnesses

This factor is analyzed giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case. *See In re Genentech*, 566 F.3d 1343 ("Requiring a defendant to show that a potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary. . . . It [is] not necessary for the district court to evaluate the significance of the identified witnesses' *testimony*") (emphasis added).

The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204–05. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be

traveled." *Id.* at 205. When applying the "100 mile rule" the threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d 1315, 1320. If so, then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance from witnesses than the transferor venue. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. However, the "100 mile rule" should not be rigidly applied. *See In re Genentech*, 566 F.3d at 1344. When a particular witness will be required to travel "a significant distance no matter where they testify," then that witness is discounted for purposes of the "100 mile rule" analysis. *See id.* (discounting European witnesses and documents transported from Washington D.C. in the convenience analysis when reviewing a denial of transfer from Texas to California).

In cases where no potential witnesses are residents of the court's state, favoring the court's location as central to all of the witnesses is improper. *Id.* at 1344. Finally, this factor favors transfer when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in the transferor venue regardless of whether the transferor venue would be more convenient for all of the witnesses. *Id.* at 1344–45.

Apple's Motion asserts that this factor weighs "strongly" in favor of transfer. MOTION at 9. However, Apple's motion fails to specifically identify a single witness, instead relying on vague conclusory statements that "management, senior sales and marketing decision makers, and most of its research and design engineers are located in Cupertino, Californian" and that "[a]ny *likely* corporate designee is also *likely* to be located in" NDCA. *Id*. at 10 (emphasis added).

6

Alleging unknown witnesses that might be in Cupertino falls far short of "strongly" favoring transfer. *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, No. 6:12-cv-100-LED-JDL, 2013 U.S. Dist. LEXIS 24922, at *13 (E.D. Tex. Feb. 22, 2013), *mandamus denied*, 2014 U.S. App. LEXIS 3787 (Fed. Cir. 2014) ("While the Court acknowledges that Apple's unknown witness who are claimed to be in the Cupertino area would have to travel to attend trial in this district, it cannot weigh this factor without identification of those individuals.").

Apple's Reply for the first time specifically identifies a single Apple employee located in NDCA, Mark Buckley. REPLY at 2.[1] Then, six months after the filing of its Motion to Transfer, Apple filed a Motion for Leave to File Initial Disclosures, alleging that "since . . . EON's sur-reply, the parties [] served initial disclosures . . . which contain[] information relevant to Apple's pending transfer motion, such as the identification of six additional Apple witnesses, located in the Northern District of California." Doc. No. 35 at 1-2. Apple asks the Court to "order that the Initial Disclosures attached [as exhibits] to Apple's Motion for Leave [be] deemed filed as October 4, 2013." Doc. No. 35-1. As EON does not oppose the Motion for Leave, the Court will consider the information contained in Apple's initial disclosures. *See* Doc. No. 36 at 1.

EON identifies at least 25 witnesses, at least seven of whom appear to be non-party witnesses, who reside a substantial distance from both EDTX and NDCA. RESPONSE at 17-21. However, EON contends it is far easier for its witnesses to travel to EDTX than NDCA.

While neither EON nor Apple provides significant detail as to the information possessed by the identified witnesses, and neither suggests that they would require all the witnesses

---

[1] Additionally, Apple persists with its unavailing identification of unknown witnesses, arguing that "the record evidence also clearly demonstrates that the pool of Apple employees with relevant information is in the N.D. Cal, and not a drop in this District." REPLY at 2. (The record evidence cited by Apple are paragraphs 11-14 of the "Buckley Decl.") The Buckley Declaration attached as Exhibit 7 to Apple's Reply is only eight paragraphs long and is captioned for a different case. Moreover, nowhere in the eight paragraphs of Exhibit 7 does Mark Buckley, a senior financial analyst at Apple, identify with specificity any "pool of Apple employees with relevant information" for the above captioned case.

identified to actually attend trial, Apple has identified some witnesses who appear to reside in NDCA. [2]  As EON has failed to identify any witnesses in this district, this factor favors transfer.

### d.  Other Practical Problems

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer.  *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*In re Volkswagen III*").  Further, "the existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'"  *In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) (quoting *In re Volkswagen III*, 566 F.3d at 1351).

Apple argues that "all other practical problems that make a case easy and inexpensive are neutral," including consideration of judicial economy, further noting that one of the four Patents-in-Suit, the '491 Patent, is currently being asserted in NDCA, the '757 Patent has been litigated in the District of Delaware and District of Puerto Rico.  Motion at 10-11.  EON responds that "[t]his Court has already construed [all the Patents-in-Suit but one, which] no court has construed" as of the filing of EON's Response.  Response at 9-10.  EON additionally notes that this Court has been actively presiding over litigation involving three of the four Patents-in-Suit since 2008.  Response at 10.

---

[2]  Apple's Initial Disclosure only identifies additional witnesses residing in "Northern California," however both NDCA and the Eastern District of California occupy Northern California.  Doc. No. 35-3, Exhibit 1 at 5-6. Presumably the six witnesses identified in Apple's Motion for Leave are in or near NDCA, as alleged by Apple. Doc. No. 35 at 2 ("identification of six additional Apple witnesses, located in the Northern District of California").

At the time this case was filed on December 19, 2012, and as of the time the instant motion was filed on April 3, 2013, it was evident that it could be consolidated with other co-pending cases in this district[3] involving the same Patents-in-Suit.[4] *See In re Volkswagen III*, 566 F.3d at 1351; *In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) ("[A] district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed."); *Am. Vehicular Sci. LLC v. Toyota Motor Corp.*, No. 6:12-cv-404-MHS-JDL, Doc. No. 131 at n.14 (E.D. Tex. Jun. 12, 2013) (noting "co-pending actions – simultaneously filed . . . in [EDTX], where many of the same patents are at issue). Additionally, this Court has already construed the '101, '546, and '491 Patents several times.[5] Moreover, no Court has construed the '757 patent as of the filing of Apple's Motion. As a result, significant judicial economy will be realized if this Court retains the above captioned case. Accordingly, this factor disfavors transfer.

---

[3] At the time this Motion was filed, none of the other Defendants in the related cases had filed motions to transfer. On July 7, 2013, Defendant ASUS Computer Int'l. and ASUSTeK Computer Inc. filed a Motion to Transfer to NDCA pursuant to 28 U.S.C. § 1404(A). *See* 6:12-cv-944, Doc. No. 21. However, as of the drafting of this Order, the Court had not yet addressed the ASUS Computer Int'l. and ASUSTeK Computer Inc. Motion to Transfer. After the filing of the instant Motion to Transfer on April 3, 2013, this case was consolidated for future pleadings, except for venue motions, with four co-pending cases on April 17, 2013. *See infra* n.4.

[4] *See Eon Corp. IP Holdings, LLC v. LG Electronics MobileComm USA, Inc.*, No. 6:12-cv-941, Doc. Nos. 1, 11(Complaint filed December 19, 2012, Amended Complaint filed February 20, 2013, both alleging infringement of the '491 Patent and the '101 Patent); *Eon Corp. IP Holdings, LLC v. Pantech Wireless, Inc.*, No. 6:12-cv-942, Doc. Nos. 1, 10 (Complaint filed December 19, 2012, Amended Complaint filed February 20, 2013, both alleging infringement of the '757 Patent, the '101 Patent, and the '491 Patent); *Eon Corp. IP Holdings, LLC v. Asusteck Computer Inc.*, No. 6:12-cv-944, Doc. Nos. 1, 12 (Complaint filed December 19, 2012, Amended Complaint filed February 20, 2013, both alleging infringement of the '757 Patent, '101 Patent and the '491 Patent).

[5] *See Eon Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, No. 6:11-cv-317-LED-JDL, Doc. No. 249 (E.D. Tex. Nov. 20, 2012); *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc., et al.*, No. 6:10-cv-379, Doc. No. 613 (E.D. Tex. Feb. 9, 2012); *Eon Corp. IP Holdings, LLC v. Sensus Metering Sys., Inc.*, No. 6:09-cv-116, Doc. No. 205 (E.D. Tex. Aug. 11, 2010); *Eon Corp. IP Holdings, LLC v. Verizon Clinton Ctr. Drive Corp.*, No. 6:08-cv-385, Doc. No. 431 (E.D. Tex. Aug. 11, 2010).

### III.    Public Factors

#### a.   Local Interest

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206.   This factor analyzes the "factual connection" that a case has with both the transferee and transferor venues.   *See id.*   Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests.   *In re Volkswagen II*, 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely-sold product within the transferor venue); *In re TS Tech*, 551 F.3d at 1321.   Thus, when products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue.   *In re Nintendo*, 589 F.3d at 1198.

Here, EON is a Texas company with its principal place of business in Tyler, while Apple is headquartered in Cupertino, California.   RESPONSE at 2; MOTION at 10.   Apple contends that NDCA has a greater interest in this suit, because Apple is located there, and it is where the accused products were conceived and developed.   *See* MOTION at 13.   Additionally, Apple attacks EON's ties to EDTX as "tenuous" and argues that because "EON appears to sell no products or services and is solely in the business of litigation, [t]his Court should give to deference to EON's ephemeral [local] connections."   MOTION at 13-14.

EON counters that "EON is a legitimate company operating in Tyler, Texas [such that] the local interest derived from EON's incorporation should be accorded equal weight as the local interest of NDCA, where Apple maintains its principal place of business."   RESPONSE at 12 (citing *Tsera, LLC v. Apple, Inc.*, No. 6:09cv312-LED-JDL, 2010 U.S. Dist. LEXIS 144798, at

*39 (E.D. Tex. May 12, 2010)). It is undisputed that "EON is a Texas limited liability company with its principal place of business in Tyler," that "EON has continuously operated in Tyler since 2008" and that EON "holds corporate meetings in Tyler, where it stores corporate records, books and papers." RESPONSE at 2, 5 (citing Ex. A, Affidavit of Erick Haas at ¶¶ 5, 6). Additionally, while not persuasive on its own, EON has previously litigated in EDTX, as well as elsewhere. MOTION at 1 (EON has "litigate[d] repeatedly here."). Therefore, the Court finds that EON's ties to EDTX should be afforded some weight in the consideration of this factor.

Apple's connection to NDCA and EON's connection to EDTX effectively cancel out. Accordingly, this factor is neutral and Apple has not met its burden to establish that this factor supports transfer.

### b. Court Congestion

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. *In re Genentech*, 566 F.3d at 1347. Apple argues the factor is neutral, though acknowledges that the "median time to trial [in NDCA] was longer in Fall 2012." MOTION at 12. EON counters that because the median time to trial in civil cases is shorter, this factor must weigh against transfer. This factor appears to be the most speculative, and this factor alone should not outweigh other factors. Accordingly, this factor is neutral.

### c. Familiarity of Forum with Governing Law

While EON agrees with Apple that this factor tends to be neutral due to the uniformity of patent law throughout the country, it still argues this factor disfavors transfer because this Court has "more familiarity with the Patents-in-Suit than the proposed transferee venue." RESPONSE at 13. However, EON fails to provide any support for its position why the two courts are not equally capable of applying patent law. Accordingly, this factor is neutral.

### d. Conflict of Laws

The remaining public factor is not disputed by the parties; thus it is neutral in the analysis.

## CONCLUSION

Apple has not shown that it is clearly more convenient for the parties and witnesses to transfer the instant case to NDCA. Here, the convenience of the witnesses favor transfer, the relative ease of access to sources of proof slightly favors transfer, practical problems disfavor transfer, while the remaining factors are neutral. Accordingly, the Court **GRANTS** Apple's Motion for Leave to File Initial Disclosures in Support of its Motion Transfer, in so far as in so far as it is addressed above, **DENIES** Apple's Motion to Transfer Venue, and **DENIES AS MOOT** Apple's Motion to Stay Proceedings Pending Resolution of Motion to Transfer as it relates to Apple (6:12-cv-941, Doc. No. 73).

**So ORDERED and SIGNED this 28th day of March, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC,** | § | |
| | § | **MEMBER CASE NO. 6:12-CV-943** |
| **Plaintiff,** | § | |
| | § | **LEAD CASE NO. 6:12-CV-941** |
| **v.** | § | |
| | § | **JURY TRIAL REQUESTED** |
| **APPLE INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ADOPTING MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Memorandum Opinion and Order of the Magistrate Judge (Doc. No. 40) has been presented for consideration. The Magistrate Judge recommends denying Defendant Apple Inc.'s ("Apple") Motion to Transfer Pursuant to 28 U.S.C. § 1404(A) (Doc. No. 21). Apple has filed Objections to the Non-Dispositive Order Denying Apple's Motion to Transfer (Doc. No. 41), EON Corp. IP Holdings, LLC ("EON") has responded (Doc. No. 43), Apple has filed a Reply (Doc. No. 45), and EON has filed a Surreply (Doc. No. 46). Having carefully considered the parties' arguments, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court adopts the Memorandum Opinion and Order of the United States Magistrate Judge as the findings of this Court. Accordingly, it is hereby **ORDERED** that Apple's Objections (Doc. No. 41) are **OVERRULED**.

So ORDERED and SIGNED this 21st day of July, 2014.



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

A39

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") by and for its Complaint against Apple Inc. ("Apple") for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent"), U.S. Patent No. 5,388,101 (the "'101 Patent"), U.S. Patent No. 5,481,546 (the "'546 Patent), and U.S. Patent No. 5,663,757 (the "757 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271, alleges as follows:

## I.     THE PARTIES

1.     Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702. EON is a wholly owned subsidiary of EON Corporation, formerly known as TV Answer, Inc., a Delaware corporation founded in 1986. EON Corporation is a pioneering wireless technology research and development company that has been in continuous operation since its inception. In the early 1990s, the Federal Communications Commission granted EON Corporation's petition for an allocation of wireless spectrum specifically for its proposed innovative wireless service offering, known then as Interactive Video and Data Services. While the "IVDS" offering did not originally realize its full commercial potential, the company's technological advances in interactive digital wireless communications became the subject of a vast intellectual property

portfolio covering many communication techniques and devices that have become commonplace in recent years. EON, as the licensing division of EON Corporation, has been approaching companies in the wireless and interactive video industries to properly license its foundational technologies. In the current skeptical and hostile licensing environment, the largest communications companies often play a game of ostrich, burying their head in the sand and giving wireless consumers the products and services they demand despite at least a general recognition that in doing so they are traversing property boundaries owned by others. These companies refuse to license even those technologies with a strong pedigree and licensing track record. Costly and contentious patent litigation is the necessary result of this reckless but profitable behavior. Many of Apple's major competitors in the wireless industry have properly paid for using EON's technology. By this action, EON engages a compulsory process that will require Apple to do the same.

2.      Defendant Apple is a corporation organized under the laws of the State of California with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014. In addition to Apple's continuous and systematic conduct of business in Texas, the causes of action against Apple arise from or are connected with Apple's purposeful acts committed in Texas, including Apple's selling, offering to sell, using, inducing others to use, and contributing to the use of cellular handsets and related products, applications, and services containing interactive television programming that embody one or more claims of the Patents-in-Suit. Apple may be served with process through its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

## II.     JURISDICTION AND VENUE

3.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C."). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

4.     This Court has personal jurisdiction over Apple under the laws of the State of Texas, including Texas Civil Practice and Remedies Code § 17.042.

5.     This Court has personal jurisdiction over Apple. Apple has conducted and does conduct business within the State of Texas, directly or through intermediaries or agents, or offers for sale, sells, and advertises (including through the provision of interactive web pages) handsets and related products, applications, and services that directly and/or indirectly infringe the Patents-in-Suit.

## III.     FACTUAL ALLEGATIONS

### A.     The '757 Patent

6.     On September 2, 1997, after a full and fair examination, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '757 Patent, titled "Software Controlled Multi-Mode Interactive TV Systems." The claims of the '757 Patent were confirmed during reexamination, as evidenced by the Reexamination Certificate issued on August 14, 2012. A true and correct copy of the '757 Patent and Reexamination Certificate are attached hereto as Exhibit A.

7.     Broadly speaking, the '757 patent claims a data processing station subscriber unit with interactive video capabilities. This technology has recently become ubiquitous, as entities like Apple now manufacture and sell subscriber units and deliver quality interactive video

content for wireless device users at affordable prices. EON's technology is fundamental to the development of these products and services.

8. Without reference to the particular construction of any claim terms, features of the technology claimed in the '757 Patent include: (1) a software operating system in the wireless subscriber unit for controlling received interactive video content; (2) selectable content options on a video screen display; (3) the ability to create customizable programming menus or guides for individual subscribers on the display screen; and (4) wireless transmission and reception facilities in the subscriber unit that allow for the sending and receiving of interactive control signals, including messages with subscriber IDs.

9. Apple manufactures, uses, sells, offers for sale, and imports subscriber units that deliver interactive video programming to subscribers throughout the United States and its territories.

10. EON is the assignee through an exclusive license of all right, title, and interest in and to the '757 Patent and possesses all rights of recovery under the '757 Patent, including the exclusive right to recover for infringement. The '757 Patent is valid and enforceable.

11. Apple has been and is presently infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents, directly or indirectly, including by knowingly and specifically intending to contribute to or induce infringement by others, alone or with mobile network operators (*e.g.*, cellular providers), mobile interactive video content (and associated application) providers, and/or end-users.

12. For example, Apple directly infringes by making, using, selling, offering for sale, importing and/or exporting interactive video services (*e.g.*, Apple TV, iTunes, App Store, etc.) and compatible subscriber units (*e.g.*, iPhone 3, iPhone 3S, iPhone 4, iPhone 4S, iPhone 5, iPad,

iPad 2, iPad with retina display, iPad mini, iPod Touch, Apple TV and similar interactive-video-enabled devices) that embody one or more claims of the '757 Patent.

13.    Apple indirectly infringes by contributing to direct infringement by its customers and mobile network operators by selling, offering for sale, importing and/or exporting these subscriber units and interactive video services that are configured for use in and constitute a material portion of the patented invention (*e.g.*, data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers).

14.    Apple induces direct infringement of the '757 Patent, for example, by advertising and instructing customers how to access and use interactive video services such as Apple TV, iTunes, Netflix, and YouTube on the accused subscriber units.  Apple's customers that are mobile network operators and end-users of the subscriber units' interactive video features directly infringe the apparatuses and methods of '757 Patent by making, using, selling, offering to sell, importing into the United States or exporting from the United States the accused subscriber units and interactive video services.

15.    Apple acted and continues to act intentionally and with knowledge of its infringement of the '757 Patent at least since the date this lawsuit was filed or served.  On information and belief, third parties, including current and prior defendants in related matters involving the same patents, put Apple on notice of EON's claims and of Apple's infringing activities prior to the filing of this Complaint.  For example, on December 20, 2011, AT&T sent a letter notifying Apple of several Apple devices implicated in a related EON case involving all of the Patents-in-Suit.[1]  In addition, on August 10, 2012, Puerto Rico Telephone Company, Inc.

---

[1]    *EON v. AT&T*, 11-cv-01555-FAB, E.D. Tex.

sent Apple a similar letter.[2]  Through these letters, third parties notified Apple of its devices that EON accused in the *AT&T* case as components or devices that alone or together with other components comprise the inventions claimed by each of the Patents-in-Suit.  Apple received a copy of the *EON v. AT&T* complaint identifying all of the current Patents-in-Suit and EON's allegations of infringement regarding these Apple devices.  The same or substantially similar Apple components and devices accused in the *AT&T* case are devices implicated in the present case.  Also, on June 13, 2012, Apple filed a non-party joinder opposing EON's motion to compel Verizon to produce documents in a related case involving the '491 Patent-in-Suit.[3]  As a result of Apple's opposition to EON's motion to compel and its receipt of the third party letters, EON believes Apple obtained knowledge of EON's patent portfolio and learned that it infringed and continues to infringe each of the Patents-in-Suit well in advance of the filing of the instant Complaint.

16.     Apple's mobile video services and compatible subscriber units offer program selection and interactive, mobile video functionalities that are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**B.     The '101, '546, and '491 Patents (the "Dinkins Patents")**

17.     On February 7, 1995, after a full and fair examination, the USPTO duly and legally issued and confirmed the '101 Patent, titled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units."  The claims of the '101 Patent were confirmed during reexaminations, as evidenced by Reexamination Certificates issued on January 17, 2012 and August 14, 2012.  A true and correct copy of the '101 Patent and the Reexamination Certificates are attached hereto as Exhibit B**.**

---

[2]     *EON v. AT&T*, 11-cv-01555-FAB, E.D. Tex.
[3]     *EON v. T-Mobile*, 6:10-cv-379, E.D. Tex., Dkt. 779 and 780.

18.     On January 2, 1996, after a full and fair examination and reexamination, the USPTO duly and legally issued and confirmed the '546 Patent, entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" as a continuation of the '101 Patent.  The claims of the '546 Patent were confirmed during reexaminations, as evidenced by Reexamination Certificates issued on August 3, 2010 and October 4, 2011.  A true and correct copy of the '546 Patent and Reexamination Certificate are attached hereto as Exhibit C.

19.     EON is the assignee through an exclusive license with EON Corporation of all right, title, and interest in and to the '101 Patent and possesses all rights of recovery under the '101 Patent, including the exclusive right to recover for infringement.  The '101 Patent is valid and enforceable.

20.     EON is the assignee under an exclusive license with EON Corporation of all right, title, and interest in and to the '546 Patent and possesses all rights of recovery under the '546 Patent, including the exclusive right to recover for infringement.  The '546 Patent is valid and enforceable.

21.     The '101 and '546 Patents describe a multi-faceted communication structure designed to enable two-way wireless digital signals to be exchanged between one or more base stations or cell site communication system(s) and remote, low-powered subscriber units placed at a distance from the base stations or cell site communication systems.  Broadly and without reference to the particular construction of any claim terms, features of the communications technology claimed in the '101 and '546 Patents include individual low power subscriber units that transmit and receive wireless digital information from a network of cells to provide customers with a range of interactive and wireless data services.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                7

22.     On January 7, 1997, the USPTO duly and legally issued the '491 Patent, titled "Wireless Modem," after a full and fair examination.  A true and correct copy of the '491 Patent is attached hereto as Exhibit D.

23.     EON is the assignee under an exclusive license with EON Corporation of all rights, title, and interest in and to the '491 Patent and possesses all rights of recovery under the '491 Patent, including the right to recover for past infringement.  The '491 Patent is valid and enforceable.

24.     The '491 Patent is a continuation-in-part of the '101 Patent. The '491 Patent enables communication in a two-way network between subscribers and the network base station or network hub switching center via multiple paths (*e.g.*, a Wide-Area-Network (WAN) path or a Local-Area-Network (LAN) path).  The '491 Patent teaches deploying a wireless modem in the home or office as an alternate network access point.  The '491 Patent overcomes persistent coverage and capacity issues in cellular deployments without the need for additional costly network infrastructure (*e.g.*, base stations), and thereby helps to stabilize the cost of communication services within the network.  Therefore, wireless interactive video services requiring increased bandwidth or speed become feasible.  In fact, one of the many advantages of the patented technology is the provision of high bandwidth applications and services to multiple subscribers at peak load capacity in and out of the home or office by combining cellular access with a wireless modem LAN using, for instance, Wi-Fi technology.

25.     The technology taught and claimed in the '101, '546, and '491 Patents was invented by then EON head engineer, Gilbert Dinkins, and these patents are collectively referred to as the "Dinkins Patents."

26.     Apple has been and is presently infringing at least one claim of each of the Dinkins Patents literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or with wireless network operators, application providers, customers, and/or end users.  Apple makes, uses, sells, offers for sale, imports and/or exports wireless devices (*e.g.*, iPhone 3, iPhone 3S, iPhone 4, iPhone 4S, iPhone 5, iPad, iPad 2, iPad with retina display, iPad mini, iPod Touch, Apple TV, Airport Extreme, Airport Express and similar devices) that fall within the scope of at least one claim of each of the Dinkins Patents or are especially configured for use in and constitute a material portion of the patented inventions.

27.     Apple indirectly infringes by contributing to direct infringement by its customers and mobile network operators through the selling, offering for sale, importing and/or exporting of, for example, dual-mode wireless devices that are specially configured for use in and constitute a material portion of the patented invention.

28.     Apple induces others, including its customers and mobile network operators, to directly infringe the Dinkins Patents, for example, by providing wireless devices with multi-path capability to customers and instructing them in how to switch between WAN and LAN communication paths.

29.     Apple induces infringement by actively instructing and encouraging its customers to use Apple's wireless devices in infringing network configurations by touting the advantages that its products can provide to such users, by providing technical assistance in integrating its products into such network configurations, or by providing service manuals or other instructions explaining how to use the Apple wireless devices in a way that infringes the claims of the Dinkins Patents.  In addition, Apple actively promotes the advantages that its wireless devices

can offer end users, including wider coverage and availability for its users and the applications they desire and increased communication speeds throughout the user experience both at home or on the go.  Apple's customers, end users, and network operators directly infringe the apparatus and method claims of the Dinkins Patents by importing, exporting, making, using, selling, and/or offering to sell infringing networks that include Apple's wireless devices.

30.     Apple acted and continues to act intentionally and with knowledge of its infringement of the Dinkins Patents at least since the date this lawsuit was filed or served.  On information and belief, third parties, including current and prior defendants in related matters involving the same patents, put Apple on notice of EON's claims and of Apple's infringing activities prior to the filing of this Complaint.  For example, on December 20, 2011, AT&T sent a letter notifying Apple of several Apple devices implicated in a related EON case involving all of the Patents-in-Suit.[4]  In addition, on August 10, 2012, Puerto Rico Telephone Company, Inc. sent Apple a similar letter.[5]  Through these letters, third parties notified Apple of its devices that EON accused in the *AT&T* case as components or devices that alone or together with other components comprise the inventions claimed by each of the Patents-in-Suit.  Apple received a copy of the *EON v. AT&T* complaint identifying all of the current Patents-in-Suit and EON's allegations of infringement regarding these Apple devices.  The same or substantially similar Apple components and devices accused in the *AT&T* case are devices implicated in the present case.  Also, on June 13, 2012, Apple filed a non-party joinder opposing EON's motion to compel Verizon to produce documents in a related case involving the '491 Patent-in-Suit.[6]  As a result of Apple's opposition to EON's motion to compel and its receipt of the third party letters, EON believes Apple obtained knowledge of EON's patent portfolio and learned that it infringed and

---

[4]     *EON v.  AT&T*, 11-cv-01555-FAB, E.D. Tex.
[5]     *EON v.  AT&T*, 11-cv-01555-FAB, E.D. Tex.
[6]     *EON v. T-Mobile*, 6:10-cv-379, E.D. Tex., Dkt. 779 and 780.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                    10

continues to infringe each of the Patents-in-Suit well in advance of the filing of the instant Complaint.

31.     Apple's wireless devices are made especially for performing the communication methods and for use on networks that infringe the Dinkins Patents and are not staple articles or commodities of commerce suitable for substantial noninfringing use.  For example, Apple's wireless devices are made especially for performing the communication methods and for use on networks that infringe the Dinkins Patents because they include multimode or dual path communication features and functions that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

## IV.     CAUSE OF ACTION

### Infringement of the Patents-in-Suit

32.     EON repeats and realleges the allegations set forth in Paragraphs 1 through 31 as if those allegations had been fully set forth herein.

33.     Defendant, without authorization or license and in violation of 35 U.S.C. § 271(a), (b), (c) and (f), has been and is infringing the '757 Patent, the '101 Patent, the '546 Patent, and the '491 Patent directly, by inducement, and/or contributorily.

34.     Because Defendant had actual knowledge of EON's infringement allegations prior to the commencement of this action, Defendant's infringement has been and is willful. Furthermore, Defendant's infringement occurring after the date of this action will continue to be willful.

35.     EON has no adequate remedy at law against Defendant's acts of infringement, and Defendant's infringement will continue unless enjoined by this Court.

36.     Defendant's unauthorized use of EON's patented-technology causes EON and its licensees harm.

37.     EON has suffered and will continue to suffer irreparable injury as a result of Defendant's infringement, including through the harm described in the preceding paragraph.

38.     EON is in compliance with any requirements of 35 U.S.C. § 287, if applicable.

39.     EON has been damaged by Defendant's infringement and will continue to be damaged until enjoined by this Court.

## V.     PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, and in favor of Plaintiff. Plaintiff prays that this Court:

A.     award Plaintiff all relief available under § 284 of the Patent Act, including monetary damages, for the Defendant's infringement in an amount to be determined by the trier of fact;

B.     award Plaintiff all relief available under § 285 of the Patent Act, including the costs of this litigation as well as expert witness and attorneys' fees;

C.     order payment of all applicable interests, including prejudgment interest; and

D.     award Plaintiff whatever equitable relief is deemed appropriate.

## VI.     DEMAND FOR JURY TRIAL

EON demands a trial by jury of any and all issues triable of right before a jury.

Dated:  December 19, 2012

Respectfully Submitted,

*/s/ Daniel Scardino*
Daniel Scardino
Texas State Bar No. 24033165
Cabrach J. Connor
Texas State Bar No. 24036390
Jeffery R. Johnson
Texas State Bar No. 24048572
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel.:  (512) 474-2449
Fax:  (512) 474-2622
dscardino@reedscardino.com
cconnor@reedscardino.com
jjohnson@reedscardino.com

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**

## II.    DESCRIPTION OF THE CASE

EON Corp. IP Holdings, LLC ("EON") filed this action against Apple on December 19, 2012, alleging infringement of U.S. Patent Nos. 5,592,491 ("the '491 patent"), 5,388,101 ("the '101 patent"), 5,481,546 ("the '546 patent"), and 5,663,757 ("the '757 patent"), collectively "the Patents-in-Suit."

The '491 patent is entitled "Wireless Modem," the '101 patent is entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units," the '546 patent is entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units," and the '757 patent is entitled "Software Controlled Multi-Mode Interactive TV Systems."  The '491, '101 and '546 patents are related applications and name a single inventor, Gilbert Dinkins.  EON accuses Apple of infringing the Dinkins patents with "wireless devices (*e.g.*, iPhone 3, iPhone 3S, iPhone 4, iPhone 4S, iPhone 5, iPad, iPad 2, iPad with retina display, iPad mini, iPod Touch, Apple TV, Airport Extreme, Airport Express and similar devices)."  Plaintiff EON Corp. IP Holdings, LLC's Complaint, ECF No. 1 at ¶ 26.  The '757 patent is in a separate family, and names a single inventor, Fernando Morales.  EON accuses Apple of infringing the '757 patent with "interactive video services (*e.g.*, Apple TV, iTunes, App Store, etc.) and compatible subscriber units (*e.g.*, iPhone 3, iPhone 3S, iPhone 4, iPhone 4S, iPhone 5, iPad, iPad 2, iPad with retina display, iPad mini, iPod Touch, Apple TV and similar interactive-video-enabled devices)."  *Id.* at ¶ 12.

To date, EON has the following ongoing lawsuits in the Eastern District of Texas, Tyler Division: *EON Corp. IP Holdings, LLC v. LG Elecs. MobileComm USA Inc.*, No. 6:12-CV-00941 (filed Dec. 19, 2012); *EON Corp. IP Holdings, LLC v. Pantech Wireless Inc.*, No. 6:12-CV-00942 (filed Dec. 19, 2012); *EON Corp. IP Holdings, LLC v. Asustek Comp. Inc.*, No. 6:12-CV-00944 (filed Dec. 19, 2012); *EON Corp. IP Holdings, LLC v. Landis+Gyr Inc., et al.*, No.

6:11-CV-00317 (filed June 17, 2011); *EON Corp. IP Holdings, LLC v. Skyguard, LLC, et al.*, No. 6:11-CV-00015 (filed Jan. 07, 2011). Anderson Decl., ¶¶ 12-16. Three of these cases were filed the same day as this litigation against Apple, none of which involve all of the patents asserted against Apple. Anderson Decl., ¶¶ 14-16, 20-22. The other two cases were filed in 2011 and do not involve the '757 patent. Anderson Decl., ¶¶ 12-13, 23-24.

EON also has actions pending involving one or more of the Patents-in-Suit in other courts, including the Northern District of California: *EON Corp. IP Holdings, LLC v. Sensus USA Inc., et al.*, No. 3:12-CV-01011 (N.D.Cal. filed Mar. 01, 2012); *EON Corp. IP Holdings, LLC v. FLO TV Inc., et al.*, No. 1:10-CV-00812 (D.Del. filed Sept. 23, 2010); *EON Corp. IP Holdings, LLC v. MetroPCS Commc'ns Inc., et al.*, No. 2:12-CV-00633 (E.D. Tex., Marshall Division filed Oct. 02, 2012); *EON Corp. IP Holdings, LLC v. AT&T Mobility LLC*, No. 3:11-CV-01555 (D.P.R. filed June 14, 2011). Anderson Decl., ¶¶ 9-11, 17-18, 25-27.

This case is still in its infancy. EON filed the complaint against Apple less than four months ago. No scheduling order has been issued. No discovery has taken place. Apple just filed its answer about one month before filing this motion.

## III.    STATEMENT OF THE LAW

Title 28 of the United States Code Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Fifth Circuit law, as applied by the Federal Circuit, governs this transfer analysis. *See In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) (applying Fifth Circuit law to transfer analysis); *In re TS Tech United States Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (applying Fifth Circuit law to transfer analysis). Under §1404(a), the moving party must first show that the claims "might have been brought" in the proposed transferee district. *In re*

District of California.  The threshold for transfer is met; the public and private interest factors
are, therefore, discussed next.

### B. The Private Interest Factors Favor Transfer

As discussed in detail below, private factor considerations strongly favor transfer to the
Northern District of California because sources of proof are more easily accessible, third-party
witnesses are subject to compulsory process, and the cost of witness travel would be
substantially reduced.  On balance, these factors weigh overwhelmingly in favor of transfer.

#### 1. Relative Ease of Access to Sources of Proof Strongly Favors Transfer

Access to sources of proof is considerably easier in the Northern District of California
compared to the Eastern District of Texas, weighing in favor of transfer.  "[A]lmost invariably,
this factor will turn upon which party will most probably have the greater volume of documents
relevant to the litigation and their presumed physical location in relation to the transferee and
transferor venues."  *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 767 (E.D. Tex. 2009).  The
Federal Circuit explained in *Genentech* that "[i]n patent infringement cases, the bulk of the
relevant evidence usually comes from the accused infringer.  Consequently, the place where the
defendant's documents are kept weighs in favor of transfer to that location."  566 F.3d at 1345;
*Nintendo*, 589 F.3d at 1199.

EON accuses Apple of infringing four patents, an issue that will necessarily involve
technical evidence as well as marketing and sales evidence regarding the accused products.  *See*
Complaint, ECF No. 1 at ¶¶ 12, 26.  Apple is headquartered in the Northern District of California,
where it stores most, if not all, materials relevant to the accused products and technology.
Buckley Decl., ¶ 11.  Marketing, research, design and development activities relevant to the
accused products and technology are all centered in Apple's Cupertino, California location
within the Northern District of California.  Buckley Decl., ¶ 11-12.  Further, Apple does not

maintain business records or documents related to research, design, development or manufacturing of any Apple product in the Eastern District of Texas.  Buckley Decl., ¶¶ 10-11.  Consequently, the majority of witnesses and documents relevant to the marketing, sales, research, design and development of the accused products and technologies are located in the Northern District of California.  Buckley Decl., ¶¶ 11-14.  All foreseeable Apple witnesses and documents would need to travel substantial distance to the current venue, Buckley Decl., ¶¶ 13-14, which creates enormous scheduling obstacles and inconvenience to the witnesses.  *See Volkswagen I*, at 205 ("the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.").

In addition to Apple employee and third-party witnesses, Alfonso Barragán and Erick Haas, the Managers of EON Corp. IP Holdings, appear to reside not in Texas, but in Monterrey, Mexico.  Anderson Decl., ¶ 2.  Messrs. Barragán and Haas would therefore need to travel substantial distance whether the case is litigated in Texas or California.  Furthermore, EON has few, if any, employees or witnesses in the Eastern District of Texas.  *See* Anderson Decl., ¶ 3.  EON has previously failed to identify any witnesses in the Eastern District of Texas in response to a motion to transfer in a recent case, which that court ultimately granted.  *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 2:10-CV-00448, 2012 U.S. Dist. LEXIS 9545, at *11, 14 (E.D. Tex. Jan. 9, 2012).  Because few witnesses, if any, are located in the Eastern District of Texas but many are located in California, the Northern District of California is clearly the more convenient forum.  *See Nintendo*, 589 F.3d at 1198 ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with

transfer. *Genentech*, 566 F.3d at 1343 (witness convenience is "probably the single most important factor in transfer analysis" (citing *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006))).

Apple's management, senior sales and marketing decision makers, and most of its research and design engineers are located in Cupertino, California. Buckley Decl., ¶¶ 6, 11. Therefore, employees knowledgeable about the research and design, development, marketing and sales of all of the accused products are primarily located in or near Cupertino, California. Any likely corporate designee is also likely to be located in the Northern District of California because, as previously mentioned, Apple is headquartered in Cupertino, California. Buckley Decl., ¶¶ 3, 6. In addition, probable third-party witnesses, such as a prosecutor of the '101, '546 and '491 patents, are also in or near the Northern District of California. Anderson Decl., ¶¶ 5-8. These witnesses would all need to travel substantial distance, from California to Texas, away from their regular employment and likely for overnight stays. *See Volkswagen I*, at 205 ("Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."). By contrast, Apple is aware of no potential witnesses located in the Eastern District of Texas. Buckley Decl., ¶ 13. As explained previously, EON has few, if any witnesses within this District. Anderson Decl., ¶ 2-3.

4.     <u>All Other Practical Problems of Trying a Case Are Neutral</u>

All other practical problems that make a case easy and inexpensive are neutral. For example, considerations of judicial economy are neutral. Both courts, the Eastern District of Texas and the Northern District of California, are currently familiar with the issues in this case involving the Dinkins family of patents. *See e.g.,* Anderson Decl., ¶¶ 9, 12, 13, 23-25. EON is

proceedings in the transferor venue); *Konami Digital Entm't Co. v. Harmonix Music Sys.*, No. 6:08-CV-286, 2009 U.S. Dist. LEXIS 24748, at *23 (E.D. Tex. Mar. 23, 2009) (finding that transfer would delay the case because the parties would lose both the *Markman* and trial dates currently set).  Apple's prompt motion for transfer ensures that delay, if any, will be minimal.

On balance, this factor is neutral because little or no delay will be caused by the transfer and both courts have ongoing litigation involving patents within the same families.

### C.       The Public Interest Factors Also Favor Transfer or Are Neutral

The public interest factors also favor transfer to the Northern District of California. Considerations of local interest strongly favor transfer because, unlike the Eastern District of Texas, the Northern District of California has a strong connection to this case.  The remaining factors such as court congestion and familiarity with the law are neutral.  Therefore, on balance, the public interest factors weigh in favor of transfer.

### 1.       Court Congestion Is Neutral

This factor is neutral.  The Northern District of California has significantly shorter time from filing to disposition, 10.1 months in the Eastern District of Texas compared to only 6.4 months in the Northern District of California.  Anderson Decl., ¶ 29.   The speed in which a case can come to trial and be resolved can be a factor that weighs in favor of transfer.  *Genentech*, 566 F.3d at 1347 (Fed. Cir. 2009).  Although median time to trial was longer in Fall 2012, the Northern District of California has recently implemented a patent pilot program where cases are assigned to senior District Judges who volunteer under the program to have patent cases reassigned to them.  Anderson Decl., ¶ 28.  In any event, even if the median time to trial is longer, this factor is speculative and should not alone outweigh the other factors particularly given the lack of current data available specifically for patent cases.  *W. Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-CV-688, 2011 U.S. Dist. LEXIS 124343, at *13 (E.D. Tex. Oct. 27,

2011) (finding the court congestion factor neutral because the court statistical data was incongruous and not specific to patent cases).  On balance, this factor is neutral.

### 2.   Local Interest Strongly Favors Transfer

The Northern District of California has a much stronger local interest in this litigation as compared to the Eastern District of Texas.  This factor weighs heavily in favor of transfer because of the solid factual connection that this action has to the transferee venue and the lack of connection to the Eastern District of Texas.  *Volkswagen I*, at 206 ("jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation") (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).  Apple was founded in 1976 in Cupertino, California and currently employs about 13,850 people in that area.  Buckley Decl., ¶ 3.  As previously explained, because Apple is headquartered in Cupertino, California the marketing, sales, research, design and development of the accused products centered in the Northern District of California.  Buckley Decl., ¶¶ 3, 6.  The location of Apple and its employee witnesses within the Northern District of California gives that venue a significant localized interest in the action.  *Custom Seal, Inc. v. Duro-Last Roofing, Inc.*, No. 6:11-CV-00122, slip op. at 19-20 (E.D. Tex. Sept. 20, 2012) (finding that the defendant and all its employee witnesses were located in the transferee district, giving that district a "significant localized interest in the action").

The transfer analysis becomes even more overwhelming when comparing Apple's strong Northern District of California connection to EON's tenuous ties to the Eastern District of Texas. EON has little, if any, meaningful connection to the Eastern District of Texas.  *See* Anderson Decl., ¶ 3.   EON was formed in Tyler, Texas right before filing its first lawsuit.  Anderson Decl., ¶¶ 19, 30.   EON appears to sell no products or services and is solely in the business of litigation. Anderson Decl., ¶ 4.   This Court should give no deference to EON's ephemeral connection to

the Eastern District of Texas.  *In re Zimmer Holdings*, 609 F.3d 1378, 1381 (Fed. Cir. 2010).

The Federal Circuit has not given deference to the plaintiff's asserted place of business where

that location is an "artifact of litigation."  *Id.* (giving no weight in the transfer analysis to the

plaintiff's place of business because it appeared to be "recent, ephemeral, and an artifact of

litigation"); *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511, 2010 U.S. Dist.

LEXIS 73972, at *16 (E.D. Tex. July 22, 2010) ("establishing a principal place of business in

this district shortly before filing suit does not create a local interest").

 Furthermore, Apple product sales in the Eastern District of Texas do not impact this

factor.  Apple operates 251 retail stores throughout the United States, two of which are located in

the Eastern District of Texas.  Buckley Decl., ¶ 8-9.   Apple products sold in the Eastern District

of Texas are also sold nationwide, however, and are not used in any different manner or degree.

Buckley Decl., ¶ 9.   The residents of the Eastern District of Texas, as Apple product customers,

should not be considered to have a strong interest in deciding this dispute simply based on

product sales in the venue.  *Digital Reg of Tex.*, 2012 U.S. Dist. LEXIS 114452, at *16 ("when

products are sold throughout the United States, citizens of a venue do not have a particularized

interest in deciding the dispute simply based on product sales within the venue."); *Hoffman-La

Roche*, 587 F.3d at 1338 ("the sale of an accused product offered nationwide does not give rise to

a substantial interest in any single venue"); *TS Tech*, 551 F.3d at 1321 (finding that citizens of

the Eastern District of Texas had no more meaningful connection to the case than citizens of any

other venue where the accused products were sold throughout the United States).  Apple's

connection to the Eastern District of Texas is, therefore, not meaningful for the 1404(a) transfer

analysis.  With no meaningful ties to the Eastern District of Texas and overwhelming ties to the

Northern District of California, this factor weighs strongly in favor of transfer.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-CV-00943 |
| | § | |
| APPLE INC., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## DECLARATION OF BRYAN K. ANDERSON IN SUPPORT OF APPLE INC.'S MOTION TO TRANSFER VENUE

I, Bryan K. Anderson, declare and state the following:

1.     I am a partner with the law firm of Sidley Austin LLP, counsel for defendant Apple, Inc. ("Apple") in this action.  This declaration is provided in support of Apple's Motion to Transfer Pursuant to 28 U.S.C. §1404(a).  I have personal knowledge of the following except where noted as "upon information and belief."  If called upon to testify, I could and would testify competently thereto.

2.     Upon information and belief and based on reasonable investigation, I understand that Alfonso Barragán and Erick Haas, Managers of EON Corp. IP Holdings, LLC, have their primary residences in or around Monterrey, Mexico.

3.     Upon information and belief and based on a reasonable investigation, I understand that EON Corp. IP Holdings, LLC, has few, if any, employees in Tyler, Texas.

4.      Upon information and belief and based on a reasonable investigation, I understand that EON Corp. IP Holdings does not sell any products or services and is only in the business of litigation.

5.      Attached hereto as Exhibit #1 is a highlighted, true and correct copy of the first page of the United States Patent Application for the '491 Patent showing Patrick T. King of Aptos, California, as the prosecuting attorney.

6.      Attached hereto as Exhibit #2 is a highlighted, true and correct copy of the Transmittal of Filing of a new Application to the U.S. Patent and Trademark Office for the '546 Patent Application, showing Patrick T. King of Aptos, California as the prosecuting attorney.

7.       Attached hereto as Exhibit #3 is a highlighted, true and correct copy of a Power of Attorney filing to the U.S. Patent and Trademark Office for the '101 Patent Application, showing Patrick T. King of Aptos, California as the prosecuting attorney.

8.      Attached as Exhibit #4 is a highlighted, true and correct copy of an Affidavit of Service filed with the Court in *EON Corp. IP Holdings, LLC v. Verizon Clinton Center Drive Corp.*, No. 6:08-CV-00385-LED (E.D. Tex.) (Dkt. No. 330-1) on June 2, 2010 showing service on Patrick T. King in Watsonville, California, which is located in the Northern District of California.

9.      Attached as Exhibit #5 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, *et al.*, No. 3:12-CV-01011 (N.D. Cal.) (transferred from E.D. Tex.).

10.      Attached as Exhibit #6 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. AT&T Mobility LLC*, No. 3:11-CV-01555 (D.P.R.).

11.     Attached as Exhibit #7 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. FLO TV, Inc.*, No. 10-CV-812-SLR (D. Del.).

12.     Attached as Exhibit #8 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. Landis+Gyr Inc. et al.*, No. 6:11-CV-00317 (E.D. Tex.).

13.     Attached as Exhibit #9 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. Skyguard, LLC et al.*, No. 6:11-CV-00015 (E.D. Tex.).

14.     Attached as Exhibit #10 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. Asustek Comp. Inc.*, No. 6:12-CV-00944 (E.D. Tex.).

15.     Attached as Exhibit #11 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. LG Elecs. MobileComm USA Inc.*, No. 6:12-CV-00941 (E.D. Tex.).

16.     Attached as Exhibit #12 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. Pantech Wireless Inc.*, No. 6:12-CV-00942 (E.D. Tex.).

17.     Attached as Exhibit #13 is a highlighted, true and correct excerpt from EON's complaint filed in *EON Corp. IP Holdings, LLC v. MetroPCS Commc'ns Inc., et al.*, No. 2:12-CV-00633 (E.D. Tex., Marshall Division).

18.     Attached as Exhibit #14 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. FLO TV, Inc.*, No. 10-CV-812-SLR (D. Del.) that was obtained from PACER.

19.     Attached as Exhibit #15 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v.Verizon Clinton Center Drive Corp.*, No. 6:08-CV-00385 (E.D. Tex.) that was obtained from PACER.

20.     Attached as Exhibit #16 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. LG Elecs. MobileComm USA Inc.*, No. 6:12-CV-00941 (E.D. Tex.) that was obtained from PACER.

21.     Attached as Exhibit #17 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. Pantech Wireless Inc.*, No. 6:12-CV-00942 (E.D. Tex.) that was obtained from PACER.

22.     Attached as Exhibit #18 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. Asustek Comp. Inc.*, No. 6:12-CV-00944 (E.D. Tex.) that was obtained from PACER.

23.     Attached as Exhibit #19 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. Landis+Gyr Inc. et al.*, No. 6:11-CV-00317 (E.D. Tex.) that was obtained from PACER.

24.     Attached as Exhibit #20 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. Skyguard, LLC et al.*, No. 6:11-CV-00015 (E.D. Tex.) that was obtained from PACER.

25.     Attached as Exhibit #21 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, *et al.*, No. 3:12-CV-01011 (N.D. Cal.) that was obtained from PACER.

26.     Attached as Exhibit #22 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. MetroPCS Commc'ns Inc., et al.*, No. 2:12-CV-00633 (E.D. Tex., Marshall Division) that was obtained from PACER.

27.     Attached as Exhibit #23 is a highlighted, true and correct excerpt of the docket in the case *EON Corp. IP Holdings, LLC v. AT&T Mobility LLC*, No. 3:11-CV-01555 (D.P.R.) that was obtained from PACER.

28.     Attached as Exhibit #24 is a true and correct copy of the Northern District of California's General Order No. 67, entitled "Procedures for Assignment of Patent Cases," downloaded from the United States District Court, Northern District of California website: http://www.cand.uscourts.gov/news/63, as it appeared on March 28, 2013.

29.     Attached as Exhibit #25 is a true and correct excerpt of statistical tables of Federal Court Management Statistics, September 2012, showing the "Median Time (Months)" "From Filing to Disposition" and "From Filing to Trial," for the Northern District of California and the Eastern District of Texas from the Administrative Office of the United States Courts' website, available at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2012.aspx, as it appeared on March 28, 2013.

30.     Attached as Exhibit #26 is a highlighted true and correct copy of EON Corp. IP Holdings, LLC's certificate of formation in Tyler, Texas obtained from the Texas Secretary of State's office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 3rd day of April, 2013, in Palo Alto, California.


Dated:  April 3, 2013          */s/ Bryan K. Anderson*

                              Bryan K. Anderson

# Exhibit 1





UNITED STATES PATENT APPLICATION

FOR

WIRELESS MODEM

Inventor:
GILBERT M. DINKINS

Prepared by:
LAW OFFICES OF
PATRICK T. KING

32 SEASCAPE VILLAGE
APTOS, CALIFORNIA 95003

**Exhibit 2**

PATENT

EON001.C

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No. _____   EON001.C

Anticipated Classification of this application: ___ 08 240147

Class ___340___ Subclass _____

Prior application:

Examiner: ___W. Chin___

Art Unit: ___2603___



**Box Patent Application**
**Commissioner of Patents and Trademarks**
**Washington, D.C. 20231**

## TRANSMITTAL OF FILING UNDER 37 CFR 1.60(b)

*WARNING:*   *A c-i-p (continuation-in-part) cannot be filed under 37 CFR 1.60.*

*WARNING:*   *Filing under 37 CFR 1.60 is permitted only if filed by the same or less than all the inventors named in the prior application.*

*WARNING:*   *The filing of an application at the United States stage of an International Application requires an oath or declaration. 37 CFR 1.61(a)(4).*

*WARNING:*   *The claims of this new application may be finally rejected in the first Office action where all claims of the new application are drawn to the same invention claimed in the earlier application and would have been properly finally rejected on the grounds or art of record in the next Office action if they had been entered in the earlier application. MPEP § 706.07(b).*

This is a request for filing a

☒   Continuation

☐   Divisional

application under 37 CFR 1.60, of pending prior application

Serial No. 0 7/ _966,414_____ filed on __October 26, 1992___

*(Date)*

of ___Gilbert M. Dinkins_____

*(Inventor(s))*

for   INTERACTIVE NATIONWIDE DATA SERVICE COMMUNICATION SYSTEM FOR
~~STATIONARY AND MOBILE BATTERY OPERATED SUBSCRIBER UNITS~~
*(Title of invention)*

---

### CERTIFICATION UNDER 37 CFR 1.10

I hereby certify that this 37 CFR 1.60 request and the documents referred to as attached therein are being deposited with the United States Postal Service on this date ___May 10, 1994___ in an envelope as "Express Mail Post Office to Addressee" service under 37 CFR 1.10, Mailing Label Number __EF504033334US__ addressed to the: Commissioner of Patents and Trademarks, Washington, D.C. 20231.

Doreen Rovetti

*(type or print name of person mailing paper)*

*(Signature of person mailing paper)*

*NOTE:   Each paper or fee filed by "Express Mail" must have the number of the "Express Mail" mailing label placed thereon prior to mailing. (37 CFR 1.10(b)).*

(37 CFR 1.60(b) |4-3|—page 1 of 8)

NOTE: *37 CFR 1.60 permits the omission of a declaration only if the prior application was complete as set forth in 37 CFR 1.51(a), namely, the prior application comprised at least (1) a specification, including a claim or claims; (2) a declaration; (3) drawings when necessary; and (4) the prescribed filing fee. Accordingly, as presently worded, 37 CFR 1.60 does not permit this procedure to be used where the prior application is pending but only the processing and retention fee required by 37 CFR 1.21(I) is paid or where the declaration was not filed.*

1. Copy of Prior Application as Filed Which is Attached

NOTE: *Under 37 CFR 1.60, practice signing and execution of the application by the applicant may be omitted provided the copy is supplied by and accompanied by a statement by the applicant or his or her attorney or agent that the application papers comprise a true copy of the prior application as filed and that no amendments referred to in the declaration filed to complete the prior application introduced new matter therein.*

NOTE: *This statement need not be verified if made by an attorney registered to practice before the PTO. (37 CFR 1.60(b)).*

☐✗ I hereby verify that the attached papers are a true copy of what is shown in my records to be the above identified prior application, including the oath or declaration originally filed (37 CFR 1.60).

The copy of the papers of prior application as filed which are attached are as follows:

☒ __24__ page(s) of specification

☒ __9__ page(s) of claims

☒ __1__ page(s) of abstract

☒ __7__ sheet(s) of drawing

*(also complete part 6 below if drawings are to be transferred)*

☒ __1__ pages of declaration and power of attorney

*(If the copy of the declaration being filed does not show applicant's signature, because the attorney's records do not contain a copy of the signed declaration actually filed for the application, indicate thereon that it was signed and complete the following:)*

☐ in accordance with the indication required by 37 CFR 60(b), my records reflect that the original signed declaration showing applicant's signature was filed on _____.

☐ the amendment referred to in the declaration filed to complete the prior application and I hereby state, in accordance with the requirements of 37 CFR 1.60(b), that this amendment did not introduce new matter therein.

2. Amendments

WARNING: *"The claim of a new application may be finally rejected in the first Office action in those situations where (1) the new application is a continuing application of, or a substitute for, an earlier application, and (2) all the claims of the new application (a) are drawn to the same invention claimed in the earlier application, and (b) would have been properly finally rejected on the grounds or art of record in the next Office action if they had been entered in the earlier application." MPEP § 706.07(b).*

☐ Cancel in this application original claims _____ of the prior application before calculating the filing fee. (At least one original independent claim must be retained for filing purposes.)

☒ A preliminary amendment is enclosed. (Claims added by this amendment have been properly numbered consecutively beginning with the number next following the highest numbered original claim in the prior application.)

NOTE: *Only amendments reducing the number of claims or adding a reference to the prior application (Rule 1.78(a)) will be entered before calculating the filing fee and granting the filing date. 37 CFR 1.60(b).*

NOTE: *"When filing under Rule 1.60 retain at least one original claim from the patent application to assure a complete application." Notice of March 3, 1986 (1064 O.G. 37-38).*

3. Petition for Suspension of Prosecution for the Time Necessary to File an Amendment

NOTE: Where it is ... that the claims on file will give rise to a first action final for this continuation
application ... the reason an amendment cannot be filed promptly (e.g., experimental data
necessary).

*(check the next item, if applicable)*

☐ There is provided herewith a Petition To Suspend Prosecution For The Time Necessary to File An Amendment (New Application Filed Concurrently).

4. Information Disclosure Statement

*(check this item, if applicable)*

☐ An information disclosure statement is submitted herewith.

5. Fee Calculation (37 CFR 1.16)

| CLAIMS AS FILED | | | |
|---|---|---|---|
| Number filed | Number Extra | Rate | Basic Fee 37 CFR 1.16(a) $710.00 |
| Total 13 Claims (37 CFR 1.16(c)) −20= | 0 × | $ 22.00 | |
| Independent 2 Claims (37 CFR 1.16(b)) −3= | 0 × | $ 74.00 | |
| Multiple dependent claim(s), if any (37 CFR 1.16(d)) | + | $230.00 | |

☐ Fee for extra claims is not being paid at this time. (37 CFR 1.16(d))

NOTE: *If the fees for extra claims are not paid on filing they must be paid or the claims cancelled by amendment, prior to the expiration of the time period set for response by the PTO in any notice of fee deficiency. 37 CFR 1.16(d).*

Filing Fee Calculation $ 710.00

6. Small Entity Status

☒ A verified statement that this filing is by a small entity:

☒ is attached

☐ has been filed in the parent application and such status is still proper and desired (37 CFR 1.28(a))

Filing Fee Calculation (50% of above) $ 355.00

NOTE: *Any excess of the full fee paid will be refunded if a verified statement is filed within 2 months of the date of timely payment of a full fee then the excess fee paid will be refunded on request. 37 CFR 1.28(a).*

NOTE: *37 CFR 1.28(a), last sentence states: "Applications filed under § 1.60 or § 1.62 of this part must include a reference to a verified statement in a parent application if status as a small entity is still proper and desired."*

(37 CFR 1.60(b) [4-3]—page 3 of 8)

7. Drawings

    ☒ Drawings are enclosed

        ☒ formal

        ☐ informal

*WARNING: DO NOT submit original drawings. A high quality copy of drawings should be supplied when filing a patent application. The drawings that are submitted to the Office must be on strong, white, smooth, and non-shiny paper and meet the standards of § 1.84. If corrections to the drawings are necessary, they should be made to the original drawings and a high-quality copy of the corrected original drawing then submitted to the Office. Only one copy is required or desired. Comments on proposed new 37 CFR 1.84. Notice of March 9, 1988 (1090 O.G. 57-62).*

*NOTE: "Identifying indicia, if provided, should include the application number or the title of the invention, inventor's name, docket number (if any), and the name and telephone number of a person to call if the Office is unable to match the drawings to the proper application. This information should be placed on the back of each sheet of drawing a minimum distance of 1.5 cm. (5/8 inch) down from the top of the page." 37 C.F.R. 1.84(c)).*

8. Priority—35 U.S.C. 119

    ☐ Priority of application Serial No. 0 /_____ filed on _____ in _____ is claimed under 35 U.S.C. 119.   *(country)*

    ☐ The certified copy has been filed in prior U.S. application Serial No. 0 /_____ on _____.

    ☐ The certified copy will follow.

9. Relate Back—35 U.S.C. 120

    ☒ Amend the specification by inserting before the first line the sentence:

"This is a

    ☒ continuation

    ☐ divisional

of copending application(s)

    ☒ Serial number 0 7/ _966,414_ filed on _10/26/92_"

    ☐ International Application _____ filed on _____ and which designated the U.S."

*NOTE: The proper reference to a prior filed PCT application which entered the U.S. national phase is the U.S. serial number and the filing date of the PCT application which designated the U.S.*

10. Inventorship Statement

*NOTE: If the continuation or divisional application is filed by less than all the inventors named in the prior application a statement must accompany the application when filed requesting deletion of the names of the person or persons who are not inventors of the invention being claimed in the continuation or divisional application. 37 CFR 1.60(b) [emphasis added].*

*(complete appropriate items (a) and (b))*

(a) With respect to the prior copending U.S. application from which this application claims benefit under 35 USC 120 the inventor(s) in this application is (are):

*(complete applicable item below)*

    ☒ the same

    ☐ less than those named in the prior application and it is requested that the following inventor(s) identified above for the prior application be deleted:

(37 CFR 1.60(b) [4-3]—page 4 of 8)

*pe name(s) of inventor(s) to be delete*

(b) The inventorship for all the claims in this application are

☒ the same

☐ not the same, and an explanation, including the ownership of the various claims at the time the last claimed invention was made, is submitted.

11. Assignment

☒ The prior application is assigned of record to
    TV Answer International, Inc.

☐ An assignment of the invention to _____

_____

is attached. A separate ☐ "COVER SHEET FOR ASSIGNMENT (DOCUMENT) ACCOMPANYING NEW PATENT APPLICATION" or ☐ FORM PTO 1595 is also attached.

*NOTE:* "If an assignment is submitted with a new application, send two separate letters - one for the application and one for the assignment." Notice of May 4, 1990 (1114 O.G. 77-78).

*NOTE:* When an assignee files a . . . divisional application (under . . . 1.60 . . .) reference may be made to a statement filed under 37 CFR 3.73(b) in the parent application, or a copy of that statement may be filed. Notice of April 30, 1993, 1150 O.G. 62-64.

12. Fee Payment Being Made At This Time

☐ Not Enclosed

☐ No filing fee is submitted. *(This and the surcharge required by 37 CFR 1.16(e) can be paid subsequently).*

☒ Enclosed

☒ basic filing fee                          $ 355.00

☐ recording assignment
  ($40.00; 37 CFR
  1.21(h)) (See attached "COVER SHEET FOR
  ASSIGNMENT ACCOMPANYING NEW PA-
  TENT APPLICATION".)

☐ processing and retention fee
  ($130.00; 37 CFR 1.53(d)
  and 1.21(l))                              $_____

(37 CFR 1.60(b) [4-3]—page 5 of 8)

NOTE: *37 CFR 1.21(l) establishes a fee for processing and retaining any application which is abandoned for failing to complete the application pursuant to 37 CFR 1.53(d) and this, as well as the changes to 37 CFR 1.53 and 1.78 indicate that in order to obtain the benefit of a prior U.S. application, either the basic filing fee must be paid or else the processing and retention fee of § 1.21(l) must be paid within 1 year from notification under § 53(d).*

Total fees enclosed     $ 355.00

13. **Method of Payment of Fees**

     ☒   Enclosed is a check in the amount of $ 355.00

     ☐   Charge Account No. _____ in the amount of $_____.
        A duplicate of this request is attached.

NOTE: *Fees should be itemized in such a manner that is clear for which purpose the fees are paid. 37 CFR 1.22(b).*

14. **Authorization To Charge Additional Fees**

WARNING: *If no fees are being paid on filing do not complete this item.*

WARNING: *Accurately count claims, especially multiple dependent claims, to avoid unexpected high charges if extra claim charges are authorized.*

     ☐   The Commissioner is hereby authorized to charge the following additional fees which may be required by this paper and during the entire pendency of the application to Account No. _____.

        ☐   37 CFR 1.16 (a), (f) or (g) (filing fees)

        ☐   37 CFR 1.16 (b), (c) and (d) (presentation of extra claims)

NOTE: *Because additional fees for excess or multiple dependent claims not paid on filing or on later presentation must only be paid or these claims cancelled by amendment prior to the expiration of the time period set for response by the PTO in any notice of fee deficiency (37 CFR 1.16(d)) it might be best not to authorize the PTO to charge additional claim fees, except possibly when dealing with amendments after final action.*

        ☐   37 CFR 1.17 (application processing fees)

WARNING: *While 37 CFR 1.17(a), (b), (c) and (d) deal with extensions of time under § 1.136(a) this authorization must be made only with the knowledge that: "Submission of the appropriate extension fee under 37 CFR 1.136(a) is to no avail unless a request or petition for extension is filed." [emphasis added]. Notice of November 5, 1985 (1060 O.G. 27).*

        ☐   37 CFR 1.18 (issue fee at or before mailing Notice of Allowance, pursuant to 37 CFR 1.311(b)).

NOTE: *Where an authorization to charge the issue fee to a deposit account has been filed before the mailing of a Notice of Allowance, the issue fee will be automatically charged to the deposit account at the time of mailing the notice of allowance. 37 CFR 1.311(b)).*

NOTE: *37 CFR 1.28(b) requires "Notification of any change in status resulting in loss of entitlement to small entity status must be filed in the application . . . prior to paying or at the time of paying . . . issue fee." From the wording of 37 CFR 1.28(b): (a) notification of change of status must be made even if the fee is paid as "other than a small entity" and (b) no notification is required if the change is to another small entity.*

15. **Power of Attorney**

     ☒   The power of attorney in the prior application is to

| Patrick T. King | 28,231 |
|---|---|
| *(Attorney)* | *(Reg. No.)* |

a.   ☒   The power appears in the original papers in the prior application.

b.   ☐   Since the power does not appear in the original papers, a copy of the power in the prior application is enclosed.

(37 CFR 1.60(b) [4-3]—page 6 of 8)

c. ☐ A new power has been executed and is attached.
d. ☐ Address all future communications to

*(item d may only be completed by applicant, or attorney or agent of record)*

16. Maintenance of Copendency of Prior Application

    *(This item must be completed and the papers filed in the prior application if the period set in the prior application has run.)*

    ☐ A petition, fee and response has been filed to extend the term in the pending prior application until _____ .

    NOTE: *The PTO finds it useful if a copy of the petition filed in the prior application extending the term for response is filed with the papers constituting the filing of the Continuation Application. Notice of November 5, 1985 (1060 O.G. 27).*

    ☐ A copy of the petition for extension of time in the prior application is attached.

17. Conditional Petition for Extension of Time in Prior Application

    *(complete this item and file conditional petition in the prior application if previous item not applicable)*

    ☐ A conditional petition for extension of time is being filed in the pending parent application.

    NOTE: *The PTO finds it useful if a copy of the petition filed in the prior application extending the term for response is filed with the paper constituting the filing of the continuation application. Notice of November 5, 1985 (1060 O.G. 27).*

    ☐ A copy of the conditional petition for extension of time in the prior application is attached.

18. Abandonment of Prior Application (*if applicable*)

    WARNING: *(Do not complete this item if the application being filed is a divisional of the prior application which is not being abandoned)*

    NOTE: *"A registered attorney or agent acting under the provisions of § 1.34(a), or of record, may also expressly abandon a prior application as of the filing date granted to a continuing application when filing such a continuing application." 37 CFR 1.138.*

    ☐ Please abandon the prior application at a time while the prior application is pending or when the petition for extension of time or to revive in that application is granted and when this application is granted a filing date so as to make this application copending with said prior application.

(37 CFR 1.60(b) **|4-3|**—page 7 of 8)

19. Notification in Parent Application of the Filing of This Continuation Application

        ☒  A notification of the filing of this continuation is being filed in the parent application from which this application claims priority under 35 USC § 120.

20. Statement by Assignee (*if applicable*)

   ☐  In accordance with 37 CFR 3.73, I have reviewed the evidentiary documents establishing my/our ownership of the application identified herein, and certify that to the best of my/our knowledge and belief, title is with me/us who seek to take action.

        ☐  Assignment submitted herewith for recordal

I hereby declare further that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

_____

*(type or print name of person signing declaration)*

_____  _____
Date | Signature

_____
*(P.O. Address of Signatory)*

_____

                             ☐  Inventor
                             ☐  Assignee of complete interest
                             ☐  Person authorized to sign on behalf of assignee

Tel. No. :(    )                ☐  Attorney or agent of record
Reg. No.                       ☐  Filed under Rule 34(a)
(*if applicable* )

*(complete the following if applicable)*

_____  _____
*(Type name of assignee)* | *(Title of person authorized to sign on behalf of assignee)*

_____  _____
*(Address of assignee)* | Assignment recorded in PTO on

_____  _____

                                        Reel _____
                                        Frame _____

The statement under 37 CFR 3.73(b)

   ☐  has been filed in the parent application.

   ☐  a copy of the statement previously filed in the parent application is attached.

(37 CFR 1.60(b) **[4-3]**—page 8 of 8)

A77

MAIL ROOM
39  MAY
10
1994
PAT. & TRADEMARK

In re application of:    Gilbert M. Dinkins

Serial No.: 0 7 / 966,414      Group No.:    2603
Filed:      October 26, 1992    Examiner:    Chin, W.
For:    INTERACTIVE NATIONWIDE DATA SERVICE COMMUNICATION SYSTEM FOR
STATIONARY AND MOBILE BATTERY OPERATED SUBSCRIBER UNITS

**Commissioner of Patents and Trademarks**

**Washington, D.C. 20231**

### NOTIFICATION OF FILING OF CONTINUING OR DIVISIONAL APPLICATION

Notification is hereby being made of the filing of a:

☒  continuation

☐  continuation-in-part

☐  divisional

application for this case

☐  concurrently herewith

☒  on ___May 10, 1994___
                    (date)

SIGNATURE OF ATTORNEY

Reg. No. _28,231_

Patrick T. King
(type or print name of attorney)

Tel. No.: (408   ) 685-6100

32 Seascape Village
(P.O. Address)
Aptos, CA 95003

### CERTIFICATE OF MAILING

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited on the date shown below with the United States Postal Service in an envelope addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

(check and complete appropriate item):

|  | 37 CFR 1.8(a) |  |  | 37 CFR 1.10 |
|---|---|---|---|---|
| ☐ | with sufficient postage as first class mail | or | ☒ | as "Express Mail Post Office to Addressee" Mailing Label No.___EF504033334US___ |

Doreen Rovetti
(type or print name of person mailing paper)

Date ___May 10, 1994___

(Signature of person mailing paper)

Notification of Filing of Continuing or Divisional Application [4-9])

# Exhibit 3

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:      Gilbert M. Dinkins

Serial No.: 07 / 966,414      Group No.:      2604

Filed: October 26, 1992      Examiner:

INTERACTIVE NATIONWIDE DATA SERVICE COMMUNICATION SYSTEM FOR
STATIONARY AND MOBILE BATTERY OPERATED SUBSCRIBER UNITS

☐ Patent No:      Issued:

*NOTE:  Insert name(s) of inventor(s) and title also for patent.*

**Commissioner of Patents and Trademarks**

**Washington, D.C. 20231**

## POWER OF ATTORNEY BY ASSIGNEE OF ENTIRE INTEREST
## (REVOCATION OF PRIOR POWERS)

As assignee of record of the entire interest of the above identified

    ☒  application

    ☐  patent

### REVOCATION OF PRIOR POWERS OF ATTORNEY

all powers of attorney previously given are hereby revoked and

### NEW POWER OF ATTORNEY

the following attorney(s) and/or agent(s) are hereby appointed to prosecute and transact
all business in the Patent and Trademark Office connected therewith.

*(List name and registration number)*

Patrick T. King, Reg. #28,231

John P. Wagner, Jr., Reg. #35,398

*(Check the following item, if applicable)*

☐  Attached as part of this power of attorney is the authorization of the above-
named attorney(s) to accept and follow instructions from my representative(s).

(Power of Attorney by Assignee of Entire Interest |12-2|—page 1 of 2)

SEND CORRESPONDENCE TO:

Law Offices of Patrick T. King
32 Seascape Village
Aptos, CA 95003

DIRECT TELEPHONE CALLS TO:
(408) 685-6100

---

TV Answer International, Inc.

Type or print identity of assignee of entire interest
P. O. Box 309

Address
Georgetown

☐ Recorded in PTO on _____ Grand Cayman Island, BWI

Reel 6314

Frame 0659

☐ Recorded herewith

## ASSIGNEE CERTIFICATION

In accordance with 37 CFR 3.73 the assignee hereby certifies that the evidentiary documents with respect to its ownership have been reviewed and that, to the best of assignee's knowledge and belief, title is in the assignee seeking to take this action.

_____
Signature

Date _Oct. 18, 1993_

**Alfonso Barragan**
Type or print name of person authorized to
sign on behalf of assignee

**Secretary**
Title

NOTE:   The assignee of the entire interest may revoke previous powers and be represented by an attorney of his or her selection. 37 CFR 1.36.

*(Check the following item if it forms a part of this power of attorney)*

☐   Added page—Authorization of attorney(s) to accept and follow instructions from representative.

(Power of Attorney by Assignee of Entire Interest **[12-2]**—page 2 of 2)

# Exhibit 4

# Exhibit A

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
Index No. 6:08-CV-385-LED

EON CORP IP HOLDINGS, LLC

, Plaintiff(s)

- against -

VERIZON CLINTON CENTER DRIVE CORP. ET AL

, Defendant(s)

State of California )
) SS.:
County of Santa Cruz )

AFFIDAVIT OF SERVICE

Orquidea Panaloza being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of California. That on 05/13/2010 at 8:58 PM at:
144 HOLM ROAD, SPC 39
WATSONVILLE CA 95076

Deponent served the:

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
EXHIBIT A
STIPULATED PROTECTIVE ORDER
upon PATRICK THOMAS KING, by delivering true copies to recipient personally,
deponent knew the person so served to be the person described as said
recipient therein.

Deponent was unable to serve recipient personally having made attempts on:
05/10/2010 at 8:35 PM - Location is a mobile park. Knocked on door,
no answer.
05/11/2010 at 10:15 AM - Knocked on door, no answer.
05/12/2010 at 4:40 PM - No answer at location.
To the best of my knowledge, based on information and belief, the said
recipient at the time of service was not engaged in the military service
of the United States or California. Recipient wore ordinary
civilian clothing and no military uniform.

Deponent describes the individual served as follows:
AGE: 52 HEIGHT: 6'2''   WEIGHT: 200   HAIR: NONE   RACE: WHITE   SEX: MALE

$57.00 the authorized witness fee was tendered to the recipient.

Orquidea Paneloza

Orquidea Panaloza                Lic. #95

SWORN TO BEFORE ME
5/18/10

OUR DOC# 25574
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York NY 10017
212-455-2000

VERONICA MARQUEZ
COMM. #1719477
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
COMM. EXPIRES JAN. 22, 2011

A84

**Exhibit 5**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | JURY TRIAL REQUESTED |
| SENSUS, USA, INC.; ARUBA NETWORKS, INC.; BROADSOFT, INC.; CICERO NETWORKS LIMITED; CLAVISTER AB; IP.ACCESS, INC.; JUNI AMERICA, INC.; CISCO SYSTEMS, INC.; MAVENIR SYSTEMS, INC.; MERU NETWORKS, INC.; SERCOMM CORPORATION; SONUS NETWORKS, INC.; SPRINT NEXTEL CORPORATION; ADVANCED METERING DATA SYSTEMS, LLC; STOKE, INC. and TATARA SYSTEMS, INC., | § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT**

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Original Complaint for patent infringement against Sensus USA, Inc. ("Sensus"); Aruba Networks, Inc. ("Aruba Networks"); Broadsoft, Inc. ("Broadsoft"); Cicero Networks Limited ("Cicero"); Clavister AB ("Clavister"); IP.Access, Inc. ("IP.Access"); Juni America, Inc. ("Juni"); Cisco Systems, Inc. ("Cisco"); Mavenir Systems, Inc. ("Mavenir"); Meru Networks, Inc. ("Meru"); SerComm Corporation ("SerComm"); Sonus Networks, Inc. ("Sonus"); Sprint Nextel Corporation ("Sprint"); Advanced Metering Data Systems, LLC ("AMDS"); Stoke, Inc. ("Stoke"); and Tatara Systems, Inc. ("Tatara") (collectively, the "Defendants") for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent") pursuant to 35 U.S.C. §271.

**Exhibit 6**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **EON CORP. IP HOLDINGS, LLC,** <br>     Plaintiff, | CIVIL NUM.: |
| v. | REQUEST FOR TRIAL BY JURY |
| **AT&T MOBILITY**, LLC; AT&T MOBILITY PUERTO RICO, INC.; PUERTO RICO TELEPHONE COMPANY, INC; CLARO INC.; TELECOMUNICACIONES DE PUERTO RICO, INC. AND TELEFONICA DE PUERTO RICO, INC., <br>     Defendants | PATENT INFRINGEMENT |

**Plaintiff EON Corp. IP Holdings, LLC's Original Complaint**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff EON Corp. IP Holdings, LLC ("EON"), through the undersigned attorneys, and respectfully alleges, states, and pray as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin co-defendants AT&T Mobility, LLC ("AT&T LLC"), AT&T Mobility Puerto Rico, Inc. ("AT&T Puerto Rico")(collectively, "AT&T"), and Puerto Rico Telephone Company, Inc. ("PRTC"), Telecomunicaciones de Puerto Rico, Inc. ("TPRI"), Telefonica de Puerto Rico, Inc.("TPR") and Claro, Inc. ("CI"), all d/b/a Claro Puerto Rico, (collectively, "Claro") (collectively, "Defendants") from infringing and

profiting from, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, U.S. Patent No. 5,663,757 (the "'757 Patent"), U.S. Patent No. 5,388,101 (the "'101 Patent"), U.S. Patent No. 5,481,546 (the "'546 Patent"), and U.S. Patent No. 5,592,491 (the "'491 Patent") pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

## II.   JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

3.    Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

4.    This Court has personal jurisdiction over each Defendant.  Upon information and belief, each Defendant has conducted and does conduct business within Puerto Rico, directly or through intermediaries or agents, or offers for sale, sells, or advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Puerto Rico that infringe the '757 Patent, the '101 Patent, the '546 Patent and the '491 Patent or knowingly contributes to infringement of the asserted patents.

5.    In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over AT&T

# Exhibit 7

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | : | |
| Plaintiff, | : | Civil Action No. _____ |
| v. | : | |
| FLO TV INCORPORATED; MOBITV, INC.; U.S. CELLULAR CORPORATION; LG ELECTRONICS MOBILECOMM USA, INC.; MOTOROLA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA LLC; SPRINT NEXTEL CORPORATION; RESEARCH IN MOTION CORPORATION; HTC AMERICA INC.; PALM, INC; KYOCERA COMMUNICATIONS INC.; WIREFLY, CORP.; LETSTALK.COM, INC.; QUALCOMM, INC.; GOTV NETWORKS, INC.; SPB SOFTWARE; and VERIZON COMMUNICATIONS INC. D/B/A VERIZON WIRELESS, | : : : : : : : : : : | JURY TRIAL REQUESTED |
| Defendants. | : | |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") by and for its Complaint against FLO TV Incorporated ("FLO TV"); MobiTV, Inc. ("MobiTV"); U.S. Cellular Corporation ("U.S. Cellular"); LG Electronics MobileComm USA, Inc. ("LG"); Motorola, Inc. ("Motorola"); Samsung Telecommunications America LLC ("Samsung"); Sprint Nextel Corporation ("Sprint"); Research in Motion Corporation ("RIM"); HTC America Inc. ("HTC"); Palm, Inc. ("Palm"); Kyocera Communications Inc. ("Kyocera"); Wirefly, Corp. ("Wirefly"); LetsTalk.com, Inc. ("LetsTalk.com"); Qualcomm, Inc. ("Qualcomm"); GoTV Networks, Inc. ("GoTV"); SPB Software, Inc. ("SPB"); and Verizon Communications Inc. D/B/A Verizon Wireless ("Verizon") (collectively "Defendants") for infringement of U.S. Patent No. 5,663,757 (the "'757 Patent") pursuant to 35 U.S.C. alleges as follows:

# Exhibit 8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>LANDIS+GYR INC.; ACLARA POWER-LINE SYSTEMS INC.; ELSTER SOLUTIONS, LLC; SILVER SPRING NETWORKS, INC.; ITRON, INC.; and TRILLIANT NETWORKS INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____<br><br>JURY TRIAL REQUESTED |

## **PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT**

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Complaint for patent infringement against Landis+Gyr Inc. ("Landis+Gyr"); Aclara Power-Line Systems Inc. ("Aclara"); Elster Solutions, LLC ("Elster"); Silver Spring Networks, Inc. ("Silver Spring"); Itron, Inc. ("Itron"); and Trilliant Networks Inc. ("Trilliant") (collectively, the "Defendants") for infringement of U.S. Patent No. 5,388,101 (the "'101 Patent"), U.S. Patent No. 5,481,546 (the "'546 Patent"), and U.S. Patent No. 5,592,491 (the "'491 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. §271, alleging as follows:

### THE PARTIES

1. Plaintiff EON is a Texas limited liability company with its principal place of business at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

2. Defendant Landis+Gyr is a Delaware corporation with its corporate headquarters at 2800 Duncan Road, Lafayette, Indiana 47904 and can be served with process through its

# Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SKYGUARD, LLC; CANTALOUPE SYSTEMS, INC.; SPACE DATA CORPORATION; MEDAPPS, INC.; MEI, INC.; and NOVATEL WIRELESS, INC., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. _____ <br><br> JURY TRIAL REQUESTED |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Original Complaint ("Complaint") for patent infringement against Skyguard, LLC ("Skyguard"); Cantaloupe Systems, Inc. ("Cantaloupe"); Space Data Corporation ("Space Data"); MedApps, Inc. ("MedApps"); MEI, Inc. ("MEI"); and Novatel Wireless, Inc. ("Novatel") (collectively, the "Defendants") for infringement of U.S. Patent No. 5,388,101 (the "'101 Patent"), U.S. Patent No. 5,481,546 (the "'546 Patent"), and U.S. Patent No. 5,592,491 (the "'491 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. §271.

### THE PARTIES

1.      Plaintiff EON is a Texas limited liability company with its principal place of business at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

EON'S ORIGINAL COMPLAINT - 1

**Exhibit 10**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| ASUSTEK COMPUTER INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON"), by and for its Complaint against Asustek Computer Inc. ("ASUS") for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent"), U.S. Patent No. 5,388,101 (the "'101 Patent"), and U.S. Patent No. 5,663,757 (the "757 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271, alleges as follows:

### I.    THE PARTIES

1.    Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702. EON is a wholly owned subsidiary of EON Corporation, formerly known as TV Answer, Inc., a Delaware corporation founded in 1986. EON Corporation is a pioneering wireless technology research and development company that has been in continuous operation since its inception. In the early 1990s, the Federal Communications Commission granted EON Corporation's petition for an allocation of wireless spectrum specifically for its proposed innovative wireless service offering, known then as Interactive Video and Data Services. While the "IVDS" offering did not originally realize its full commercial potential, the company's technological advances in interactive digital wireless communications became the subject of a vast intellectual property portfolio covering many communication techniques and devices that have become commonplace

# Exhibit 11

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| LG ELECTRONICS MOBILECOMM | § | |
| USA, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF EON CORP. IP HOLDINGS, LLC'S COMPLAINT**

Plaintiff EON Corp. IP Holdings, LLC ("EON"), by and for its Complaint against LG Electronics MobileComm USA, Inc. ("LG") for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent") and U.S. Patent No. 5,388,101 (the "'101 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271, alleges as follows:

## I.        THE PARTIES

1.        Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702. EON is a wholly owned subsidiary of EON Corporation, formerly known as TV Answer, Inc., a Delaware corporation founded in 1986. EON Corporation is a pioneering wireless technology research and development company that has been in continuous operation since its inception. In the early 1990s, the Federal Communications Commission granted EON Corporation's petition for an allocation of wireless spectrum specifically for its proposed innovative wireless service offering, known then as Interactive Video and Data Services. While the "IVDS" offering did not originally realize its full commercial potential, the company's technological advances in interactive digital wireless communications became the subject of a vast intellectual property

**Exhibit 12**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| PANTECH WIRELESS, INC., | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF EON CORP. IP HOLDINGS, LLC'S COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON"), by and for its Complaint against

Pantech Wireless, Inc. ("Pantech") for infringement of U.S. Patent No. 5,592,491 (the "'491

Patent"), U.S. Patent No. 5,388,101 (the "'101 Patent"), and U.S. Patent No. 5,663,757 (the "757

Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271, alleges as follows:

### I.   THE PARTIES

1.    Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with

its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

EON is a wholly owned subsidiary of EON Corporation, formerly known as TV Answer, Inc., a

Delaware corporation founded in 1986.  EON Corporation is a pioneering wireless technology

research and development company that has been in continuous operation since its inception.  In

the early 1990s, the Federal Communications Commission granted EON Corporation's petition

for an allocation of wireless spectrum specifically for its proposed innovative wireless service

offering, known then as Interactive Video and Data Services.  While the "IVDS" offering did not

originally realize its full commercial potential, the company's technological advances in

interactive digital wireless communications became the subject of a vast intellectual property

portfolio covering many communication techniques and devices that have become commonplace

**Exhibit 13**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:12-cv-633 |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| METROPCS COMMUNICATIONS, INC. | § | |
| and METROPCS WIRELESS, INC. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Original Complaint against defendants MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. (collectively, "MetroPCS" or "Defendant") for patent infringement of U.S. Patent No. 5,663,757 (the "'757 Patent"), U.S. Patent No. 5,388,101 (the "'101 Patent"), and U.S. Patent No. 5,592,491 (the "'491 Patent") pursuant to 35 U.S.C. §271, to enjoin infringement and to recover damages, attorneys' fees, costs, and all available equitable relief.

### THE PARTIES

1.      Plaintiff is a Texas limited liability company with its principal place of business at 719 West Front Street, Suite 108, Tyler, Texas 75702.

2.      Upon information and belief Defendant MetroPCS Communications, Inc. is a Delaware corporation with its principal place of business at 2250 Lakeside Blvd., Richardson, Texas 75082.   MetroPCS Communications, Inc. may be served with process through its registered agent, Corporation Service Company 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

# Exhibit 14

PATENT,SPECIALMASTER

# U.S. District Court
# District of Delaware (Wilmington)
# CIVIL DOCKET FOR CASE #: 1:10-cv-00812-RGA

EON Corp. IP Holdings LLC v. FLO TV Incorporated et al

Assigned to: Judge Richard G. Andrews
Cause: 35:271 Patent Infringement

Date Filed: 09/23/2010
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Special Master**

**B. Wilson Redfearn,**
**-SM-**

**Plaintiff**

**EON Corp. IP Holdings LLC**  represented by  **Gregory Brian Williams**
Fox Rothschild LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 622-4211
Fax: 302-656-8920
Email: gwilliams@foxrothschild.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cabrach J. Connor**
Email: cconnor@reedscardino.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chad S. Ennis**
Email: cennis@reedscardino.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig S. Jepson**
Email: cjepson@reedscardino.com

A105

**Exhibit 15**

CASREF, CLOSED, PATENT/TRADEMARK, PROTECTIVE-ORDER, STAYED

## U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
## CIVIL DOCKET FOR CASE #: 6:08-cv-00385-LED -JDL

EON Corp. IP Holdings, LLC v. Verizon Clinton Center Drive Corp et al

Assigned to: Judge Leonard Davis
Referred to: Magistrate Judge John D. Love
Related Case: 6:11-cv-00015-LED-JDL
Cause: 35:271 Patent Infringement

Date Filed: 09/29/2008
Date Terminated: 11/03/2010
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Mediator**

| | | |
|---|---|---|
| **Robert W Faulkner** | represented by | **Robert W Faulkner** |
| | | JAMS Inc |
| | | 8401 N. Central Expressway |
| | | Suite 610 |
| | | Dallas, TX 75225 |
| | | 214/744-5267 |
| | | Fax: 214/720-6010 |
| | | Email: rfaulkner@jamsadr.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Technical Advisor**

| | | |
|---|---|---|
| **Gale R Peterson** | represented by | **Gale Roy Peterson** |
| Cox & Smith Inc | | Cox Smith Matthews |
| 112 E Pecan St | | Incorporated - San Antonio |
| Suite 1800 | | 112 East Pecan Street |
| San Antonio, TX 78205 | | Suite 1800 |
| 210/554-5500 | | San Antonio, TX 78205 |
| | | 210/554-5327 |
| | | Fax: 210/226-8395 |
| | | Email: grpeters@coxsmith.com |
| | | *LEAD ATTORNEY* |

# Exhibit 16

JURY, LED2, PATENT/TRADEMARK

# U.S. District Court [LIVE]
# Eastern District of TEXAS (Tyler)
# CIVIL DOCKET FOR CASE #: 6:12-cv-00941-LED

EON Corp. IP Holdings, LLC v. LG
Electronics MobileComm USA, Inc.
Assigned to: Judge Leonard Davis
Cause: 35:271 Patent Infringement

Date Filed: 12/19/2012
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**EON Corp. IP Holdings,**
**LLC**

represented by **Cabrach John Connor**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78749
512/615-5989
Fax: 512/527-0798
Email:
cconnor@reedscardino.com
*ATTORNEY TO BE*
*NOTICED*

**Deron R Dacus**
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 9037051117
Email:
ddacus@dacusfirm.com
*ATTORNEY TO BE*
*NOTICED*

**Jeff R Johnson**

**Exhibit 17**

JURY, LED2, PATENT/TRADEMARK

# U.S. District Court [LIVE]
# Eastern District of TEXAS (Tyler)
# CIVIL DOCKET FOR CASE #: 6:12-cv-00942-LED

EON Corp. IP Holdings, LLC v. Pantech
Wireless, Inc.
Assigned to: Judge Leonard Davis
Cause: 35:271 Patent Infringement

Date Filed: 12/19/2012
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**EON Corp. IP Holdings,
LLC**

represented by **Cabrach John Connor**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78749
512/615-5989
Fax: 512/527-0798
Email:
cconnor@reedscardino.com
*ATTORNEY TO BE
NOTICED*

**Deron R Dacus**
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 9037051117
Email:
ddacus@dacusfirm.com
*ATTORNEY TO BE
NOTICED*

**Jeff R Johnson**

**Exhibit 18**

JURY, LED2, PATENT/TRADEMARK

# U.S. District Court [LIVE]
# Eastern District of TEXAS (Tyler)
# CIVIL DOCKET FOR CASE #: 6:12-cv-00944-LED

EON Corp. IP Holdings, LLC v. Asustek Computer Inc.

Assigned to: Judge Leonard Davis
Cause: 35:271 Patent Infringement

Date Filed: 12/19/2012
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **EON Corp. IP Holdings, LLC** | represented by | **Cabrach John Connor**<br>Reed & Scardino LLP<br>301 Congress Ave<br>Ste 1250<br>Austin, TX 78749<br>512/615-5989<br>Fax: 512/527-0798<br>Email:<br>cconnor@reedscardino.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Deron R Dacus**<br>The Dacus Firm, PC<br>821 ESE Loop 323<br>Suite 430<br>Tyler, TX 75701<br>903/705-1117<br>Fax: 9037051117<br>Email:<br>ddacus@dacusfirm.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Jeff R Johnson** |

# Exhibit 19

CASREF, JURY, LED2, PATENT, PATENT/TRADEMARK, PROTECTIVE-ORDER

# U.S. District Court [LIVE]
# Eastern District of TEXAS (Tyler)
# CIVIL DOCKET FOR CASE #: 6:11-cv-00317-LED-JDL

| | |
|---|---|
| EON Corp. IP Holdings, LLC v. Landis+Gyr Inc. et al | Date Filed: 06/17/2011 |
| | Jury Demand: Both |
| Assigned to: Judge Leonard Davis | Nature of Suit: 830 Patent |
| Referred to: Magistrate Judge John D. Love | Jurisdiction: Federal Question |
| Cause: 35:271 Patent Infringement | |

**Mediator**

| | | |
|---|---|---|
| **James Knowles** | represented by | **James W Knowles** |
| | | Knowles Mediations |
| | | 909 East South East Loop 323 |
| | | Ste 410 |
| | | Tyler, TX 75701 |
| | | 903/534-3800 |
| | | Fax: 903/534-3806 |
| | | Email: jimk@knowlesmed.com |
| | | *ATTORNEY TO BE NOTICED* |

**Technical Advisor**

| | | |
|---|---|---|
| **Gale R Peterson** | represented by | **Gale Roy Peterson** |
| | | Cox Smith Matthews Incorporated - San Antonio |
| | | 112 East Pecan Street |
| | | Suite 1800 |
| | | San Antonio, TX 78205 |
| | | 210/554-5327 |
| | | Fax: 210/226-8395 |
| | | Email: grpeters@coxsmith.com |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

**Exhibit 20**

CASREF, JURY, LED2, PATENT, PATENT/TRADEMARK,
PROTECTIVE-ORDER

# U.S. District Court [LIVE]
# Eastern District of TEXAS (Tyler)
# CIVIL DOCKET FOR CASE #: 6:11-cv-00015-LED-JDL

EON Corp. IP Holdings, LLC v. Skyguard, LLC et al

Assigned to: Judge Leonard Davis
Referred to: Magistrate Judge John D. Love
Related Cases: 6:08-cv-00385-LED -JDL
               6:09-cv-00116-JDL
Cause: 35:271 Patent Infringement

Date Filed: 01/07/2011
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Mediator**

**James Knowles**  represented by  **James W Knowles**
Knowles Mediations
909 East South East Loop 323
Ste 410
Tyler, TX 75701
903/534-3800
Fax: 903/534-3806
Email: jimk@knowlesmed.com
*ATTORNEY TO BE NOTICED*

**Technical Advisor**

**Gale R Peterson**  represented by  **Gale Roy Peterson**
Cox Smith Matthews Incorporated
- San Antonio
112 East Pecan Street
Suite 1800
San Antonio, TX 78205
210/554-5327
Fax: 210/226-8395
Email: grpeters@coxsmith.com
*ATTORNEY TO BE NOTICED*

A117

**Exhibit 21**

ADRMOP,PRVADR,REFDIS,REFSET-JCS

<span style="background:yellow">**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:12-cv-01011-JST**</span>

| | |
|---|---|
| EON Corp IP Holdings LLC v. Sensus USA Inc et al | Date Filed: 03/01/2012 |
| | Jury Demand: Both |
| Assigned to: Hon. Jon S. Tigar | Nature of Suit: 830 Patent |
| Referred to: Magistrate Judge Elizabeth D. Laporte | Jurisdiction: Federal Question |

Magistrate Judge Joseph C. Spero (Settlement)

Case in other court:  Texas Eastern, 2:10-cv-00448

Cause: 35:271 Patent Infringement

**Plaintiff**

| | | |
|---|---|---|
| **EON Corp IP Holdings LLC** | represented by | **Chad Phillip Ennis** |
| | | Reed & Scardino LLP |
| | | 301 Congress Avenue, Suite 1250 |
| | | Austin, TX 78701 |
| | | 512-474-2449 |
| | | Fax: 512-474-2622 |
| | | Email: cennis@reedscardino.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Craig Jepson** |
| | | Reed & Scardino LLP |
| | | 301 Congress Avenue, Suite 1250 |
| | | Austin, TX 78701 |
| | | 512-474-2449 |
| | | Fax: 512-474-2622 |
| | | Email: cjepson@reedscardino.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

# Exhibit 22

Case 6:12-cv-00943-LED   Document 122   Filed 04/24/13   Page 1 of 1 PageID #: 222

JURY, PATENT/TRADEMARK

# U.S. District Court [LIVE]
# Eastern District of TEXAS (Marshall)
# CIVIL DOCKET FOR CASE #: 2:12-cv-00633-JRG

EON Corp IP Holdings LLC v. MetroPCS Communications Inc etal

Date Filed: 10/02/2012

Assigned to: Judge Rodney Gilstrap

Cause: 15:1126 Patent Infringement

Jury Demand: Both

Nature of Suit: 830 Patent

Jurisdiction: Federal Question

**Plaintiff**

**EON Corp IP Holdings LLC**                 represented by **Deron R Dacus**
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 9037051117
Email:
ddacus@dacusfirm.com
*ATTORNEY TO BE NOTICED*

**Jason Wayne Deats**
Reed & Scardino LLP
301 Congress Ave
Ste 1250
Austin, TX 78749
512-474-2449
Fax: 512-474-2622
Email:
jdeats@reedscardino.com
*ATTORNEY TO BE NOTICED*

**Daniel Scardino**

A121

**Exhibit 23**

CASREF

# United States District Court
# District of Puerto Rico (San Juan)
# CIVIL DOCKET FOR CASE #: 3:11-cv-01555-FAB-SCC

| | |
|---|---|
| EON Corp, IP Holdings, LLC v. AT&T Mobility LLC | Date Filed: 06/14/2011 |
| Assigned to: Judge Francisco A. Besosa | Jury Demand: Plaintiff |
| Referred to: US Magistrate Judge Silvia Carreno-Coll | Nature of Suit: 830 Patent |
| Cause: 28:1338 Patent Infringement | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **EON Corp, IP Holdings, LLC** | represented by | **Carmen M. Alfonso-Rodriguez** |

McConnell Valdes
P.O. Box 364225
San Juan, PR 00936-4225
787-250-5699
Fax: 787-759-2731
Email: car@mcvpr.com
*TERMINATED: 10/03/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eugenio J. Torres-Oyola**
Ferraiuoli-Torres, Marchand &
Rovira PSC
221 Ponce de Leon Ave.
Plaza Condominium
Suite 403
San Juan, PR 00917
787-766-7000
Fax: 787-766-7001
Email: etorres@ferraiuoli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

# Exhibit 24

GENERAL ORDER NO. 67

PROCEDURES FOR ASSIGNMENT OF PATENT CASES

This Court, having been selected to participate in the Patent Pilot Project pursuant to Pub. L. No. 111-349, adopts the following procedures for the assignment of patent or plant variety protection cases which allege that a patent has been infringed or seek a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, and have been filed or transferred to this Court on or after January 1, 2012.

1. Patent Pilot Judges are active and senior District Judges who have volunteered, or who in the future volunteer, to receive reassignments of patent cases under the Patent Pilot Project. The current Patent Pilot Judges are Chief Judge James Ware, Judge Ronald M. Whyte, Judge Jeffrey S. White, Judge Lucy H. Koh, and Judge Edward J. Davila. Additional District Judges may volunteer in the future.

2. Patent Magistrate Judges are Magistrate Judges with a particular interest in presiding over patent cases. A Magistrate Judge may be designated as a Patent Magistrate Judge if he or she so requests, but will preside over only patent cases in which the parties have consented to a Magistrate Judge for all purposes. See 28 U.S.C. § 636(c). A Patent Magistrate Judge will not be counted as a Patent Pilot Judge for the purposes of meeting any of the requirements for the district to become or retain its status as a Patent Pilot Project district. However, the Court will strive to increase the number of patent cases assigned to Patent Magistrate Judges consistent with 28 U.S.C. § 636(c). The current Patent Magistrate Judges are Judge Elizabeth D. Laporte, Judge Joseph C. Spero, Judge Laurel Beeler, Judge Donna M. Ryu, Judge Paul S. Grewal, Judge Jacqueline Scott Corley, and Judge Nathanael Cousins. Additional Magistrate Judges may request to be designated as Patent Magistrate Judges in the future.

3. All newly filed patent cases will be initially assigned pursuant to General Order No. 44 and Civil Local Rules 3-2 and 3-3. However, each non-Patent Pilot Judge will be allowed to decline up to three (3) patent cases in one 12-month period.

4. When a non-Patent Pilot Judge declines a case, it will be randomly reassigned to a Patent Pilot Judge.

5. The Patent Pilot Judge who receives the declined patent case will then have removed from his or her caseload the number of newly filed non-prisoner cases which have a total weight, using the weights prescribed by the Administrative Office of the Courts, roughly equal to, but not less than, the weight of the declined patent case. Those removed cases will then be reassigned to the judge who declined the patent case assignment.

6. As reflected in General Order No. 44 and Civil Local Rules 3-2 and 3-3, it is the policy and practice of this Court to maintain an equitable system for a proportionate division of civil cases among the District Judges and Magistrate Judges. For the limited purpose of the Court's participation in the Patent Pilot Project, the venue-based assignment of civil cases will be suspended for the purpose of re-balancing the caseloads of judges who exercise the option to decline patent cases and the Patent Pilot Judges who receive those declined cases, as detailed above.

7. This General Order does not prohibit reassignments of patent cases necessitated by recusals or orders relating cases pursuant to Civil Local Rule 3-12.

8. The Patent Pilot Project will be reviewed annually and each time a District Judge volunteers as, or discontinues serving as, a Patent Pilot Judge. Revisions to these procedures will be made as necessary.

This general order becomes effective on January 1, 2012 .

IT IS SO ORDERED.

ADOPTED:                                          FOR THE COURT:

November 10, 2011

JAMES WARE
CHIEF JUDGE

**Exhibit 25**

## U.S. District Court — Judicial Caseload Profile

**TEXAS EASTERN**

| | | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Sep 30 2007 | Sep 30 2008 | Sep 30 2009 | Sep 30 2010 | Sep 30 2011 | Sep 30 2012 | U.S. | Circuit |
| **Overall Caseload Statistics** | Filings [1] | | | 4,408 | 4,080 | 4,259 | 4,184 | 4,413 | 4,696 | | |
| | Terminations | | | 3,982 | 4,165 | 3,995 | 3,767 | 4,206 | 4,081 | | |
| | Pending | | | 3,840 | 3,754 | 4,018 | 4,430 | 4,644 | 5,268 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | | 6.5 | 15.1 | 10.3 | 12.2 | 6.4 | | 25 | 3 |
| | Number of Judgeships | | | 8 | 8 | 8 | 8 | 8 | 8 | | |
| | Vacant Judgeship Months [2] | | | 0.0 | 0.0 | 0.0 | 8.9 | 12.0 | 20.6 | | |
| **Actions per Judgeship** | Filings | Total | | 551 | 510 | 532 | 523 | 552 | 587 | 25 | 4 |
| | | Civil | | 403 | 358 | 399 | 374 | 414 | 435 | 28 | 3 |
| | | Criminal Felony | | 148 | 151 | 134 | 149 | 137 | 152 | 17 | 3 |
| | | Supervised Release Hearings | | 0 | 0 | 0 | 1 | 0 | 0 | 94 | 9 |
| | Pending Cases | | | 480 | 469 | 502 | 554 | 581 | 659 | 14 | 1 |
| | Weighted Filings [2] | | | 674 | 616 | 594 | 683 | 847 | 1,042 | 3 | 1 |
| | Terminations | | | 498 | 521 | 499 | 471 | 526 | 510 | 37 | 3 |
| | Trials Completed | | | 18 | 24 | 22 | 22 | 16 | 15 | 68 | 8 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | | 8.7 | 9.5 | 9.9 | 9.8 | 11.4 | 11.5 | 69 | 8 |
| | | Civil [2] | | 9.0 | 9.2 | 10.8 | 9.6 | 8.6 | 10.1 | 69 | 5 |
| | From Filing to Trial [2] (Civil Only) | | | 18.0 | 18.5 | 25.0 | 21.7 | 23.7 | 24.8 | 36 | 6 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | | 41 1.5 | 76 2.9 | 116 4.0 | 141 4.6 | 166 5.1 | 150 4.2 | 44 | 5 |
| | Average Number of Felony Defendants Filed per Case | | | 1.8 | 1.9 | 2.0 | 2.0 | 2.0 | 2.1 | | |
| | Jurors | Avg. Present for Jury Selection | | 40.3 | 34.5 | 40.5 | 42.7 | 38.9 | 41.6 | | |
| | | Percent Not Selected or Challenged | | 35.5 | 36.7 | 38.7 | 38.0 | 30.8 | 38.0 | | |

| 2012 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 3,480 | 131 | 74 | 981 | 26 | 214 | 101 | 241 | 186 | 1,096 | 258 | 1 | 171 |
| Criminal [1] | 1,208 | 43 | 638 | 83 | 145 | 123 | 23 | 46 | 10 | 19 | 6 | 9 | 63 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

## U.S. District Court — Judicial Caseload Profile

**CALIFORNIA NORTHERN**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Sep 30 2007 | Sep 30 2008 | Sep 30 2009 | Sep 30 2010 | Sep 30 2011 | Sep 30 2012 | U.S. | Circuit |
| **Overall Caseload Statistics** | Filings [1] | | 8,070 | 7,468 | 7,790 | 7,590 | 7,980 | 8,426 | | |
| | Terminations | | 6,966 | 7,595 | 7,573 | 8,824 | 8,471 | 7,875 | | |
| | Pending | | 9,394 | 9,240 | 8,959 | 7,665 | 7,039 | 7,348 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | 4.4 | 12.8 | 8.2 | 11.0 | 5.6 | | 25 | 4 |
| | Number of Judgeships | | 14 | 14 | 14 | 14 | 14 | 14 | | |
| | Vacant Judgeship Months [2] | | 0.0 | 5.9 | 22.0 | 33.9 | 18.7 | 29.7 | | |
| **Actions per Judgeship** | Filings | Total | 576 | 533 | 556 | 542 | 570 | 602 | 23 | 6 |
| | | Civil | 505 | 441 | 433 | 435 | 471 | 510 | 12 | 3 |
| | | Criminal Felony | 40 | 54 | 79 | 64 | 66 | 64 | 76 | 14 |
| | | Supervised Release Hearings | 31 | 38 | 44 | 43 | 33 | 28 | 40 | 11 |
| | Pending Cases | | 671 | 660 | 640 | 548 | 503 | 525 | 33 | 4 |
| | Weighted Filings [2] | | 624 | 592 | 607 | 593 | 631 | 675 | 9 | 4 |
| | Terminations | | 498 | 543 | 541 | 630 | 605 | 563 | 23 | 7 |
| | Trials Completed | | 8 | 6 | 6 | 12 | 17 | 16 | 63 | 10 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 12.3 | 11.2 | 6.7 | 8.7 | 9.4 | 8.5 | 43 | 7 |
| | | Civil [2] | 6.7 | 7.7 | 9.4 | 9.8 | 8.0 | 6.4 | 11 | 3 |
| | From Filing to Trial [2] (Civil Only) | | 24.9 | 30.0 | 24.5 | 21.5 | 34.3 | 32.7 | 63 | 7 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 393 4.7 | 488 6.0 | 1,220 15.7 | 837 12.8 | 516 8.8 | 476 7.8 | 66 | 9 |
| | Average Number of Felony Defendants Filed per Case | | 1.2 | 1.3 | 1.3 | 1.2 | 1.4 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 53.8 | 64.1 | 77.5 | 62.1 | 64.5 | 65.8 | | |
| | | Percent Not Selected or Challenged | 41.9 | 42.1 | 48.5 | 39.4 | 35.5 | 43.6 | | |

| 2012 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7,145 | 126 | 476 | 1,376 | 29 | 612 | 797 | 753 | 296 | 543 | 869 | 68 | 1,200 |
| Criminal [1] | 885 | 26 | 247 | 175 | 117 | 144 | 41 | 31 | 14 | 12 | 22 | 30 | 26 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

# Exhibit 26

**FILED**
In the Office of the
Secretary of State of Texas

**SEP 2 6 2008**

**Corporations Section**

## CERTIFICATE OF FORMATION
### OF
## EON CORP. IP HOLDINGS, LLC

The undersigned, a natural person of the age of eighteen (18) years or more, acting as organizer of a limited liability company pursuant to Section 3.010 of the Texas Business Organizations Code (the "TBOC"), hereby adopts this Certificate of Formation and affirms the facts stated herein.

### ARTICLE ONE

### NAME

The name of the entity is EON Corp. IP Holdings, LLC (the "Company").

### ARTICLE TWO

### TYPE OF FILING ENTITY

The entity being formed is a limited liability company.

### ARTICLE THREE

### PURPOSE

The purpose for which the Company is organized is the transaction of any and all lawful business for which a limited liability company may be organized under the TBOC.

### ARTICLE FOUR

### INITIAL REGISTERED OFFICE; INITIAL REGISTERED AGENT

The address of the Company's initial registered office is 110 N. College, 500 Plaza Tower, Tyler, Texas 75702. The name of the Company's initial registered agent at such address is Douglas R. McSwane, Jr.

### ARTICLE FIVE

### ORGANIZER

The name and address of the organizer of the Company is:

| Name | Address |
|------|---------|
| Daniel Scardino | Jackson Walker L.L.P. |
| | 100 Congress Avenue, Suite 1100 |
| | Austin, Texas 78701 |

# ARTICLE SIX

## MANAGERS

The Company is to be managed by a manager or managers. The number of managers of the Company shall be fixed by, or in the manner provided in, the Company Agreement of the Company. The initial number of managers of the Company is one (1), and the name and address of the person who is to serve as manager until the first meeting of the members or until his successors is elected and qualified is:

| Names | Addresses |
|---|---|
| Alfonso Barragan | 360 Herndon Parkway, #900 |
| | Herndon, Virginia 20170 |

# ARTICLE SEVEN

## EXEMPTION OF MANAGERS FROM LIABILITY

No manager shall be liable to the Company or its members for monetary damages for an act or omission in such person's capacity as a manager, except for liability for (a) a breach of such manager's duty of loyalty to the Company or its members, (b) an act or omission not in good faith that constitutes a breach of duty of such manager to the Company or an act or omission that involves intentional misconduct or a knowing violation of the law, (c) a transaction from which such manager received an improper benefit, whether or not the benefit resulted from an action taken within the scope of such manager's position, or (d) an act or omission for which the liability of a manager is expressly provided for by an applicable statute. If the TBOC or other applicable law is amended to authorize action further eliminating or limiting the liability of a manager, then the liability of a manager shall be eliminated or limited to the fullest extent permitted by the TBOC or other applicable law, as so amended. Any repeal or modification of this paragraph by the members or the managers shall not adversely affect the right or protection of a manager existing at the time of such repeal or modification.

IN WITNESS WHEREOF, the undersigned being the organizer for the purpose of forming a limited liability company under the laws of the State of Texas has executed this Certificate of Formation to be effective the 26th day of September, 2008.

Daniel Scardino, Organizer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-CV-00943 |
| | § | |
| APPLE INC., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## DECLARATION OF MARK BUCKLEY IN SUPPORT OF APPLE
## INC.'S MOTION TO TRANSFER VENUE

I, Mark Buckley, declare and state the following:

1.      I am employed as a Finance Manager at Apple Inc. ("Apple") in Cupertino,
California. I have been employed by Apple since October 2002. I provide this declaration in
support of Apple's motion to transfer venue. Unless otherwise indicated below, the statements in
this declaration are based either upon my personal knowledge or corporate records maintained by
Apple in the ordinary course of business.

2.      Apple designs and markets personal computers, portable digital music players,
and mobile communication devices and sells a variety of related software, services, peripherals,
and networking solutions.

3.      Apple is a California corporation headquartered in Cupertino, California in the
Northern District of California. Apple has maintained its headquarters in Cupertino since it was
founded in 1976. Apple has approximately 13,850 employees who work in or near its
headquarters in Cupertino.

4.     I have been informed and understand that EON Corp. IP Holdings LLC ("EON") filed the above-captioned patent infringement lawsuit against Apple in the United States District Court for the Eastern District of Texas.  I am informed and understand that in this case the Apple iPhone 4, iPhone 4S, iPhone 5, iPad, iPad 2, iPad with Retina display, iPad mini, iPod touch, App Store, iTunes, Apple TV, Airport Extreme and Airport Express have been identified by EON's complaint.

5.     Apple sells iPhones, iPods, iPads, Airport Extreme, Airport Express and Apple TV throughout the United States.  Furthermore, iTunes and App Store are also available throughout the United States.

6.      Apple's management and about 6,725 research and development engineers are located in Cupertino, California.  In comparison, 7,307 engineers work for Apple in the United States.  Apple's senior decision-makers for sales and marketing are also located in Cupertino, California.

7.     Apple regularly conducts business in the Northern District of California involving the iPhone, iPad, iPod touch, App Store, Apple TV, Airport Extreme, Airport Express and iTunes.

8.     As of the date of this declaration, Apple operates 251 retail stores in the United States.

9.     Apple has two retail stores in the Eastern District of Texas, in Plano and Frisco.  I am not aware of any employee in either of those two retail stores that could be characterized as a relevant witness in this litigation regarding the iPhone, iPad, iPod touch, App Store, Apple TV, Airport Extreme, Airport Express, and/or iTunes.  To the extent that any of these products are

sold or used in the Eastern District of Texas, they are and were sold and used nationwide, and are not used in any manner or degree differently than they are used elsewhere.

10. Aside from these two retail stores, Apple does not otherwise maintain any facilities or corporate offices in the Eastern District of Texas.

11. The vast majority of design and development, as well as sales and marketing, for the iPhone, iPad, iPod touch, App Store, Apple TV, Airport Extreme, Airport Express and iTunes took place in Cupertino. Accordingly, the foreseeable witnesses with knowledge of the design, development, operation, marketing and sales of these products work in or near Cupertino, California. The electronic and paper records of their work, along with Apple business records related to product and service revenue, are located in or near Cupertino. Apple does not maintain relevant business records related to the research, design, development or manufacturing of any Apple products in the Eastern District of Texas.

12. The vast majority of Apple's employees who may have relevant technical knowledge about the iPhone, iPad, iPod touch, App Store, Apple TV, Airport Extreme, Airport Express and iTunes are based in or near Cupertino, California.

13. I am not aware of any relevant documents or anticipated witnesses of Apple located in the Eastern District of Texas.

14. To my knowledge, Apple does not have any employees in the Eastern District of Texas with any unique information relevant to this case.

I declare under penalty of perjury that to the best of my knowledge the foregoing statements are true and correct.

Executed on: April 2, 2013          /s/ Mark Buckley

                                    Mark Buckley

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-CV-00943 |
| | § | |
| APPLE INC., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## DECLARATION OF JIM YOUNG

I, Jim Young, declare and state the following:

1.      I am employed at Apple Inc. ("Apple") in Cupertino, California.  I reside in Livermore, California.  Unless otherwise indicated below, the statements in this declaration are based either upon my personal knowledge or corporate records maintained by Apple in the ordinary course of business.

2.      Since 2009, my position at Apple has been Software Director for Apple TV.

3.      As Software Director for Apple TV, I manage a team of 23 Apple employees that work on software for Apple TV.

4.      All members of my Apple TV software team are located in Northern California. None of my team members work or reside in Texas.

5.      The documents my team create and maintain related to our work on Apple TV are located in Northern California.  A link to an Apple support web page summarizing some of the software updates for Apple TV is http://support.apple.com/kb/HT4448.

6.     My team is under very stringent deadlines for completing our work, including software updates and support.  A requirement that one or more of my team travel out of Northern California for several days in order to provide testimony in this matter would adversely impact our work and our ability to provide timely updates and support, including security updates.

I declare under penalty of perjury that to the best of my knowledge the foregoing statements are true and correct.

Executed on:  May 22, 2013

/s/ _____

Jim Young

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 6:12-CV-00943** |
| | § | |
| APPLE INC., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## SUPPLEMENTAL DECLARATION OF BRYAN K. ANDERSON IN SUPPORT OF APPLE INC.'S MOTION TO TRANSFER VENUE

I, Bryan K. Anderson, declare and state the following:

1.      I am a partner with the law firm of Sidley Austin LLP, counsel for defendant Apple, Inc. ("Apple") in this action. This supplemental declaration is provided in support of Apple's Motion to Transfer Pursuant to 28 U.S.C. §1404(a). I have personal knowledge of the following except where noted as "upon information and belief." If called upon to testify, I could and would testify competently thereto.

2.      Subsequent to Apple filing its motion to transfer venue, EON has made additional statements acknowledging the overlap between litigation it currently is pursuing in other District Courts:

(a)    Attached as Exhibit 1 is a true and correct copy of EON's Notice of 30(b)(6) Deposition of Apple, Inc, with a subpoena duces tecum issued to Apple from the United States District Court for the Northern District of California, in *EON Corp. IP Holdings, LLC v. FLO*

*TV, Inc.*, No. 10-cv-812-SLR (D. Del.). The *EON Corp. IP Holdings, LLC v. FLO TV, Inc.*, No. 10-CV-812-RGA (D. Del.) matter is referenced at paragraphs 11 and 18 of my April 3, 2013 declaration at Dkt. No. 21-3. EON asserts U.S. Patent No. 5,663,757 in both this matter and the *FLO TV* matter. The subpoena seeks certain Apple records relating to Sprint and U.S. Cellular. Sprint and U.S. Cellular are named defendants in *EON Corp. IP Holdings, LLC v. Sensus USA Inc., et al.*, No. 3:12-CV-01011 (N.D. Cal.), which is referenced in paragraphs 9 and 25 of my April 3, 2013 declaration. EON asserts U.S. Patent No. 5,592,491 in both this matter and in the *Sensus* action in the N.D. Cal.

(b) Attached as Exhibit 2 is a true and correct copy of a joint motion filed by EON and AT&T Mobility to sever and transfer to the District of Delaware, the claims asserted against AT&T Mobility relating to U.S. Patent No. 5,663,757 in its Puerto Rico action. EON stipulated to the following statements in that pleading: "Although AT&T is currently not a party in [the Delaware] action, it has become clear that claims for infringement against some of the Delaware defendants are related in part to the use of AT&T's wireless networks. The Parties believe that judicial economy would be best served by collecting these related '757 patent actions in one District Court. … The Parties believe that by moving the claims related to the '757 Patent to Delaware, the interests of judicial economy will be best served because the Delaware Court will be the only District Court currently involved in the claim construction phase of an active litigation matter involving the '757 Patent."

3.      Attached hereto as Exhibit 3 is a highlighted, true and correct copy of a July 5, 1994 filing at the Federal Communications Commission submitted by Lauren Battaglia, as EON Corporation's General Counsel.

4.      Attached as Exhibit 4 is a highlighted, true and correct copy of a November 15, 1994 letter to the Federal Communications Commission submitted by Lauren Battaglia, as EON Corporation's General Counsel.

5.      Attached as Exhibit 5 is a highlighted, true and correct copy of slides presented by EON to Judge Tigar in the Northern District of California on April 26, 2013 in the *EON Corp. IP Holdings LLC v. Sensus USA Inc.*, 3:12-cv-01011-JST (filed Mar. 01, 2012) case, showing the alleged importance of the Federal Communication Commission activities to its business.

6.      Attached hereto as Exhibit 6 is a true and correct copy of an e-mail chain between myself and EON's counsel, Mark Halderman of Reed & Scardino LLP, where Apple requested on April 23 and 24, 2013 that EON provide its infringement contentions to allow Apple to identify additional specific witnesses relevant to the accused functions in specific Apple products, and EON's decision to instead forgo venue-related discovery.

7.      Attached hereto as Exhibit 7 is a true and correct copy of the declarations filed by AT&T Mobility LLC and Apple in support of their ultimately successful motion to transfer to

the Northern District of California in the *Adaptix Inc. v. Apple, Inc.*, No. 6:12-cv-00125 (E.D. Tex. Mar. 28, 2013) case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 22nd day of May, 2013, in Palo Alto, California.

Dated: May 22, 2013                    */s/ Bryan K. Anderson*_____

Bryan K. Anderson

# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | Civil Action No. 10-cv-812-RGA |
| Plaintiff, | § | |
| v. | § | **JURY TRIAL REQUESTED** |
| FLO TV INC.; ET AL., | § | |
| Defendants. | § | |

## EON'S NOTICE OF 30(b)(6) DEPOSITION OF APPLE, INC.
## WITH SUBPOENA DUCES TECUM

To:   Apple Inc., Attn: Representative and Custodian of Records, 1 Infinite Loop, Cupertino, CA 95014

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff EON Corp IP Holdings, LLC ("EON") will take the oral deposition of one or more representatives of Apple Inc. with respect to the matters described on Exhibit "A" attached hereto. The deposition will begin at 9:00 a.m. on Thursday, June 20, 2013 at Huseby Court Reporting, 2055 Junction Avenue, Suite 200, San Jose, CA, 95131, or at another location to be mutually agreed upon by the parties. The deposition will be taken before a qualified notary public or other officer authorized by law to administer oaths, and will be recorded by stenographic means. EON expects that the deposition will last approximately four hours. You are invited to attend and cross examine.

Pursuant to the subpoena, attached hereto as Exhibit 1, EON requests Apple designate one or more officers, directors, managing agents, or other persons to educate themselves to testify on its behalf concerning the matters set forth in Exhibit "A" hereto. Apple Inc. is requested to set forth, for each engineer or other person designated, the matters on which the person will testify and to so notify EON through its undersigned attorneys no less than five days

before the commencement of the deposition.

On or before Thursday, June 13, 2013, Apple Inc. shall produce and permit inspection and copying of any documents or materials in the Apple Inc.'s possession, custody, or control that are designated and described in the attached Exhibit "B."

A list of all parties and attorneys on whom this Notice of Deposition is being served is shown on the attached Proof of Service.

EON'S NOTICE OF 30(b)(6) DEPOSITION OF APPLE, INC.
WITH SUBPOENA DUCES TECUM

2

## DEFINITIONS AND INSTRUCTIONS

1.  "And" as used herein shall mean "and" and "or," and "or" shall mean "or" and "and." Each shall be interpreted in both the conjunctive and the disjunctive so as to bring within the scope of these Definitions and Instructions any information that otherwise would not be within their scope.

2.  "Any" shall mean "any" and "any and all" and "each and every."

3.  "EON" means EON Corp. IP Holdings, LLC and includes any officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, and any other related entities of EON Corp. IP Holdings, LLC, including, but not limited to, its parent corporation, EON Corporation.

4.  "Person" shall refer to any natural person, firm, association, partnership, corporation, group, organization, or other form of legal business entity.

5.  Defendants include: FLO TV Incorporated; MobiTV, Inc.; U.S. Cellular Corporation; LG Electronics Mobilecomm USA, Inc.; Motorola Mobility, Inc.; Sprint Nextel Corporation; HTC America Inc.; Kyocera Communications Inc.; Wirefly Corp.; Letstalk.com, Inc.; Qualcomm, Inc.; and GoTV Networks, Inc., and includes any officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, associates, successors, predecessors, and any other related entities (in each case, foreign or domestic), and specifically includes all assets or companies that have been acquired by Defendants or with respect to which it has succeeded to rights or obligations.

6.  "You," "your," or "Apple" means Apple Inc. and includes any officers, directors,

partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, associates, successors, predecessors, and any other related entities (in each case, foreign or domestic), and specifically includes all assets or companies that have been acquired by Apple Inc. or with respect to which it has succeeded to rights or obligations.

7. "Discuss," "relate to," "refer to," "evidence," "concern," or "reflect," means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, comprising, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling, or negating so as to bring within the scope of the below topics any information that otherwise might not be within their scope.

8. "Document" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether paper, cards, charts, file, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all non-identical copies of each document (which, by reason of any variation, such as the presence of absence of hand-written notes or underlining, represents a distinct

EON'S NOTICE OF 30(b)(6) DEPOSITION OF APPLE, INC.                    4
WITH SUBPOENA DUCES TECUM

version).  By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; faxes; e-mails; metadata; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; invoices; worksheets; photographs; tape recordings; electronic or computerized data compilations; and all other tangible items of readable, recorded, or visual material of any kind.

9.  The present tense includes the past and future (for example, the word "is" connotes not only "is" but also "was" and also "will be.")

10.  "Including" means "includes," and "including," and "including but not limited to including."

11.  This "Lawsuit" means *EON Corp. IP Holdings, LLC v. FLO TV Inc., et al.*, Cause No. 10-cv-812-RGA, pending in the District of Delaware.

12.  "Graphical User Interface" means software that allows users to interact with Subscriber Units by selecting images, icons, or graphical shortcuts on the display screen.

13.  "Relevant Timeframe" means the time period from six years prior to the filing of the present lawsuit to the date of service of this document.

## EXHIBIT "A"

## <u>TOPICS ON WHICH EXAMINATION IS REQUESTED</u>

1.  The authenticity and accuracy of the information found at Apple's webpage, including but not limited to the documents found at www.apple.com.

2.  Whether the information found on Apple's webpage, including but not limited to the documents found at www.apple.com, is kept by Apple in the course of a regularly conducted activity of a business.

3.  Apple's policy for licensing Apple applications, including but not limited to iTunes and the App Store, to mobile network operators (e.g., AT&T, Sprint, US Cellular).

4.  The specific models of Apple's cellular phones and tablets authorized on AT&T, Sprint, and US Cellular's cellular networks.

5.  The operation and functionality of all versions of the Apple iOS operating system.

6.  The operation and functionality of the Apple iOS operating system that allows users to download and delete applications on cellular phones or tablets.

7.  The operation and functionality of the Apple iOS operating system that allows users to select, alter, rename, add, and delete icons on cellular phones and tablets.

8.  The operation and functionality of the Apple iOS operating system that allows users to purchase goods and software.

9.  The operation and functionality of the iTunes application (for iOS) that allows users to (a) view videos, (b) rate videos, (c) make comments on specific videos, (d) view the comments of other users, and (e) view a limited set of videos based upon a user selected theme or category.

10. The operation and functionality of the Apple App store that allows users to purchase, download, delete, comment on, and/or rate applications.

11. The operation and functionality of the Graphical User Interface of the Apple iOS operating system.

## EXHIBIT "B"

## DOCUMENTS TO BE PRODUCED

Apple Inc. shall produce and permit inspection and copying the following documents and materials in its possession, custody, or control:

1)   Any documents that were used in preparation to testify on the topics listed in Exhibit A.

2)   User guides for each version of Apple iOS.

3)   All contracts between you and any Defendant in this Lawsuit regarding the Apple iOS and/or any Apple applications (e.g., iTunes, App Store).

4)   Documents sufficient show how to design an application (including, for example, an interactive video application) on an iOS enabled device.

5)   Guides, manuals, or instructions (not including emails) sent to Mobile Network Operators (such as Sprint, US Cellular, and AT&T) concerning any version of Apple iOS, iTunes, or the App Store.

6)   Marketing materials sent to Mobile Network Operators (such as Sprint, US Cellular, and AT&T) that show the benefits, features, and/or pricing of Apple iOS operating system or licenses thereto.

Dated: May 16, 2013

Respectfully Submitted,
*/s/ Mark Halderman*
John Hendricks
Daniel R. Scardino
Steven Tepera
Craig S. Jepson
Chad P. Ennis
Mark Halderman
Rola Daaboul
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel.: (512) 474-2449
Fax: (512) 474-2622
jhendricks@reedscardino.com
dscardino@reedscardino.com
stepera@reedscardino.com
cjepson@reedscardino.com
cennis@reedscardino.com
mhalderman@reedscardino.com
rdaaboul@reedscardino.com
Gregory B. Williams (#4195)

FOX ROTHSCHILD LLP
Email: gwilliams@foxrothschild.com
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323
Tel.: (302) 622-4211
Fax: (302) 656-8920

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on May 16, 2013, the attached document was electronically filed with the Clerk of the Court in the Northern District of California using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed.

I further certify that on May 16, 2013, the attached document was electronically mailed to all listed in the below Distribution List.

*/s/ Mark Halderman*
Mark Halderman

| COUNSEL FOR FLO TV INC. AND QUALCOMM, INC. | David Ellis Moore<br>Richard L. Horwitz<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Flr.<br>Wilmington, DE 19899-0951<br>dmoore@potteranderson.com<br>rhorwitz@potteranderson.com<br><br>Henry B. Gutman<br>Victor Cole<br>Courtney Welshimer<br>Katherine Q. Dominguez<br>Daniel L. Kaplan<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>hgutman@stblaw.com<br>vcole@stblaw.com<br>cwelshimer@stblaw.com<br>kdominguez@stblaw.com<br>dkaplan@stblaw.com<br><br>Harrison J. Frahn<br>Jeffrey E. Ostrow<br>SIMPSON THACHER & BARTLETT LLP<br>2475 Hanover Street<br>Palo Alto, CA 94304<br>hfrahn@stblaw.com<br>jostrow@stblaw.com |
| COUNSEL FOR MOBITV, INC. | Brian E. Farnan          (Lead Attorney)<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>bfarnan@farnanlaw.com<br><br>Daralyn J. Durie<br>Laura E. Miller<br>DURIE TANGRI<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>ddurie@durietangri.com<br>lmiller@durietangri.com |

| COUNSEL FOR U.S. CELLULAR CORPORATION | Steven J. Fineman          (Lead Attorney)<br>RICHARDS, LAYTON & FINGER, PA<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE  19801<br>fineman@rlf.com<br><br>Richard J. O'Brien<br>Robert Leighton<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, Illinois  60603<br>robrien@sidley.com<br>rleighton@sidley.com |
| --- | --- |
| COUNSEL FOR LG ELECTRONICS MOBILECOMM USA, INC. | Thomas Lee Halkowski          (Lead Attorney)<br>FISH & RICHARDSON, P.C.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE  19899-1114<br>halkowski@fr.com |
| COUNSEL FOR MOTOROLA MOBILITY LLC | Jack B. Blumenfeld          (Lead Attorney)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>Wilmington, DE  19899<br>jblumenfeld@mnat.com<br><br>William H. Boice<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree St., NE, Ste. 2800<br>Atlanta, GA 30309<br>bboice@kilpatricktownsend.com<br><br>Steven D. Moore<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>100 1 West Fourth Street<br>Winston-Salem, NC  27101<br>stmoore@kilpatricktownsend.com |
| COUNSEL FOR SPRINT NEXTEL CORPORATION | Karen Jacobs Louden<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>Wilmington, DE  19899<br>kjlefiling@mnat.com |

EON'S NOTICE OF 30(b)(6) DEPOSITION OF APPLE, INC.

1

0

WITH SUBPOENA DUCES TECUM

| COUNSEL FOR HTC AMERICA, INC. | Karen Jacobs Louden (Lead Attorney)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>kjlefiling@mnat.com<br><br>Heidi L. Keefe<br>Kyle D. Chen<br>Mark R. Weinstein<br>Lam K. Nguyen<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94306<br>hkeefe@cooley.com<br>kyle.chen@cooley.com<br>mweinstein@cooley.com<br>lnguyen@cooley.com |
| COUNSEL FOR KYOCERA COMMUNICATIONS, INC. | Patrick Park (Lead Attorney)<br>Richard de Bodo (Lead Attorney)<br>DLA PIPER LLP<br>2000 Avenue of the Stars, Suite 400<br>Los Angeles, CA 90067-4704<br>patrick.park@dlapiper.com<br>richard.debodo@dlapiper.com<br><br>Brent Yamashit (Lead Attorney)<br>DLA PIPER LLP<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>brent.yamashita@dlapiper.com<br><br>Lauren E. Maguire<br>Steven J. Balick<br>Andrew Colin Mayo<br>ASHBY & GEDDES, P.A.<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>lmaguire@ashby-geddes.com<br>sbalick@ashby-geddes.com<br>amayo@ashby-geddes.com |

EON'S NOTICE OF 30(b)(6) DEPOSITION OF APPLE, INC.

1

1

WITH SUBPOENA DUCES TECUM

| COUNSEL FOR KYOCERA COMMUNICATIONS, INC. (CONTINUED) | Philip A. Rovner<br>Jonathan A. Choa<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>Tel.: (302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com<br><br>Jose L. Patino (*pro hac vice*)<br>Nicola A. Pisano (*pro hac vice*)<br>Justin E. Gray (*pro hac vice*)<br>FOLEY & LARDNER LLP<br>3579 Valley Center Drive, Suite 300<br>San Diego, CA 92130<br>jpatino@foley.com<br>npisano@foley.com<br>jegray@foley.com |
|---|---|
| COUNSEL FOR LETSTALK.COM, INC. | Jaideep Venkatesan            (Lead Attorney)<br>Daniel J. Bergeson            (Lead Attorney)<br>BERGESON, LLP<br>303 Almaden Blvd., Suite 500<br>San Jose, CA 95110-2712<br>jvenkatesan@be-law.com<br>dbergeson@be-law.com<br><br>Lauren E. Maguire<br>Steven J. Balick<br>Andrew Colin Mayo<br>ASHBY & GEDDES, P.A.<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899<br>lmaguire@ashby-geddes.com<br>sbalick@ashby-geddes.com<br>amayo@ashby-geddes.com |

EON'S NOTICE OF 30(b)(6) DEPOSITION OF APPLE, INC.

1

2

WITH SUBPOENA DUCES TECUM

| ***COUNSEL FOR GoTV NETWORKS, INC.*** | Edmond D. Johnson          (Lead Attorney)<br>James G. McMillan, III<br>PEPPER HAMILTON LLP<br>1313 Market Street, Suite 5100<br>Wilmington, DE  19899-1709<br>johnsone@pepperlaw.com<br>mcmillaj@pepperlaw.com<br><br>Maura L. Rees<br>Dylan J. Liddiard<br>Holly B. Baudler<br>Anthony J Weibell<br>WILSON SONSINI GOODRICH & ROSATI, PC<br>650 Page Mill Road<br>Palo Alto, CA  94304<br>mrees@wsgr.com<br>dliddiard@wsgr.com<br>hbaudler@wsgr.com<br>aweibell@wsgr.com |
| --- | --- |
| ***COUNSEL FOR SIMPLEXITY, LLC D/B/A WIREFLY*** | Karen Jacobs Louden<br>Jennifer Ying<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>Wilmington, DE 19899-1347<br>klouden@mnat.com<br>jying@mnat.com |

EON'S NOTICE OF 30(b)(6) DEPOSITION OF APPLE, INC.

1

3

WITH SUBPOENA DUCES TECUM

# EXHIBIT 1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

#### Northern District of California

| | | |
|---|---|---|
| EON CORP. IP HOLDING, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10-CV-812-RGA |
| FLO TV INC.; ET AL | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Apple Inc., Attn: Representative and Custodian of Records, 1 Infinite Loop, Cupertino, CA 95014

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Huseby Court Reporting, 2055 Junction Avenue, Suite 200, San Jose CA 95131 | Date and Time: 06/20/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: __stenographic means.__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit B of EON'S NOTICE OF 30(b)(6) DEPOSITION OF APPLE, INC.
WITH SUBPOENA DUCES TECUM

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __05/16/2013__

|  CLERK OF COURT  | OR | |
|---|---|---|
| _____ | | _____ |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __EON CORP. IP HOLDINGS, LLC__ , who issues or requests this subpoena, are:
Craig Jepsen, 301 Congress Avenue, Suite 1250, Austin, Texas 78701, mhalderman@reedscardino.com, (512) 474-2449.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 10-CV-812-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc:

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC, | |
| Plaintiff, | CIVIL NUM.: 3:11-cv-01555 |
| v. | REQUEST FOR TRIAL BY JURY |
| AT&T MOBILITY, LLC; et al., | |
| Defendants. | PATENT INFRINGEMENT |

**JOINT MOTION TO PARTIALLY SEVER THE CLAIMS AGAINST
AT&T MOBILITY, LLC REGARDING US PATENT NO. 5,663,757 AND TRANSFER TO THE
DISTRICT OF DELAWARE AND REQUEST FOR STATUS CONFERENCE**

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiff EON Corp. IP Holdings, LLC ("EON") and Defendant AT&T Mobility, LLC ("AT&T") hereby file this Joint Motion to Partially Sever the Claims Against AT&T Mobility, LLC Regarding US Patent No. 5,663,757 and Transfer to the District of Delaware and Request for Status Conference.

EON currently has a patent infringement action pending in the US District Court for the District of Delaware before Judge Andrews concerning only US Patent No. 5,663,757 ("the '757 Patent").[1] Although AT&T is currently not a party in that action, it has become clear that claims for infringement against some of the Delaware defendants are related in part to the use of AT&T's wireless networks. The Parties believe that judicial economy would be best served by collecting these related '757 patent actions in one District Court. To that end, AT&T has agreed that it will become a party defendant in Delaware for the purposes of defending allegations of infringement of the '757 Patent.[2] Upon the

---

[1] *EON Corp IP Holdings, LLC vs. FLO TV, et al.*; Civil Action No. 1:10-cv-00812.

[2] The Parties have also entered into a stipulation that, upon transfer of the '757 Patent claims to Delaware, AT&T Mobility, LLC will serve as the sole defendant for all currently named AT&T entities and will respond on behalf of and be liable for the activities of any other AT&T entities related to claims of infringement of the '757 Patent.

JOINT MOTION TO PARTIALLY SEVER THE CLAIMS AGAINST AT&T MOBILITY, LLC,
REGARDING US PATENT NO. 5,663,757 AND TRANSFER TO THE DISTRICT OF DELAWARE
AND REQUEST FOR STATUS CONFERENCE

A160

Court's grant of this Motion, the Parties have agreed to amend their respective pleadings before this Court to drop claims and counterclaims related to the '757 Patent.[3]

AT&T and EON, therefore, jointly move this Court to sever all claims, counterclaims, and defenses relating to the '757 Patent as between AT&T and EON only, and transfer them to the US District Court in Delaware. The Parties will then seek to consolidate the transferred action with the pending action, at least for pre-trial purposes. For the purposes of the transferred action, AT&T has consented to the jurisdiction of and convenient venue in the District Court for the District of Delaware. The Parties do not seek a transfer to Delaware of the remaining claims in this action related to Eon's Dinkins-family patents (*i.e.*, US Patent Numbers 5,388,101, 5,481,546, and 5,592,491).

In considering whether to sever an action pursuant to Rule 21, the Court may consider:

> "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of law and facts; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if the trials were severed and heard by separate juries; and (5) whether different witnesses and documentary proof are required for the separate claims."

*Acevedo-Garcia v. Vera-Monroig*, 204 F.R.D. 26, 30 (D.P.R. 2001). This Court, however, should take particular note of the interests of judicial economy that would be furthered by severing the '757 Patent claims and transferring to the District of Delaware. Specifically, there are at least seventeen '757 Patent claim terms that are currently identified for construction and which are common to the Delaware and Puerto Rico cases. *Compare* Dkt. Nos. 215, 228, 244, and 269 *with EON Corp IP Holdings, LLC vs. FLO TV, et al.*, Civil Action No. 1:10-cv-00812, Dkt. No. 344. The Parties believe that by moving the claims related to the '757 Patent to Delaware, the interests of judicial economy will be best served

---

[3] Because EON and the Claro-related defendants have resolved their dispute by agreement, (*see* Dkt. No. 314), once the '757 Patent claims are transferred to the District of Delaware, there will be no claims pending in the District of Puerto Rico relating to the '757 Patent.

JOINT MOTION TO PARTIALLY SEVER THE CLAIMS AGAINST AT&T MOBILITY, LLC,
REGARDING US PATENT NO. 5,663,757 AND TRANSFER TO THE DISTRICT OF DELAWARE
AND REQUEST FOR STATUS CONFERENCE                                            2

A161

because the Delaware Court will be the only District Court currently involved in the claim construction phase of an active litigation matter involving the '757 Patent.

Furthermore, because a number of defendants in the Delaware case provide services and/or products to AT&T that allegedly are connected to EON's allegations of infringement of the '757 Patent, the first, second and fifth factors are satisfied. Finally, because the '757 Patent has not previously been construed, there is a possibility of this Court and the Delaware Court reaching different conclusions as to the construction of a particular term, thus satisfying the fifth factor.

In addition to the relief sought by the Joint Motion to Partially Sever the Claims Against AT&T Mobility, LLC Regarding US Patent No. 5,663,757 and Transfer to the District of Delaware, the Parties ask this Court to schedule a case status conference at the next available time convenient for the Court and to set a new Markman hearing date so that the Parties can present the Court with the remaining claim construction disputes and move this case forward.

JOINT MOTION TO PARTIALLY SEVER THE CLAIMS AGAINST AT&T MOBILITY, LLC,
REGARDING US PATENT NO. 5,663,757 AND TRANSFER TO THE DISTRICT OF DELAWARE
AND REQUEST FOR STATUS CONFERENCE                                                    3

A162

Dated:  April 26, 2013

/s/  Eugenio J. Torres-Oyola
Eugenio J. Torres-Oyola
USDC No. 215505
Cristina Arenas Solís
USDC No. 223511
Ferraiuoli LLC
221 Plaza, Suite 403
221 Ponce de León Avenue
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001

Rafael Escalara
Reichard & Escalara
MCS Plaza, 10th Floor
255 Ponce de Leon Avenue
San Juan, PR 00917
Tel.: (787) 777-8888
Fax:  (787) 765-4225
Email: escalera@reichardescalera.com

Daniel R. Scardino (admitted pro hac vice)
Steven P. Tepera (admitted pro hac vice)
Dominique Stafford (admitted pro hac vice)
Ian Cohen (admitted pro hac vice)
Craig Jepson (admitted pro hac vice)
John Hendricks (admitted pro hac vice)
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Tel: (512) 474-2449
Fax: (512) 474-2622
dscardino@reedscardino.com
stepera@reedscardino.com
dstafford@reedscardino.com
icohen@reedscardino.com
cjepson@reedscardino.com
jhendricks@reedscardino.com

ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC

JOINT MOTION TO PARTIALLY SEVER THE CLAIMS AGAINST AT&T MOBILITY, LLC,
REGARDING US PATENT NO. 5,663,757 AND TRANSFER TO THE DISTRICT OF DELAWARE
AND REQUEST FOR STATUS CONFERENCE                                                                    4

A163

Dated: April 26, 2013

/s/ Diana Sangalli
*(with permission)*
Thomas W. Sankey (admitted *pro hac vice*)
TX Bar No. 17635670
twsankey@duanemorris.com
Diana Sangalli (admitted *pro hac vice*)
dmsangalli@duanemorris.com
**Duane Morris LLP**
1330 Post Oak Boulevard,
Suite 800
Houston, TX 77056-3166
Tel.: 713.402.3900
Fax: 713.402.3901

Joseph A. Powers (admitted *pro hac vice*)
japowers@duanemorris.com
**Duane Morris LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: 215.979.1842
Fax: 215.689.3797

Herman G. Colberg-Guerra
hcolberg@pmalaw.com
Nestor M. Mendez
nmendez@pmalaw.com
**Pietrantoni Mendez & Alvarez**
Banco Popular Center
209 Munoz Rivera Ave.
Suite 1901
San Juan, PR 00918
Tel.: 787.274.4907
Fax: 787.274.1470

**ATTORNEYS FOR DEFENDANTS AT&T
MOBILITY LLC, AT&T MOBILITY
PUERTO RICO, INC., and AT&T INC.**

JOINT MOTION TO PARTIALLY SEVER THE CLAIMS AGAINST AT&T MOBILITY, LLC,
REGARDING US PATENT NO. 5,663,757 AND TRANSFER TO THE DISTRICT OF DELAWARE
AND REQUEST FOR STATUS CONFERENCE                                                    5

A164

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff has conferred with counsel for Defendants, who have indicated that they join in this motion.

/s/ Eugenio J. Torres-Oyola
Eugenio J. Torres-Oyola

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all attorneys of record.

/s/ Eugenio J. Torres-Oyola
Eugenio J. Torres-Oyola

JOINT MOTION TO PARTIALLY SEVER THE CLAIMS AGAINST AT&T MOBILITY, LLC,
REGARDING US PATENT NO. 5,663,757 AND TRANSFER TO THE DISTRICT OF DELAWARE
AND REQUEST FOR STATUS CONFERENCE

A165

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EON CORP. IP HOLDINGS, LLC,

    Plaintiff,

v.

AT&T MOBILITY, LLC; et al.,

    Defendants.

CIVIL NUM.: 3:11-cv-01555

REQUEST FOR TRIAL BY JURY

PATENT INFRINGEMENT

## PROPOSED ORDER ON JOINT MOTION TO
## PARTIALLY SEVER AND TRANSFER AND FOR STATUS CONFERENCE

Before the Court is Plaintiff EON Corp IP Holdings, LLC and Defendants AT&T Mobility LLC, AT&T Mobility Puerto Rico, Inc., and AT&T Inc.'s Joint Motion to Partially Sever and Transfer and for Status Conference. The Court, having considered the Motion and the entire file in this matter, finds that it is with merit and should be granted. The Court therefore orders that:

    (1) all claims, counterclaims, and defenses relating only to US Patent No. 5,663,757 as between EON Corp IP Holdings, LLC and AT&T Mobility LLC are hereby severed from this case and transferred to the US District Court for the District of Delaware;

    (2) EON Corp IP Holdings, LLC and Defendants AT&T Mobility LLC, AT&T Mobility Puerto Rico, Inc., and AT&T Inc. shall attend a status conference at a date and time to be scheduled by the Court clerk to discuss the schedule for the remaining portions of the case and any other outstanding issues.

IT IS SO ORDERED.

_____
Silvia Carreño-Coll
United States Magistrate Judge

# Exhibit 3

DOCKET FILE COPY ORIGINAL

# ORIGINAL

Before the
**FEDERAL COMMUNICATIONS COMMISSION**
WASHINGTON, D.C. 20554

## RECEIVED

┌JUL 5 1994┐

FEDERAL COMMUNICATIONS COMMISSION
OFFICE OF SECRETARY

|  |  |  |
|---|---|---|
| In the Matter of | ) | |
| Amendment of § 95.801 *et seq.* | ) | RM-8476 |
|  | ) | |
|  | ) | |

## REPLY COMMENTS

EON Corporation, formerly TV Answer, hereby submits this reply to the comments

submitted to the above-captioned Petition for Rulemaking.[1]

EON is pleased that all parties are in agreement that the Federal Communications

Commission ("FCC" or "Commission") should commence a rulemaking proceeding to

consider amending its rules to allow mobile use of Response Transmitter Units (RTUs) in the

Interactive Video and Data Service (IVDS). Moreover, EON notes that no party opposes

mobile RTUs for IVDS. In particular, in its letter filed in response to the Petition, the

Association for Maximum Service Television ("MSTV") states that, with regard to EON's

proposal for mobile RTUs, it was "satisfied that such an enhancement to [EON's] system

will not increase the potential for interference to television reception. . . "[2]

---

[1] *See In the Matter of Amendment of § 95.801* et seq., Petition for Rulemaking, filed with
the Commission May 11, 1994, RM 8476, placed on Public Notice, May 19, 1994.
("Petition") In response to EON's Petition, the Association for Maximum Service Television
("MSTV") filed a letter on May 25, 1994 ("MSTV Letter") and Radio Telecom and
Technology, Inc ("RTT") and ITV, Inc. ("ITV") filed comments on June 20, 1994.

[2] MSTV Letter.

No. of Copies rec'd O+9
List ABCDE PRB

Now that the comment cycle has closed, the Commission can act quickly on EON's Petition and issue a Notice of Proposed Rulemaking. Given the positive response to the Petition and its apparent noncontroversial nature, and in order to bring the benefits EON's proposed enhancements to the public as soon as possible, EON encourages the Commission to proceed expeditiously, and to set the shortest possible comment period for a rulemaking to amend the IVDS rules.

Respectfully submitted,

Lauren Battaglia /CHR

Lauren Battaglia
General Counsel
EON Corporation
1941 Roland Clarke Place
Reston, Virginia 22091
(703) 715-8600

Albert Halprin le

Albert Halprin
Halprin, Temple & Goodman
Suite 650 East Tower
1100 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-9100

Charla M. Rath
Freedom Technologies, Inc.
1100 New York Avenue, N.W.
Suite 650 East
Washington, D.C. 20005
(202) 371-2220

Consultant for
 EON Corporation

James F. Rogers /CHR

James F. Rogers
Latham & Watkins
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 637-2200

Counsel for EON Corporation

Dated:      July 5, 1994

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that an original and nine copies of the foregoing Reply Comments were deposited for filing with the Office of the Secretary, Federal Communications Commission, Washington, D.C. 20554, this 21st day of June, 1994.

I further certify that a true copy of the Reply Comments was served by first-class U.S. mail, postage pre-paid, on each of the parties listed below this 5th day of July, 1994.

Commissioner Andrew C. Barrett*
Federal Communications Commission
1919 M Street, N.W.
Room 826
Washington, D.C. 20554

Commissioner Susan Ness*
Federal Communications Commission
1919 M Street, N.W.
Room 832
Washington, D.C. 20554

Commissioner Rachelle Chong*
Federal Communications Commission
1919 M Street, N.W., Room 844
Washington, D.C. 20554

Commissioner James H. Quello*
Federal Communications Commission
1919 M Street, N.W.
Room 802
Washington, D.C. 20554

Mr. Ralph Haller*
Federal Communications Commission
Private Radio Bureau
2025 M Street, N.W.
Washington, D.C. 20005

Radio Telecom and Technology, Inc.
6951 Flight Road, Suite 210
Riverside, CA 92504

Chairman Reed Hundt*
Federal Communications Commission
1919 M Street, N.W.
Room 814
Washington, D.C. 20554

Mr. Julian Shepard
Vice President and General Counsel
MSTV
1776 Mass. Ave., NW, Suite 310
Washington, D.C. 20036

William J. Franklin
William J. Franklin, Chartered
ITV, Inc.
1919 Penn. Ave., N.W., Suite 300
Washington, D.C. 20006-3404

Peter Tannenwald
Arent, Fox, Kintner,
 Plotkin & Kahn
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339

Mr. Robert H. McNamara*
Private Radio Bureau
Federal Communications Commission
2025 M Street, N.W., Room 5002
Washington, D.C. 20554

Mr. Herbert Zeiler*
Rules Division
Private Radio Bureau
2025 M St., N.W., Room 5322
Washington, D.C. 20554

Kay Hawkins
Date: July 5, 1994

* By hand delivery.

# Exhibit 4



**e·on corporation** 703 715 8600
94 Roland Clarke Place
Reston Virginia 22091-1405

DOCKET FILE COPY ORIGINAL

**RECEIVED**

**NOV 1 5 1994**

FEDERAL COMMUNICATIONS COMMISSION
OFFICE OF SECRETARY

November 15, 1994


William F. Caton
Acting Secretary
Federal Communications Commission
1919 M Street, N.W.
Washington, D.C. 20554

RE: RM-8476

Dear Mr. Caton:

At the request of staff, we are filing the attached documents in regard to the above proceeding. Please feel free to contact me at 703-715-8633 with any questions.


Sincerely,

Lauren Battaglia
General Counsel

cc: The Honorable Reed E. Hundt, Chairman
The Honorable Andrew C. Barrett, Commissioner
The Honorable Rachelle B. Chong, Commissioner
The Honorable Susan Ness, Commissioner
The Honorable James H. Quello, Commissioner


No. of Copies rec'd _047_
List A B C D E

A173

DOCKET FILE COPY ORIGINAL

RECEIVED

NOV 1 5 1994

FEDERAL COMMUNICATIONS COMMISSION
OFFICE OF SECRETARY

## What is IVDS?

Interactive television is one of the most publicized and anticipated consumer services. It will enhance television viewing for all age groups through access to entertaining, convenient, and educational opportunities such as play-along sports, opinion polling, food ordering, home banking, and long-distance learning. Cable television, telephone, and broadcast providers are all exploring its possibilities. Interactive television will foster new technology developments and create new jobs. However, unlike more mature communication services, acceptance levels for interactive television are unknown. Those willing to enter the industry will do so at some risk. Questions that remain include which technology or combination of technologies will win? When will the market develop? Who will constitute the market and what will they want?

In 1992, the Federal Communications Commission (FCC) allocated spectrum for Interactive Video and Data Services (IVDS) as a private radio service. Through IVDS, local licensees would make available to consumers a variety of content-based services that interact with broadcast and cable television programming. In authorizing the service, the FCC indicated its interest in enabling the development of a convenient, low-cost system that provides two-way wireless interactivity with commercial and educational programming, along with information and data services, such as meter reading and PC-based offerings. IVDS is expected to cost less and be available sooner than other interactive television options because individual homes will not need to be 'wired.' In 1994, the FCC licensed the first IVDS providers (assigned by lottery) and auctioned the remaining licenses in major markets (MSAs).

In addition to providing interactivity to the consumer, broadcasters can use the IVDS return path as an on-ramp to the information superhighway. Without IVDS, broadcasters must be content with either a one-way service or a patchwork system using telephone lines for upstream communications to provide interactivity. IVDS enhances programming delivered by broadcast television, wireless cable, direct broadcast satellite, and future television delivery methods. IVDS is designed to be integrated with the interactivity needs of television broadcasters.

## What is IVDS with Mobility?

Mobility is a natural outgrowth of the advances in IVDS technology that allow for low power, small radio modems and virtually no interference. These modems can be incorporated in a variety of devices such as cable boxes and multimedia players as well as devices that are not stationary in the home, including portable televisions, portable game players, and personal organizers.

Mobile services for consumers are an extension of IVDS as originally envisioned. With mobile IVDS, consumers could play along with a sporting event at the stadium rather than at home or program videocassette recorders remotely rather than in their living rooms. For broadcasters, the ability to send 'tune-in' reminders or special event notices extends the reach of the television beyond the living room or den. Thus, the IVDS service is enhanced but its essential nature is not changed. IVDS will continue to allow subscriber interaction with television-related programming and information.

As described above, the ancillary mobile services that the Petition for Rulemaking seeks to permit are fundamentally different from traditional and emerging mobile communications, such as paging and PCS. The principal purpose here is to enhance subscriber interaction with programming and information, not to locate and provide voice or data communications with individuals. Even to the extent that mobile IVDS would permit messaging among subscribers to a given IVDS system, it would still be fundamentally different from the mobile communications services mentioned above due to the inherent constraints on the IVDS service. As a private radio service, IVDS users are not able to take advantage of services which interconnect with the public switched telephone network (PSTN). Therefore, the messaging features that mobility adds can only be used to communicate between existing subscribers, unlike paging and PCS that offer services which permit connection with anyone, anywhere, who has access to the PSTN.

From a technical perspective, IVDS power levels are technically limited due to the proximity to television channel 13. At 20 watts maximum, IVDS power levels are well below the transmitter power levels allowed in nationwide and regional narrowband PCS systems. Furthermore, to protect television channel 13, EON has proposed that the FCC permit ancillary mobile service at lower power levels of 100 milliwatts, compared to 7 watts allowed for narrowband PCS mobile units.

The IVDS vision of mobility is based on entertainment, education, and synergies to television. Permitting mobility would not create a new service, but would make IVDS more useful and versatile to consumers.

# Exhibit 5

# Eon Corp. IP Holdings
# v.
# Sprint, et al.

Plaintiff's Patent Tutorial | April 26, 2013

*U.S. Patent No. 5,592,491*

# Eon Corporation – The Parent

- Founded in 1986 as TV Answer, Inc.

- Interactive Communication Pioneer

- Invented wireless interactive television (IVDS) – the FCC allocated spectrum for TV Answer's technology in1991

2

# Revolutionary Technology

George A. Keyworth, former science advisor to President Reagan and TV Answer board member said, "This technology brings us one bold step closer to the digital world of multimedia. As was pointed out in todays hearing it begins the marriage of the TV and PC. I do hope however, that the Commissioner's recognize in the final Rulemaking, that TV Answer as the inventor of a new technology, as a ten year investor in bringing it to market, merits  recognition as the pioneer it is. Secondly, like electronic mail or fax, the benefits from TV Answer service to the public require nationwide connectivity…not just gradual city to city spread."






Source:  EON-0062302

3

# Continued Innovation

- 1992, Company expands to advanced, interactive wireless communications architectures for media, messaging, and remote wireless monitoring

- EON engineer **Gil Dinkins** leads technology development (inventor of '101 and '491 patents)

- Network design solutions focus on coverage and capacity problems in digital cellular communication systems

4

# Exhibit 6

**From:** Mark Halderman [mailto:mhalderman@reedscardino.com]
**Sent:** Friday, April 26, 2013 3:29 PM
**To:** Anderson, Bryan K.
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL); Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Woo, Philip W.; Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Thanks Bryan. Have a good weekend.

---

**From:** Anderson, Bryan K. [mailto:bkanderson@sidley.com]
**Sent:** Friday, April 26, 2013 5:08 PM
**To:** Mark Halderman
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL); Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Woo, Philip W.; Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Mark,

Apple will not oppose EON's request for a further two-week extension.

Regards,

*Bryan K. Anderson*
*Sidley Austin LLP*
*1001 Page Mill Road*
*Building 1*
*Palo Alto, CA 94304*
*(650) 565-7007*

---

**From:** Mark Halderman [mailto:mhalderman@reedscardino.com]
**Sent:** Friday, April 26, 2013 11:14 AM
**To:** Anderson, Bryan K.
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL); Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Woo, Philip W.; Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Bryan,

After further consideration, EON has decided to forgo venue-related discovery. Will Apple agree to give us an additional two weeks to respond to its Motion? We are available to discuss at 2pm Pacific, 4 pm Central today. Thanks.

Mark

**From:** Anderson, Bryan K. [mailto:bkanderson@sidley.com]
**Sent:** Thursday, April 25, 2013 4:53 PM
**To:** Mark Halderman
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL); Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Woo, Philip W.; Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Mark,

Eric and I are available at 2 pm Pacific, 4 pm Central tomorrow.

Regards,

*Bryan K. Anderson*
*Sidley Austin LLP*
*1001 Page Mill Road*
*Building 1*
*Palo Alto, CA 94304*
*(650) 565-7007*

---

**From:** Mark Halderman [mailto:mhalderman@reedscardino.com]
**Sent:** Thursday, April 25, 2013 6:07 AM
**To:** Anderson, Bryan K.
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL); Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Woo, Philip W.; Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Thanks Bryan. We will review Judge Love's opinion and consider your proposal today. I plan on responding to your email in more detail later today but would like to now schedule a meet and confer for tomorrow afternoon. Are you available tomorrow after 1:30 CT? We can use 1-888-453-4221 code-560489

Mark

---

**From:** Anderson, Bryan K. [mailto:bkanderson@sidley.com]
**Sent:** Wednesday, April 24, 2013 9:41 PM
**To:** Mark Halderman
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL); Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Woo, Philip W.; Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)
**Importance:** High

Mark,

With the exception of proposed interrogatory 3, the remainder of EON's proposed venue discovery seeks overbroad categories of general information about Apple's activities in either Texas or the Eastern District, such as revenue data, customer identifications, facility addresses, and other lawsuits in which Apple is a party. While such general information may be relevant to whether Apple has minimum contacts with the Eastern District, Apple's answer acknowledges that it does business in the Eastern District and is subject to personal jurisdiction there. In contrast, such general information will impose very burdensome discovery efforts on Apple, but will not assist the Court in deciding the motion to transfer because it is not focused on relevant evidence. In this regard, we suggest that you review Magistrate Judge Love's recent decision in *U.S. Ethernet Innovations LLC v. Netgear* (attached)

concerning his analysis of facts relevant to venue, which focuses on the location of relevant witnesses and evidence, whether such witnesses and evidence are subject to the subpoena power of the district court, and the burden that proceedings in the Eastern District of Texas would impose on relevant witnesses. With respect to the types of general, localized facts to which EON's proposed discovery is directed, Magistrate Judge Love explicitly recognizes that "in a patent infringement case, when the accused products are sold nationwide, the alleged injury does not create a substantial local interest in any particular district."

As I noted in my prior email, the problem with EON's proposed interrogatory 3 is that it asks for Apple to identify relevant witnesses without providing a reasonable basis for Apple to determine relevancy. Certainly EON cannot contend that every feature and technology in the products and services identified by its complaint infringe the asserted claims. As such, Apple employees that have done some work on un-accused features and technology are not likely to have relevant information, just as a sales clerk in either Plano or Palo Alto is unlikely to appear on any disclosures, witness lists, or relevant documents. Also, EON must presently have a basis for its assertion that the accused products infringe which specifically identifies the implicated features and technologies. We request that EON specifically identify these accused features and technologies so that we may focus any venue discovery on the location of evidence relevant to this case. We agree that this infringement contention disclosure for purposes of focusing venue discovery will not limit EON's required infringement contention disclosures under the operative discovery rules.

Thank you for agreeing to provide information concerning witnesses with information relevant to the patents-in-suit. With respect to prior art, please let me know whether EON will agree to provide any disclosures that identify witnesses with knowledge concerning the identified art, including their addresses. Also, please let me know whether EON will provide its present infringement contentions so my client may assess the scope of any discovery concerning the location of evidence relevant to such specifically accused features and technologies.

Regards,

*Bryan K. Anderson*
*Sidley Austin LLP*
*1001 Page Mill Road, Building 1*
*Palo Alto, CA 94304*
*(650) 565-7007*

---

**From:** Mark Halderman [mailto:mhalderman@reedscardino.com]
**Sent:** Wednesday, April 24, 2013 7:53 AM
**To:** Anderson, Bryan K.
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL); Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Woo, Philip W.; Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Bryan,

Thank you for your response. We disagree that the proposed discovery is irrelevant to venue. Which requests do you specifically believe pertain to person jurisdiction rather than venue, and what is the basis for these beliefs? We also disagree that Apple needs EON's infringement contentions, which are not due until 10 days before the Initial Case Management Conference, to understand the accused devices, networks, and functionalities. The Complaint and EON's definition of "Accused Apple Devices, Device Components, Applications, and/or Services"

provide Apple with more information than necessary to identify the relevant information and witnesses for this venue dispute.

As part of venue discovery, EON is willing to provide Apple with a list of witness with information relevant to the patents-in-suit, including the locations of such witnesses.  EON will also agree to produce non-confidential expert reports from related-cases pertaining to invalidity.

Mark

---

**From:** Anderson, Bryan K. [mailto:bkanderson@sidley.com]
**Sent:** Tuesday, April 23, 2013 2:56 PM
**To:** Mark Halderman
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL); Findlay, Eric Hugh (NON-SIDLEY PERSONNEL); Woo, Philip W.; Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Mark,

The discovery EON proposes would impose substantial burdens on Apple, and is focused on personal jurisdiction rather than the factors under Section 1404 relevant to venue.  We suggest that any discovery provided by Apple should focus on the location of Apple engineers with knowledge of the specific functionality accused of infringement by EON, in order for the Court to assess whether such witnesses are within the subpoena power of the court.  Unfortunately, while EON's  proposed third interrogatory asks generically for the location of relevant witnesses, it does not provide sufficient clarity to appropriately focus and limit venue discovery.  At this point in the dispute, we simply do not know the specific functionality that EON asserts infringes the patents-in-suit.  Please provide us with EON's present infringement contentions, so that we may assess whether Apple may provide limited discovery on the location of engineers with knowledge relevant to that specific accused functionality.

We also believe that the scope of document and deposition discovery sought by EON is overbroad and not tailored to information relevant to venue.  Rather, we suggest that a focused set of interrogatories as discussed above should provide more than sufficient discovery to EON in order to respond to Apple's motion to transfer.

In our call last week, we asked whether EON would be willing to provide limited venue discovery.  Specifically, will EON agree to provide a disclosure of witnesses with information relevant to the patents-in-suit, including the locations of such witnesses?  Also, will EON agree to provide a disclosure of prior art relevant to the patents-in-suit, including the locations of relevant witnesses to such prior art?  We expect that such art may have been disclosed to EON in other proceedings in which the patents-in-suit were asserted, and that EON has likewise already provided disclosures of witnesses with knowledge relevant to the patents-in-suit, including the locations of named inventors and prosecution counsel.

Please let us know whether EON will provide the requested infringement contentions so that any discovery may focus on the specific functionality accused of infringement in Apple products, and whether EON will provide the requested disclosures of witnesses with information relevant to the patents-in-suit and relevant prior art.

Regards,

*Bryan K. Anderson*
*Sidley Austin LLP*
*1001 Page Mill Road*

*Building 1*
*Palo Alto, CA 94304*
*(650) 565-7007*

**From:** Mark Halderman [mailto:mhalderman@reedscardino.com]
**Sent:** Friday, April 19, 2013 2:02 PM
**To:** Anderson, Bryan K.; Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash; Woo, Philip W.
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL)
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Bryan,

Per our discussion yesterday, please find attached a draft of the Unopposed Motion for Extension of Time of one week for EON to respond to Apple's Motion to Transfer. I also have attached EON's proposed discovery requests so that you can determine whether you will oppose an additional extension of time for venue-related discovery. Thank you and have a good weekend.

Mark

**From:** Anderson, Bryan K. [mailto:bkanderson@sidley.com]
**Sent:** Tuesday, April 16, 2013 6:10 PM
**To:** Mark Halderman; Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash; Woo, Philip W.
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL)
**Subject:** RE: EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Mark,

We are available Thursday morning. Does 9:30 am Pacific work for you? Also, would you circulate a dial in?

Regards,

*Bryan K. Anderson*
*Sidley Austin LLP*
*1001 Page Mill Road*
*Building 1*
*Palo Alto, CA 94304*
*(650) 565-7007*

**From:** Mark Halderman [mailto:mhalderman@reedscardino.com]
**Sent:** Tuesday, April 16, 2013 3:53 PM
**To:** Findley, Eric Hugh (NON-SIDLEY PERSONNEL); Craft, Brian (NON-SIDLEY PERSONNEL); Nagdev, Ash; Woo, Philip W.; Anderson, Bryan K.
**Cc:** Daniel Scardino; Dacus, Deron R. (NON-SIDLEY PERSONNEL)
**Subject:** EON v. Apple, 6:12-cv-00943-LED-JDL (E.D. Tex.)

Dear Counsel:

EON intends to move the Court for an extension of time to conduct venue-related discovery regarding Apple's pending Motion to Transfer. Is Apple available for a meet and confer tomorrow or Thursday morning to discuss such an extension? Thank you.

Best,

Mark Halderman



301 Congress Ave., Ste. 1250
Austin, Texas 78701
Direct: (512) 615-5793
Main: (512) 474-2449
Fax: (512) 474-2622
mhalderman@reedscardino.com

 **Please consider the environment before printing this e-mail**

**Confidentiality**: The information contained in this e-mail and any attachments is confidential and privileged information and intended only for the use of the individual or entity to whom it is addressed. This e-mail and any attachments are or may constitute information which is confidential and privileged as an attorney-client communication and/or as attorney work product. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible to deliver this communication to the intended recipient, you are hereby notified that any distribution, copying, or use of this communication, electronic or otherwise, is strictly prohibited. Furthermore, we expressly reserve and do not waive any privilege. If you have received this communication in error, please notify us immediately by telephone, by reply to the sender via e-mail, or by e-mail to "mhalderman@reedscardino.com", and please delete this e-mail and any accompanying attachments from your in box, recycle bin, and any other directory, file, or electronic storage. Thank you for your cooperation.

**The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.**

-----------------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular

circumstances from an independent tax advisor.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or
confidential.
If you are not the intended recipient, please delete the e-mail and any attachments
and notify us
immediately.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Exhibit 7

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.,** | ) | JURY TRIAL REQUESTED |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **APPLE INC., et al.** | ) | |
| **Defendants.** | ) | **CASE NO. 6:12-cv-124** |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **ADAPTIX, INC.,** | ) | JURY TRIAL REQUESTED |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **APPLE INC., et al.** | ) | |
| **Defendants.** | ) | **CASE NO. 6:12-cv-125** |
| | ) | |
| _____ | ) | |

## DECLARATION OF MARK BUCKLEY IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

I, Mark Buckley, hereby declare as follows:

1.     I am employed as a Senior Financial Analyst at Apple Inc. ("Apple") in Cupertino, California.  I have been employed by Apple since October 2002.  I provide this declaration in support of Defendants Apple, AT&T Mobility, and Cellco Partnership d/b/a

Verizon Wireless' motion to transfer venue and with respect to facts pertaining to Apple. Unless otherwise indicated below, the statements in this declaration are based either upon my personal knowledge or corporate records maintained by Apple in the ordinary course of business.

2.     Apple designs and markets personal computers, tablet computers, portable digital music players, and mobile communication devices and sells a variety of related software, services, peripherals, and networking solutions.

3.     Apple is a California corporation headquartered in Cupertino, California in the Northern District of California. Apple has maintained its headquarters in Cupertino since it was founded in 1976. Apple's management and primary research and development facilities are located in Cupertino. Apple has approximately 13,400 employees who work in or near its headquarters in Cupertino.

4.     I understand that in the cases referenced in the heading of this declaration, the WiFi + Cellular version of Apple's new iPad has been accused of infringement. I also understand that the infringement allegations involve the ability of the WiFi + Cellular version of the new iPad to access and use cellular networks operating on the 4G LTE standard. The research, design, and development of the new iPad took place in Cupertino. The foreseeable Apple witnesses with knowledge of the research, design, development, sales, and marketing of the WiFi + Cellular version of the new iPad reside or work in or near Cupertino. In addition, Apple business documents and records relating to the research, design, development, marketing strategy, and product revenue for the WiFi + Cellular version of the new iPad are located in or near Cupertino.

5.     The Wi-Fi + Cellular version of the new iPad contains a baseband processor chip that enables cellular communications on networks operating on the 4G LTE standard, among

- 2 -

others. These baseband processor chips are supplied by Qualcomm Incorporated, based in San Diego, California. Qualcomm maintains proprietary information about the detail, operation, and architecture of the baseband processor chips they supply for incorporation into the new iPad.

6.    Apple customers who purchase the WiFi + Cellular version of the new iPad have the option of subscribing to and accessing either Verizon's or AT&T Mobility's 4G LTE cellular network.

7.    I understand that Apple has employees outside Cupertino, California, including employees who work at Apple's facility in Austin, Texas. I understand some employees at Apple's Austin facility conduct research relating to cellular technology and networks, including field testing, though any decisions relating to the research, design, and development of the WiFi + Cellular version of the new iPad take place in Cupertino, California.

8.    As of the date of this declaration, Apple has 249 stores in the United States. Only two of those stores are located in the Eastern District of Texas: one in the city of Plano and one in the city of Fresco. Based on the information available to me, none of the employees in either the Plano or Frisco retail stores could be characterized as a relevant witness regarding the new iPads. I understand that none of the employees in Apple's Plano and Frisco retail stores has any responsibility for the research, design, or development of the new iPad. Aside from the Plano and Frisco stores, Apple does not otherwise maintain any facilities, employees, or relevant documents in the Eastern District of Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 11, 2012

Mark Buckley

Mark Buckley

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.,** | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MOTOROLA MOBILITY LLC, et al.** | ) | |
| | ) | |
| Defendants. | ) | **CASE NO. 6:12-cv-016** |
| | ) | |
| | ) | |
| **ADAPTIX, INC.,** | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **AT&T MOBILITY LLC., et al.** | ) | |
| | ) | |
| Defendants. | ) | **CASE NO. 6:12-cv-017** |
| | ) | |
| | ) | |
| **ADAPTIX, INC.,** | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **AT&T MOBILITY LLC., et al.** | ) | |
| | ) | |
| Defendants. | ) | **CASE NO. 6:12-cv-019** |
| | ) | |
| | ) | |

ADAPTIX, INC.,                                )
                                             )        JURY TRIAL DEMANDED
      Plaintiff,                          )
                                             )
   v.                                        )
                                             )
PANTECH WIRELESS, INC., et al.               )
                                             )
      Defendants.                         )
                                             )        CASE NO. 6:12-cv-020
                                             )
                                             )
                                             )

ADAPTIX, INC.,                               )
                                             )        JURY TRIAL DEMANDED
      Plaintiff,                          )
                                             )
   v.                                        )
                                             )
CELLCO PARTNERSHIP d/b/a                     )
VERIZON WIRELESS, et al.                     )
                                             )
      Defendants.                         )        CASE NO. 6:12-cv-120
                                             )
                                             )

ADAPTIX, INC.,                               )
                                             )        JURY TRIAL DEMANDED
      Plaintiff,                          )
                                             )
   v.                                        )
                                             )
CELLCO PARTNERSHIP d/b/a                     )
VERIZON WIRELESS, et al.                     )
                                             )
      Defendants.                         )        CASE NO. 6:12-cv-121
                                             )
                                             )
                                             )

| ADAPTIX, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | CASE NO. 6:12-cv-124 |
| | ) | |
| | ) | |
| ADAPTIX, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | CASE NO. 6:12-cv-125 |
| | ) | |
| | ) | |

## DECLARATION OF HRISTO HRISTOV IN SUPPORT OF
## DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

I, Hristo Hristov, do state and declare as follows:

1.     I am an employee of AT&T Mobility LLC ("AT&T Mobility"), a named

defendant in several of these actions. I make this declaration on behalf of AT&T Mobility in

support of Defendants' Motion to Transfer to the U.S. District Court for the Northern District

of California, pursuant to 28 U.S.C. § 1404(a). Unless otherwise stated, the matters

contained in this declaration are of my own personal knowledge and, if called as a witness, I

could and would testify competently to the matters set forth herein.

2.     I am a member of AT&T Mobility's Network, Planning & Engineering (NPE)

department, where I serve as the Area Manager of RAN Engineering. As part of my job, I

am familiar with AT&T Mobility staffing and resources related to AT&T Mobility's deployment of 4G LTE in the United States.

    3.      I understand that the plaintiff in these actions has accused AT&T Mobility of patent infringement based on the sale of devices manufactured by HTC Corp., LG Electronics, Inc. and Apple Inc., which utilize AT&T Mobility's 4G LTE network functionality. It is my understanding that plaintiff has alleged that those devices are compliant with technical specifications promulgated by 3GPP. The AT&T Mobility facility located in Redmond, WA houses engineers knowledgeable about 3GPP specifications.

    4.      AT&T Mobility also maintains a facility in San Francisco, CA, which is one of the most important geographical areas for testing by AT&T Mobility. Due to the challenging topology and stringent zoning restrictions for placement of cell towers, San Francisco is a very difficult location to operate a cellular network and serves as a proving ground for the AT&T Mobility network. Solutions developed at the San Francisco facility are frequently later deployed across the country.

    5.      AT&T Mobility operates a facility, referred to as a "foundry" in Plano, TX, which employs fifteen (15) full-time employees of AT&T Mobility or its affiliates. I understand and am informed that the Mission Statement of the Plano foundry is to create an open, collaborative environment of people and processes to inspire and promote the invention and innovation of ideas from concept to commercialization between AT&T Mobility and third parties, and, as such, its focus is on aiding third parties in developing and demonstrating new products. I also understand and am informed that the Plano foundry has not been involved in any research, design, development, testing or marketing relating to the accused devices in these litigations. It is my further understanding that AT&T Mobility has

no facilities located within the Eastern District of Texas that provide research, development, testing or support relating to the accused device and their interaction with the AT&T 4G LTE network.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 8/13, 2012, in Chicago, Illinois.

Hristo Hristov

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LG ELECTRONICS MOBILECOMM USA, INC.<br><br>    Defendant. | No. 6:12-cv-00941 LED-JDL<br><br>PATENT CASE |
| EON CORP. IP HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PANTECH WIRELESS, INC.<br><br>    Defendant. | No. 6:12-cv-00942 LED-JDL<br><br>PATENT CASE |
| EON CORP. IP HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>    Defendant. | No. 6:12-cv-00943 LED-JDL<br><br>PATENT CASE |
| EON CORP. IP HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER, INC., ET AL.<br><br>    Defendants. | No. 6:12-cv-00944 LED-JDL<br><br>PATENT CASE |

## DECLARATION OF PAYAM MIRRASHIDI

1.     My name is Payam Mirrashidi. I am employed by Apple Inc. ("Apple") as a Director of Engineering and I reside in Los Altos, California.

2.     I have personal knowledge of the facts set forth in this declaration, and I am competent to testify regarding these facts.

3.     I have been employed at Apple since July 2002. Prior to joining Apple, I worked at the University of California, Sun Microsystems, Netmosphere, Infoscape, Spotlife, and Ruby Networks, among other companies, with a focus on software engineering and development. I received a Bachelor of Arts degree in physics from the University of California at Berkeley.

4.     In my current capacity at Apple, my responsibilities include software development, security and management of the iTunes Store and applications.

5.     It is widely known that Apple's iTunes Store is currently the world's most popular digital media marketplace containing millions of songs and thousands of movies. It has served more than 25 billion downloads since its inception. The source code relating to Apple's iTunes Store, and the applications that access it, is a highly confidential, highly valuable, proprietary trade secret. It is a core asset of Apple's business. I understand that other highly sensitive code may also become involved once the plaintiff identifies its asserted claims and the specific accused aspects of Apple's products.

6.     iTunes source code is provided the highest level of protection and security within Apple. Physical access to the code is limited to select groups of authorized Apple employees, with access being provided only as to portions of code and on a need-to-know basis. Access is strictly limited to employees directly involved in software development, management, and security. The employees with such access must be approved by senior management as

authorized employees, and receive unique access and security codes and passwords allowing them to review portions of the source code.

7.     For example, Apple maintains code regarding its methods and algorithms for performing millions of transactions on iTunes daily on its servers and third party servers. Those functions are and have always been entirely hidden from the public, and their exposure would cause Apple to lose significant competitive advantage. iTunes also handles sensitive customer information such as credit card numbers and purchase histories, and includes encryption technologies to carry out this and other functions. Unfettered access to iTunes source code could compromise customer security by informing would-be attackers exactly how iTunes manages and transmits such information.

8.     Because of these reasons, and because of its importance to Apple's business, Apple strictly limits access to this code, even inside the company. The above-described restrictions are necessary because the electronic nature of source code renders the code easily copied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 2?, 2013

_Payam Mirrashidi_ (signature)

Payam Mirrashidi

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS TYLER DIVISION

| | |
|---|---|
| **EON CORP. IP HOLDINGS, LLC,**<br><br>   **Plaintiff,**<br><br>  **v.**<br><br>**LG ELECTRONICS MOBILECOMM USA, INC.**<br><br>   **Defendant.** | **No. 6:12-cv-00941 LED-JDL**<br><br>**PATENT CASE** |
| **EON CORP. IP HOLDINGS, LLC,**<br><br>   **Plaintiff,**<br><br>  **v.**<br><br>**PANTECH WIRELESS, INC.**<br><br>   **Defendant.** | **No. 6:12-cv-00942 LED-JDL**<br><br>**PATENT CASE** |
| **EON CORP. IP HOLDINGS, LLC,**<br><br>   **Plaintiff,**<br><br>  **v.**<br><br>**APPLE INC.**<br><br>   **Defendant.** | **No. 6:12-cv-00943 LED-JDL**<br><br>**PATENT CASE** |
| **EON CORP. IP HOLDINGS, LLC,**<br><br>   **Plaintiff,**<br><br>  **v.**<br><br>**ASUSTEK COMPUTER, INC., ET AL.**<br><br>   **Defendants.** | **No. 6:12-cv-00944 LED-JDL**<br><br>**PATENT CASE** |

## DECLARATION OF MAXINE CURRY

1.      My name is Maxine Curry.  I am employed by Apple Inc. ("Apple") as a Senior

Manager in the Export Compliance Team within the Global Compliance Team and I reside in

San Jose, California.

2.      I have personal knowledge of the facts set forth in this declaration, and I am

competent to testify regarding these facts.

3.      I have been employed at Apple since 1981.  I have worked in export compliance

for nearly all of my career with Apple.  I graduated from the University of California, Berkeley

in 1974.

4.      In my current capacity at Apple, my responsibilities include overseeing Apple's

export compliance department.

5.      There are a number of Apple technologies that are subject to export controls

imposed by the United States.  For example, microprocessor technology and encryption

technology (including both hardware and software implementations) are subject to U.S. export

compliance obligations.

6.      Apple understands that the export of such technologies outside of the United

States and Canada, including documents describing implementations of such technologies, raises

substantial concerns with respect to U.S. export compliance.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.


Dated:  June 27, 2013

_Maxine Curry_
Maxine Curry

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>**LG ELECTRONICS MOBILECOMM USA, INC.**<br><br>　　　Defendant. | No. 6:12-cv-00941 LED-JDL<br><br>PATENT CASE |
| EON CORP. IP HOLDINGS, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>**PANTECH WIRELESS, INC.**<br><br>　　　Defendant. | No. 6:12-cv-00942 LED-JDL<br><br>PATENT CASE |
| EON CORP. IP HOLDINGS, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>**APPLE INC.**<br><br>　　　Defendant. | No. 6:12-cv-00943 LED-JDL<br><br>PATENT CASE |
| EON CORP. IP HOLDINGS, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>**ASUSTEK COMPUTER, INC., ET AL.**<br><br>　　　Defendants. | No. 6:12-cv-00944 LED-JDL<br><br>PATENT CASE |

## DECLARATION OF BETH KELLERMANN

1.      My name is Beth Kellermann. I am employed by Apple Inc. ("Apple") as Litigation eDiscovery Manager and I reside in Pacifica, California.

2.      I have personal knowledge of the facts set forth in this declaration, and I am competent to testify regarding these facts.

3.      I have been employed at Apple since October 2007. Prior to joining Apple, I worked at Littler Mendelson, with a focus on litigation support and electronic discovery. I received a Bachelor's degree in Economics from Oklahoma State University.

4.      In my current capacity at Apple, my responsibilities include managing ediscovery in litigation.

5.      It is widely known that Apple's iTunes Store is currently the world's most popular digital media marketplace containing millions of songs and thousands of movies. It has served more than 25 billion downloads since its inception. The source code relating to Apple's iTunes Store, and the applications that access it, is a highly confidential, highly valuable, proprietary trade secret. It is a core asset of Apple's business. I understand that other highly sensitive code may also become involved once the plaintiff identifies its asserted claims and the specific accused aspects of Apple's products.

6.      Any production of source code outside the tight controls maintained within Apple's or its counsel's facilities poses the risk of unauthorized disclosure and great injury to Apple. In fact, Apple does not permit even its own experts during litigation to have electronic or hard copies of its source code.

7.      Apple uses Catalyst as its litigation support hosted review platform, which maintains Apple's documents in text-searchable PDF format to the degree that the native document contained searchable text. Paper documents scanned to PDF format are also text

searchable to the extent optical character recognition (OCR) was able to recognize text in the scanned document.

8.     Producing the documents in text-searchable TIFF format requires Apple to convert the documents into TIFF format from PDF.  If Apple is required to convert the PDF files to TIFF, such conversion increases the time it takes to generate a production set by 50-100%. Apple's cost for the production is doubled if such a conversion is required.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 27, 2013

Beth Kellermann

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,    ) | |
|    ) | |
|    Plaintiff,    ) | |
|    ) | C.A. No. 2:10-CV-00448-TJW |
|    v.    ) | |
|    ) | |
| SENSUS, USA, INC.; ARUBA NETWORKS,    ) | JURY TRIAL DEMANDED |
| INC.; BROADSOFT, INC.; CLAVISTER AB;    ) | |
| IP.ACCESS, INC.; JUNI AMERICA, INC.;    ) | |
| CISCO SYSTEMS, INC.; MAVENIR    ) | |
| SYSTEMS, INC.; MERU NETWORKS, INC.;    ) | |
| SERCOMM CORPORATION; SONUS    ) | |
| NETWORKS, INC.; SPRINT SPECTRUM,    ) | |
| L.P.; ADVANCED METERING DATA    ) | |
| SYSTEMS, LLC; STOKE, INC.; TATARA    ) | |
| SYSTEMS, INC.; HTC AMERICA, INC.;    ) | |
| PALM, INC.; UNITED STATES CELLULAR    ) | |
| CORPORATION; CELLULAR SOUTH, INC.;    ) | |
| NTELOS, INC.; MOTOROLA MOBILITY    ) | |
| HOLDINGS, INC.; MOTOROLA    ) | |
| SOLUTIONS, INC.; KINETO WIRELESS,    ) | |
| INC.; and AIRVANA, INC.,    ) | |
|    ) | |
|    Defendants.    ) | |

**DEFENDANTS CISCO SYSTEMS, INC., ARUBA NETWORKS, INC., BROADSOFT, INC., IP.ACCESS, INC., MERU NETWORKS, INC., STOKE, INC., TATARA SYSTEMS, INC., AND KINETO WIRELESS, INC.'S JOINT MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Defendants Cisco Systems, Inc. ("Cisco"), Aruba Networks, Inc. ("Aruba"), Broadsoft,

Inc. ("Broadsoft"),  ip.access, Inc. ("ip.access"), Meru Networks, Inc. ("Meru"), Stoke, Inc.

("Stoke"), Tatara Systems, Inc. ("Tatara"), and Kineto Wireless, Inc. ("Kineto"), (collectively,

the "Moving Defendants") hereby move pursuant to 28 U.S.C. § 1404(a) to transfer this patent

DM1\2494625.4

infringement action to the Northern District of California.  This motion is made because there is no legitimate nexus between the Eastern District of Texas, Marshall Division, on the one hand, and EON, the Defendants and this lawsuit, on the other hand.  In contrast, the Northern District of California presents a clearly more convenient forum to litigate this case based on: (a) the location of many defendants and (b) the residence of many party and non-party witnesses within or near that venue.

This Motion is supported by the following brief, the Declarations of Matthew S. Yungwirth ("Yungwirth Decl."), Waychi Doo ("Doo Decl."), Anthony Jones ("Jones Decl."), Martin Hernandez ("Hernandez Decl."), Michael Galvin ("Galvin Decl."), and Venkat Prabhala ("Prabhala Decl."), filed contemporaneously with this Motion, and the exhibits attached to those declarations.  Although this Motion is being made only by the Moving Defendants, the undersigned counsel have conferred with the remaining Defendants for which Notices of Appearance have been entered, and each of them confirmed that they do not oppose this Motion.  EON Corp. IP Holdings opposes this Motion.  A Certificate of Conference is included at the end of this Motion pursuant to L.R. CV-7(i).

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...........................................................................................1

II. BACKGROUND FACTS ..............................................................................3

    A.  Plaintiff EON IP Holdings ................................................................. 3

    B.  Defendants ......................................................................................... 4

III. ARGUMENT ................................................................................................5

    A.  Standard of Review ............................................................................ 5

    B.  EON Has Only An "Ephemeral" Connection to the Eastern District of Texas ................................................................................................. 6

    C.  This Action Might Have Been Brought In Northern California ............................. 8

    D.  Each of the Private Interest Factors Strongly Favors Transfer To NDCA ............. 9

        1.  Relative Ease of Access to Sources of Proof. ............................. 9

        2.  The Availability of Compulsory Process to Secure the Attendance of Witnesses ................................................................. 10

        3.  Convenience of the Parties and Witnesses and Cost of Attendance for Willing Witnesses ................................................................. 11

        4.  Other Practical Factors Favor Transfer to California ............................... 13

    E.  The Public Interest Factors Also Favor Transfer Or Are Neutral ........................ 14

        1.  Administrative Difficulties Flowing From Court Congestion .................. 14

        2.  Local Interest in Adjudicating Local Disputes ......................................... 14

        3.  Familiarity of the Forum with the Governing Law ................................... 15

        4.  Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law ...................................................................... 15

IV. CONCLUSION AND REQUEST FOR HEARING ........................................15

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761 (E.D. Tex. 2009)................................................9

*In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009).................................................. Passim

*In re Hoffman-La Roche, Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) ....................................................10

*In re Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049 (2003) ............................................................................................................................8

*John Hanby & Hanby Envtl. Lab. Procedures v. Shell Oil Co.*, 144 F. Supp. 2d 673 (E.D. Tex. 2001) ............................................................................................................................6

*In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009) ........................................................6, 12

*Partsriver, Inc. v. Shopzilla, Inc.*, 2009 U.S. Dist. LEXIS 12482 (E.D. Tex. Jan. 30, 2009)........11

*Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, Case No. 2:10-cv-109-TJW, slip op. (E.D. Tex. Jan. 12, 2011) .............................................................................................12, 15

*Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772 (E.D. Tex. 2009) ............................................................................................................................9

*SMDK Corp. v. Creative Labs, Inc.*, No. 2:08-cv-26, 2009 WL 5246368 (E.D. Tex. Dec. 11, 2009) ..........................................................................................................................12

*Software Rights Archive, LLC v. Google, Inc.*, Case No. 2:07-cv-511, 2010 U.S. Dist. LEXIS 73972 (E.D. Tex. July 22, 2010) ............................................................................7, 10

*In re TS Tech United States Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) .............................................6

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008)............................................2, 6, 9, 14

*WiAV Networks, LLC v. 3Com Corp.*, Civil Action No. 5:09-CV-101-DF, slip op. (E.D. Tex. July 15, 2010) ..............................................................................................................10

*In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010).......................................................7

DM1\2494625.4

**Federal Statutes**

28 U.S.C. §§ 1400(b) ...........................................................................................8

28 U.S.C. § 1404(a) ....................................................................................... 5-6, 8

**Rules**

General Order No. 09-20 ....................................................................................2

Local Rule CV-7(g) ..........................................................................................15

**Other Authorities**

U.S. Patent No. 5,388,101...................................................................................3

U.S. Patent No. 5,592,491................................................................................ 1-4

DM1\2494625.4

## I.    INTRODUCTION

Plaintiff EON Corp. IP Holdings, LLC ("EON IP Holdings") alleges in its Amended Complaint that numerous defendants infringe U.S. Patent No. 5,592,491 (the "'491 Patent"), which generally relates to a communication network and methods for communicating in the same.  (Dkt. No. 64).  The accused products generally include various networking and mobile telephone products.  EON IP Holdings is a subsidiary of EON Corporation and appears to have been created to serve as a serial plaintiff in a number of patent suits arising out of the '491 patent, its parent patent and other patents assigned to EON Corporation.  To date, EON IP Holdings has initiated the following lawsuits in the <u>Tyler Division</u> of the Eastern District of Texas: *EON Corp. IP Holdings, LLC v. Skytel Corp.*, 6:08-cv-385-LED-JDL, *EON Corp. IP Holdings, LLC v. Sensus Metering Systems, Inc*., 6:09-cv-116-LED-JDL, *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 6:10-cv-379-LED-JDL and *EON Corp. IP Holdings, LLC v. Skyguard, LLC et al,* 6:11-cv-00015-LED.  Likewise, EON IP Holdings initiated a lawsuit in the District of Delaware regarding a separate patent: *EON Corp. IP Holdings, LLC v. FLO TV, Inc., et al.,* 10-cv-812-SLR (the "Delaware Action").  Notably, many of the Defendants in the Delaware Action also are Defendants in this lawsuit including: Sprint, HTC, U.S. Cellular and Motorola.  (*See* Yungwirth Decl. at Ex. 1).[1]

Based on the foregoing, it is apparent that EON IP Holdings has handpicked multiple venues across the country and even chosen to file cases in multiple divisions within this judicial

---

[1] EON Corporation also was a declaratory judgment defendant in *Verizon Clinton Center Drive Corp. v. EON Corp.*, Civ. Act. No. 1:10-cv-00179 (D. Del.) that involved patents related to the '491 Patent.

district -- knowing that by doing so it was insuring it would get a different judge for its later filed case than for its earlier filed cases. EON IP Holdings' forum shopping demonstrates that there would be no legitimate prejudice to EON IP Holdings from litigating this case in the Northern District of California ("NDCA").

Further, none of the Defendants are based in or have substantial operations in the Eastern District of Texas ("EDTX"). In contrast, the connections to the NDCA are numerous. Six of the defendants in this case are located in the NDCA. With respect to each of those six Defendants, a majority of the witnesses with relevant information reside in the NDCA and an overwhelming majority of their documents are stored in the NDCA. Additionally, the prosecutor of the '491 Patent, an important non-party witness, also resides in the NDCA. Three other Defendants are headquartered in nearby Washington State, which is clearly much closer to the NDCA than EDTX. Thus, as explained in greater detail below, all of these *Volkswagen* factors weigh in favor of transferring this case to the NDCA.

In its opposition, EON may argue to keep this case in the EDTX based on judicial familiarity with the subject matter of the patents. However, this is the first case filed by EON IP Holdings in the Marshall Division and this Court has no such familiarity. Indeed, by filing in the Marshall Division, EON has demonstrated that it does not value judicial economy or familiarity with the issues because this Court's General Order No. 09-20 provides that a Marshall filing will not be assigned to a Tyler judge. The Moving Defendants, therefore, respectfully ask the Court not to accept EON's forum shopping and instead to transfer this patent infringement action to the NDCA – the real center of activity in this case.

## II.    BACKGROUND FACTS

EON IP Holdings filed its Complaint in this action on October 22, 2010, against sixteen defendants.  (Dkt. No. 1).  EON IP Holdings then amended its Complaint on January 11, 2011, to include eight additional defendants for a total of 24 defendants.  (Dkt. No. 64).  As of the filing of this Motion, this case has not left the starting blocks.  Based on the delay associated with the addition of numerous Defendants on January 11, 2011, an overwhelming majority of the Defendants sought extensions until March of 2011 to respond to the Amended Complaint so that there generally is a common response date.[2]

### A.    **Plaintiff EON IP Holdings**

EON IP Holdings alleges in its Amended Complaint that its principal place of business is in Tyler, Texas.  However, all evidence demonstrates that EON IP Holdings' presence in the Eastern District of Texas is ephemeral and appears to be an artifact created solely to manipulate the venue analysis.  There is no evidence that EON IP Holdings actually conducts any business here, except its initiation of various patent infringement lawsuits from the place of business of its attorneys.  In fact, EON IP Holdings was incorporated less than a month before filing its first lawsuit involving a patent in the same patent family as the '491 Patent.[3]  (*See* Yungwirth Decl. at Exs. 2 and 3).

The nature of EON IP Holdings' business purpose is further evidenced by its license to

---

[2] The two exceptions are Broadsoft, which filed a Motion to Dismiss on January 31, 2011, and Sensus, which filed an Answer on January 26, 2011.  (See Dkt. Nos. 94 and 83).

[3] EON's first litigation was filed on September 29, 2008 -- *EON Corp. IP Holdings, LLC v. Verizon Clinton Center Drive Corp.*, 6:08-cv-385-LED-JDL.  In that case, EON asserted U.S. Patent No. 5,388,101, among others, which is a parent of the '491 Patent at issue in this case.

DM1\2494625.4

the '491 Patent. EON Corporation, which has its U.S. offices in Herndon, Virginia and more recently, in Austin, Texas, granted a patent license to EON IP Holdings on September 29, 2008, *i.e.*, the same day EON filed its first lawsuit. (*See* Yungwirth Decl. at Ex. 4). That license was executed by Alfonso Barragan in his capacity as president of EON Corporation (*i.e.*, the parent licensing entity in Herndon, Virginia) and Manager of EON IP Holdings (*i.e.*, the subsidiary licensee). (*Id.*). Mr. Barragan is believed to reside in Monterrey, Mexico, and the license confirms that EON IP Holdings' address was that of its registered agent and litigation counsel in the first lawsuit, Potter Minton. (*Id.*). Simply put, EON IP Holdings is a Tyler, Texas front for EON Corporation and was created to defend against venue challenges.

### B. Defendants

The twenty-four Defendants in this case are located throughout the United States, Europe and Asia, with a critical mass of Defendants located on the U.S. west coast. Indeed, one-fourth of the defendants are located in the NDCA. Aruba Networks, Inc., Cisco Systems, Inc., Meru Networks, Inc., Stoke, Inc., Palm, Inc., and Kineto Wireless, Inc. have their principal places of business in Northern California (the "California Defendants"). (*See* Dkt. No. 64 at ¶¶ 3, 8, 10, 15, 18, 23). EON also alleges that SerComm Corporation is a Taiwanese corporation and that its U.S. headquarters is located in the NDCA. (*Id.* at ¶ 11). Three other defendants, ip.access, Inc., Juni America, Inc., and HTC America, Inc., are located in Washington state, which is much closer to NDCA than EDTX. (*Id.* at ¶¶ 6, 7, 17). By comparison, none of the Defendants are based in or have a principal place of business in the EDTX and even EON IP Holdings does not claim to have a place of business in the Marshall Division of the EDTX. (*Id.* at ¶ 1).

DM1\2494625.4

Against this backdrop, it is readily apparent that an overwhelming majority of at least the California Defendants' relevant documents and witnesses that may be relevant to this case are located in California.  For example, Cisco's documents related to the accused Wi-Fi/UMA compliant wireless access point (*i.e.*, the WRTU54G-TM) are located in and/or are accessible from San Jose, California.  (Doo Decl. at ¶¶ 6 & 7).  Likewise an overwhelming majority of fact witnesses that Cisco understands will have information regarding the accused products are also located in California. (*Id.* at ¶¶ 5-7).  Indeed, Cisco has not identified any fact witnesses who are located in the Eastern District of Texas.  (*Id.* at ¶ 8).  Additionally, Cisco has identified several third party witnesses who may have relevant information regarding the core UMA technology that EON IP Holdings appears to be accusing and that are located in the NDCA.  (*Id.* at ¶ 10).  Finally, the chipsets included in one or more of the accused products were manufactured by a third party that is headquartered in Milpitas, California (NDCA).  (*Id.*).

The connections between the NDCA and Cisco are not unique.  At least Moving Defendants ip.access, Aruba, Stoke and Kineto, likewise, have numerous connections to the NDCA as set forth in the Declarations of Anthony Jones, Michael Galvin, Venkat Prabhala and Martin Hernandez, filed contemporaneously with this Motion.

## III.   ARGUMENT

### A.   <u>Standard of Review</u>

Section 1404(a) provides that a district court may transfer a civil action to any district in which it might have been filed "[f]or the convenience of the parties and witnesses" and "in the interests of justice."  28 U.S.C. § 1404(a).  The Fifth Circuit made clear that a transfer should be ordered where the transferee forum is "clearly more convenient" than the plaintiff's chosen

venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (transferred from EDTX to the Northern District of Texas); *In re TS Tech United States Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (issuing writ of mandamus ordering transfer of action from the EDTX to the Southern District of Ohio). Plaintiff's venue choice is not a factor to be considered in this analysis: "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *Id.* at 1320. Moreover, the deference accorded to plaintiff's chosen venue "is of minimal value when none of the parties reside in this *division* of this District." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001) (emphasis added).

With respect to transfer motions, the Fifth Circuit has adopted "the private and public interest factors" test used by many courts to decide transfer requests. *Volkswagen*, 545 F.3d at 315. Where those factors show that another venue is "clearly more convenient," cases in this district not only may, but *should* be transferred. *See id.; TS Tech*, 551 F.3d at 1319. Convenience and costs to parties and third parties, availability of compulsory process, and ease of access to proof generally are important private factors. *See In re Genentech*, 566 F.3d 1338, 1342-45 (Fed. Cir. 2009). When a substantial number of party and third-party witnesses live in the transferee forum, while few live in the plaintiff's chosen forum, transfer should be ordered. *Id.*; *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").

### B. EON Has Only An "Ephemeral" Connection to the Eastern District of Texas

As described above, EON IP Holdings was formed in Tyler, Texas during the same

month that it initiated its first patent infringement lawsuit.  Upon information and belief, EON conducts no business in the EDTX other than enforcing its parent's intellectual property and has few, if any, employees in Tyler, Texas.  (Yungwirth Decl. at ¶ 8).  Moreover, mere days before filing its first lawsuit, EON IP Holdings' alleged principal place of business was that of its litigation counsel in Tyler, Texas.  (*Id.* at Exs. 4 and 5).

The Federal Circuit has repeatedly disapproved of such tactics, most recently in *In re Microsoft Corporation*, -- F.3d --, Misc. No. 944, 2011 U.S. App. LEXIS 80 (Fed. Cir. Jan. 5, 2011) (granting transfer despite plaintiff's incorporation in Texas 16 days prior to filing suit).  As the Federal Circuit explained, "[t]he Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation."  *Id.* at *6.  The Court further held that the plaintiff's presence in the EDTX was "recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue."  *Id.*at *8-9.  *See also, In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding that plaintiff was "attempting to game the system by artificially seeking to establish venue" where plaintiff transferred files from Michigan to a Texas office space it shared with other of its counsel's clients); *Software Rights Archive, LLC v. Google, Inc.*, Case No. 2:07-cv-511, 2010 U.S. Dist. LEXIS 73972, at *16 (E.D. Tex. July 22, 2010) (noting that "establishing a principal place of business in this district shortly before filing suit does not create a local interest.").

Because there is no connection between EON IP Holdings and the Marshall Division of EDTX and only an ephemeral connection between EON IP Holdings and the Tyler Division of

DM1\2494625.4

the EDTX, this is exactly the type of case that the Federal Circuit found in *Microsoft* should be transferred to a more convenient forum.

### C.    This Action Might Have Been Brought In Northern California

The threshold determination to be made under § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought.  *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049 (2003).  Venue in a patent infringement action is proper in the district where the defendant resides, or where the defendant has (allegedly) committed acts of infringement.  28 U.S.C. §§ 1400(b); 1391(c) ("a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced").  As to the patent infringement claims brought by EON IP Holdings in this action, all Defendants that have noticed an appearance of counsel, with the exception of nTelos, Inc. and Cellular South, Inc.,[4] have consented to the jurisdiction of the NDCA for the limited purpose of this case and have confirmed that they design and/or offer for sale products accused of infringement in the NDCA and/or offer for sale products that are part of networks provided to California customers.  (See Yungwirth Decl. at ¶ 9).  Further, of the Defendants who have not yet appeared, none are headquartered in the EDTX.[5]

---

[4] During the meet and confers referenced in the Certificate of Conference, nTelos and Cellular South contended that they are not subject to personal jurisdiction in EDTX or NDCA and, therefore, the case should be dismissed as to them regardless of the outcome of this Motion. SerComm Corporation contends that it has not offered for sale or sold the accused products in NDCA or EDTX, however, SerComm consents to the jurisdiction of NDCA for the limited purpose of this case.

[5] It is irrelevant whether or not EON IP Holdings is subject to personal jurisdiction in the NDCA.  *In re Genentech*, 566 F.3d at 1346 ("There is no requirement under § 1404(a) that a
(Continued…)

8

**D.      Each of the Private Interest Factors Strongly Favors Transfer To NDCA**

Once it is determined that a case could have been brought in the transferee forum, the Court then must consider the private interest factors. *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 776 (E.D. Tex. 2009).  The so-called private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen*, 545 F.3d at 315.

**1.      Relative Ease of Access to Sources of Proof.**

"[A]lmost invariably, this factor will turn upon which party will most probably have the greater volume of documents relevant to the litigation and their presumed physical location in relation to the transferee and transferor venues." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 767 (E.D. Tex. 2009).  Generally, in "patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006) (internal quotations omitted).

This factor overwhelmingly supports transfer because relevant documents of the six California-based defendants are largely to be found in the NDCA.  (*See* Doo Decl. at ¶¶ 5-7;

(Continued…)

transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff.").

DM1\2494625.4

Galvin Decl. at ¶¶ 4, 6; Hernandez Decl. at ¶¶ 3-4; Prabhala Decl. at ¶ 4). *See also, Software Rights Archive*, 2010 U.S. Dist. LEXIS 73972, at *9-10 (finding this factor strongly in favor of transfer where defendants showed that most of the documentary evidence was located in the NDCA). Likewise, various third-party documents and witnesses such as those from technology and chipset suppliers and the prosecuting attorney's files will be found in the NDCA and would be subject to streamlined third party discovery as compared to such discovery if the case is not transferred. (Doo Decl. at ¶ 10; Yungwirth Decl. at ¶ 10; Hernandez Decl. at ¶ 6). On the other hand, none of the Defendants are aware of relevant hard copy documents in the EDTX. (Doo Decl. at ¶ 9; Galvin Decl. at ¶ 7; Hernandez Decl. at ¶ 7; Prabhala Decl. at ¶ 4). Clearly, this first private interest factor weigh heavily in favor of transfer to the NDCA.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

The second private interest factor likewise weighs in favor of transfer because, unlike the EDTX, the NDCA has subpoena power over many non-party witnesses. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009) (holding that district court should have weighed another venue's absolute subpoena power over non-party witness to favor transfer); *Genentech*, 566 F.3d at 1345 (ordering transfer where "[t]he fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly."); *WiAV Networks, LLC v. 3Com Corp.*, Civil Action No. 5:09-CV-101-DF, slip op. at 6 (E.D. Tex. July 15, 2010) (finding that this factor "will generally favor transfer when more non-party witnesses reside within the proposed venue than in the current venue.").

The knowledge possessed by third-party witnesses relates to important issues in this case, including the prosecution of the patent-in-suit and the design and operation of the underlying

accused technology. As noted above, the patent prosecution attorney is located in the NDCA. (Yungwirth Decl. at Ex. 6-7). Further, the chipsets included in some of the accused products were manufactured by a non-party that is headquartered in the NDCA. (Doo Decl. at ¶ 10). Likewise, many of the accused products include third-party software that may be relevant to this case provided by third parties located in the NDCA. (Doo Decl. at ¶ 10; Hernandez Decl. at ¶ 6). All of these third-party witnesses are subject to the subpoena power of the NDCA but not the EDTX.

### 3. Convenience of the Parties and Witnesses and Cost of Attendance for Willing Witnesses

This third private interest factor also weighs in favor of transfer because ten of the Defendants are based on the West Coast and six in the NDCA. Accordingly, many of the potential party witnesses on technical, marketing and financial subjects live in or near the NDCA. (*See* Doo Decl. ¶¶5-7; Galvin Decl. ¶¶ 3-5; Hernandez Decl. ¶¶ 2, 4-5; Jones Decl. ¶ 3; and Prabhala Decl. at ¶¶ 3 and 5). It will be far more convenient for the West Coast Defendants' witnesses to travel to the NDCA than to the EDTX. *Partsriver, Inc. v. Shopzilla, Inc.*, 2009 U.S. Dist. LEXIS 12482, at *7-8 (E.D. Tex. Jan. 30, 2009) (transferring the case from the EDTX to the NDCA notwithstanding a Washington defendant).

On the other hand, not one defendant is located in the EDTX. Only Mavenir Systems, Inc. is based in Texas, and it is located in the Northern District of Texas. The remaining Defendants who are not based on the West Coast are based overseas or elsewhere in the United States and generally will have to travel long distances to participate at a trial in EDTX or

NDCA.[6]  And all defendants who have appeared either move for, consent to, or do not oppose transfer to California.  *See SMDK Corp. v. Creative Labs, Inc.*, No. 2:08-cv-26, U.S. Dist. LEXIS 123486, at *7 (E.D. Tex. Dec. 11, 2009) (granting motion to transfer multi-defendant case from EDTX to NDCA where some parties had connections to California even where the "Northern District of California may potentially be less convenient for defendants located closer to the Eastern District of Texas . . . but no defendant opposes the present motion to transfer.").

Moreover, EON's ephemeral connections to Tyler, Texas, do not outweigh the convenience of the NDCA for many parties. As noted above, the plaintiff's choice of forum is not a separate factor to be considered in the transfer analysis but instead relates to the convenience analysis.  *Nintendo*, 589 F.3d at 1200.  Here, EON IP Holdings likely has very few, if any, party witnesses located in Texas.  (Yungwirth Decl. at ¶ 8).  Gilbert Dinkins, the named inventor, resides in Forest, Virginia.  (*Id.*, Ex. 4 at 3).  Likewise, Mr. Barragan, the president of EON Corporation and leader of EON IP Holdings resides in Mexico and would have to travel to the United States regardless of whether this case proceeds in EDTX or is transferred to NDCA. (*Id.* at ¶ 7).  When the limited number of potential EON IP Holdings' witnesses in the EDTX is compared with the substantial number of parties and important third parties located in, or near, the NDCA, it is clear that the NDCA is the more convenient forum.  *See, e.g., Genentech*, 566 F.3d at 1345 (ordering transfer to the venue where a substantial number of parties and third parties reside); *Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, Case No. 2:10-cv-109-

---

[6] The Defendants that are not based in California or Washington are located in Sweden, Taiwan, North Carolina, Maryland, north Texas, Massachusetts, Kansas, Louisiana, Illinois (3), Mississippi, and Virginia.  Thus, the NDCA is the only clear nexus of activity in this case.

TJW, slip op. at 10 (E.D. Tex. Jan. 12, 2011) (finding this factor in favor of transfer where more witnesses would be inconvenienced by traveling to the EDTX than to the transferee venue). As the Federal Circuit has confirmed, the question is not whether "*all* of the witnesses" reside in the transferee forum, but whether a "substantial number" are there. *Genentech*, 566 F.3d at 1345.

### 4.    Other Practical Factors Favor Transfer to California

The final private interest considerations are the practical factors related to ease, expense, and expediency of trial. This case remains at its infancy and this Motion is timely. No scheduling order has been entered and there has been no discovery. To the extent EON IP Holdings argues that this case should remain in the EDTX because of the other '491 Patent case pending in the Tyler Division, Judge Love has recently addressed this very issue. In *SIPCO, LLC v. Control4Corp*, plaintiff argued that the existence of a lawsuit pending in another division in the EDTX regarding the same patents and technology counseled in favor of transfer. The Court was not persuaded by this argument and explained that the Court in Tyler "has no knowledge of that case and nothing is gained in terms of efficiency merely because the case is pending within the same judicial district as this case." *SIPCO, LLC v. Control4Corp*, Civil Action No. 6:10-cv-249-LED-JDL, slip op. at *6 (E.D. Tex. Feb. 8, 2011).

Additionally, by filing this case in the Marshall Division, as opposed to the Tyler Division, EON IP Holdings should be estopped from arguing that litigating similar patents in different forums presents any hardship. EON IP Holdings already is litigating these patents in two separate courts before two separate judges. Further, EON IP Holdings is litigating a separate patent against some of these same Defendants in Delaware. Thus, EON IP Holdings has chosen

to pursue its patent lawsuits in multiple venues and the existence of similar litigation in Tyler should not preclude the transfer of this case to the NDCA.

### E. The Public Interest Factors Also Favor Transfer Or Are Neutral

The final factors to be considered are the public interest factors including: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen*, 545 F.3d at 315. These factors either weigh in favor of transfer or are neutral.

#### 1. Administrative Difficulties Flowing From Court Congestion

The most recent Federal Judicial Caseload Statistics indicate that the median time to trial in civil cases is slightly shorter in the NDCA compared with the EDTX (24.2 months in the NDCA compared to 25.8 in the EDTX). (*See* Yungwirth Decl. at Ex. 8). Thus, the first public interest factor is neutral or weighs slightly in favor of transfer.

#### 2. Local Interest in Adjudicating Local Disputes

Given the substantial number of Defendants located in the NDCA, and the absence of any party's substantial business in the Marshall Division, the NDCA has a greater interest in this suit than the EDTX and especially the Marshall Division. Combined, there are many thousands of Defendants' employees living in the NDCA. (Doo Decl. at ¶ 11). Additionally, Defendants' chipset suppliers are largely based in Silicon Valley and the prosecution counsel for the Patent-in-Suit also lives in the NDCA. (Yungwirth Decl. at ¶ 10; Doo Decl. at ¶ 10). Consequently, a jury member from the NDCA would likely see the issues of this case having local import.

By comparison, EON IP Holdings employs at most a handful of residents (if any) in the EDTX. And because EON IP Holdings' only business is to license the intellectual property of its

parent company and litigate on its behalf, EON conducts very little business in the EDTX.  Thus, the NDCA has significantly more interest in this lawsuit than the EDTX, and this factor weights in favor of transfer to the NDCA.  *See Promote Innovation*, Case No. 2:10-cv-109, Doc. 43 at 11 ("The Court must consider local interest in the litigation because 'jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" (quoting *In re Volkswagen AG,* 371 F.3d 201, 206 (5th Cir. 2004))).

### 3.  Familiarity of the Forum with the Governing Law

With respect to the third public interest factor – the forum's familiarity with the law that will govern the case – both the NDCA and the EDTX are well-equipped to adjudicate patent law issues.  Both forums have patent local rules, and both forums are well recognized as being two of most experienced forums when it comes to patent litigation.  Accordingly, this factor is neutral.

### 4.  Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Federal patent law will apply to the issues in this case, so there is no potential for conflict of laws.  To the extent this factor looks at the potential conflict of rulings arising from the fact that EON has pursued patent litigation arising from this patent family in the Tyler Division and now the Marshall Division of the EDTX, this is an issue of EON IP Holdings' own making resulting from its serial filings.  Moreover, the potential transferee court (NDCA) has substantial experience handling patent litigation and is well equipped with any issues that might arise.  Under these circumstances, this factor is neutral.

## IV.  CONCLUSION AND REQUEST FOR HEARING

Moving Defendants respectfully request that this Court transfer this case to the NDCA and, pursuant to Local Rule CV-7(g), they respectfully request an oral hearing for this motion.

DM1\2494625.4

Respectfully submitted, this 14th day of February, 2011.

/s/ J. Patrick Kelley
_____

Matthew S. Yungwirth
Georgia Bar No. 783597
Email: msyungwirth@duanemorris.com
L. Norwood Jameson
Georgia Bar No. 003970
Email: wjameson@duanemorris.com
Leah J. Poynter
Georgia Bar No. 586605
Email: lpoynter@duanemorris.com
DUANE MORRIS LLP
700 Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 253-9600

Wesley W. Yuan
Texas Bar No. 24042434
Email: wwyuan@duanemorris.com
DUANE MORRIS LLP
1330 Post Oak Blvd., Suite 800
Houston, Texas  77056
Telephone:  (713) 402-3900

J. Patrick Kelley
Texas Bar No. 11202500
Email: patkelley@icklaw.com
Otis W. Carroll, Jr.
Texas Bar No. 03895700
Email: fedserv@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

*Counsel for Cisco Systems, Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ M. Craig Tyler
M. Craig Tyler
ctyler@wsgr.com
State Bar No. 00794762
Brian D. Range
brange@wsgr.com
State Bar No. 24033106
900 South Capital of Texas Highway
Las Cimas IV Fifth Floor
Austin, Texas  78746-5546
Vice: 512-338-5400
Facsimile:          512-338-5499

Attorneys for Defendant,
ARUBA NETWORKS, INC.

COOLEY LLP

/s/ Jonathan G. Graves
Jonathan G. Graves
jgraves@cooley.com
Justin P.D. Wilcox
jwilcox@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: 703.756.8119
Facsimile: 703.456.8100

*ATTORNEYS FOR DEFENDANT
BROADSOFT, INC.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ M. Craig Tyler
M. Craig Tyler
ctyler@wsgr.com
State Bar No. 00794762
Brian D. Range
brange@wsgr.com
State Bar No. 24033106
900 South Capital of Texas Highway

17

Las Cimas IV Fifth Floor
Austin, Texas 78746-5546
Telephone: 512-338-5400
Facsimile:        512-338-5499

Michael B. Levin (*pro hac vice* pending)
mlevin@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant,
KINETO WIRELESS, INC.

WILEY REIN LLP

By: /s/ Brian H. Pandya_____
James H. Wallace, Jr.
Kevin P. Anderson
Brian H. Pandya
1776 K Street NW
Washington, D.C. 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Emails:  jwallace@wileyrein.com,
kanderson@wileyrein.com,
bpandya@wileyrein.com

*Counsel for Defendant ip.access, Inc.*

MORRISON & FOERSTER LLP

By: /s/  L. Scott Oliver_____
L. Scott Oliver
Diana Luo
Jessica J. Tipton
755 Page Mill Road
Palo Alto, CA 9304
Telephone: (650) 813-5600
Fax: (650) 494-0792
soliver@mofo.com
dluo@mofo.com
jtipton@mofo.com

Attorneys for Defendant
MERU NETWORKS INC.

18

SUNSTEIN KANN MURPHY
& TIMBERS LLP

/s/ Meredith L. Ainbinder
Kerry L. Timbers
Lead Attorney
MA Bar No.:  552293
Meredith L. Ainbinder
MA Bar No.:  661132
125 Summer Street
Boston, MA  02110
Office:  617-443-9292
Fax:  617-443-0004
ktimbers@sunsteinlaw.com
mainbinder@sunsteinlaw.com

Michael C. Smith
State Bar No. 18650410
Siebman, Burg, Phillips & Smith, LLP
113 E/ Austin Street
P.O. Box, 1556
Marshall, TX 75671
Office:  903-938-8900
Fax:  903-767-4620
michaelsmith@siebman.com

COUNSEL FOR DEFENDANT
TATARA SYSTEMS, INC.

19

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of DEFENDANTS CISCO SYSTEMS, INC., ARUBA NETWORKS, INC., BROADSOFT, INC., IP.ACCESS, INC., MERU NETWORKS, INC., STOKE, INC., TATARA SYSTEMS, INC., and KINETO WIRELESS, INC.'s JOINT MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 14, 2011. Any other counsel of record will be served by first class mail.


/s/ Matthew S. Yungwirth

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on February 10 and 11, 2011, Matthew Yungwirth, lead counsel for Defendant Cisco Systems, Inc. and Dan Scardino, lead counsel for Plaintiff EON Corp. IP Holdings, LLC, conferred by telephone regarding the relief sought in this Motion. A further telephonic meet and confer took place on February 14, 2011 and was attended by Messrs. Yungwirth and Scardino and other representatives of EON and certain other Defendants (including Cabrach Connor, Jeff Johnson, J. Patrick Kelley, Robert Weber, Brian Pandya, Melvin Wilcox, Andy Tindel, Meredith Ainbinder, Johnson Kuncheria, Nelson Kuan and Clyde Siebman. Plaintiff opposes this Motion. Likewise, counsel for the Defendants conferred by telephone during the week of February 7, 2011 and February 14, 2011, and counsel for the Defendants that have appeared in this case but not joined this Motion confirmed that the non-moving Defendants do not oppose this Motion.

/s/ Matthew S. Yungwirth

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |  |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:10-CV-00448-TJW |
| | ) | |
| SENSUS, USA, INC.; ARUBA NETWORKS, | ) | JURY TRIAL DEMANDED |
| INC.; BROADSOFT, INC.; CLAVISTER AB; | ) | |
| IP.ACCESS, INC.; JUNI AMERICA, INC.; | ) | |
| CISCO SYSTEMS, INC.; MAVENIR | ) | |
| SYSTEMS, INC.; MERU NETWORKS, INC.; | ) | |
| SERCOMM CORPORATION; SONUS | ) | |
| NETWORKS, INC.; SPRINT SPECTRUM, | ) | |
| L.P.; ADVANCED METERING DATA | ) | |
| SYSTEMS, LLC; STOKE, INC.; TATARA | ) | |
| SYSTEMS, INC.; HTC AMERICA, INC.; | ) | |
| PALM, INC.; UNITED STATES CELLULAR | ) | |
| CORPORATION; CELLULAR SOUTH, INC.; | ) | |
| NTELOS, INC.; MOTOROLA MOBILITY | ) | |
| HOLDINGS, INC.; MOTOROLA | ) | |
| SOLUTIONS, INC.; KINETO WIRELESS, | ) | |
| INC.; and AIRVANA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF MATTHEW S. YUNGWIRTH IN SUPPORT OF CISCO SYSTEMS, INC.'S MOTION TO TRANSFER VENUE

I, Matthew S. Yungwirth, declare and state the following:

1. I am a partner with the law firm of Duane Morris, LLP, counsel for Defendant Cisco Systems, Inc. ("Cisco") in this action. I provide this declaration in support of the Motion to Transfer being filed by Cisco and other defendants in the above-captioned matter. I have personal knowledge of the following except where noted as "upon information and belief," and if

called upon to do so, could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a highlighted, true and correct excerpt of the docket in the case styled *EON Corp. IP Holdings, LLC v. FLO TV, Inc.*, 10-cv-812-SLR (D. Del) that was obtained from PACER.

3. Attached hereto as Exhibit 2 is a highlighted, true and correct excerpt of the docket in the case styled *EON Corp. IP Holdings, LLC v. Verizon Clinton Center Drive Corp.*, 6:10-cv-379-LED-JDL (E.D. Tex.) that was obtained from PACER.

4. Attached hereto as Exhibit 3 is a highlighted, true and correct copy of the Texas Certificate of Formation of EON Corp. IP Holdings, LLC ("EON IP Holdings"), as filed on September 26, 2008 and obtained from the Texas Secretary of State's office.

5. Attached hereto as Exhibit 4 is a highlighted, true and correct copy of a patent license to U.S. Patent No. 5,592,491 (the "'491 Patent") granted by EON Corporation to EON IP Holdings, LLC and filed with the Court in *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc., et al.*, 6:10-cv-00379-LED (E.D. Tex) at Docket No. 157-1.

6. Attached hereto as Exhibit 5 is a highlighted, true and correct copy of the home page of the Potter Minton website, available at http://www.potterminton.com/, as it appeared on February 8, 2011.

7. Upon information and belief and based on a reasonable investigation, I understand that Alfonso Barragan, Manager of EON IP Holdings, has his primary residence in or around Monterrey, Mexico.

8. Upon information and belief and based on a reasonable investigation, I understand that EON IP Holdings has few, if any, employees in Tyler, Texas and no office or employees in

Marshall, Texas.

9.  Between February 7 and 14, 2011, I participated in a series of meet and confers with counsel for defendants who have appeared in the above captioned case.  During these conferences, all participating defendants, except nTelos, Inc. ("nTelos") and Cellular South, Inc. ("Cellular South"), consented to the jurisdiction of the Northern District of California ("NDCA") for the limited purpose of this case and confirmed that they design, offer for sale products accused of infringement in the NDCA and/or offer for sale products that are part of networks provided to California customers.  nTelos and Cellular South contend that they are not subject to jurisdiction in either the Eastern District of Texas ("EDTX").  SerComm Corporation ("SerComm") contends that it has not offered for sale or sold the accused products in the NDCA or the EDTX, however SerComm has consented to the jurisdiction of the NDCA for the limited purpose of this case.

10.  Attached hereto as Exhibit 6 is a highlighted, true and correct copy of the first page of the United States Patent Application for the '491 Patent showing Patrick T. King of Aptos, California, as the prosecuting attorney.

11.  Attached hereto as Exhibit 7 is a highlighted, true and correct copy of an Affidavit of Service filed with the Court in *EON Corp. IP Holdings, LLC v. Verizon Clinton Center Drive Corp.,* 6:08-cv-00385-LED (E.D. Tex) at Docket No. 330-1 on June 2, 2010 in connection with a subpoena served on Patrick T. King and showing service on Mr. King in Watsonville, California, which is located in the NDCA.

12.  Attached hereto as Exhibit 8 is a highlighted, true and correct copy of a statistical table of "Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and

DM1\1577548.1

Method of Disposition" from the Administrative Office of the U.S. Courts' website, available at http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics /2010/tables/C05Mar10.pdf, as it appeared on February 8, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 14th day of February, 2011, in Atlanta, Georgia.

_____
Matthew S. YoungWirth

Exhibit 4

## EXCLUSIVE LICENSE

This Exclusive License (the "Agreement") is made between EON Corporation f/k/a TV Answer, Inc. ("Assignor") and its subsidiary, EON Corp. IP Holdings, LLC ("Assignee").

WHEREAS Assignor wishes to exclusively license to Assignee certain rights in that certain Invention Assignment between EON Corporation and inventor Gilbert M. Dinkins, attached hereto as Exhibit A (the "Invention Assignment").

WHEREAS, in exclusively licensing the Invention Assignment, Assignor wishes to exclusively license to Assignee the entire right, title, and interest in or to US Patent Nos. 5388101, 5481546, and 5592491 (the "Patents") and any causes of action related to the patents that may accrue or may have accrued in Assignor's favor including, without limitation, any and all rights in or to any past infringement of the patents or any recovery therefor (collectively, "Licensed Rights").

WHEREAS, in exclusively licensing the Licensed Rights, Assignor wishes to grant to Assignee all other rights, title, and interest that the Assignor received through the Invention Assignment, including the rights and powers to oblige the inventor, his successors, legal representatives, and assigns to communicate any facts known respecting the Inventions, to testify in any legal proceeding, to sign all lawful papers, to execute all divisions, continuing, and reissue applications, to make all rightful oaths, and generally to do everything possible to aid the Assignee, its successors, legal representatives, and assigns, to obtain and enforce protection for the Inventions in all countries.

THEREFORE, in consideration of the sum of ten dollars ($10.00) and other valuable consideration, the receipt and sufficiency whereof is hereby acknowledged, Assignor exclusively licenses to Assignee, its successors, legal representatives, the Licensed Rights, including all right, title, and interest in and to US Patent Nos. 5388101, 5481546, and 5592491, all right to sue for past infringement of the Patents and to receive all recovery therefor, and every other right and interest in the Patents that the Assignor received by way of the Invention Assignment.

ASSIGNOR:

Signature: _____

Alfonso Barragán, President
Eon Corporation
360 Herndon Parkway, Suite 900
Herndon, VA 20170

ASSIGNEE:

Signature: _____

Alfonso Barragán, Manager
Eon Corp. IP Holdings, LLC
c/o Registered Agent
110 N. College
500 Plaza Tower
Tyler, Texas 75702

EXHIBIT A

## INVENTION ASSIGNMENT

WHEREAS, Gilbert M. Dinkins ("Assignor") and EON Corporation f/k/a TV Answer, Inc. ("Assignee") are parties to that certain Confidentiality and Non-Disclosure Agreement and that certain Employment Agreement (collectively "Agreement").

WHEREAS, during the course of his performance under the Agreement, Assignor developed a number of inventions and improvements including the patents and patent applications listed on Exhibit A attached hereto (the "Dinkins Patents").

WHEREAS, in the Agreement, Assignor agreed to assign to Assignee "all rights, title and interest in an to any and all discoveries, improvements, extensions or advancements made, conceived, devised, developed or protected by him" during the course of his employment.

WHEREAS, the parties desire to confirm and amend the Agreement as set forth herein.

WHEREAS, Assignee desires to obtain the entire right, title, and interest in and to the Dinkins Patents, any reissues, divisions, continuations, continuations-in-part, substitutions thereof, new applications, and issued patents claiming priority from the Dinkins Patents; and any conceptual improvements, extensions, or derivatives related to the subject matter of the Dinkins Patents; and all applications for intellectual property protection, including, without limitation, all patent applications, utility models, and designs or any other grants of rights which may hereafter be filed, obtained, or asserted for inventions competitive with the Dinkins Patents in the United States or any country or countries anywhere, together with the right to file such applications and the right to claim for the same priority rights derived from the Dinkins Patents under the Patent Laws of the United States, the International Convention for the Protection of Industrial Property, any other international agreement, or the domestic laws of any country as may be applicable; and any causes of action related to the Dinkins Patents that may accrue or may have accrued in Assignor's favor including, without limitation, any rights in or to any past infringement of the Dinkins Patents or any recovery therefor (collectively, "Inventions").

THEREFORE, in consideration of the sum of ten dollars ($10.00) and other valuable consideration, the receipt and sufficiency whereof is hereby acknowledged, Assignor assigns to Assignee, Assignee's successors, legal representatives, and assigns, the entire right, title, and interest in and to the Inventions and also hereby assigns to Assignee, Assignee's successors, legal representatives, and assigns the right to sue for past infringement of the Dinkins Patents.

Assignor hereby warrants that Assignor will communicate to the Assignee, its successors, legal representatives, and assigns, any facts known to the Assignor respecting the Inventions, make himself reasonably available at a convenient time to testify in any legal proceeding, sign all lawful papers, execute all divisions, continuing, and reissue applications, make all rightful oaths, and generally do everything possible to aid Assignee, its successors, legal representatives, and assigns, to obtain and enforce protection for the Inventions in all countries.

Assignor authorizes and requests the Commissioner for Patents of the United States, and any official of any country or countries foreign to the United States, whose duty it is to issue patents or other evidence or forms of intellectual property protection on applications for such protection, to issue the same to Assignee, its successors, legal representatives, and assigns, in accordance with the terms of this agreement.

Signature: _Gilbert M. Dinkins_   9/26/08
                Gilbert M. Dinkins

Address: 1291 Donnelly Rd.
            FOREST, VA 24551

On the other hand, EON identifies numerous potential witnesses who are closer to EDTX.[5] EON is a Texas limited liability company with its principal place of business in Tyler, Texas.[6] EON was formed in 2008 and has been based in Tyler since that time.[7] EON is a wholly-owned subsidary of EON Corporation (f/k/a TV Answer, Inc.), a Delaware corporation that has been in continuous operation since 1986 in Virginia.[8] The pertinent public and private interest factors weigh against transfer, and judicial economy dictates this case remain in the EDTX. For the reasons outlined below, EON respectfully requests the Court deny Apple's Motion to Transfer.

## II.    LEGAL AUTHORITIES

Under 28 U.S.C.A. § 1400(b), the specific venue statute for patent infringement claims, a civil action for patent infringement may be brought (1) in the judicial district where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business.[9] A business entity "resides," for purposes of Section 1400(b), in any judicial district in which it would be subject to personal jurisdiction at the time the action is commenced.[10] Apple does not allege that the EDTX is an improper venue for this

---

[5]   *See* Appendix A. Appendix A lists witnesses that EON plans to identify in its initial disclosures in this case, consistent with its initial disclosures in other cases. *See* **Exhibit C**, EON's Disclosures Pursuant to Discovery Order in *EON Corp. IP Holdings, LLC v. Landis+Gyr Inc*, No. 6:11-cv-00317-LED-JDL, at 1, 23-31.

[6]   *See* Affidavit of Erick Haas, at ¶ 1 (a true and correct copy of which is attached hereto as **Exhibit A).**

[7]   *See* Ex. A, Affidavit of Erick Haas at ¶¶ 2-3.

[8]   *See* Ex. A, Affidavit of Erick Haas at ¶ 4. EON Corporation's main office has been located in Herndon, VA at the same address since long before EON filed its first patent case in 2008. The Virginia office is the original repository of the company's records from its twenty-five plus year history. Relevant files from that repository were transferred to EON's Texas office and digitized for production in connection with this and EON's other patent litigation matters.

[9]   28 U.S.C.A. § 1400(b).

[10]   28 U.S.C.A. § 1391(c)(2); *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1583 (Fed. Cir. 1990).

## APPENDIX A

| Witness | Location | Designated By | Subject | 100-Mile Rule |
|---------|----------|---------------|---------|---------------|
| Alfonso Barragán | Monterrey, Mexico | EON | Business operations of EON and EON Corporation. | 606 miles to Tyler 1910 miles to SF |
| Erick Haas | Monterrey, Mexico | EON | Business operations of EON and EON Corporation. | 606 miles to Tyler 1910 miles to SF |
| Gilbert M. Dinkins | Forest, VA | EON | Conception, reduction to practice, and development of the claimed inventions. | 1258 miles to Tyler 2807 miles to SF |
| Fernando Morales-Garza | Rancho Viejo, TX | EON | Conception, reduction to practice, and development of the claimed inventions. | 541 miles to Tyler 1999 miles to SF |
| Mark S. Fowler | Naples, FL | EON | May have knowledge of EON regulatory and FCC dealings as former Director, EON Corporation; former Latham & Watkins partner and counsel for EON Corporation during the period before and after filing of patent-in-suit; former Chairman of the FCC. | 1223 miles to Tyler 3065 miles to SF |

| Witness | Location | Designated By | Subject | 100-Mile Rule |
|---|---|---|---|---|
| James F. Rogers | Washington, D.C. | EON | Latham & Watkins partner and counsel for EON Corporation during the period before, during, and after the filing of the patent-in-suit. May have knowledge of FCC licensing, business relations, and contacts. | 1269 miles to Tyler 2815 miles to SF |
| Lauren Battaglia | San Anselmo, CA | EON | Business operations of TV Answer/EON Corporation. | 1845 miles to Tyler 19 miles to SF |
| Dana Doten | Fairfax Station, VA | EON | Business operations of EON Corporation. | 1254 miles to Tyler 2820 miles to SF |
| Thomas MacLeod | Fairfax, VA | EON | Business operations of EON Corporation. | 1253 miles to Tyler 2816 miles to SF |
| Robert Rittler | Westchester, PA | EON | May have information regarding EON's communication system infrastructure development; former Vice President of EON Corporation. | 1328 miles to Tyler 2774 miles to SF |
| Carlos Silva | Address unknown | EON | Former EON Corporation employee with knowledge of EON's technology development. | |

| Witness | Location | Designated By | Subject | 100-Mile Rule |
|---|---|---|---|---|
| Len Smith | Herndon, VA | EON | Former EON Corporation employee with knowledge of EON's technology development. | 1258 miles to Tyler 2807 miles to SF |
| David Lehman | Address unknown | EON | Former President and CEO of EON Corporation. May have knowledge of the business of EON Corporation. | |
| Pillsbury Winthrop, LLP | McLean, VA (also has offices in CA and Houston) | EON | Pillsbury Winthrop may have knowledge related to the prosecution of and prior art to the EON patent-in-suit and related patents. | 1262 miles to Tyler 2807 miles to SF |
| Jay Keyworth | Washington, D.C. | EON | Former Director of EON Corporation. Has knowledge of business of EON Corporation. | 1269 miles to Tyler 2815 miles to SF |
| Melvin Sutphin | Goode, VA | EON | Former EON Corporation software engineer; may have knowledge of product development efforts. | 1078 miles to Tyler 2776 miles to SF |
| Ted Tarr | Reston, VA and Herndon, VA | EON | Former Senior VP and Chief Operating Officer of EON Corporation may have knowledge related to the formation, business, and operation of EON Corporation. | To/from Herndon: 1258 miles to Tyler 2807 miles to SF |

| Witness | Location | Designated By | Subject | 100-Mile Rule |
|---------|----------|---------------|---------|---------------|
| Roger Poole | Williamsburg, VA | EON | Former employee of EON Corporation. | 1271 miles to Tyler 2931 miles to SF |
| Hal Turner | Address unknown | EON | Former president of EON Corporation; may have knowledge of the business operations of EON Corporation. | |
| Vanya Galanin | NY, NY | EON | EON's marketing efforts and business. | 1489 miles to Tyler 2906 miles to SF |
| Terry Johnson | Columbia, MD | EON | Former EON Corporation employee; may have knowledge about EON Corporation's businesses, products, and technology. | 1291 miles to Tyler 2810 miles to SF |
| Robert Greene Sterne | Washington, DC | EON | May have knowledge related to the prosecution and reexamination of and prior art to the EON patent-in-suit and related patents. | 1269 miles to Tyler 2815 miles to SF |
| Michael Sheridan | Address unknown | EON | Former President of EON Corporation; may have knowledge related to the formation, business, and operation of EON Corporation. | |
| Bill McMinn | San Antonio, TX | EON | Knowledge of EON Corporation and projects. | 308 miles to Tyler 1732 miles to SF |

| Witness | Location | Designated By | Subject | 100-Mile Rule |
|---------|----------|---------------|---------|---------------|
| Bob Chiaramonte | Lisle, IL | EON | Knowledge of EON Corporation and projects. | 916 miles to Tyler 2106 miles to SF |
| Bob Hensen | Stafford, VA | EON | Knowledge of EON Corporation, projects, and business development. | 1222 miles to Tyler 2849 miles to SF |
| Carlos Munoz | Herndon, VA | EON | Knowledge of TV Answer, Inc. and projects. | 1258 miles to Tyler 2807 miles to SF |
| Donald Grede | Lafayette, CO | EON | Knowledge of TV Answer, Inc. and projects. | 990 miles to Tyler 1255 miles to SF |
| Doug Judd | Forest, VA | EON | Knowledge of TV Answer, Inc. marketing and operations. | 1084 miles to Tyler 2782 miles to SF |
| Kevin Tamai | Woodbridge, VA | EON | Knowledge of TV Answer, Inc. network engineering. | 1242 miles to Tyler 2828 miles to SF |
| Len Smith | Ocean Pines, MD | EON | Knowledge of TV Answer, Inc. and projects. | 1411 miles to Tyler 2942 miles to SF |
| Shaila McCall | Waldorf, MD | EON | Knowledge of EON Corporation and projects. | 1295 miles to Tyler 2843 miles to SF |

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |

| | | |
|---|---|---|
| v. | § | |
| | § | Civil Action No. 6:11-cv-00317 |
| LANDIS+GYR INC., et al., | § | |
| | § | JURY TRIAL REQUESTED |
| Defendants. | § | |

| | | |
|---|---|---|
| v. | § | |
| | § | Civil Action No. 6:11-cv-0015-LED-JDL |
| SKYGUARD, LLC, et al., | § | |
| | § | JURY TRIAL REQUESTED |
| Defendants. | § | |
| | § | |

## DECLARATION OF ERICK HAAS

I, Erick Haas, declare under penalty of perjury of the laws of the United States that the following statements are true based on my personal knowledge:

1.    I am a Manager of EON Corp. IP Holdings LLC ("EON), a Texas limited liability company with its principal place of business in Tyler, Texas.

2.    EON was formed in 2008 and has been based in Tyler since that time.

3.    EON has continuously had an employee its the Tyler, Texas office.

4.    EON is a wholly owned subsidiary of EON Corporation (fka TV Answer, Inc.) a Delaware corporation based and in continuous operation since 1986 in Virginia.

5.    The bulk, if not all, of EON's documents and evidence is located in Texas, including in the Eastern District.

6.    EON holds corporate meetings in Tyler, where corporate records, books, and papers are kept.

7.    I expect to be a party witness for EON.

8.    I frequently travel to Texas on business. It would be inconvenient for me to travel to the Northern District of California for trial in this case.

Respectfully submitted,

Erick Haas
Manager
EON Corp. IP Holdings, LLC

Executed on August 6, 2012

2

A248

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:12-CV-00943 |
| | § | |
| APPLE INC., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

### DECLARATION OF PATRICK KING

I, Patrick King, declare under penalty of perjury of the laws of the United States that the following statements are true based on my personal knowledge:

1.      I am one of the attorneys who prosecuted the patents-in-suit before the United States Patent and Trademark Office.

2.      I have been deposed in previous patent infringement cases brought by EON Corp. IP Holdings, LLC ("EON").

3.      I live in Walnut Creek, California.  I am willing to appear voluntarily for trial in Tyler, Texas.

Respectfully submitted,

_Patrick S. King_
Patrick King

Executed on May 10, 2013

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:11-cv-00317 |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| LANDIS+GYR INC.; ACLARA POWER- | § | |
| LINE SYSTEMS INC.; ACLARA RF | § | |
| SYSTEMS INC.; ELSTER SOLUTIONS, | § | |
| LLC; ENERGYICT, INC.; SILVER | § | |
| SPRING NETWORKS, INC.; ITRON, | § | |
| INC.; TRILLIANT NETWORKS INC. and | § | |
| ELSTER AMCO WATER, LLC, | § | |
| | § | |
| Defendants. | § | |

## EON'S DISCLOSURES PURSUANT TO DISCOVERY ORDER

Plaintiff EON Corp. IP Holdings, LLC ("EON") provides these Disclosures pursuant to paragraph one of the Agreed Discovery Order. EON's disclosures are based on information that is reasonably available to EON at this time and EON's understanding of the allegations set forth in the pleadings Defendants have filed. EON reserves the right to amend or supplement these disclosures, to the extent necessary, as the case progresses and as the Defendants make their specific allegations and information known.

1

within the scope of one or more claims of the '491 Patent. In addition to its networks and services, Elster AMCO Water sells, offers for sale or imports network components (e.g., evoRTM Radio Transceiver Modules (Endpoints), evoHop Range Extenders, evoGate Central Collector, evolution Ground Server, Router, evoNet Manager, and evoNetWalk Meter Reading & Installation Tool) and software specially configured for use in and constituting a material portion of the patented communication networks. Elster AMCO Water's two-way communication networks, network components, and related software platforms are not staple articles or commodities of commerce suitable for substantial non-infringing use. Upon information and belief, Elster AMCO Water sells, offers for sale, or imports two-way communication networks, network components, and related software platforms in the United States knowing that they will become a material part of a product or process that infringes the '491 Patent. Elster AMCO Water has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, one or more claims of the '491 Patent alone or jointly with others, including utilities, customers, end users, and/or network component manufacturers.

For each defendant, EON also incorporates by reference Plaintiff's Infringement Contentions, served on April 11, 2012.

**D. The Name, Address, and Telephone Number of Persons Having Knowledge of Relevant Facts, a Brief Statement of Each Identified Person's Connection With the Case, and a Brief, Fair Summary of the Substance of the Information Known by Such Person**

1. The following individuals are likely to have discoverable information that EON may use to support its claims and/or defenses:

    a. **Alfonso Barragán, Manager, EON and CEO, President and Chairman, EON Corporation**

    Address:
    Monterrey, Mexico

23

Contact through:
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701

Subjects:  Business operations of EON and EON Corporation.

b.  **Erick Haas, advisor to EON and Senior Vice President, Chief Operating Officer, Secretary and Treasurer, EON Corporation**

Address:
Monterrey, Mexico

Contact through:
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701

Subjects:  Business operations of EON and EON Corporation.

c.  **Gilbert M. Dinkins, Named Inventor of the Patents-In-Suit**

Address:
1291 Donnally Road
Forest, Virginia  24551

Contact through:
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701

Subjects:  Conception, reduction to practice, and development of the claimed inventions.

d.  **Intellectual Ventures**

Address unknown

Subjects: knowledge of the patent-in-suit; damages.

e.  **Fernando Morales-Garza, former CEO, TV Answer**

56 Pizarro Ave.
Rancho Viejo, Texas 78575

24

Contact through:
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701

Subject: TV Answer.

f.   **Mark S. Fowler**

Address:
Beasely Broadcasting Group
3033 Riviera Drive, Suite 200
Naples, Florida 34103
(239) 263-5000

Subjects: May have knowledge of EON regulatory and FCC dealings as former Director, EON Corporation; former Latham & Watkins partner and counsel for EON Corporation during the period before and after filing of patent-in-suit; former Chairman of the FCC.

g.   **James F. Rogers**

Address:  Washington DC office of Latham & Watkins

Subjects: Latham & Watkins partner and counsel for EON Corporation during the period before, during, and after the filing of the patent-in-suit. May have knowledge of FCC licensing, business relations, and contacts.

h.   **Lauren Battaglia, former EON Corporation employee**

Address:
25 Waverly Road
San Anselmo, CA 94960

Subjects: Business operations of TV Answer/EON Corporation.

i.   **Dana Doten, former EON Corporation employee**

Address:
P.O. Box 7482
Fairfax Station, Virginia 22039
(703) 323-3920

Subjects:  Business operations of EON Corporation.

j.   **Michael Carper**

25

Address:
10 Woodbridge Center Drive
Woodbridge, NJ 07095

Subjects: General Counsel of United Wireless Holdings, parent of
Velocita Wireless, licensee.

k.  **Thomas MacLeod**

Address:
5113 Pheasant Ridge Road
Fairfax, Virginia 22030.

Contact through:
Reed & Scardino LLP
301 Congress Avenue, Ste. 1250
Austin, TX 78701
(512) 474-2449

Subjects: Business operations of EON Corporation.

l.  **Robert Rittler**

Address:
1300 Fieldpoint Dr.
Westchester, PA
(610) 793-2963

Subject: May have information regarding EON's communication system
infrastructure development; former Vice President of EON Corporation.

m.  **Carlos Silva**

Address unknown

Subject: Former EON Corporation employee with knowledge of EON's'
technology development.

n.  **Len Smith**

Address:
718 Old Hunt Way
Herndon, VA 20170

Subject: Former EON Corporation employee with knowledge of EON's
technology development.

26

o.  **David Lehman**

Address unknown

Subjects: Former President and CEO of EON Corporation. May have knowledge of the business of EON Corporation.

p.  **Representative of Pillsbury Winthrop, LLP**

Address:
1600 Tysons Boulevard
McLean VA 22102
(202) 371-2600

Subjects: Pillsbury Winthrop may have knowledge related to the prosecution of and prior art to the EON patent-in-suit and related patents.

q.  **Jay Keyworth**

1444 1st NW, Ste 500
Washington, DC 20005
(202) 289-8928

Subjects: Former Director of EON Corporation. Has knowledge of business of EON Corporation.

r.  **Melvin Sutphin**

Address:
1155 Heightview Dr.
Goode, VA 24556
(540) 586-3394
Subjects: Former EON Corporation software engineer may have knowledge of product development efforts.

s.  **Ted Tarr**

Address:
1941 Roland Clarke Place
Reston, VA 22091
360 Herndon Pkwy
Herndon, VA 20170
(703) 467-0230

Subjects: Former Senior VP and Chief Operating Officer of EON Corporation may have knowledge related to the formation, business, and

27

operation of EON Corporation.

t.    **Roger Poole**

Address unknown

Subjects: Former employee of EON Corporation.

u.    **Hal Turner**

Address unknown

Subjects: Former president of EON Corporation; may have knowledge of
the business operations of EON Corporation.

v.    **Vanya Galanin**

Address:
8 E 96TH ST. #15B-E
New York, NY 10128-0706

Subjects:  EON's marketing efforts and business.

w.    **Terry Johnson**

Address:
7510 New Grace Mews
Columbia, MD 21046

Contact through:
Reed & Scardino LLP
301 Congress Avenue, Ste. 1250
Austin, TX 78701
(512) 474-2449

Subjects: Former EON Corporation employee; may have knowledge about
EON Corporation's businesses, products, and technology.

x.    **Robert Greene Sterne**

Address:
Robert Greene Sterne
Sterne, Kessler, Goldstein & Fox
1100 New York Ave., NW
Washington, DC 20005
(202) 371-2600

28

Subjects: Mr. Sterne may have knowledge related to the prosecution and reexamination of and prior art to the EON patent-in-suit and related patents.

y. **Michael Sheridan**

Address unknown.

Subjects: Former President of EON Corporation may have knowledge related to the formation, business, and operation of EON Corporation.

z. **Patrick T. King, Attorney**

Address:
144 Holm Rd. Spc 39
Watsonville, CA 95076
(831) 722-8591 / (831) 722-1830

Subjects: Prosecution of the patent-in-suit and related patents.

aa. **John P. Wagner, Jr., Attorney**

Address:
1999 S. Bascom Ave.
Suite 1050
Campbell, CA 95008
(408) 377-0500

Subjects: Prosecution of the patent-in-suit and related patents.

FROM BENTLEY'S LIST OF FORMER EON EMPLOYEES

bb. **Bill McMinn, Vice President, EON Corp.**

Address:
25903 Big Bluestem
San Antonio, TX 78261
(830) 714-724

Subjects: knowledge of EON Corp. and projects

cc. **Bob Chiaramonte, Vice President Information Systems, EON Corp.**

Address:
SXC Health Solutions, Inc.
2441 Warrenville Road, Suite 610

29

Lisle, IL 60532-3642
T:(630)577-3100

Subjects: knowledge of EON Corp. and projects

dd.    **Bob Hensen, EON Corp., Director, Strategic Business Development**

Address:
132 Chriswood Ln
Stafford, VA 22556-6601
(540) 286-3134

Subjects: knowledge of EON Corp., projects, and business development

ee.    **Carlos Munoz, Officer, TV Answer, Inc.**

Address:
12625 Pinecrest Rd
Herndon, VA 20171
(301) 933-7362

Subjects: knowledge of TV Answer, Inc. and projects

ff.    **Donald Grede, TV Answer, Inc., Director**

Address:
2549 Cowley Dr
Lafayette, CO 80026
(303) 666-9292

Subjects: knowledge of TV Answer, Inc. and projects

gg.    **Doug Judd, Marketing and Operations, TV Answer, Inc.**

Address:
735 Lake Vista Dr.
Forest, VA 24551
(434) 385-7412

Subjects: knowledge of TV Answer, Inc. marketing and operations

hh.    **Kevin Tamai, Network Engineering at TV Answer/EON Corp**

30

Address:
2973 Fox Tail Court
Woodbridge, VA 22192
(703) 622-6861

Subjects: knowledge of TV Answer, Inc. network engineering

ii.     **Len Smith, TV Answer, Inc., Vice President, Data Products**

Address:
536 Yacht Club Drive
Ocean Pines, MD 21811
(410) 641-6479
Fax: (206) 350-0622

Subjects: knowledge of TV Answer, Inc. and projects

jj.     **Shaila McCall, EON Corp., VP of Finance and Administration**

2342 Ashford LN
Waldorf, MD 20603
(240) 416-2623

Subjects: knowledge of EON Corp. and projects

kk.     **Eric Kocian**

Address:
Blue Bonnet Electric Cooperative
3186 E. Austin St.
Giddings, Texas 78942

Subjects: Knowledge of Silver Springs Smart Grid deployment

ll.     **Matt Bentke**

Chief Operating Officer
Blue Bonnet Electric Cooperative
Bryan, Texas

Subjects:
Knowledge of Silver Springs Smart Grid deployment

mm.     **Rick Ross**

31

## I.     INTRODUCTION

EON's opposition fails to overcome the clear evidence that the Northern District of California ("N.D. Cal.") is the more convenient venue.  Significantly, EON's opposition does not alter any facts as to EON's witnesses and materials before this Court in *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 2:10-cv-448, 2012 U.S. Dist. LEXIS 9545 (E.D. Tex. Jan. 9, 2012), in which this Court ordered transfer.  EON has, yet again, failed to identify a single witness in this District, and has again failed to identify any connection to this District other than EON's decision to store a second copy of certain records here in a transparent effort to buttress its venue argument.  In contrast, the parties have now identified multiple witnesses and organizations resident in Northern California that have relevant evidence.  This record is more than ample to demonstrate that the N.D. Cal. is clearly the more convenient venue.

## II.    THE PRIVATE INTEREST FACTORS CLEARLY FAVOR TRANSFER

<u>The N.D. Cal.'s subpoena power over relevant witnesses clearly favors transfer</u>.  The disclosures EON submitted in other matters identify <u>six</u> third party witnesses and organizations[1] subject to the subpoena power of the N.D. Cal. that have no presence here:

- John P. Wagner and Patrick T. King, residents of Campbell and Watsonville, CA, respectively, prosecuted three of the four patents-in-suit.  Response, ECF No. 28 at Ex. C; Anderson Decl., ¶ 12.

- EON identified Lauren Battaglia, a San Anselmo, CA resident, as knowledgeable about business operations of EON.  Response, ECF No. 28 at App'x A[2]

---

[1] EON's purported authority for the proposition that Apple must identify unwilling witnesses is distinguishable and not persuasive.  For example, the defendant in *Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*, did not specifically allege that the identified third-parties were unwilling; but, this Court still found that this factor favored transfer.  No. 6:11-cv-34, 2012 U.S. Dist. LEXIS 114502 at *24-25 (E.D. Tex. Apr. 19, 2012).

[2] Ms. Battaglia was significantly involved in EON's interactions with the FCC identified by EON's complaint. *Compare* http://ecfsdocs.fcc.gov/filings/1994/02/16/127319.html (identifying Ms. Battaglia's role in meetings with the FCC on EON's behalf) *with* Complaint, ECF No. 1 at ¶ 1 (describing EON's alleged activities in developing "Interactive Video and Data Services" and obtaining wireless spectrum) *and* Anderson Supp. Decl., ¶ 5, Ex. 5; Response, ECF No. 28 at App'x A; Anderson Supp. Decl., ¶¶ 3-4, Exs. 3-4.

- EON identified Intellectual Ventures (with a Mountain View, CA office) as a company with information relevant to at least one of the patents-in-suit.[3]

- Latham & Watkins LLP, EON's counsel with knowledge of FCC dealings, business relations and contacts, has a Menlo Park, CA office.[4]

- Pillsbury Winthrop LLP, an entity with patent prosecution and prior art knowledge for at least three of the four patents-in-suit, has Palo Alto and San Francisco, CA offices.[5]

"The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also EON Corp. IP Holdings*, 2012 U.S. Dist. LEXIS 9545, at *11 ("'absolute subpoena power' (for depositions as well as trial) over non-parties, such as patent prosecution counsel, is a significant consideration in the venue analysis.").[6]

    <u>The convenience to witnesses clearly favors transfer.</u>  Mark Buckley is an Apple employee located in the N.D. Cal. with information on Apple's financial records.  Buckley Decl., ¶ 1.  In contrast, EON identified no witness in this District, and only identified two potential witnesses in Texas, with the closest 300 miles from Tyler.  Response, ECF No. 28 at App'x A.

    The record evidence also clearly demonstrates that the pool of Apple employees with relevant information is in the N.D. Cal, and not a drop is in this District.  Buckley Decl., ¶¶ 11-14.[7]  The difficulty in further specifying Apple employees has nothing to do with whether the employees are located in California – they are – but rather results from the fact that EON has not

---

[3] *Compare* Response, ECF No. 28 at Ex. C, p. 24 *with* http://www.intellectualventures.com/index.php/about/locations.
[4] *Compare* Response, ECF No. 28 at Ex. C, p. 25 *with* http://www.lw.com/offices/siliconvalley.
[5] *Compare* Response, ECF No. 28 at Ex. C, p. 27 *with* http://www.pillsburylaw.com/offices.
[6] EON cannot escape this stark disparity in witness location by obtaining a single declaration.  This declaration does not allow Apple to compel Mr. King's attendance, and does not address the five other N.D.Cal. third parties.
[7] EON cites to an Apple case <u>that was transferred out of this District to N.D. Cal.</u> for the proposition that Apple's relevant documents could be located in Austin, Texas.  Response, ECF No. 28 at 6 n.30.  That court noted, however, that Apple disputed this point.  *Adaptix, Inc. v. Apple, Inc.*, No. 6:12-cv-00125 at 6 n.3 (E.D. Tex. Mar. 28, 2013).  Importantly, this Court ordered transfer based on declarations with similar specificity to the Buckley declaration attached to Apple's opening brief.  *Id.* at 1; *compare* Anderson Supp. Decl., ¶ 7, Ex. 7 *with* Buckley Decl.

in any way identified the specific functionality that it accuses of infringement in iPhones, iPads, Apple TVs, etc.[8]  For example, assuming that EON's infringement allegations concern one (or a few) of the many functions provided by Apple TV software, a team of 23 Apple employees located in or near Cupertino work on those many different functions.  *See* Young Decl., ¶ 3-4.  One or more of these California residents, absent transfer, would be required to travel to and stay in Texas to offer testimony on the relevant (but undisclosed) function(s), unnecessarily taking time from critical work projects and their own personal interests.  *See* Young Decl., ¶ 6.[9]

        The cost of witness attendance clearly favors transfer.  Even if witnesses are seemingly willing to attend trial, requiring every single foreseeable witness to travel to Eastern Texas clearly disfavors keeping the case in this District.  EON's flawed "analysis" of counting travel miles does not avoid requiring yet more witnesses to travel while ignoring that many witnesses will travel by air, making travel to either venue similarly burdensome.  EON's mileage proposition is also refuted by the Federal Circuit's caution in *Genentech* that "the '100-mile' rule should not be rigidly applied" to witnesses that need to travel significant distance to either venue.  566 F.3d at 1344; *see also RMAIL Ltd. v. DocuSign, Inc.*, No. 2:11-cv-299, 2012 WL 1416299, at *3 (E.D. Tex. Apr. 24, 2012) (in finding travel burden between Los Angeles to Seattle (1,135 miles) or Marshall (1,585 miles) insignificantly different, this Court noted that "travel time and cost often vary significantly depending upon when travel is considered, booked, and what resources were used to conduct the same").

---

[8] EON's infringement allegations are vague.  *Compare* Core Wireless Licensing's Opp. to Apple's Motion to Transfer at 6, *Core Wireless Licensing S.A.R.L. v. Apple, Inc.*, No. 6:12-cv-00100  (E.D. Tex. June 25, 2012) (plaintiff asserted over 1,500 technical allegations against Apple) *with* Complaint, ECF No. 1 at ¶¶ 7, 21 ("interactive video" and "interactive data").  As EON concedes, it has not yet provided disclosures or contentions.  Response, ECF No. 28 at 1 n.2.

[9] EON's complaint about witness names is also disingenuous.  Apple requested that EON provide infringement contentions so that specific Apple employees with relevant information could be identified.  Anderson Supp. Decl., ¶¶ 6, Ex. 6.  EON's decision to forgo discovery (*see* Dkt. Nos. 24, 26) is telling – any discovery will confirm the evidence already presented that relevant Apple witnesses reside in N.D. Cal.

The availability of sources of proof clearly favors transfer.  "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."  *Genentech*, 566 F.3d at 1345; *see also Digital Reg of Tex., LLC v. Adobe Sys.*, No. 6:11-cv-305, 2012 U.S. Dist. LEXIS 114452 at *8 (E.D. Tex. Mar. 28, 2012).  EON has recognized that Apple's records are in California by recently issuing a subpoena to Apple from the N.D. Cal. seeking discovery on accused Apple products on the Sprint network.  Anderson Supp. Decl., ¶ 2(a)-(b), Exs. 1-2; *see also* Buckley Decl., ¶ 11-14; Young Decl. ¶ 5[10]  Sprint is a defendant in EON's pending N.D. Cal. case.  *Id.*  In contrast, EON's apparent decision to keep a copy of some files in this District is irrelevant because "documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered."  *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 U.S. Dist. LEXIS 104606, at *12 (E.D. Tex. Sept. 30, 2010).

Judicial economy is neutral.  As EON concedes, this is not the only District in which it is pursuing claims on the patents-in-suit, and the N.D. Cal. is one of those other districts.  Further, judicial economy does not overcome an otherwise strong showing of convenience.  *See Patent Harbor, LLC v. Twentieth Century Fox Home Entm't, LLC*, No. 6:10-cv-607, 2012 U.S. Dist. LEXIS 73149 (E.D. Tex. May 25, 2012).  The court should transfer to the "far more convenient venue even when the trial court has some familiarity with a matter from prior litigation."  *In re Morgan Stanley*, 417 Fed. App'x 947, 949 (Fed. Cir. 2011).  This is not a close call.  If this case proceeds in this District, all foreseeable witnesses will be forced to travel a significant distance and most documents will need to be transported.

---

[10] EON's propositions that (a) Apple must specifically identify these records, or that (b) the location of Apple's records is irrelevant, are wrong.  *Genentech*, 566 F.3d at 1345 ("where the defendant's document are kept weighs in favor of transfer to that location") and 1346 (rejecting argument that the location of the documents was antiquated).

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:12-CV-00943 |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT APPLE INC.'S MOTION FOR LEAVE TO FILE INITIAL DISCLOSURES IN SUPPORT OF APPLE'S MOTION TO TRANSFER (ECF 21)

Pursuant to CV-7(k), Defendant Apple Inc. hereby moves for leave to file initial disclosures, served pursuant to this Court's Discovery Order (ECF 29 in 6:12-cv-00941)[1], in support of its pending motion to transfer venue, (ECF 21). On April 3, 2013 Apple filed a motion to transfer venue to the Northern District of California, pursuant to 28 U.S.C. §1404(a). EON opposed that motion on May 13, 2013 (ECF 28). Apple's reply (ECF 29) and EON's sur-reply (ECF 30) were then filed on May 22, 2013 and June 6, 2013, respectively.

Since briefing closed on June 6, 2013 with EON's sur-reply, the parties have served initial disclosures[2] according to the Court's Discovery Order, which contains information

---

[1] On April 17, 2013 the above captioned matter was consolidated for pre-trial proceedings, other than venue disputes, with three other matters (lead case No.: 6:12-cv-00941). ECF No. 23 in *EON v. LG Electronics Mobilecomm USA, Inc.*, 6:12-cv-00941.

[2] Apple's and EON's initial disclosures are attached as Exhibits 1 and 2 to the October 2, 2013 declaration of Kelly Krellner, respectively.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-CV-00943 |
| | § | |
| APPLE INC., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

**DECLARATION OF KELLY KRELLNER IN SUPPORT OF
APPLE INC.'S MOTION FOR LEAVE TO FILE INITIAL
DISCLOSURES IN SUPPORT OF APPLE'S MOTION TO
TRANSFER (ECF 21)**

I, Kelly Krellner, declare and state the following:

1.    I am a lawyer with the law firm of Sidley Austin LLP, counsel for defendant Apple, Inc. ("Apple") in this action.  This declaration is provided in support of Apple's Motion for Leave to File Initial Disclosures In Support of Apple's Motion to Transfer (ECF 21).  I have personal knowledge of the following except and if called upon to testify I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of Apple's initial disclosures served on EON Corp. IP Holdings, LLC on October 1, 2013.

3.    Attached as Exhibit 2 is a true and correct copy of EON's initial disclosures served on Apple on or about October 1, 2013.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 2nd day of October, 2013, in San Francisco, California.

Dated: October 2, 2013                    */s/ Kelly Krellner*
_____

                                         Kelly Krellner

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

EON CORP. IP HOLDINGS, LLC,

                Plaintiff,

v.

APPLE INC.

                Defendant.

Civil Action No. **6:12-CV-00943-LED-JDL**

JURY TRIAL REQUESTED

## DEFENDANT APPLE INC.'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), the Court's Order Governing Proceedings and the Scheduling Order, Apple Inc. ("Apple"), makes the following initial disclosures based upon information presently available to it. Apple's investigation is ongoing. Apple reserves the right to supplement its disclosures based on further investigation and discovery, to the extent additional disclosures are not mooted or made redundant by future discovery responses and/or document production.

Apple's disclosures are made without waiving (a) the right to object to any discovery requests or the admissibility of any evidence on the grounds of privilege, work product immunity, relevance, materiality, hearsay, or any other proper ground in this action or in any other action, or (b) the right to object to the use of any information provided in or derived from these disclosures for any purpose, in whole or in part, in this action or in any other action.

### A. CORRECT NAMES OF THE PARTIES TO THE LAWSUIT.

Apple Inc. is the correct name of Apple.

### B. NAME, ADDRESS, TELEPHONE NUMBER OF ANY POTENTIAL PARTIES

Apple is not presently aware of any potential additional parties.

Apple is aware of other actions presently pending in which one or more of the patents-in-suit are asserted against multiple defendants, including cellular networks on which certain Apple accused products may operate, for instance:

1. *EON Corp. IP Holdings, LLC v. Sensus USA Inc., et al.*, 3:12-cv-01011-EMC (N.D. Cal.), filed March 01, 2012
2. *EON Corp. IP Holdings, LLC v. FLO TV et al., 1:10-cv-00812-RGA (D. Del.), filed Sept. 23, 2010*
3. *EON Corp. IP Holdings, LLC v. AT&T Mobility LLC., et al., 3:11-cv-01555 (FAB/SCC) (D. P.R.), filed June 4, 2011*

## C. LEGAL THEORIES AND GENERAL FACTUAL BASIS FOR APPLE'S CLAIMS AND DEFENSES

Apple provides the following exemplary explanations:

### FIRST Affirmative Defense

### (Invalidity)

The asserted claims of the Patents-in-Suit are invalid pursuant to one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. Further, the Certificate of Correction issued on November 17, 2009 for the '491 Patent is invalid for failure to satisfy one or more conditions set forth in 35 U.S.C. § 255.

### Second Affirmative Defense

### (Noninfringement)

Apple does not and has not infringed, either literally or under the doctrine of equivalents, either directly, contributorily, by inducement, or jointly, any valid claim of the Patents-in-Suit.

### THIRD Affirmative Defense

### (Equitable Doctrines)

EON's claim for damages is barred or limited by the equitable doctrines (including, *inter alia*, laches, equitable estoppel, promissory estoppel, unclean hands, and/or waiver).

2

### FOURTH Affirmative Defense

### (Patent Misuse)

On information and belief, EON's claims are barred for patent misuse.

### FIFTH Affirmative Defense

### (Barring Claims Under § 1498)

EON's claims are barred, at least in part, by 28 U.S.C. § 1498. To the extent that EON's claims relate to the sale and/or use by the United States government of the allegedly infringing products, EON's sole remedy is an action for damages filed under the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

### SIXTH Affirmative Defense

### (License and/or Exhaustion)

To the extent that EON's accusations of infringement relate to products or services that were provided by or for any licensee of the Patents-in-Suit and/or provided to Apple by or through a licensee of the Patents-in-Suit or under a covenant not to sue, EON's claims are barred.

### SEVENTH Affirmative Defense

### (Intervening Rights)

By way of a Certificate of Correction issued on November 17, 2009, the language of claims 14, 16, and 17 of the '491 Patent was amended. Pursuant to 35 U.S.C. § 255, the asserted claims 2, 4, 5, 14, 16, and 17, as amended, are effective only as against "causes thereafter arising" – that is, against alleged acts of infringement occurring after November 17, 2009.

On information and belief, the '757 Patent is being reexamined for patentability by the USPTO, and claims of the '757 Patent are subject to possible amendment during such reexamination.  Upon issuance, if any, of a Certificate of Reexamination of the '757 Patent, EON's claims of infringement of any new or amended claims of the '757 Patent, whether directly, contributorily, by inducement, or jointly, will be barred, at least in part, under 28 U.S.C. §§ 252 and 307 and the doctrine of absolute and equitable intervening rights.

## EIGHTH Affirmative Defense

### (Limitations of Recovery)

EON is barred in whole or in part from recovering any damages for any alleged infringement of the Patents-in-Suit pursuant to 35 U.S.C §§ 286 and/or 287.  On information and belief, EON is precluded from seeking recovery of its costs under 35 U.S.C. § 288.

### D.     PERSONS HAVING KNOWLEDGE OF RELEVANT FACTS

Apple believes the following individuals may have knowledge of facts relevant to a claim or defense.  Apple does not consent to or authorize other parties' communications with Apple's employees or former employees and does not consent to or authorize any communications otherwise prohibited by any applicable rules of professional conduct.  Other parties' contact with Apple's employees or former employees should take place through Apple's counsel-of-record.  Because Apple is continuing its investigation of the case, it is possible that some of the individuals listed herein may not, in fact, possess knowledge of facts relevant to a claim or defense or may only have knowledge that is duplicative of knowledge possessed by others.

### 1.     Apple

1 Infinite Loop
Cupertino, California  95014-2083

Cannot be contacted except through Apple's Counsel

Apple is the defendant in this litigation.  Apple has knowledge of the design and operation of relevant Apple software and hardware.  Apple also has knowledge of licensing, marketing, accounting, and other issues regarding Apple software and hardware, any related Apple patent, and documents and other materials and information related to the accused products and prior art.

**2.     Bob Bradley**

Apple Employee – Cannot be contacted except through Apple's Counsel

Bob Bradley resides in Northern California, and is part of the IMG Media group.  He is knowledgeable about the encryption standards associated with Fairplay.

**3.     Jim Young**

Apple Employee – Cannot be contacted except through Apple's Counsel

Jim Young resides in Northern California, and is a Software Director for Apple TV.  He is knowledgeable about Apple TV software.

**4.     Thomas Alsina**

Apple Employee – Cannot be contacted except through Apple's Counsel

Thomas Alsina resides in Northern California, and is a manager of the Media Applications group.  He has knowledge of client-side iTunes and App store software.

**5.     Arun Mathias**

Apple Employee – Cannot be contacted except through Apple's Counsel

Arun Mathias resides in Northern California, and is knowledgeable about relevant aspects of iOS software.

**6.     Mark Buckley**

Apple Employee – Cannot be contacted except through Apple's Counsel

Mark Buckley resides in Northern California, and is knowledgeable about Apple's financial records.

**7.     Beth Kellerman**

Apple Employee – Cannot be contacted except through Apple's Counsel

5

Beth Kellerman resides in Northern California, and is knowledgeable about Apple's e-discovery policies and procedures.

8.      **Maxine Curry**

Apple Employee – Cannot be contacted except through Apple's Counsel

Maxine Curry resides in Northern California, and is knowledgeable about Apple's Export Compliance Team.

9.      **Payam Mirrashidi**

Apple Employee – Cannot be contacted except through Apple's Counsel

Payam Mirrashidi resides in Northern California, and is knowledgeable about Apple's iTune's Engineering Team.

10.     **John P. Wagner, Jr., Attorney**

1999 S. Bascom Ave, Suite 1050
Campbell, California 95008

Former EON Employee – taken from Bentley's List

John P. Wagner, Jr. prosecuted the patents-in-suit and related patents.

11.     **Patrick T. King, Attorney**

144 Holm Road Spc 39
Watsonville, California  95076

Patrick T. King prosecuted the patents-in-suit and related patents.

12.     **Lauren Battaglia**

Former EON Corporation Employee
25 Waverly Road
San Anselmo, California  94960

Lauren Battaglia is knowledgeable about the business operations of TV Answer/EON Corporation.

13.     **Intellectual Ventures**

2440 W El Camino Real
Mountain View, CA  94040

6

Intellectual Ventures is a company with information relevant to at least one of the patents-in-suit

**14.  Latham & Watkins LLP**

140 Scott Drive
Menlo Park, CA  94025

Latham & Watkins is knowledgeable of FCC dealings, business relations and contacts

**15.  Pillsbury Winthrop LLP**

2550 Hanover Street
Palo Alto, CA  94304-1115

Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998

Pillsbury Winthrop is an entity with patent prosecution and prior art knowledge for the patents-in-suit

**16.  Alfonso Barragan**

Contact through:

Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701

Alfonso Barragan is knowledgeable about the business operations of EON and EON Corporation.

**17.  Erick Haas**

Contact through:

Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 7801

Erick Haas is knowledgeable about the business operations of EON and EON Corporation.

**18.  Gilbert M. Dinkins**

1291 Donnally Road
Forest, Virginia 24551

7

Contact through:

Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701

Gilbert M. Dinkins is knowledgeable about the conception, reduction to practice, and development of the claimed inventions.

**19.    Fernando Morales-Garza**

56 Pizarro Avenue
Rancho Viejo, Texas  78575

Contact through:

Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701

Fernando Morales-Garza is knowledgeable about the conception, reduction to practice, and development of the claimed inventions; he is also knowledgeable about TV Answer.

**20.    Mark S. Fowler**

Beasely Broadcasting Group
3033 Riviera Drive, Suite 200
Naples, Florida 34103

Mark S. Fowler may have knowledge of EON regulatory and FCC dealings as former Director, EON Corporation; former Latham & Watkins partner and counsel for EON Corporation during the period before and after filing of patent-in-suit; former Chairman of the FCC.

**21.    James F. Rogers**

Latham & Watkins
555 Eleventh Street, NW, Suite 1000
Washington DC  20004-1304

James F. Rogers is a Latham & Watkins partner and counsel for EON Corporation during the period before, during, and after the filing of the patent-in-suit.  He may have knowledge of FCC licensing, business relations, and contacts.

**22.    Dana Doten**

P.O. Box 7482
Fairfax Station, Virginia  22039

8

Dana Doten is knowledgeable about the business operations of EON Corporation

**23.**   **Michael Carper**

10 Woodbridge Center Drive
Woodbridge, New Jersey  07095

Michael Carper is the General Counsel of United Wireless Holdings, parent of Velocita
Wireless, licensee.

**24.**   **Thomas MacLeod**

5113 Pheasant Ridge Road
Fairfax, Virginia  22030

Contact through:

Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701

Thomas MacLeod is knowledgeable about the business operations of EON Corporation.

**25.**   **Robert Rittler**

1300 Fieldpoint Drive
Westchester, Pennsylvania

Robert Rittler may have knowledge of EON's communication system infrastructure
development; former Vice President of EON Corporation.

**26.**   **Carlos Silva**

Address unknown

Former EON Corporation Employee

Carlos Silva is knowledgeable about EON's technology development.

**27.**   **Len Smith**

718 Old Hunt Way
Herndon, Virginia  20170

Former EON Corporation Employee

Len Smith is knowledgeable about EON's technology development.

9

28.   **David Lehman**

Address unknown
Former EON Corporation Employee

David Lehman, former President and CEO of EON Corporation, may have knowledge of the business of EON Corporation.

29.   **Representative of Pillsbury Winthrop, LLP**

1600 Tysons Boulevard
McLean, Virginia  22102

Pillsbury Winthrop may have knowledge related to the prosecution of and prior art to the EON patents-in-suit and related patents.

30.   **Jay Keyworth**

1444 1st Street, NW
Suite 500
Washington, DC  20005

Former EON Corporation Employee

Jay Keyworth, former Director of EON Corporation, is knowledgeable about the business of EON Corporation.

31.   **Melvin Sutphin**

1155 Heightview Drive
Goode, Virginia  24556

Former EON Corporation Employee
Melvin Sutphin, former software engineer, may have knowledge of product development efforts.

32.   **Ted Tarr**

1941 Roland Clarke Place
Reston, Virginia  22091

360 Herndon Parkway
Herndon, Virginia  20170

Former EON Corporation Employee

Ted Tarr, former Senior VP and Chief Operating Officer of EON Corporation, may have knowledge related to the formation, business, and operation of EON Corporation.

10

33. **Roger Poole**

   Address unknown

   Former EON Corporation Employee

34. **Hal Turner**

   Address unknown

   Former EON Corporation Employee

   Hal Turner, former president of EON Corporation, may have knowledge of the business operations of EON Corporation.

35. **Vanya Galanin**

   8 E. 96th Street, #15B-E
   New York, New York 10128-0706

   Vanya Galanin is knowledgeable about EON's marketing efforts and business.

36. **Terry Johnson**

   7510 New Grace Mews
   Columbia, Maryland  21046

   Contact through:

   Reed & Scardino LLP
   301 Congress Avenue, Suite 1250
   Austin, Texas 7801

   Former EON Corporation Employee

   Terry Johnson may have knowledge about EON Corporation's businesses, products, and technology.

37. **Robert Greene Sterne**

   Robert Greene Sterne
   Sterne, Kessler, Goldstein & Fox
   1100 New York Avenue, NW
   Washington, DC  20005

   Robert Greene Sterne may have knowledge related to the prosecution and reexamination of and prior art to the EON patent-in-suit and related patents.

38.   **Michael Sheridan**

Address unknown

Former EON Corporation Employee

Michael Sheridan, former President of EON Corporation may have knowledge related to the formation, business, and operation of EON Corporation.

39.   **Bill McMinn**

25903 Big Bluestem
San Antonio, Texas  78261

Bill McMinn, Vice President, EON Corporation, is knowledgeable about EON Corporation and projects.

40.   **Bob Chiaramonte**

SXC Health Solutions, Inc.
2441 Warrenville Road, Suite 610
Lisle, Illinois  60532-3642

Bob Chiaramonte, Vice President Information Systems, EON Corporation, is knowledgeable about EON Corporation and projects.

41.   **Bob Hensen**

132 Chriswood Lane
Stafford, Virginia  22556-6601

Bob Hensen, EON Corporation Director, Strategic Business Development, is knowledgeable about EON Corporation, projects, and business development

42.   **Carlos Munoz**

12625 Pinecrest Road
Herndon, Virginia  20171

Carlos Munoz, Officer, TV Answer, Inc., is knowledgeable about TV Answer, Inc. and projects.

43.   **Donald Grede**

2549 Cowley Drive
Lafayette, Colorado  80026

Donald Grede is knowledgeable about TV Answer, Inc. and projects.

12

44. **Doug Judd**

   735 Lake Vista Drive
   Forest, Virginia 24551

   Doug Judd, Marketing and Operations, TV Answer, Inc., is knowledgeable about TV
   Answer, Inc. and projects.

45. **Kevin Tamai**

   2973 Fox Tail Court
   Woodbridge, Virginia 22192

   Kevin Tamai, Network Engineering at TV Answer/EON Corp., is knowledgeable about
   TV Answer, Inc. network engineering

46. **Shaila McCall**

   2342 Ashford Lane
   Waldorf, Maryland 20603

   Shaila McCall, EON Corp., VP of Finance and Administration, is knowledgeable about
   EON Corporation and projects.

   **E.    DESCRIPTION AND LOCATION OF DOCUMENTS AND TANGIBLE
        THINGS THAT DEFENDANT HAS IN ITS POSSESSION, CUSTODY, OR
        CONTROL THAT IT MAY USE TO SUPPORT ITS CLAIMS OR
        DEFENSES**

   Pursuant to FRCP 26(a)(1)(A)(ii), Apple describes, by category and location, those

documents in its possession, custody or control that are reasonably available to it and may be

used to support its claims or defenses. Each of the following categories of documents described

below is located at Apple Inc., 1 Infinite Loop, Cupertino, CA 95014, and/or the offices of

Apple's outside counsel Sidley Austin LLP:

- the '101, '491, and '757 Patent asserted against Apple and associated prosecution
  history documents;

- prior art to the patents-in-suit asserted against Apple; and

- technical documentation regarding the accused Apple products and/or accused
  components of such products.

13

### F.    INDEMNITY AND INSURANCE AGREEMENTS

Based on Plaintiff's complaint, Apple has identified the following entity that may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment: AT&T Mobility.  Apple's further investigation of indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment is impeded by Plaintiffs' failure to identify in the infringement disclosures alleged direct or joint infringers, such as alleged infringing networks, components, or applications.[1]  As a result, Apple is unable at this time to further identify indemnity and insuring agreements that apply to the claims asserted by Plaintiff.

### G.    SETTLEMENT AGREEMENTS RELEVANT TO THE SUBJECT MATTER OF THIS ACTION

Upon information and belief, Plaintiff has entered into numerous settlements that may be relevant to this action.  For example, upon information and belief Plaintiff has entered into settlements with companies operating certain cellular networks on which accused Apple products may operate.

### H.    ANY STATEMENT OF ANY PARTY

There are no statements by Apple relevant to this action about which Apple is currently

---

[1] A public list of wireless carriers is provided at http://support.apple.com/kb/HT1937.  A public list of service providers is provided at http://www.apple.com/appletv/whats-on/.

aware.  Apple reserves the right to undertake discovery concerning statements made by Plaintiff relevant to this action.

**Respectfully submitted,**

October 1, 2013                              By:  /s/ *Bryan K. Anderson*
                                                  Bryan K. Anderson
                                                  1001 Page Mill Road
                                                  Building 1
                                                  Palo Alto, CA 94304
                                                  Tele:  (650) 565-7007

                                                  *Attorney for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the agreement of the parties, I hereby certify that a true and correct copy of *Defendant Apple Inc's Initial Disclosures* was served today, October 1, 2013, via electronic delivery on the Plaintiff's counsel of record.

/s/ *Robert D Lawson*
Robert D. Lawson

15

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC,** | § | |
| | § | |
| Plaintiff, | § | **NO. 6:12-cv-941 LED-JDL** |
| **v.** | § | |
| | § | **PATENT CASE** |
| **LG ELECTRONICS MOBILECOMM** | § | |
| **USA, INC.,** | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC,** | § | |
| | § | **NO. 6:12-cv-942 LED-JDL** |
| Plaintiff, | § | |
| **v.** | § | **PATENT CASE** |
| | § | |
| **PANTECH WIRELESS, INC.,** | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC,** | § | |
| | § | |
| Plaintiff, | § | **NO. 6:12cv943 LED-JDL** |
| **v.** | § | |
| | § | **PATENT CASE** |
| **APPLE INC.,** | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC,** | § | |
| | § | |
| Plaintiff, | § | **NO. 6:12-cv-944 LED-JDL** |
| **v.** | § | |
| | § | **PATENT CASE** |
| **ASUSTEK COMPUTER INC, ET AL.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

Plaintiff's Initial Disclosures

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a) and this Court's Discovery Order of July 15, 2013 (Dkt. No. 29), Plaintiff EON Corp. IP Holdings, LLC ("EON") serves these Initial Disclosures. These disclosures are based on information that is reasonably available to EON at this time, and EON's understanding of the allegations set forth in the pleadings filed by the above-captioned Defendants (the "Defendants"). EON fully reserves the right to amend and/or supplement these disclosures, to the extent necessary, as the case progresses and as the Defendants make their specific allegations known.

**A.      The Correct Names of the Parties in the Suit.**

The correct name of the plaintiff is EON Corp. IP Holdings, LLC. The correct names of the defendants are LG Electronics MobileComm USA, Inc., Pantech Wireless, Inc., Apple Inc. and Asus Computer International and Asustek Computer Inc.

**B.      The Name, Address, and Telephone Number of Potential Parties.**

EON is not presently aware of any potential parties to this action.

**C.      The Legal Theories and, in General, the Factual Basis of the Disclosing Party's Claims or Defenses.**

The factual basis and legal theories supporting EON's infringement claims are further detailed in Plaintiff's complaint, P.R. 3-1 Infringement Contentions, and any supplementation or amendments thereto. EON alleges Defendants are liable for patent infringement under Title 35 United States Code §§ 1, et seq. In particular, EON has alleged that Defendant LG Electronics MobileComm USA, Inc. infringes U.S. Patent No. 5,592,491 (the "'491 Patent") and U.S. Patent No. 5,388,101 (the "'101 Patent") and that Defendants Pantech Wireless, Inc., Apple Inc., and Asus Computer International and Asustek Computer Inc. infringe U.S. Patent No. 5,592,491 (the

"'491 Patent"), U.S. Patent No. 5,388,101 (the "'101 Patent") and U.S. Patent No. 5,663,757 (the "'757 Patent") (collectively, the "Patents-in-Suit") as follows:

## Direct Infringement (35 U.S.C. § 271(a)):

- Defendants directly infringe Claim 19 of the '101 Patent by importing into the United States, making, using, offering to sell and/or selling the two-way communication networks identified in EON's P.R. 3-1 Disclosures and/or the subscriber units that such networks comprise;

- Defendants directly infringe the asserted claims of the '491 Patent by making, using, offering to sell, and selling (through the sale of Subscriber Unit(s) and/or a Mobile Network Operator (*e.g.*, AT&T, Sprint, etc.) service agreement(s)) networks (as identified in EON's P.R. 3-1 Disclosures) that facilitate voice and data offload via a wireless modem (*e.g.*, Wi-Fi access point/router);

- Pantech, ASUS, and Apple directly infringe the asserted claims of the '757 Patent by making, using, selling, offering to sell, and importing into the United States wireless devices that include or are compatible with wireless television, wireless interactive applications/software, and/or related services as identified in EON's P.R. 3-1 Disclosures.

## Inducement (35 U.S.C. § 271(b)):

- Defendants induce infringement of all asserted claims listed in EON's P.R. 3-1 Disclosures by intentionally instructing and encouraging others, including their customers and/or end-users to use the claimed networks, wireless devices and/or subscriber units in manners that Defendants know constitute direct infringement of the asserted claims of the Patents-in-Suit as detailed in EON's P.R. 3-1 Disclosures. Defendants also intentionally encourage and instruct Mobile Network Operators (*e.g.*, AT&T, Sprint) and/or retailers to

make, use, import, sell, and/or offer to sell networks or devices that Defendants know to infringe the asserted claims of the Patents-in-Suit. Defendants provide detailed instructions and support regarding how to operate subscriber units, wireless devices, and/or modems in manners that infringe the asserted patents. Defendants induce infringement by, for example, entering marketing and sales agreements and by providing components used in infringement, technical support, advertisements, marketing materials, instruction booklets, user guides, interactive applications, email services, service manuals, and/or wireless video content.

### Contributory Infringement (35 U.S.C. § 271(c)):

- Defendants contribute to infringement of all claims listed in EON's P.R. 3-1 Disclosures by selling, offering to sell, and/or importing into the United States subscriber units, wireless devices, interactive applications, interactive video content, and/or modems with knowledge that they constitute material components of the Patents-in-Suit and contain no substantial noninfringing uses. These components are discussed in more detail in EON's P.R. 3-1 Disclosures. Defendants' customers, Mobile Network Operators (*e.g.*, AT&T, Sprint), retailers, and/or end-users commit direct infringement when they make, use, import, sell, and/or offer to sell networks or devices that infringe the asserted claims of the Patents-in-Suit.

### Literal Infringement and Infringement under the Doctrine of Equivalents

### LG:

EON presently contends that LG literally infringes the asserted claims of the '101 Patent and '491 Patent. In the alternative, EON contends that LG infringes the asserted claims of the '101 Patent and '491 Patent under the doctrine of equivalents. For more details about EON's

theories of literal infringement and infringement under the doctrine of equivalents, refer to EON's infringement contentions.

**Pantech:**

EON presently contends that Pantech literally infringes the asserted claims of the '101 Patent, '491 Patent and '757 Patent. In the alternative, EON contends that Pantech infringes the asserted claims of the '101 Patent, '491 Patent and '757 Patent under the doctrine of equivalents. For more details about EON's theories of literal infringement and infringement under the doctrine of equivalents, refer to EON's infringement contentions.

**Apple:**

EON presently contends that Apple literally infringes the asserted claims of the '101 Patent,'491 Patent and '757 Patent. In the alternative, EON contends that Apple infringes the asserted claims of the '101 Patent, '491 Patent and '757 Patent under the doctrine of equivalents. For more details about EON's theories of literal infringement and infringement under the doctrine of equivalents, refer to EON's infringement contentions.

**ASUS:**

EON presently contends that ASUS literally infringes the asserted claims of the '101 Patent, '491 Patent and '757 Patent. In the alternative, EON contends that ASUS infringes the asserted claims of the '101 Patent, '491 Patent and '757 Patent under the doctrine of equivalents. For more details about EON's theories of literal infringement and infringement under the doctrine of equivalents, refer to EON's infringement contentions.

**Damages/Willful Infringement/Exceptional Case**

EON is entitled to not less than a reasonable royalty because of the Defendants' infringement. 35 U.S.C. § 284. Reasonable royalty is determined pursuant to the *Georgia-Pacific* factors. *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1119-20

(S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir.)). These factors are fact intensive, and the ongoing discovery in this case will provide the factual basis for determining a reasonable royalty. Many of these factual bases are not publicly available, such as the portion of the realizable profit of Defendants' revenues attributable to the Patents-in-Suit and the rates that Defendants typically pay for licensing similar technology. EON expects to update this disclosure with expert opinion upon discovery of the necessary facts to complete a *Georgia-Pacific* analysis.

Defendants' infringement has been willful, justifying a finding of an exceptional case and increasing damages to up to three times the damages suffered by EON and providing for an award of attorney's fees. 35 U.S.C. §§ 284, 285.

**D.** **The Name, Address, and Telephone Number of Persons Having Knowledge of Relevant Facts, a Brief Statement of Each Identified Person's Connection With the Case, and a Brief, Fair Summary of the Substance of the Information Known by Such Person.**

    **a.** **Alfonso Barragán, Manager, EON and CEO, President and Chairman, EON Corporation (fka TV Answer, Inc.)**
c/o Reed & Scardino LLP
301 Congress Avenue, Ste. 1250
Austin, TX 78701

Subjects: Business operations of EON and EON Corporation (fka TV Answer, Inc.).

    **b.** **Erick Haas, Manager, EON, and Senior Vice President, EON Chief Operating Office, Secretary and Treasurer, EON Corporation (fka TV Answer, Inc.)**
c/o Reed & Scardino LLP
301 Congress Avenue, Ste. 1250
Austin, TX 78701

Subjects: Business operations of EON and EON Corporation (fka TV Answer, Inc.).

    **c.** **Gilbert M. Dinkins, Named Inventor of the '101 Patent, '546 Patent, and the '491 Patent and former employee of EON Corporation (fka TV Answer, Inc.)**
c/o Reed & Scardino LLP
301 Congress Avenue, Ste. 1250
Austin, TX 78701

Subjects: Conception, reduction to practice, and development of the claimed inventions.

   **d.    Mark S. Fowler, former Director of EON Corporation (fka TV Answer, Inc.)**
           Beasely Broadcasting Group
           3033 Riviera Drive, Suite 200
           Naples, Florida 34103
           (239) 263-5000
           (561) 805-8647

   Subjects: Former Director, EON Corporation (fka TV Answer, Inc.); former Latham & Watkins partner and counsel for EON Corporation during the period before and after filing of Patents-in-Suit; former Chairman of the FCC.

   **e.    Lauren Battaglia, former EON Corporation (fka TV Answer, Inc.) employee**
           25 Waverly Road
           San Anselmo, CA 94960

   Subjects: Former general counsel of EON Corporation (fka TV Answer, Inc.), former Latham & Watkins attorney, may have knowledge of FCC proceedings, the business operations of EON Corporation (fka TV Answer, Inc.) and prosecution of Patents-in-Suit.

   **f.    Dana Doten, former EON Corporation (fka TV Answer, Inc.) employee**
           c/o Reed & Scardino LLP
           301 Congress Avenue, Ste. 1250
           Austin, TX 78701

   Subjects:  Former employee of EON Corporation (fka TV Answer, Inc.); may have knowledge of software development and business operations of EON Corporation (fka TV Answer, Inc.).

   **g.    Thomas MacLeod, former EON Corporation (fka TV Answer, Inc.) employee**
           c/o Reed & Scardino LLP
           301 Congress Avenue, Ste. 1250
           Austin, TX 78701

   Subjects:  Business operations of EON Corporation (fka TV Answer, Inc.).

   **h.    Robert Rittler, former EON Corporation (fka TV Answer, Inc.) employee**
           c/o Reed & Scardino LLP
           301 Congress Avenue, Ste. 1250
           Austin, TX 78701

   Subjects:  Former employee of EON Corporation (fka TV Answer, Inc.), may have knowledge related to software development.

    **i.**    **Carlos Silva, former EON Corporation (fka TV Answer, Inc.) employee**
    Address unknown.

Subjects: Former EON Corporation (fka TV Answer, Inc.) employee with knowledge of technical aspects of EON Corp.'s work.

    **j.**    **Len Smith, former EON Corporation (fka TV Answer, Inc.) employee**
    536 Yacht Club Drive
    Ocean Pines, MD 21811
    (410) 641-6479

Subjects: Former EON Corporation (fka TV Answer, Inc.) employee may have knowledge of technical aspects of EON Corp.'s work.

    **k.**    **David Lehman, former President and CEO of EON Corporation (fka TV Answer, Inc.)**
    Address unknown

Subjects: Former President and CEO of EON Corporation (fka TV Answer, Inc.). May have knowledge of the business of EON Corporation (fka TV Answer, Inc.)

    **l.**    **Representative of Pillsbury Winthrop, LLP**
    1600 Tysons Boulevard
    McLean VA 22102
    (202) 371-2600
Subjects: Pillsbury Winthrop may have knowledge related to the prosecution of and prior art to the EON Patents-in-Suit and related patents.

    **m.**    **George A. "Jay" Keyworth**
    1444 1st NW, Ste. 500
    Washington, DC 20005
    (202) 289-8928

Subjects: Former director and acting president of EON Corporation (fka TV Answer, Inc.) May have knowledge of business of EON Corporation (fka TV Answer, Inc.).

    **n.**    **Ted Tarr**
    1941 Roland Clarke Place
    Reston, VA 22091

    360 Herndon Pkwy
    Herndon, VA 20170
    (703) 467-0230

    9104 Kittery Lane
    Bethesda, MD 20817
    (301) 469-7071

Subjects: Former Senior VP and Chief Operating Officer of EON Corporation (fka TV Answer, Inc.) who may have knowledge related to the business and operation of EON Corporation (fka TV Answer, Inc.).

    **o.**    **Roger Poole**
        7032 Gunlock Rd.
        Williamsburg, VA 23188
        (757) 259-7878

Subjects: Former employee and consultant of EON Corporation (fka TV Answer, Inc.) who may have knowledge of EON business plans and strategic positioning.

    **p.**    **Robert Hal Turner**
        Pac-West Telecomm, Inc.
        555 12th Street
        Oakland, CA 94607
        (877) 626-4325; transferred to Exec. Sec.
        (415)291-5163
        Pac-West General counsel
        (404) 739-8853

Subjects: Former president of EON Corporation (fka TV Answer, Inc.). May have knowledge of the business operations of EON Corporation (fka TV Answer, Inc.).

    **q.**    **Vanya Galanin**
        c/o Reed & Scardino LLP
        301 Congress Avenue, Ste. 1250
        Austin, TX 78701

Subjects: Former EON Corporation (fka TV Answer, Inc.) employee, may have knowledge of EON Corporation's (fka TV Answer, Inc.) marketing strategy.

    **r.**    **Therian W. Johnson**
        c/o Reed & Scardino LLP
        301 Congress Avenue, Ste. 1250
        Austin, TX 78701

Subjects: Former EON Corporation (fka TV Answer, Inc.) employee. Can testify to businesses, products, and technology of EON Corporation (fka TV Answer, Inc.).

    **s.**    **Corporate Representative of Matco Electronics Group, Inc.**
        320 N Jensen Rd. Ste. 3
        Vestal, NY 13850

Subjects: Development and prototyping of EON components.

**t.    Robert Greene Sterne**
Sterne, Kessler, Goldstein & Fox
1100 New York Ave., NW
Washington, DC 20005
(202) 371-2600

Subjects: Mr. Sterne may have knowledge related to the prosecution and reexamination of and prior art to the EON Patents-in-Suit and related patents.

**u.    David B. Cochran**
Jones Day
901 Lakeside Ave.
Cleveland, OH 44114

Subjects: Mr. Cochran may have knowledge related to the Requests for Reexamination of the '101 Patent and '546 Patent filed on behalf of Sensus USA, Inc.

**v.    Lawrence McClure**
Kyocera Communications, Inc.
9520 Towne Centre Drive
San Diego, CA 92121

Subjects:  Mr. McClure may have knowledge related to the Requests for Reexamination of the '757 Patent on behalf of Kyocera Communications, Inc.

**w.    Michael Sheridan**
1941 Roland Clarke Place
Reston, VA 22091
360 Herndon Pkwy
Herndon, VA 20170
 (703) 467-0230

Subjects: Former EON Corporation (fka TV Answer, Inc.)president, may have information regarding the business operations of EON Corporation (fka TV Answer, Inc.).

**x.    Fernando Morales-Garza, former CEO, EON Corporation (fka TV Answer, Inc.), and Named Inventor of the '757 Patent**
c/o Reed & Scardino LLP
301 Congress Avenue, Ste. 1250
Austin, TX 78701

Subjects: May have knowledge related to the formation, business, and operation of EON Corporation (fka TV Answer, Inc.). Conception, reduction to practice, and development of the claimed inventions.

**y.    Carlos Muñoz**
12625 Pinecrest Rd.

Herndon, VA 20171
(301) 933-7362

Subjects: Knowledge of business of EON Corporation (fka TV Answer, Inc.).

**z.     Bill McMinn**
25903 Big Bluestem
San Antonio, Texas 78261
(830) 714-7240

Subjects:  Former Vice President of EON Corporation (fka TV Answer, Inc.).   May have knowledge of the business practices and operations of EON Corporation (fka TV Answer, Inc.) during his time as Vice President.

**aa.    James Olmsted**
6616 Heidi Ct.
McLean, VA 22101
(703) 827-7440

Subjects:   Former employee of EON Corporation (fka TV Answer, Inc.).   May have knowledge of the business and operations of EON Corporation (fka TV Answer, Inc.) during his time as employee.

**bb.    Donald Grede**
2549 Cowley Dr.
Lafayette, CO 80026
(303) 666-9292

Subjects:   Former Directed of EON Corporation (fka TV Answer, Inc.).   May have knowledge of the business and operations of EON Corporation (fka TV Answer, Inc.) during his time as director.

**cc.    Corporate Representatives of EON Licensees (see subpart (f) below)**

Subjects: License agreements concerning the Patents-in-Suit

EON may rely on the following attorney who prosecuted the Patents-in-Suit to support its claims and/or defenses:

**dd.    Patrick T. King, Attorney who Prosecuted the Patents-in-Suit**
144 Holm Rd. Spc 39
Watsonville, CA 95076
831-722-8591

Subjects:  Prosecution of the Patents-in-Suit.

**ee.    John P. Wagner, Jr., Attorney who Prosecuted the Patents-in-Suit**

1999 S. Bascom Ave.
Suite 1050
Campbell, CA 95008
(408) 377-0500

Subjects:  Prosecution of the Patents-in-Suit.

**ff.    Laurence R. Brown, Attorney who Filed the Application for the '101 Patent**
7412 Spring Village Dr., Apt. 204
Springfield, VA  22150

Subjects: Prosecution of the application resulting in the '101 Patent.

**gg.    James F. Rogers, Retired Partner**
Washington, D.C. office of Latham & Watkins
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004

Subjects: Latham & Watkins partner and counsel for EON Corporation (fka TV Answer, Inc.) during the period before, during, and after the filing of the patent-in-suit.  Mr. Rogers may have knowledge of FCC licensing, business relations, and contacts.

1.    EON may also rely on individuals identified in the initial disclosures of any other party to support its claims and/or defenses.

2.    EON will likely rely on experts to support its claims and/or defenses, to be disclosed at the time appropriate pursuant to the Court's scheduling order, local rules, and the Federal Rules of Civil Procedure.

3.    EON expects to discover additional witnesses whose specific identities are not yet known to support its claims and defenses. These witnesses will likely have knowledge relating to the design, manufacture, function, use, sale, offer for sale, and marketing of the Defendants' accused instrumentalities.

**E.    Any Indemnity and Insuring Agreements Under Which Any Person or Entity May Be Liable to Satisfy Part or All of a Judgment Entered in this Action or to Indemnify or Reimburse For Payments Made to Satisfy the Judgment.**

EON is not presently aware of any indemnity or insurance agreement that may be used to

satisfy part of, or all of any judgment which may be entered in this action against EON, or to

indemnify or reimburse a party for payments made to satisfy any judgment.

**F. Any Settlement Agreements Relevant to the Subject Matter of this Action.**

EON is not presently aware of any settlement agreements that may be used to satisfy part of, or all of any judgment which may be entered in this action against EON, or to indemnify or reimburse a party for payments made to satisfy any judgment. Although the subject matter of the present action is different and fewer than all four of the Patents-in-Suit that were asserted against the below entities, EON has entered into settlement agreements regarding some of the Patents-in-Suit. Settlement agreements will be produced concurrently with the general production in this case on October 15, 2013. By identifying the following settlement agreements, EON does not admit or agree that any are relevant to the damages analysis applicable to any defendant in this case or that any defendant is a beneficiary of any rights under the agreements. In particular, EON has entered into settlement agreements with American Messaging Services, LLC, ST Messaging Services, LLC, Messaging Management Services, LLC, ST Network Services, LLC, Skytel Spectrum LLC, Velocita Wireless, LLC, and North American Wireless Holdings, LLC, USA Mobility, Inc., Brink's Home Security, Inc., Nighthawk Systems, Inc., DataOnline, LLC, Carrier Corporation, Inilex, Inc., SmartSynch, Alarm.com Inc., Food Automation Systems Tech., Village Software, Beckwith Electric Co., MWA Intelligence, Comsoft Corporation, Alltel, All Page, Verizon Patent and Licensing Inc., and Verizon Clinton Center Drive Corp., Cincinnati Bell, Inc., Advanced Metering Data Systems, Sensus USA, Inc., Bell Industries, Inc., Skyguard LLC, MedApps, Intellinet Technologies, D-Link Systems, Inc., Acme Packet, Inc., Palm, Inc., SPB Software, Inc., Juniper Networks, Inc., Overstock.com, Inc., MEI, Inc., Juni America, Inc., Ip,access, Inc., Cantaloupe Systems, Inc., Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC, Research in Motion Limited, Stoke, Inc., Alcatel-Lucent USA, Inc., Verizon Patent and Licensing Inc. and Cellco Partnership d/b/a Verizon Wireless, Nokia Corp., Taqua, LLC, T-Mobile USA, Inc., Airvana LLC, Clavister AB, Kineto Wireless,

Puerto Rico Telephone Company, Inc. and Telecommunicaciones De Puerto Rico, Inc., Mavenir Systems, Inc., Elster Solutions, LLC, Energy ICT, Inc. and Elster AMCO Water, LLC, Trilliant Networks, Inc., Novatel Wireless, Inc. and Enfora, Inc., Aclara Technologies LLC, Landis+Gyr Inc., and Itron, Inc.

**G.      Any Statement of Any Party to the Litigation.**

None.

Dated:  October 1, 2013

Respectfully Submitted,

*/s/ Mark Halderman*
Mark Halderman
Texas State Bar No. 24077403
Daniel Scardino
Texas State Bar No. 24033165
Rola Daaboul
Texas State Bar No. 24068473
**REED & SCARDINO LLP**
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel.:  (512) 474-2449
Fax:  (512) 474-2622
dscardino@reedscardino.com
mhalderman@reedscardino.com
rdaaboul@reedscardino.com

Deron Dacus
Texas State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel. & Fax: (903) 705-1117
ddacus@dacusfirm.com

**ATTORNEYS FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to

the following individuals by electronic mail on October 1, 2013, addressed as follows:

*/s/ Mark Halderman*
Mark Halderman

| **COUNSEL FOR APPLE INC.** | Li Chen<br>SIDLEY AUSTIN, LLP<br>717 North Harwood<br>Dallas, TX 75201<br>Tel.: (214) 981-3300<br>Fax: (214) 981-3400<br>lchen@sidley.com |
|---|---|
| | Ashish Nagdev<br>Bryan K. Anderson<br>SIDLEY AUSTIN, LLP<br>1001 Page Mill Road, Building 1<br>Palo Alto, CA 94304<br>Tel.: (650) 565-7000<br>Fax: (650) 565-7100<br>anagdev@sidley.com<br>banderson@sidley.com |
| | Kelly A. Krellner<br>Philip W. Woo<br>SIDLEY AUSTIN, LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Tel.: (415) 772-1200<br>Fax: (415) 772-7400<br>kkrellner@sidley.com<br>pwoo@sidley.com |
| | Eric H. Findlay<br>Brian Craft<br>FINDLAY CRAFT, LLP<br>6760 Old Jacksonville Hwy, Suite 101<br>Tyler, TX 75703<br>(903) 534-1100<br>(903) 534-1137 FAX<br>bcraft@findlaycraft.com<br>efindlay@findlaycraft.com |
| **COUNSEL FOR PANTECH WIRELESS, INC.** | Melissa R. Smith<br>GILLAM & SMITH<br>303 S. Washington Ave.<br>Marshall, Texas 75670<br>Tel: (903) 934-8450<br>Fax: (903) 934-257<br>melissa@gillamsmithlaw.com<br><br>Brendan Padraig O'Shea |

| | Stephen D. Dove<br>H.C. PARK AND ASSOCIATES, PLC<br>1894 Preston White Dr.<br>Reston, VA 20191<br>Tel.:  (703) 544-9257<br>Fax:  (703) 288-5139<br>boshea@park-law.com<br>sdove@park-law.com |
|---|---|
| **COUNSEL FOR LG ELECTRONICS MOBILECOMM USA, INC.** | Thomas H. Reger II<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Tel.: (214) 747-5070<br>Fax: (214) 747-2091<br>reger@fr.com<br><br>Ricardo J. Bonilla<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Tel.: (214) 747-5070<br>Fax: (214) 747-2091<br>rbonilla@fr.com |
| **COUNSEL FOR ASUS COMPUTER INTERNATIONAL AND ASUSTEK COMPUTER INC.** | Joshua Masur<br>Zhuanjia Gu<br>TURNER BOYD LLP<br>2570 West El Camino Real, Suite 380<br>Mountain View, CA 94040<br>Tel: (650) 521-5935<br>Fax: (650) 521-5931<br>masur@turnerboyd.com<br>gu@turnerboyd.com |

fact used to respond to Apple's transfer papers.[2]  Finally, none of EON's cited authority refused to consider evidence of witness location in deciding a motion to transfer.[3]

The present motion properly advises the Court that the recently exchanged initial disclosures confirm that the greatest concentration of witnesses with relevant knowledge resides in Northern California.  The parties exchanged initial disclosures that identified a total of 16 party and non-party witnesses that reside in Northern California.  In addition to the first 15 witnesses identified in Apple's initial disclosure (ECF-35-1), EON identifies several of the same Northern California witnesses as well as Robert Hal Turner of Oakland, California (ECF 35-4).  The location of these witnesses is clearly relevant to the Court's consideration of Apple's transfer motion.  *See Auto-Dimensions LLC v. Dessault Systèmes Solidworks Corp.*, 6:12-cv-01022-LED-JDL (E.D. Tex. Oct. 9, 2013), ECF 43 (Order granting motion to transfer and motion to supplement record).

Apple's previously filed reply papers also properly addressed the arguments and asserted facts offered by EON's opposition papers.  Apple's reply properly addressed EON's identification of witnesses, including the fact that a number of those witnesses reside in Northern California.  ECF 29 at 1-2.  Apple's reply also properly addressed EON's assertion that the location of Apple witnesses was speculative.  *Id.* at 2-3; ECF 29-1.  Finally, Apple's reply appropriately advised the Court that – after Apple filed its motion to transfer this matter – EON

---

[2] *Aniel v. GMAC Mortgage, LLC*, No. C 12-04201 SBA, 2012 WL 5389706, (N.D. Cal. Nov. 2, 2012)(denied a motion for reconsideration of denial of a TRO and specifically noted that the other party had not filed a sur-reply); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993)(declined to consider a declaration filed on appeal which was not part of the district court record and because the other party had no opportunity to respond).

[3] *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.,* No. 2–cv–911–IEG (WMC), 2012 WL 2068728, at *7 (S.D. Cal. June 8, 2012)(considered evidence presented in reply papers in venue transfer decision).

effectively acknowledged that Apple witnesses and records are located in Northern California by issuing a subpoena from the United States District Court for the Northern District of California to Apple.  ECF 29-3.  EON's assertion that Apple's reply is improper is also belied by EON's own submission of additional evidence in reply papers to this Court.  *EON v. LG Elecs. Mobilecomm USA, Inc.*, 6:12-cv-941 (E.D. Tex. Aug. 12, 2013)[4], ECF 41-1 (declaration of Alfonso Barragán introduced for the first time in EON's reply briefing); *Id.*, ECF 41-2 (declaration of Rola Daaboul introduced for the first time in EON's reply briefing).  The briefing on the terms of the protective order also identified two additional witnesses located in Northern California.  6:12-cv-941, ECF 23-29; 6:12-cv-941, ECF 23-30.[5]

The record at each briefing stage, from Apple's opening brief through the present motion, demonstrates that multiple party and non-party witnesses are located in Northern California while none reside in this district.  Even before Apple filed the reply papers, the record identified seven witnesses *by name* located in Northern California and their relevance to this matter.  *See* ECF 21-3, ¶¶5-8; ECF 21-2 (Buckley Declaration); ECF 28 at Ex. A and C.[6]  Apple's transfer motion papers also clearly demonstrated that Apple employees with relevant information to this matter would be located in Northern California, but could not be identified *by name* without EON's disclosing its infringement contentions so Apple could identify employees with knowledge of the specific features and products accused by EON.  *See* ECF 21-2 (Buckley Decl.), ¶¶ 11-14; ECF 29-1 (Young Decl.).

---

[4] On April 17, 2013 the captioned matter was consolidated for pre-trial proceedings, other than venue disputes, into lead case 6:12-cv-941, ECF 23.  The consolidated docket entries are hereinafter cited as 6:12-cv-941, ECF ##.

[5] Beth Kellermann and Maxine Curry.

[6] John Buckley, Patrick King, John Wagner, Lauren Battaglia, Intellectual Ventures, Latham & Watkins LLP, and Pillsbury Winthrop LLP.  *See also* ECF 29 at 1-2.

## I.   INTRODUCTION

Apple Inc. ("Apple") objects pursuant to Local Rule 72(b) to the denial of Apple's transfer motion (the "Transfer Order").  6:12-cv-943, Mar. 28, 2014, ECF 40[1].  The Transfer Order should be set aside and Apple's motion granted because the facts and law demonstrate that a mistake has been committed.  *InNova Patent Licensing, LLC v. 3COM Corp.*, No 2:10-cv-251 (E.D. Tex. Nov. 14, 2011); *U.S. Ethernet Innovations, LLC v. Xerox Corp.*, No. 6:12-cv-237, 2014 WL 573213 (E.D. Tex. Feb. 11, 2014).

## II.   ARGUMENT

The Transfer Order is clearly erroneous because it fails to address the undisputed fact that ___*fifteen (15)*___ witnesses are located in the NDCA with none located in the EDTX, by speculating that witnesses may volunteer to travel to this district, by disregarding the parties' disclosures of witnesses with material, relevant information, and by overstating EON's *de minimis* contacts.

**Availability of Compulsory Process**.  The Transfer Order commits clear error by failing to address three individual third-party witnesses and three third-party companies/law firms identified by the parties' disclosures within the "absolute subpoena power" of the NDCA.[2]  The

---

[1] Filings from the above captioned matter are abbreviated as follows: Apple Transfer Mot., ECF 21 (hereinafter "ECF 21"); EON Opp. to Apple Transfer Mot., ECF 28 (hereinafter "ECF 28"); Apple Reply Supp. Transfer Mot., ECF 29 (hereinafter "ECF 29"); Apple Mot. for Leave to File Initial Discl., ECF 35 (hereinafter "ECF 35"); Apple Reply Supp. Mot. for Leave, ECF 38 (hereinafter "ECF 38").  Filings from the following related cases are also abbreviated as follows: *EON Corp. IP Holdings, LLC v. LG Electronics MobileComm USA, Inc.*, 6:12-cv-941 (E.D. Tex. filed Dec. 19, 2012) (hereinafter "6:12-cv-941, ECF ##"); *EON Corp. IP Holdings, LLC v. ASUSTek Computer, Inc.*, 6:12-cv-944 (E.D. Tex. filed Dec. 19, 2012) (hereinafter "6:12-cv-944, ECF ##").

[2] (1) **Lauren Battaglia (San Anselmo, CA)** (ECF 28 at App. A, p. 18; ECF 28-4 at Ex. C, §D.1.h; ECF 29 at 1; ECF 29-2 at ¶¶3-5, Exs. 3-5; ECF 35-3 at §D.12 & ECF 35-4 at §D.e; ECF 38 at 3 n.6); (2) **Patrick King (Aptos and Watsonville, CA)** (ECF 21-3 at ¶¶5-7, Exs. 1-3; ECF 28-3 (Ex. B) at ¶¶1-2; ECF 28-4 at §D.1.z; ECF 29 at 1; ECF 35-3 at §D.11; ECF 35-4 at §D.dd); (3) **Robert Hall Turner (Oakland, CA)** (ECF 28, at App. A, p. 20; ECF 28-4 at §D.1.u; ECF 35-3 at §D.34; ECF 35-4 at §D.p; ECF 38 at 2); (4) **John P. Wagner (Aptos and Campbell, CA)** (ECF 28-4 at §D.1.aa; ECF 29 at 1; ECF 35-3 at §D.10; ECF 35-4 at §D.ee; ECF 38 at 3 n.6); (5) **Intellectual Ventures (Mountain View, CA)** (ECF 28-4 at §D.1.d; ECF 29 at 2, 2 n.3; ECF 35-3 at §D.13; ECF 38 at 3 n.6); (6) **Latham & Watkins (San Francisco and Menlo Park, CA)** (ECF 28 at App. A, p. 17-18; ECF 28-4 at §§D.1.f, D.1.g; ECF 29 at 2, 2 n.4; ECF 35-3 at §§D.14, D.20, D.21; ECF 35-4 at §§D.d, D.e, D.gg); (7) **Pillsbury Winthrop, LLP (San Francisco, CA)** (ECF 28-4 at §D.1.p; ECF 29 at 2, 2 n.5; ECF 35-3 at §§D.15, D.29; ECF 35-4 at §D.l; ECF 38 at 3 n.6).  EON's disclosures also identifies the law firm of Jones Day (ECF 35-4 at §D.u),

recently, the Federal Circuit granted mandamus where no non-party witness was identified in EDTX but witnesses were identified in ED Mich. with "potentially relevant" knowledge. *In re Toyota Motor Corp.*, No. 2014-113, slip op. at 4-5 (Fed. Cir. Apr. 3, 2014)[3]; *see Genentech*, 566 F.3d at 1343. In contrast, the *Core Wireless* decision is not pertinent because the Transfer Order concedes that six specifically identified Apple witnesses reside in the NDCA. Critically, the Transfer Order fails to address that a total of fifteen disclosed witnesses work and reside in the NDCA. In addition to the third-party witnesses, Apple identified the following eight employees as witnesses located in the NDCA: (8) Thomas Alsina; (9) Bob Bradley; (10) Mark Buckley;[4] (11) Maxine Curry; (12) Arun Mathias; (13) Beth Kellermann; (14) Payam Mirrashidi; (15) Jim Young.[5] This single most important factor in the venue analysis weighs strongly in favor of transfer. *Genentech*, 566 F.3d at 1343; *Igeniador, LLC v. Adobe Sys. Inc.*, No. 2:12-cv-00805-JRG, 2014 U.S. Dist. LEXIS 3308 at *8 (E.D. Tex. Jan 10, 2014) (cost of attendance for willing witnesses is the most important factor).[6]

**Relative Ease Of Access to Sources of Proof and Public Factors - Local Interest**. The Transfer Order clearly erred in finding that these factors either "slightly" favored transfer or were

---

[3] A copy of this opinion is provided as an exhibit to the April 4, 2014 Decl. of Kelly Krellner at ¶2, Ex. 1, submitted as an attachment to these objections.

[4] The Transfer Order also clearly errs in the discussion of the Buckley Declarations. Apple provided a Buckley Declaration from another matter in its reply (ECF 29-9) as support for its argument that a declaration similar to the Buckley Declaration submitted with Apple's motion to transfer in this case (ECF 21-2) had been found sufficient by this Court in a prior decision to transfer. *Adaptix, Inc. v. Apple Inc.*, No. 6:12-cv-00124 at 1 (E.D. Tex. Mar. 28, 2013); Exhibit 7 in Support of Apple's Reply, ECF 29-9. The Transfer Order errs by failing to address that the Buckley Declaration filed *in this case* demonstrates that Mr. Buckley is a witness resident in the NDCA with material information relevant to this case. ECF 21-2; ECF 35-3 at §D.6.

[5] *See, e.g.*, ECF 29 at 3, 4; ECF 29-1; ECF 35-3 at §D.3; ECF 38 at 3. *See also* ECF 21-2; ECF 38 at 3; 6:12-cv-941, ECF 23-29; 6:12-cv-941, ECF 23-30; 6:12-cv-941, ECF 23-31. Mr. Young also declared that he manages a team of 23 Apple employees that work on Apple TV software, all team members are located in Northern California and none work or reside in Texas. ECF 29-1.

[6] Prior to the issuance of the Transfer Order, EON submitted a notice that it had settled EON's action against LG. 6:12-cv-941, ECF 82. As a result, two of the three remaining consolidated defendants have sought transfer to the NDCA. *See* ASUS Mot. to Change Venue, 6:12-cv-944, July 3, 2013, ECF 21.



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

CHAMBERS OF
**Leonard Davis**
CHIEF JUDGE

211 WEST FERGUSON STREET, SUITE 318
TYLER, TEXAS 75702

TELEPHONE
(903) 590-1084

FACSIMILE
(903) 590-1190

June 16, 2014

President of the United States
1600 Pennsylvania Avenue, N.W.
The White House
Washington, D.C. 20500

Dear Mr. President:

Please be advised that on May 15, 2015, I intend to retire from office as a United States District Judge for the Eastern District of Texas under the provisions of 28 U.S.C. § 371(a), having attained the age and met the service requirements of subsection (c) of that section. I understand that, upon my retirement, I will receive, during the remainder of my lifetime, an annuity equal to the salary I was receiving at the time of retirement.

It has been a great honor to serve as a United States District Judge in the Eastern District of Texas. It is an excellent district with very hard working judges. However, for the past several years our district has been greatly understaffed due to two longstanding judicial vacancies. With my retirement in May 2015 and Judge Richard Schell's in March 2015, the Eastern District could have four of eight judgeships vacant by this time next year. This would make it very difficult for the remaining four Eastern District Judges to do the work of eight and continue to fulfill their Constitutional responsibilities to the citizens of East Texas.

I do hope that you, Senators Cornyn and Cruz, and our Texas Democratic Delegation will work in a bi-partisan manner to timely fill the existing two vacancies this year. And of equal importance, I would hope that all of you will begin your process of vetting potential applicants for the two upcoming 2015 vacancies so that there will not be undue delay in filling them.

Respectfully yours,

Leonard Davis
Chief Judge

President of the United States
June 16, 2014
Page 2


cc:     Honorable John Roberts, Chief Justice of the United States
         Honorable Carl Stewart, Chief Judge, Fifth Circuit Court of Appeals
         United States District Judges, Eastern District of Texas
         Senator John Cornyn
         Senator Ted Cruz
         Congressman Lloyd Doggett
         Honorable John D. Bates, Director, Administrative Office of the U.S. Courts
         Jeremy D. Fogel, Director, Federal Judicial Center
         Paul Benjamin Anderson, Jr., Circuit Executive
         David Maland, Clerk, U.S. District Court for the Eastern District of Texas
         Dan Jackson, Chief, Judges Compensation and Retirement Services Office

## Adaptix, Inc. v. HTC Corp.

United States District Court for the Eastern District of Texas, Tyler Division
March 28, 2013, Decided; March 28, 2013, Filed
Case No. 6:12-cv-121

**Reporter:** 937 F. Supp. 2d 867; 2013 U.S. Dist. LEXIS 44265; 2013 WL 1314413

ADAPTIX, INC. v. HTC CORPORATION and HTC AMERICA, INC. and CELLCO PARTNERSHIP d/b/a Verizon Wireless

**Counsel:** [**1] For Adaptix, Inc., Plaintiff: Paul J Hayes, LEAD ATTORNEY, PRO HAC VICE, Dean G Bostock, James C Hall, PRO HAC VICE, Paul J Cronin, Hayes Bostock & Cronin, LLC, Andover, MA; Jack Wesley Hill, Thomas John Ward, Jr, Ward & Smith Law Firm, Longview, TX.

For Cellco Partnership, Defendant: Geoffrey Mark Godfrey, Mark Donnell Flanagan, Robert Michael Galvin, Wilmer Cutler Pickering Hale & Dorr LLP - Palo Alto, Palo Alto, CA; Michael E Jones, Patrick Colbert Clutter, IV, Potter Minton, a Professional Corporation, Tyler, TX.

For HTC Corporation, HTC America, Inc., Defendants: Fred Irvin Williams, Akin Gump Strauss Hauer & Feld - Austin, Austin, TX; Todd Eric Landis, Akin Gump Strauss Hauer & Feld LLP - Dallas, Dallas, TX.

For Cellco Partnership, Counter Claimant: Geoffrey Mark Godfrey, Mark Donnell Flanagan, Robert Michael Galvin, Wilmer Cutler Pickering Hale & Dorr LLP - Palo Alto, Palo Alto, CA; Michael E Jones, Potter Minton, a Professional Corporation, Tyler, TX.

For Adaptix, Inc., Counter Defendant: Paul J Hayes, LEAD ATTORNEY, PRO HAC VICE, Dean G Bostock, James C Hall, PRO HAC VICE, Paul J Cronin, Hayes Bostock & Cronin, LLC, Andover, MA; Jack Wesley Hill, Thomas John Ward, Jr, Ward & Smith [**2] Law Firm, Longview, TX.

**Judges:** MICHAEL H. SCHNEIDER, UNITED STATES DISTRICT JUDGE.

**Opinion by:** MICHAEL H. SCHNEIDER

| Opinion |
| --- |

[*870] **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion to transfer venue[1] (Doc. No. 35). Having fully considered the parties' arguments, the undisputed **facts**, and the applicable law, the Court **GRANTS** the motion and **ORDERS** this action be transferred to the United States District Court for the Northern District of California.

## I. BACKGROUND

This litigation involves alleged patent infringement of two related patents: U.S. Patent Nos. 6,947,748 (the '748 patent) and 7,454,212 (the '212 patent). In general, the patents cover technology related to the 4G LTE communications standard. Plaintiff accuses Defendants of infringing the patents based on the sale and use of two HTC products: the Rezound and Thunderbolt smartphones.

---

[1]   Defendants in this case and several related cases filed identical motions to transfer. *See, e.g.,* Defs.' Mot. to Transfer Venue, *Adaptix, Inc. v. AT&T Mobility LLC,* No. 6:12cv17 (E.D. Tex. Aug. 13, 2012), ECF No. 57. This opinion only applies to the case listed in the caption. The Court may consider earlier or copending cases to assess judicial economy in the transfer analysis. *See In re EMC Corp.,* No. 142, 501 Fed. Appx. 973, 2013 U.S. App. LEXIS 1985, 2013 WL 324154, at *2 (Fed. Cir. Jan. 30, 2013). But this case and the other related cases have not been consolidated for trial or for venue purposes (Doc. No. 44 at 4 (consolidating cases for all *pretrial* purposes other than venue)). Thus, the Court looks only to the evidence and witnesses of the Defendants named in this particular case when considering [**3] the convenience factors.

Adaptix is a Delaware corporation with its principal place of business in Carrolton, Texas.[2] HTC Corporation is a Taiwanese corporation with its principal place of business in Taiwan. HTC America is a Washington [*871] corporation with its principal place of business in Bellevue, Washington. HTC Corporation is the parent company of HTC America (collectively, HTC). Verizon is a Delaware corporation with its principle place of business in Basking Ridge, New Jersey.

Defendants argue that Plaintiff's claims against them should be transferred to the Northern District of California pursuant to *28 U.S.C. § 1404(a)*. Plaintiff opposes [**4] transfer and urges that Defendants cannot show that the Northern District of California is a clearly more convenient forum.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C. § 1404(a)*. A threshold inquiry is whether the suit "might have been brought" in the proposed transferee venue. *In re Volkswagen of Am., Inc., 545 F.3d 304, 312 (5th Cir. 2008)* (en banc) (*Volkswagen II*). Once a defendant satisfies that burden, the Court weighs certain factors to determine if transfer is warranted. *Volkswagen II, 545 F.3d at 314 n.9*; *see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507-08, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)*. The moving party must show good cause by demonstrating the transferee venue is clearly more convenient. *Volkswagen II, 545 F.3d at 314*. Otherwise, a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred. *Id.* at 315 n.10.

When deciding whether to transfer an action, the Court balances the private interests of the litigants and the public's interest [**5] in the fair and efficient administration of justice. *Volkswagen II, 545 F.3d at 315*; *In re TS Tech USA Corp., 551 F.3d 1315, 1320 (Fed. Cir. 2008)*. The relevant factors are divided between these private and public interests. *Gilbert, 330 U.S. at 508*. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II, 545 F.3d at 315* (quotation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quotation omitted). These factors are not exhaustive, and no single factor is dispositive. *Id.*

## III. DISCUSSION

### a.Jurisdiction in the Transferee Forum

The first question the Court must address when considering a motion to transfer [**6] venue under *28 U.S.C. § 1404(a)* is whether the suit originally could have been filed in the destination venue, here, the Northern District of California. *Volkswagen II, 545 F.3d at 312*. The movants bear the burden of establishing personal jurisdiction and venue as to all defendants in the transferee forum. *See Chirife v. St. Jude Med., Inc., No. 6:08-CV-480, 2009 U.S. Dist. LEXIS 50482, 2009 WL 1684563, at *1 (E.D. Tex. June 16, 2009)*. This determination is made as the circumstances existed at the time of filing. *See Hoffman v. Blaski, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960)*. Plaintiff argues that Defendants have not satisfied their burden to demonstrate that this

---

[2]   Adaptix's parent company is Acacia Research Group, which is headquartered in the Central District of California. Acacia also has a Frisco, Texas office.

case could originally have been [*872] filed in the Northern District of California. Defendants argue that (1) they have demonstrated sufficient contacts with the Northern District of California to establish that this case could have been filed there, and (2) Defendants have consented to jurisdiction in the Northern District of California by filing this action.

″Any [**7] civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.″ 28 U.S.C. § 1400(b). But the relevant inquiry is whether jurisdiction and venue existed at the time this action was filed. See Hoffman v. Blaski, 363 U.S. 335, 344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960). Thus, post-filing consent to jurisdiction in the transferee forum is irrelevant to the transfer analysis. Id.

As a foreign entity, HTC Corporation venue is proper in any district. 28 U.S.C. § 1391(c)(3). HTC America, Inc. has a facility in San Francisco that focuses on design issues for HTC mobile products. The facility employs 21 people. Accordingly, the Court finds HTC America's contacts to the Northern District of California sufficient to confer jurisdiction and venue.

Verizon has offices and personnel throughout the United States, including at its facility in Walnut Creek, California. Verizon also sells its LTE-related products and services nationwide. Accordingly, the Court finds Verizon's contacts to the Northern District of California sufficient to confer jurisdiction and venue.

### A. Private Interest [**8] Factors

### 1. The Relative Ease of Access to Sources of Proof

The first private interest factor is the relative ease of access to sources of proof. This factor weighs in favor of transfer when evidence could be more readily accessed from the proposed transferee district. Although documentary

evidence is often stored electronically, the Court considers the physical location of documents and other evidence. In re Genentech, Inc., 566 F.3d 1338, 1345-46 (Fed. Cir. 2009). But documents relocated in anticipation of litigation are not considered. In re Hoffmann-La Roche Inc., 587 F.3d 1333, 1336-37 (Fed. Cir. 2009). Courts analyze this factor in light of the distance that documents or other evidence must be transported from their existing location to the trial venue. See Volkswagen II, 545 F.3d at 316.

″In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.″ In re Genentech, Inc., 566 F.3d at 1345 (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)); see In re Acer Am. Corp., 626 F.3d 1252, 1256 (Fed. Cir. 2010) [**9] (explaining that a corporate party's relevant discoverable material is generally located at its headquarters).

As an initial matter, Defendants urge the Court to discredit Plaintiff's presence in this district—including any documents Plaintiff may have relocated here. Defendants accuse Plaintiff of relocating to Carrollton, Texas from Washington State to manufacture jurisdiction. Defendants note that Plaintiff's parent company is located in California and only one Adaptix employee lives and works in this district.

A party's recent relocation to a district in order to manipulate venue should not be considered in the Court's venue analysis. See In re Microsoft Corp., 630 F.3d 1361, 1365 (Fed. Cir. 2011) (per curiam); NovelPoint Learning LLC v. LeapFrog Enters. Inc., No. 6:10-cv-229, 2010 U.S. Dist. LEXIS 128906, 2010 WL 5068146, at *4 (E.D. Tex. Dec. 6, [*873] 2010) (″[W]eight given to the location of [plaintiff's] documents is determined by whether [plaintiff] is an 'ephemeral' entity.″). But the Court finds Defendants' argument unavailing. Adaptix relocated to Texas in 2009, it was acquired by

937 F. Supp. 2d 867, *873; 2013 U.S. Dist. LEXIS 44265, **9

California-based Acacia Research Group after the move to Texas, and Plaintiff's executive vice president continues to live and work [**10] in this district. Thus, Plaintiff is not an "ephemeral entity" located in this district to establish venue. *See Advanced Data Access LLC v. Toshiba Corp., No. 6:11cv621, 2012 U.S. Dist. LEXIS 187387 (E.D. Tex. Sept. 7, 2012),* ECF No. 59 at 6-7.

Defendants also maintain that the Northern District of California is a more convenient forum for access to relevant documents. HTC states that its San Francisco facility has design documents related to the accused products. But HTC represents that most of its relevant documents are located in Washington State and in Taiwan.

HTC also notes that the accused products incorporate chipsets from Qualcomm, a San Diego-based company. Defendants argue that the Qualcomm chipsets provide some of the accused functionality, and thus Qualcomm has many of the relevant documents related to the accused products. Defendants do not specify the location of Qualcomm's relevant documents. Furthermore, Verizon has identified both its New Jersey headquarters and its Walnut Creek facility as having relevant documents. Verizon also notes that California-based Cisco supplies Verizon with "core network equipment." Verizon does not state where Cisco's relevant documents are located.

Defendants also name [**11] seven prior art witnesses likely to have relevant documents. Each of the witnesses is located in the transferee district. Defendants also name Broadcom Corporation—an Irvine, California company with offices in the Northern District of

California— as having documents relevant to prior art. Finally, Defendants note that the lead attorney who prosecuted one of the patents is located in the transferee district.

Plaintiff responds that a greater weight of evidence is more convenient to this district. Plaintiff identifies four former Adaptix employees who reside in Texas.[3] Plaintiff further identifies two Dallas attorneys who were involved in the prosecution of both patents. Plaintiff argues that these witnesses' documents will be located in Texas.

Plaintiff also points to Alcatel-Lucent and Nokia-Siemens base stations used in developing the 4G LTE-compliant cellular telephone networks. According to Plaintiff, "These two companies are the source of evidence regarding how the 4G LTE [**12] networks were designed and operate in conjunction with the accused products herein," and both companies have "a substantial presence in Texas" (Doc. No. 45 at 8). It is unclear from Plaintiff's argument and accompanying support how the activities of these third parties relate to this case or what relevant documents they possess.[4] Furthermore, Plaintiff has not given [*874] any indication of where these entities' relevant documents are located. Accordingly, the Court discounts the importance of the Texas presence of non-parties Alcatel-Lucent and Nokia-Siemens.

Plaintiff also notes that Verizon's sales documentation is located in New Jersey, which Verizon [**13] does not dispute.

The parties have only identified New Jersey and Walnut Creek as having documents related to the accused products. Referencing the principal place of businesses of various party and

---

[3] Without supporting documentation, Plaintiff names six former employees who allegedly live in this district. But Defendants provided unrebutted documentation that two of these witnesses live in Washington State.

[4] Plaintiff identifies three cases pending in this district in which Plaintiff accuses Alcatel-Lucent USA, Inc. of infringing five patents. *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.,* 6:12cv22; *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.,* 6:12cv122; and *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.,* 6:12cv123. Two of the patents in those cases are related to the patents in suit in this case. But Plaintiff cannot simply incorporate the documents from a Defendant in another case without explanation, even if the cases are related to similar technology.

non-party entities (Qualcomm, Broadcom, and Cisco), the parties have suggested that additional documents are available in San Diego, Irvine, and at Cisco's California office.[5] The parties also have identified the locations of several witnesses on the basis that these witnesses have relevant documents. Of these witnesses, eight are located in the transferee district, and six are in Texas.

On the whole, the Court finds that the greater weight of evidence is more convenient to the Northern District of California. Defendants have identified several specific categories of documents that will be available in the Northern District of California and even more evidence available on the west coast, including southern California and Washington State. In contrast, Plaintiff has only identified six witnesses located in Texas who potentially have relevant documents. Furthermore, the New Jersey and Taiwan documents have minimal impact [**14] on the Court's consideration of this factor. *See In re Genentech, Inc.,* 566 F.3d 1338, 1346 (noting that moving documents from Washington, D.C. and Europe to Texas was only slightly more convenient than moving them to California). Finally, Plaintiff fails to articulate the category of relevant documents possessed by non-parties Alcatel-Lucent and Nokia-Siemens, nor has Plaintiff given the Court any suggestion of where those documents are located. Accordingly, this factor weighs heavily in favor of transfer.

## 2. The Availability of Compulsory Process

The next factor is the availability of compulsory process. Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses. Absolute subpoena power means the power to compel attendance at both depositions and trial. *Hoffmann-La Roche,* 587 F.3d at 1337-38.

Under Federal Rule of Civil Procedure 45, a court has power to compel trial testimony if the witness is served: (1) within the district; (2) within 100 miles of the courthouse; or (3) within the state of the issuing court. F. Rule Civ. P 45(b)(2)(A)–(C). *But see* Fed. R. Civ. P. 45(c)(3)(B)(iii) & 45(c)(3)(C) (limiting a court's authority [**15] to compel a non-party witness to travel more than 100 miles to testify at trial, unless there is a ″substantial need for the testimony″ and the witness is reasonably compensated). A court can compel deposition testimony of a non-party witness within 100 miles of his home or workplace. *See* Rule 45(c)(3)(A)(ii).

The Northern District of California has absolute subpoena power over seven of the prior art witnesses and the patent prosecution attorney identified by Defendants as working in the transferee district. The transferee district would also have absolute subpoena power over Adaptix's former vice president of marketing, who now lives in Los Altos. The transferee district would also have authority to compel testimony at trial for witnesses from Broadcom's Irvine headquarters and at Qualcomm's San Diego office. But California's subpoena power does not [*875] extend to any of the inventors of the patented technology and only to one former Adaptix employee named by the parties. Defendants also identify two individuals working in the transferee district whose work on related patents Defendants allege will be relevant to Plaintiff's claims ″either because their patents are related to the patents-in-suit [**16] or they otherwise worked closely with [Plaintiff's predecessor's] team″ (Doc. No. 55 at 5).

The Eastern District of Texas has absolute subpoena power over former Adaptix President and CEO, as well as one of the inventors of the patented technology, both of whom live in Plano, Texas.

Considering the extent of each district's absolute subpoena power, the Court finds that this factor weighs in favor of transfer.

---

5   The parties do not indicate where in California Cisco's office is located.

937 F. Supp. 2d 867, *875; 2013 U.S. Dist. LEXIS 44265, **16

### 3. The Cost of Attendance for Willing Witnesses

One of the most important factors is the cost of attendance for witnesses. In analyzing the cost of attendance of willing witnesses, courts consider the convenience of both party and non-party witnesses. *See In re Volkswagen AG,* 371 F.3d 201, 204 (5th Cir. 2004) (per curiam) (*Volkswagen I*) (requiring courts to "contemplate consideration of the parties and witnesses"). Nevertheless, the convenience to non-party witnesses is afforded greater weight than that of party witnesses. *NovelPoint,* 2010 U.S. Dist. LEXIS 128906, 2010 WL 5068146, at *6.

The Fifth Circuit applies a 100-mile rule to assist in the analysis of this factor. "When the distance between an existing venue for trial of a matter and a proposed venue under *§ 1404(a)* is more than 100 miles, the factor of inconvenience [**17] to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen I,* 371 F.3d at 204-05; *see In re TS Tech,* 551 F. 3d at 1320. The greater distance witnesses have to travel for trial, the greater their expense and the longer they will be away from home and employment. *See id.*

As a threshold matter, the Northern District of California and the Tyler Division of the Eastern District of Texas are greater than 100 miles apart. Thus, the Court must assess the inconvenience to witnesses having to travel to one venue versus the other.

As discussed above, 11 non-party witnesses are located in the transferee district (seven prior art witnesses, a former Adaptix employee, two individuals who worked on related patents, and an attorney involved in the prosecution of the patents). Defendants also identify a number of non-party witnesses located in Washington State, including three of the four inventors and four former Adaptix executives. Additionally, four individuals from Plaintiff's parent company—identified in Plaintiff's disclosures as having information about Plaintiff's corporate

matters—are located in Newport Beach, California (in the Central District [**18] of California). As to all of these non-party witnesses, the Northern District of California is a more convenient forum.

Plaintiffs identify seven non-party witnesses who are located in Texas: one of the inventors, a former Adaptix president and CEO, three other former Adaptix employees, and two attorneys involved in prosecuting the patents. For these witnesses, the Eastern District of Texas is a clearly more convenient forum.

The parties also identify another attorney involved in the prosecution of the patents in suit. He is located in Colorado. The parties have not addressed the comparative inconvenience for this witness to travel to the competing forums. In view of this gap in the parties' briefing and because this witness will have to travel a significant distance to travel to either district, his presence in Colorado is neutral to [*876] the transfer analysis. *See Genentech,* 566 F.3d at 1344 (explaining that witnesses who "will be required to travel a significant distance no matter where they testify" are discounted under the 100-mile rule).

Defendant also identifies Qualcomm and Broadcom as having potential witness in San Diego and Irvine. Although the transferee forum would be more convenient [**19] for witnesses from these offices, the Court discounts these witnesses because the parties have not specifically identified them. *See Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.,* No. 6:11-cv-34, at 14, 2012 U.S. Dist. LEXIS 114502 (E.D. Tex. Apr. 19, 2012); *Dymatize Enters., Inc. v. Maximum Human Performance, Inc.,* No. 3:09-cv-1840, 2010 U.S. Dist. LEXIS 24727, 2010 WL 972240, at *2-3 (N.D. Tex. Feb. 28, 2010) (holding that although a party need not provide affidavits identifying witnesses and outlining testimony, it must at least identify the witnesses). Even more significantly, Defendants have not clearly stated that potential witnesses from

Qualcomm and Broadcom are among those who work in the San Diego and Irvine offices. Accordingly, the Court affords these general assertions less weight because of their speculative nature.

As to party witnesses, Verizon asserts that several key witnesses are located at its Walnut Creek facility in the transferee district. But Verizon fails to specifically identify a single witness. Similarly, HTC suggests that employees from its San Francisco, Bellevue, and Taiwan offices possess relevant information. But like Verizon, HTC does not specifically identify a single witness. [**20] Accordingly, the Court will discount the location of these potential Verizon and HTC witnesses.

Plaintiff has two current employees identified by the parties as relevant to the transfer analysis. Guanbin Xing, identified by Defendants as having relevant information, is located in Bellevue, Washington. Significantly, Plaintiff's Executive Vice President Dooyong Lee lives and works in this district.

Several non-party witnesses are located on the west coast and would find the Northern District of California a more convenient forum. Only seven non-party witnesses would find the Eastern District of Texas more convenient. Only two party witnesses have been specifically named, one in Bellevue, Washington and Plaintiff's executive vice president in this district. Overall, a greater number of party and non-party witnesses in this case would find the Northern District of California is a clearly more convenient venue. Accordingly, this factor favors transfer.

### 4. All Other Practical Problems

The fourth factor serves as a catchall for concerns that may weigh for or against transfer. For example, transfer is disfavored when the issue is raised late in the case. *See, e.g., Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.,* No. 6:08-cv-286, 2009 U.S. Dist. LEXIS 24748, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009). [**21] And judicial economy may counsel against transferring a case when it would result in overlapping issues being simultaneously adjudicated in different districts. *In re Vistaprint Ltd.,* 628 F.3d 1342, 1345 (Fed. Cir. 2010). Generally, other practical problems focus on issues of judicial economy. Particularly, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220-21 (7th Cir. 1986)).

Importantly, "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.,* No. 142, 2013 U.S. App. LEXIS 1985, at *7, 2013 WL 324154, at *2 [*877] (Fed. Cir. Jan. 29, 2013) (quoting *Blaski,* 363 U.S. at 343). "While considerations of judicial economy arising *after* the filing of a suit do not weigh against transfer, a district court may properly consider any judicial economy benefits [**22] which would have been apparent at the time the suit was filed." *Id.* "[A] district court's experience with a patent in prior litigation and the copendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.*

Defendants argue that judicial economy favors transferring the eight related cases addressed in the briefing. Looking at all eight cases involving the patents in suit, defendants argue that several of the accused products were developed in California. The defendants particularly emphasize Apple's presence in the transferee district. Defendants also note that these cases would benefit from proceeding under a similar schedule.

Plaintiffs respond that another group of cases pending in this district are related to this case.[6] Those cases involve five different patents, two of which are related to the patents in suit in this case.

Defendants' emphasis on keeping the related cases on the same schedule is compelling.[7] But the Court must consider the facts at the time of filing. *In re EMC Corp.*, No. 142, 2013 U.S. App. LEXIS 1985, 2013 WL 324154, at *2. Defendants have not indicated that the transferee district had any pending cases or other knowledge of the patents in suit at the time of filing. Furthermore, the Court is not persuaded by Plaintiff's suggestion that the additional cases pending in this district weigh against transfer. Although those cases overlap as to some parties and involve related patents, Plaintiff has not demonstrated that the Court has experience with or is familiar with the patents in *this* case. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 n.3 (Fed. Cir. 2010).

For these reasons, the Court finds this factor is neutral.

### B. Public Interest Factors

### 1. The Administrative Difficulties Flowing From Court Congestion

The first public interest factor is court congestion. Generally, this factor favors a district [**24] that can bring a case to trial faster. *In re Genentech*, 566 F.3d at 1347. Of all the venue factors, this is the "most speculative." *Id.* When "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Id.*

Here, Defendants contend this factor is neutral, while Plaintiff maintains it weighs against

transfer. Relying on a 16-month-old opinion, *Gemalto v. HTC Corp.*, No. 6:10cv561 LED-JDL, 2011 U.S. Dist. LEXIS 133612, 2011 WL 5838212, at *6 (E.D. Tex. Nov. 18, 2011) (citing statistics that a patent trial proceeds to a verdict nearly 15 months faster in the Eastern District of Texas than in the Northern District of California), Plaintiff claims that a patent case takes longer to proceed to a verdict in the Northern District of California. Plaintiff has not provided any current data to support this claim. Accordingly, the Court finds this factor is neutral.

### [*878] 2. The Local Interest in Having Localized Interests Decided at Home

The next public interest factor is the local interest in adjudication of the case. Traditionally, the location of the alleged injury is an important consideration. *See Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp 2d 859, 872 (E.D. Tex. 2012) [**25] (citing *In re TS Tech*, 551 F.3d at 1321). When the accused products or services are sold nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id.* Local interest also arises when a district is home to a party because the suit may call into question the reputation of individuals that work in the community. *Hoffmann-La Roche*, 587 F.3d at 1336. The local interest in the litigation is an important consideration because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (quoting *Gulf Oil Corp.*, 330 U.S. at 508-09).

Verizon's Walnut Creek facility—located in the transferee forum—employs several of Verizon's employees involved in the development of the LTE network. This litigation calls into question

---

6  The related cases are *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv22; *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv122; *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv123; *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv369; *ADAPTIX, Inc. v. Ericsson, Inc.*, 6:13cv49; and *ADAPTIX, Inc. v. Ericsson, Inc.*, 6:13cv50. [**23] Some of these case were filed after Plaintiff's response and thus are not referenced in the briefing.

7  *See PersonalWeb Techs., LLC v. NEC Corp.*, 6:11cv655 at 45-49, 2013 U.S. Dist. LEXIS 46296 (E.D. Tex. Mar. 21, 2013), ECF No. 74.

their work. *See In re Hoffmann-La* Roche, 587 F.3d at 1336. Similarly, HTC operates a small facility in the Northern District of California with 21 employees who work on design issues for the accused products. But neither Verizon nor HTC are headquartered in the transferee district. Plaintiff is headquartered in this district, but is a wholly [**26] owned subsidiary of a Newport Beach, California-company. Furthermore, Plaintiff's executive vice president and one of the inventors of the technology is located in this district.

The transferee district has a significant interest in this case based on the presence of individuals involved in developing the accused technology. But this district—as home to the Plaintiff and one of the inventors—also has a substantial interest in the outcome of this litigation. Considering the balance of these facts, the Court finds that this factor is neutral.

### 3. The Familiarity of the Forum With the Governing Law

Courts are also to consider "the familiarity of the forum with the law that will govern the case." *Volkswagen I,* 371 F.3d at 203. The Court notes that both the Northern District of California and the Eastern District of Texas are equally capable of applying the law regarding patent infringement. *See In re TS Tech,* 551 F.3d at 1320. Accordingly, as the parties agree, this factor is neutral.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The parties acknowledge that this case does not present conflict of laws issues. Thus, this factor is neutral.

### IV. CONCLUSION

Having fully considered all [**27] of the private and public interest factors, Defendants have met their burden to show that the Northern District of California is "*clearly* more convenient" than the Eastern District of Texas. *Volkswagen II,* 545 F.3d at 315 (emphasis added). In balancing all of the factors, the Court finds that Defendants have met their "significant burden" under *§ 1404(a)*. *Id.* at 315 n.10. Accordingly, Defendants' motion to transfer as to the claims against Verizon and HTC (Doc. No. 35) is **GRANTED.** The Court **ORDERS** that Plaintiffs' claims be transferred to the United States District Court for the Northern District of California.

**It is SO ORDERED.**

**SIGNED this 28th day of March, 2013.**

/s/ Michael H. Schneider

MICHAEL H. SCHNEIDER

UNITED STATES DISTRICT JUDGE

# GeoTag, Inc. v. Starbucks Corp.

United States District Court for the Eastern District of Texas, Marshall Division
January 14, 2013, Decided; January 14, 2013, Filed
Case No. 2:10-cv-572

**Reporter:** 2013 U.S. Dist. LEXIS 58575; 2013 WL 890484

GEOTAG, INC. v. STARBUCKS CORPORATION., ET AL

**Subsequent History:** Motion to strike denied by GeoTag, Inc. v. Starbucks Corp., 2013 U.S. Dist. LEXIS 141002 (E.D. Tex., Sept. 26, 2013) Patent interpreted by Geotag Inc. v. Starbucks Corp., 2013 U.S. Dist. LEXIS 160223 (E.D. Tex., Nov. 7, 2013)

**Prior History:** Geotag, Inc. v. Frontier Communs. Corp., 2011 U.S. Dist. LEXIS 104901 (E.D. Tex., Sept. 15, 2011)

**Counsel:** [*1] For David Keyzer, Technical Advisor: David Michael Keyzer, Law Office of David Keyzer, PC, El Dorado Hills, CA.

For GEOTAG, INC., a Texas Corporation, Plaintiff: David R Bennett, LEAD ATTORNEY, David R. Bennett, Direction IP law, Chicago, IL; Charles Craig Tadlock, Keith Bryan Smiley, Tadlock Law Firm, Plano, TX; Daniel S Mount, Mount & Stoelker, San Jose, CA; Kevin Martin Pasquinelli, Mount, Spelamn & Fingerman, PC, San Jose, CA.

For Starbucks Corp., Defendant: Danny Lloyd Williams, LEAD ATTORNEY, Williams Morgan & Amerson, Houston, TX; Brian K Buss, Christopher Needham Cravey, David Kent Wooten, Terry D Morgan, Williams Morgan & Amerson PC, Houston, TX; Jason C Kravitz, PRO HAC VICE, Nixon Peabody LLP - Boston, Boston, MA; Jennifer Parker Ainsworth, Wilson Robertson & Cornelius PC, Tyler, TX; Jodi Rosen Wine, PRO HAC VICE, Russell J Genet, Nixon Peabody LLP - Chicago, Chicago, IL.

For AFC Enterprises Inc, doing business as Popeye's Chicken and Biscuits, doing business as Popeye's, Defendant, Counter Claimant:

Derek Scott Neilson, Alston & Bird, LLP - Dallas, Dallas, TX; Kamran Jivani, Alston & Bird LLP - Atlanta, Atlanta, GA.

For Bob Evans Farms Inc, doing business as Bob Evans, Bob [*2] Evans Restaurants of Michigan LLC, Defendants: Mark David Taylor, LEAD ATTORNEY, Baker & McKenzie - Dallas, Dallas, TX; Brian Charles McCormack, Baker & McKenzie, Dallas, TX; Christy V LaPierre, PRO HAC VICE, Irene I Yang, Michael J Bettinger, K&L Gates LLP - San Francisco, San Francisco, CA; Jennifer Klein Ayers, Steven G. Schortgen, K&L Gates LLP - Dallas, Dallas, TX.

For Brinker International Inc, doing business as Chili's, doing business as Romano's Macaroni Grill, doing business as Maggiano's Little Italy, Defendant: Adam David Swain, Alston & Bird - Washington, Washington, DC; Derek Scott Neilson, Jason Woodard Cook, Alston & Bird, LLP - Dallas, Dallas, TX; Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX; Frank G Smith, III, PRO HAC VICE, Kamran Jivani, Robert L Lee, Alston & Bird LLP - Atlanta, Atlanta, GA; J Thad Heartfield, M. Dru Montgomery, The Heartfield Law Firm, Beaumont, TX; Jason C Kravitz, PRO HAC VICE, Nixon Peabody LLP - Boston, Boston, MA; Jodi Rosen Wine, PRO HAC VICE, Russell J Genet, Nixon Peabody LLP - Chicago, Chicago, IL.

For Burger King Corp, Jack In The Box Inc, Defendants: Neil J McNabnay, LEAD ATTORNEY, Fish & Richardson - Dallas, Dallas, [*3] TX; Jane J Du, Michael Andrew Bittner, Fish & Richardson PC - Dallas, Dallas, TX; Wasif H Qureshi, Fish & Richardson PC-Houston, Houston, TX.

For California Pizza Kitchen Inc, Defendant, Counter Claimant: J Thad Heartfield, M. Dru Montgomery, The Heartfield Law Firm, Beaumont, TX.

For CEC Entertainment Inc, doing business as Chuck E Cheese's, CEC Entertainment Concepts LP, Defendants: Mark David Taylor, LEAD ATTORNEY, Baker & McKenzie - Dallas, Dallas, TX; Andrew M Stern, PRO HAC VICE, Robert R Baron, Jr, PRO HAC VICE, Ballard Spahr, LLLP - Pennsylvania, Philadelphia, PA; Brian Charles McCormack, Baker & McKenzie, Dallas, TX; Charley F Brown, PRO HAC VICE, Ballard Spahr LLC- Atlanta, Atlanta, GA.

For CICI Enterprises LP, doing business as CICI's Pizza, Defendant: Michael Andrew Bittner, Fish & Richardson PC - Dallas, Dallas, TX; Neil J McNabnay, LEAD ATTORNEY, Fish & Richardson - Dallas, Dallas, TX; Wasif H Qureshi, Fish & Richardson PC-Houston, Houston, TX.

For Cinnabon Inc, Defendant: Brian K Erickson, John M Guaragna, LEAD ATTORNEYS, DLA Piper US LLP - Austin, Austin, TX; Amy P Mohan, DLA Piper LLP-Houston, Houston, TX; Henning Schmidt, Reed & Scardino LLP, Austin, TX; Ryan W Cobb, Thomas [*4] Jesse Hindman, DLA Piper US LLP - San Diego, San Diego, CA.

For Cracker Barrel Old Country Store Inc, doing business as Cracker Barrel, Defendant: Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX; Matthew A Williams, PRO HAC VICE, Wyatt Tarrant & Combs - KY, Louisville, Ky.

For Deli Management Inc, doing business as Jason's Deli, Defendant, Counter Claimant: David M Stein, Akin Gump Straus Hauer & Feld LLP, Los Angeles, CA; J Thad Heartfield, The Heartfield Law Firm, Beaumont, TX.

For Applebee's International Inc, Applebee's IP LLC, Defendants: Anthony F Lo Cicero, PRO HAC VICE, Benjamin Charkow, PRO HAC VICE, Richard S Mandaro, PRO HAC VICE, Amster Rothstein & Ebenstein, New York, NY; Debra Elaine Gunter, Yarbrough Wilcox, PLLC, Tyler, TX; Elizabeth Anne Tassi, PRO HAC VICE, Penny R Slicer, PRO HAC VICE, Stinson Morrison Hecker LLP - Missouri, Kansas City, MO; Herbert A Yarbrough, III, Attorney at Law, Tyler, TX.

For Doctor's Associates Inc, doing business as Subway, Defendant: Neil J McNabnay, LEAD ATTORNEY, Fish & Richardson - Dallas, Dallas, TX; Christy V LaPierre, PRO HAC VICE, Irene I Yang, Michael J Bettinger, K&L Gates LLP - San Francisco, San Francisco, CA; Jane [*5] J Du, Fish & Richardson PC - Dallas, Dallas, TX; Jennifer Klein Ayers, Steven G. Schortgen, K&L Gates LLP - Dallas, Dallas, TX; Michael Andrew Bittner, Fish & Richardson PC - Dallas, Dallas, TX; Wasif H Qureshi, Fish & Richardson PC-Houston, Houston, TX.

For Domino's Pizza Inc, Defendant: Frank A Angileri, LEAD ATTORNEY, John S Le Roy, Thomas W Cunningham, Brooks & Kushman PC - Southfield, Southfield, MI; Clyde Moody Siebman, Lawrence Augustine Phillips, Siebman Reynolds Burg & Phillips LLP, Sherman, TX.

For Godfather's Pizza Inc, Defendant: Andre R Barry, PRO HAC VICE, Mary Ann Novak, PRO HAC VICE, Cline Williams Wright Johnson & Oldfather, Lincoln, NE; James Claud Tidwell, Wolfe Tidwell & McCoy, LLP, Sherman, TX.

For IHop Corp, Defendant: Anthony F Lo Cicero, PRO HAC VICE, Benjamin Charkow, PRO HAC VICE, Richard S Mandaro, PRO HAC VICE, Amster Rothstein & Ebenstein, New York, NY; Debra Elaine Gunter, Yarbrough Wilcox, PLLC, Tyler, TX; Herbert A Yarbrough, III, Attorney at Law, Tyler, TX.

For IHop IP LLC, Defendant: Anthony F Lo Cicero, PRO HAC VICE, Benjamin Charkow, PRO HAC VICE, Richard S Mandaro, PRO HAC VICE, Amster Rothstein & Ebenstein, New York, NY; Debra Elaine Gunter, Yarbrough

 [*6] Wilcox, PLLC, Tyler, TX; Elizabeth Anne Tassi, PRO HAC VICE, Penny R Slicer, PRO HAC VICE, Stinson Morrison Hecker LLP - Missouri, Kansas City, MO; Herbert A Yarbrough, III, Attorney at Law, Tyler, TX.

For DineEquity Inc, doing business as International House of Pancakes, Defendant: Anthony F Lo Cicero, PRO HAC VICE, Benjamin Charkow, PRO HAC VICE, Richard S Mandaro, PRO HAC VICE, Amster Rothstein & Ebenstein, New York, NY; Debra Elaine Gunter, Yarbrough Wilcox, PLLC, Tyler, TX; Elizabeth Anne Tassi, PRO HAC VICE, Penny R Slicer, PRO HAC VICE, Stinson Morrison Hecker LLP - Missouri, Kansas City, MO; Herbert A Yarbrough, III, Attorney at Law, Tyler, TX.

For Landry's Inc, Saltgrass Inc, Defendants: Mark Thomas Garrett, LEAD ATTORNEY, Fulbright & Jaworski, LLP - Austin, Austin, TX; Brandy Shannell Nolan, Fulbright & Jaworski LLP - Dallas, Dallas, TX; Charles S Baker, Fulbright & Jaworski LLP - Houston, Houston, TX; Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX.

For Little Ceasar Enterprises Inc, Defendant, Counter Claimant: Mark David Taylor, LEAD ATTORNEY, Baker & McKenzie - Dallas, Dallas, TX; Brian Charles McCormack, Baker & McKenzie, Dallas, TX.

For McDonald's Corp, [*7] Defendant: Danny Lloyd Williams, LEAD ATTORNEY, Williams Morgan & Amerson, Houston, TX; Brian K Buss, Christopher Needham Cravey, David Kent Wooten, Terry D Morgan, Williams Morgan & Amerson PC, Houston, TX; Christy V LaPierre, PRO HAC VICE, Irene I Yang, Michael J Bettinger, K&L Gates LLP - San Francisco, San Francisco, CA; Jennifer Parker Ainsworth, Wilson Robertson & Cornelius PC, Tyler, TX; Jennifer Klein Ayers, Steven G. Schortgen, K&L Gates LLP - Dallas, Dallas, TX.

For Moe's Franchisor LLC, Defendant: Brian K Erickson, John M Guaragna, LEAD ATTORNEYS, DLA Piper US LLP - Austin,

Austin, TX; Amy P Mohan, DLA Piper LLP-Houston, Houston, TX; Henning Schmidt, Reed & Scardino LLP, Austin, TX; Ryan W Cobb, Thomas Jesse Hindman, DLA Piper US LLP - San Diego, San Diego, CA.

For Mr Gatti's LP, Defendant: Stewart Mesher, LEAD ATTORNEY, Conley Rose PC, Austin, TX; Charles J Rogers, Conley Rose, P.C. - Houston, Houston, TX.

For Mama Jim's Pizza Inc, doing business as Mr Jim's Pizza, Defendant: Robert D Whaley, LEAD ATTORNEY, Whaley, Letteer & Mock, PC, Dallas, TX.

For Panera Bread Company, Panera LLC, Defendants: Robert L Lee, Kamran Jivani, Alston & Bird LLP - Atlanta, Atlanta, GA; Avelyn Marie [*8] Ross, Vinson & Elkins, Austin, TX; Christopher Granaghan, James Daniel Shead, Willem G Schuurman, Vinson & Elkins - Austin, Austin, TX; Deirdre Marie Dorval, Vinson & Elkins LLP - D.C., Washington, DC; Jason Woodard Cook, Alston & Bird, LLP, Dallas, TX; Jason C Kravitz, PRO HAC VICE, Nixon Peabody LLP - Boston, Boston, MA; Jodi Rosen Wine, Russell J Genet, Nixon Peabody LLP - Chicago, Chicago, IL.

For Papa Johns International Inc, Papa Johns USA Inc, Defendants: Jason Woodard Cook, LEAD ATTORNEY, Derek Scott Neilson, Alston & Bird, LLP - Dallas, Dallas, TX; Adam David Swain, Alston & Bird - Washington, Washington, DC; Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX; Kamran Jivani, Robert L Lee, Alston & Bird LLP - Atlanta, Atlanta, GA.

For Pizza Inn Inc, Defendant: Melissa Richards Smith, LEAD ATTORNEY, William Robert Lamb, Gillam & Smith, LLP, Marshall, TX.

For Claim Jumper Acquisition Company, LLC, The Oceanaire Restaurant Company, Inc., Defendants: Brandy Shannell Nolan, Fulbright & Jaworski LLP - Dallas, Dallas, TX; Charles S Baker, Fulbright & Jaworski LLP - Houston,

Houston, TX; Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX; Mark Thomas Garrett, [*9] Fulbright & Jaworski, LLP - Austin, Austin, TX.

For Moe's Franchisor LLC, Counter Claimant: Ryan W Cobb, DLA Piper US LLP - San Diego, San Diego, CA; J Thad Heartfield, The Heartfield Law Firm, Beaumont, TX.

For Doctor's Associates Inc, doing business as Subway, Counter Claimant: Neil J McNabnay, LEAD ATTORNEY, Fish & Richardson - Dallas, Dallas, TX; Irene I Yang, K&L Gates LLP - San Francisco, San Francisco, CA; Jennifer Klein Ayers, Steven G. Schortgen, K&L Gates LLP - Dallas, Dallas, TX; Michael Andrew Bittner, Fish & Richardson PC - Dallas, Dallas, TX.

For Burger King Corp, Jack In The Box Inc, Counter Claimants: Neil J McNabnay, LEAD ATTORNEY, Fish & Richardson - Dallas, Dallas, TX; Michael Andrew Bittner, Fish & Richardson PC - Dallas, Dallas, TX.

For Panera LLC, Panera Bread Company, Counter Claimants: Robert L Lee, LEAD ATTORNEY, Kamran Jivani, Alston & Bird LLP - Atlanta, Atlanta, GA; Jason Woodard Cook, Alston & Bird, LLP - Dallas, Dallas, TX.

For Domino's Pizza Inc, Counter Claimant: Frank A Angileri, LEAD ATTORNEY, John S Le Roy, Thomas W Cunningham, Brooks & Kushman PC - Southfield, Southfield, MI.

For Godfather's Pizza Inc, Counter Claimant: Andre R Barry, Mary Ann Novak, PRO [*10] HAC VICE, Cline Williams Wright Johnson & Oldfather, Lincoln, NE; James Claud Tidwell, Wolfe Tidwell & McCoy, LLP, Sherman, TX.

For CEC Entertainment Concepts LP, CEC Entertainment Inc, doing business as Chuck E Cheese's, Counter Claimants: Andrew M Stern, PRO HAC VICE, Robert R Baron, Jr, PRO HAC VICE, Ballard Spahr, LLP - Pennsylvania, Philadelphia, PA; Brian Charles McCormack,

Baker & McKenzie, Dallas, TX; Charley F Brown, PRO HAC VICE, Ballard Spahr LLC-Atlanta, Atlanta, GA.

For Mr Gatti's LP, Counter Claimant: Stewart Mesher, LEAD ATTORNEY, Conley Rose PC, Austin, TX.

For Cinnabon Inc, Counter Claimant: Ryan W Cobb, Thomas Jesse Hindman, DLA Piper US LLP - San Diego, San Diego, CA.

For McDonald's Corp, Counter Claimant: Danny Lloyd Williams, LEAD ATTORNEY, Williams Morgan & Amerson, Houston, TX; Brian K Buss, Terry D Morgan, Williams Morgan & Amerson PC, Houston, TX; Irene I Yang, K&L Gates LLP - San Francisco, San Francisco, CA; Jennifer Klein Ayers, Steven G. Schortgen, K&L Gates LLP - Dallas, Dallas, TX; Michael Andrew Bittner, Fish & Richardson PC - Dallas, Dallas, TX.

For DineEquity Inc, doing business as International House of Pancakes, Counter Claimant: Allen Franklin Gardner, [*11] Potter Minton, a Professional Corporation, Tyler, TX.

For Starbucks Corp, Counter Claimant: Danny Lloyd Williams, LEAD ATTORNEY, Williams Morgan & Amerson, Houston, TX; Brian K Buss, Terry D Morgan, Williams Morgan & Amerson PC, Houston, TX.

For Brinker International Inc, doing business as Chili's, doing business as Romano's Macaroni Grill, doing business as Maggiano's Little Italy, Counter Claimant: Adam David Swain, Alston & Bird - Washington, Washington, DC; Derek Scott Neilson, Jason Woodard Cook, Alston & Bird, LLP - Dallas, Dallas, TX; Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX; Frank G Smith, III, PRO HAC VICE, Kamran Jivani, Robert L Lee, Alston & Bird LLP - Atlanta, Atlanta, GA; Jason C Kravitz, PRO HAC VICE, Nixon Peabody LLP - Boston, Boston, MA; Jodi Rosen Wine, PRO HAC VICE, Nixon Peabody LLP - Chicago, Chicago, IL.

For Papa Johns USA Inc, Papa Johns International Inc, Counter Claimants: Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX.

For Applebee's International Inc, Applebee's IP LLC, Counter Claimants: Anthony F Lo Cicero, PRO HAC VICE, Benjamin Charkow, PRO HAC VICE, Richard S Mandaro, PRO HAC VICE, Amster Rothstein & Ebenstein, [*12] New York, NY; Debra Elaine Gunter, Yarbrough Wilcox, PLLC, Tyler, TX; Herbert A Yarbrough, III, Attorney at Law, Tyler, TX.

For Bob Evans Farms Inc, doing business as Bob Evans, Bob Evans Restaurants of Michigan LLC, Counter Claimants: Mark David Taylor, LEAD ATTORNEY, Baker & McKenzie - Dallas, Dallas, TX; Brian Charles McCormack, Baker & McKenzie, Dallas, TX; Irene I Yang, K&L Gates LLP - San Francisco, San Francisco, CA; Jennifer Klein Ayers, Steven G. Schortgen, K&L Gates LLP - Dallas, Dallas, TX.

For Pizza Inn Inc, Counter Claimant: Melissa Richards Smith, Gillam & Smith, LLP, Marshall, TX.

For Darden Corporation, Counter Claimant: Brian K Buss, David Kent Wooten, Williams Morgan & Amerson PC, Houston, TX; C Robert Dorsett, Jr, Savrick Schumann Johnson McGarr Kaminski & Shirley, LLP, Austin, TX; Christy V LaPierre, PRO HAC VICE, Irene I Yang, Michael J Bettinger, K&L Gates LLP - San Francisco, San Francisco, CA; Danny Lloyd Williams, Williams Morgan & Amerson, Houston, TX; Derek Scott Neilson, Alston & Bird, LLP - Dallas, Dallas, TX; Jennifer Klein Ayers, Steven G. Schortgen, K&L Gates LLP - Dallas, Dallas, TX; Kamran Jivani, Alston & Bird LLP - Atlanta, Atlanta, GA.

For Landry's [*13] Inc, Saltgrass Inc, Counter Claimants: Mark Thomas Garrett, LEAD ATTORNEY, Fulbright & Jaworski, LLP - Austin, Austin, TX; Brandy Shannell Nolan, Fulbright & Jaworski LLP - Dallas, Dallas, TX; Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX.

For Claim Jumper Acquisition Company, LLC, The Oceanaire Restaurant Company, Inc., Counter Claimants: Brandy Shannell Nolan, Fulbright & Jaworski LLP - Dallas, Dallas, TX; Deron R Dacus, Shannon Marie Dacus, The Dacus Firm, PC, Tyler, TX; Mark Thomas Garrett, Fulbright & Jaworski, LLP - Austin, Austin, TX.

For GEOTAG, INC., a Texas Corporation, Counter Defendant: Mark Davin Perantie, Buether Joe & Carpenter, LLC, Dallas, TX.

**Judges:** MICHAEL H. SCHNEIDER, UNITED STATES DISTRICT JUDGE.

**Opinion by:** MICHAEL H. SCHNEIDER

| Opinion |
| --- |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Godfather's Pizza, Inc.'s Motion to Sever and Transfer to the District of Nebraska (Doc. No. 381). Having fully considered the parties' arguments, the undisputed facts, and the applicable law, the Court **GRANTS** the motion. The Court **GRANTS** severance and **GRANTS** transfer of venue to the United States District Court for the District of Nebraska Omaha Division.

## I. BACKGROUND

This litigation [*14] involves alleged patent infringement of U.S. Patent No. 5,930,474 (the '474 patent) titled "Internet Organizer for Accessing Geographically and Topically Based Information." This litigation includes a large number of related patent infringement cases. In these cases, Plaintiff accuses several hundred defendants of infringing the '474 patent by providing various locator services on their commercial websites. In general, the technology allows consumers to visit defendants' websites to obtain a map and listing of nearby locations or services.

In this particular case, Plaintiff GeoTag, Inc. (GeoTag) is incorporated under the law of Texas

and has its headquarters and principal place of business within the Eastern District of Texas in Frisco, Texas. Defendant Godfather's Pizza, Inc. (GPI) is a Delaware corporation with its headquarters within the District of Nebraska in Omaha, Nebraska. No other defendants have joined this motion.

GPI now argues that GeoTag's claims against it should be severed from this case and transferred to the District of Nebraska pursuant to _28 U.S.C. § 1404(a)_. GeoTag is unopposed to severance as long as the severed case, if not transferred, is treated as consolidated [*15] for pre-trial purposes with the other co-pending suits. GeoTag opposes transfer and urges that GPI cannot show that the District of Nebraska is a clearly more convenient forum.

The Court will not permit GeoTag to conditionally limit its opposition to severance. Consistent with the parties' positions, the Court finds severance appropriate.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." _28 U.S.C. § 1404(a)_. A threshold inquiry is whether the suit "might have been brought" in the proposed transferee venue. _In re Volkswagen of Am., Inc., 545 F.3d 304, 312 (5th Cir. 2008)_ (en banc) (_Volkswagen II_). Once a defendant satisfies that burden, the Court weighs certain factors to determine if transfer is warranted. _Volkswagen II, 545 F.3d at 314 n.9; see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507-08, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)_. The moving party must show good cause by demonstrating the transferee venue is clearly more convenient. _Volkswagen II, 545 F.3d at 314_. Otherwise, a plaintiff's choice of venue must be respected because that choice places the [*16] burden on the defendant to demonstrate why venue should be transferred. _Id. at 315 n.10_.

When deciding whether to transfer an action, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. _Volkswagen II, 545 F.3d at 315; In re TS Tech USA Corp., 551 F.3d 1315, 1320 (Fed. Cir. 2008)_. The relevant factors are divided between these private and public interests. _Gilbert, 330 U.S. at 508_. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." _Volkswagen II, 545 F.3d at 315_ (quotation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." _Id._ (quotation [*17] omitted). These factors are not exhaustive, and no single factor is dispositive. _Id._

## III. DISCUSSION

### A. Proper Venue

The first question the Court must address when considering a motion to transfer venue under _28 U.S.C. § 1404(a)_ is whether the suit could have originally been filed in the destination venue, here, the District of Nebraska. _Volkswagen II, 545 F.3d at 312_. In this case, the parties are in agreement that GeoTag's claims against GPI could have originally been brought in the proposed transferee forum. Accordingly, the Court finds the initial threshold satisfied.

### B. Private Interest Factors

### 1. <u>The Relative Ease of Access to Sources of Proof</u>

The first private interest factor is the relative ease of access to sources of proof. This factor weighs in favor of transfer when evidence could be more readily accessed from the proposed

transferee district. Although documentary evidence is often stored electronically, the Court considers the physical location of the evidence. *In re Genentech, Inc.*, 566 F.3d 1338, 1345-46 (Fed. Cir. 2009). Documents relocated in anticipation of litigation are not considered. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009).

"In patent infringement [*18] cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)); *see In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (explaining that a corporate party's relevant discoverable material is generally located at its headquarters).

GPI argues that all of the relevant evidence is located within the District of Nebraska. GPI contends that the primary sources of proof in this suit are the data, records, and source code relevant to its website. According to GPI, all of this evidence is located either at headquarters or at the offices of Midland Computer, Inc. (Midland Computer) and Midcompweb, Inc. d/b/a Web Solutions Omaha (Web Solutions Omaha). Midland Computer and Web Solutions Omaha are both headquartered in Omaha, Nebraska that are responsible for the design and maintenance of GPI's website. GPI alleges that all of the technical documents and source code pertinent to this suit are located within the District of Nebraska [*19] either at GPI's corporate headquarters or Web Solutions Omaha's headquarters. GPI concludes that all source of proof are more readily accessible from the District of Nebraska.

GeoTag maintains that it has considerable documentary evidence located at its headquarters within the Eastern District of Texas, including documents relevant to conception, reduction to practice, patent prosecution, licensing, and enforcement of the '474 patent. Under certain circumstances, credence must be given to a plaintiff's ties to the transferor venue. "[W]eight given to the location of [plaintiff's] documents is determined by whether [plaintiff] is an 'ephemeral' entity." *NovelPoint Learning LLC v. LeapFrog Enters., Inc.*, No. 6:10-cv-229, 2010 U.S. Dist. LEXIS 128906, 2010 WL 5068146, at *4 (E.D. Tex. Dec. 6, 2010); *see In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (per curiam) (describing a plaintiff's offices within the transferor forum as "recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue"). Here, GeoTag's ties to the Eastern District of Texas are not recent or ephemeral. GeoTag and its predecessors involved in the licensing and enforcement of the '474 patent [*20] have been located in this district since 2007. GeoTag's executive management consists of Chief Executive Officer and lead inventor John W. Veenstra and President and Chief Financial Officer Lawrence P. Howorth. Both reside within the transferor venue in Plano, Texas. Furthermore, Mr. Veenstra has resided in the district since 2007. GeoTag also employs several independent contractors in connection with its business at its Frisco headquarters, where all of its documents are located. Additionally, the Court finds GeoTag's presence in Eastern District of Texas is not an artifact of prior litigation. *See In re Verizon Bus. Network Servs., Inc.*, 635 F.3d 559, 561-62 (Fed. Cir. 2011). The Court does not believe that GeoTag's presence in the Eastern District of Texas is in anticipation of litigation or is an effort to forum shop. Rather, GeoTag's strong connection to the Eastern District of Texas is independent of this and prior litigation.

Even though GeoTag maintains strong ties to the Eastern District of Texas, the bulk of the relevant identified evidence is more easily accessed from the District of Nebraska. *See In re Genentech, Inc.*, 566 F.3d at 1345 (explaining that an accused infringer [*21] generally maintains the bulk of the relevant evidence). On balance, this factor weighs in favor of transfer.

## 2. The Availability of Compulsory Process

The next factor is the availability of compulsory process. Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses. Absolute subpoena power means the power to compel attendance at both depositions and trial. *Hoffmann-La Roche*, 587 F.3d at 1337-38. This factor requires the Court to look at non-party witness convenience rather than convenience of the party witnesses. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). Accordingly, transfer is heavily favored when the majority of the non-party witnesses reside in the transferee forum. *See Volkswagen II*, 545 F.3d at 316; *see Volkswagen II*, 545 F.3d at 304 (describing that Rule 45 of the Federal Rules of Civil Procedure protects non-party witnesses who live or work more than 100 miles from the courthouse).

GPI argues that all of the third-party witnesses are located within the absolute subpoena power of the District of Nebraska. GPI identifies individuals from the Omaha firms who developed and maintain its website [*22] as the only third-party witnesses in this case. GPI specifically names the following individuals as having knowledge relevant to this suit: (1) Kevin Stevens as the General Manager of Midland Computer when GPI signed its contract with Midland Computer; (2) Bruce L. Clure as President of Web Solutions Omaha; (3) Jill Kennedy as Interactive Media Designer for Web Solutions Omaha; and (4) Joann Swanson as a maintenance representative of Web Solutions Omaha. But GPI does not clearly indicate if these parties are unwilling to attend trial.

GeoTag asserts that there are possibly third-party witnesses with knowledge of alleged prior art within the Northern District of Texas in the Dallas area. But the weight attributed to GeoTag's prior art witnesses is undercut by GeoTag's failure to identify particular witnesses or documents that would require compulsory process. *See Effectively Illuminated Pathways,*

*LLC v. Aston Martin Lagonda of N. Am., Inc.,* No. 6:11-cv-34, at 14 , 2012 U.S. Dist. LEXIS 114502 (E.D. Tex. Apr. 19, 2012); *Dymatize Enters., Inc. v. Maximum Human Performance, Inc.,* No. 3:09-cv-1840, 2010 U.S. Dist. LEXIS 24727, 2010 WL 972240, at *2-3 (N.D. Tex. Feb. 28, 2010)* (holding that although a party need not provide affidavits identifying [*23] witnesses and outlining testimony, it must at least identify the witnesses). In the event that these prior art witnesses are required to testify at trial, the Court has the authority to compel them to attend trial. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) (stating that a ″person may be commanded to attend a trial by traveling from any such place within the state where the trial is held″).

Importantly, neither party identifies any non-party witnesses located within the Eastern District of Texas.

The District of Nebraska has absolute subpoena power over all of the identified third-party witnesses. The Eastern District of Texas does not have absolute subpoena power over any identified non-party witnesses. Therefore, the Court finds this factor weighs heavily in favor of transfer.

## 3. The Cost of Attendance for Willing Witnesses

One of the most important factors is the cost of attendance for witnesses. In analyzing the cost of attendance of willing witnesses, courts consider the convenience of both party and non-party witnesses. *See In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (*Volkswagen I*) (requiring courts to ″contemplate consideration of the parties and witnesses″). Nevertheless, the [*24] convenience to non-party witnesses is afforded greater weight than that of party witnesses. *NovelPoint*, 2010 U.S. Dist. LEXIS 128906, 2010 WL 5068146, at *6. Under the Fifth Circuit's 100-mile rule, ″[w]hen the distance between an existing venue for trial of a matter and a proposed venue under *§ 1404(a)* is more than 100 miles, the factor of inconvenience

to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II, 545 F.3d at 317*. The greater distance witnesses have to travel for trial, the greater their expense and the longer they will be away from home and employment. *See Volkswagen I, 371 F.3d at 205*.

As a threshold matter, the courthouse for the Omaha Division of the District of Nebraska and the courthouse for the Marshall Division of the Eastern District of Texas are greater than 100 miles apart. Thus, the Court must assess the inconvenience to witnesses of having to travel to one venue over the other.

As previously noted, GPI identifies four non-party witnesses located in Omaha that will testify regarding the functionality and value of the accused instrumentality. Travel to the Omaha courthouse within the District of Nebraska is significantly more convenient than [*25] then inconvenience imposed by travelling to Marshall. GeoTag's assertion that there are potentially non-party witnesses located in Dallas who will testify concerning prior art is afforded little weight because GeoTag fails to identify the witnesses specifically. The Court affords these general assertions less weight because of their speculative nature.

GeoTag identifies two non-party inventors who are located in Chicago, Illinois and Pleasanton, California. For the Chicago inventor, Omaha would be a considerably more convenient than Marshall. But neither forum would be clearly more convenient than the other for the California inventor. *See In re Genentech, 566 F.3d at 1344* (explaining that witnesses that "will be required to travel a significant distance no matter where they testify" are discounted under the 100-mile rule application).

With respect to party witnesses, GPI states that nearly all of its witnesses are based out of its headquarters in Omaha. GPI specifically identifies its Vice President and Chief Financial Officer Steven Roberts to testify on financial issues and Director of IT and Training Development Curtis D. Stalnaker to testify on technical issues. For these individuals, [*26] the District of Nebraska is a clearly more convenient forum.

GeoTag contends that the Eastern District of Texas is a more convenient venue for its party witnesses. Mr. Veenstra and Mr. Lawrence both live in Plano and work at GeoTag's headquarters in Frisco. Thus, travel to Marshall is considerably more convenient over travel to Omaha. GeoTag also identifies Elizabeth Morgan as a party witness but only states that she resides within the Eastern District of Texas. Overall, trial in the Eastern District of Texas would be more convenient over the proposed venue for GeoTag's party witnesses.

In sum, all of the identified non-party witnesses reside considerably closer to the District of Nebraska than the Eastern District of Texas. Both parties have identified party witnesses who would find their respective forums more convenient. Because the convenience to non-party witnesses is afforded greater weight than that of party witnesses, the Court finds this factor favors transfer.

### 4. All Other Practical Problems

The fourth factor serves as a catchall for concerns that may weigh for or against transfer. For example, transfer is disfavored when the issue is raised late in the case. *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc., No. 6:08-cv-286, 2009 U.S. Dist. LEXIS 24748, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009)* [*27] . And judicial economy may counsel against transferring a case when it would result in overlapping issues being simultaneously adjudicated in different districts. *In re Vistaprint Ltd.*, 528 F.3d 1342, 1345 (Fed. Cir. 2010). Generally, other practical problems focus on issues of judicial economy. Particularly, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the

convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).

This litigation involves over 100 cases against in excess of 400 defendants. Although GeoTag asserts the '474 patent in each case, none of the cases involve related defendants or overlapping products or services. GeoTag argues that having a single court familiar with the facts and legal issues would produce significant gains in judicial economy. The Court disagrees.

Although all of the cases involve infringement claims, none of them share the same accused services. GeoTag claims [*28] that common issues between defendants provide gains in efficiency. But this argument is unavailing. GeoTag has not pointed to any "common issues" that would not be present in all infringement cases (i.e. claim construction). This is not a situation where other practical problems jeopardize the easy, expeditious, and inexpensive trial of this dispute.

The Court will not permit the existence of separately filed cases to sway its transfer analysis. Otherwise, a plaintiff could manipulate venue by serially filling cases within a single district. Allowing a plaintiff to manufacture venue based on this alone would undermine the principals underpinning transfer law and the recently enacted America Invents Act. *See* Leahy-Smith America Invents Act, 35 U.S.C. § 299 (2011) (codifying new law for determining proper joinder in patent cases).

Since this case is still in its infancy, and because problems with judicial economy do not exist, this factor is neutral.

### C. Public Interest Factors

### 1. The Administrative Difficulties Flowing From Court Congestion

The first public interest factor is court congestion. Generally, this factor favors a district that can bring a case to trial faster. *In re Genentech*, 566 F.3d at 1347. [*29] Of all the venue factors, this is the "most speculative." *Id.* When "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Id.*

Here, neither party addresses this factor. There is no indication that either venue suffers from issues stemming from administrative difficulties associated with court congestion. Therefore, this factor is neutral.

### 2. The Local Interest in Having Localized Interests Decided at Home

The next public interest factor is the local interest in adjudication of the case. Traditionally, the location of the alleged injury is an important consideration. *In re TS Tech*, 551 F.3d at 1321. When the accused products or services are sold nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id.* Local interest also arises when a district is home to a party because the suit may call into question the reputation of individuals that work in the community. *Hoffmann-La Roche*, 587 F.3d at 1338. The local interest in the litigation is an important consideration because "[j]ury duty is a burden that ought not to be [*30] imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206.

GPI alleges that the District of Nebraska has a strong local interest in resolving this dispute because GPI is headquartered in that district. GPI states that it employs over 55 employees at its corporate headquarters in Omaha. Furthermore, GPI began operations in 1973 and has always maintained its headquarters in Omaha. Moreover, GPI's accused functionality is provided and maintained by Midland Computer and Web Solutions Omaha, also with their principal place of business in Omaha. Thus, this suit calls into question the reputation of individuals for all three companies who work in

the Omaha community. Therefore, as GPI concludes, the District of Nebraska maintains a strong local interest in the resolution of this suit.

In contrast, GeoTag maintains corporate ties within the Eastern District of Texas. Therefore this venue also has a local interest in the outcome of this case. In addition to its headquarters in the transferor forum, GeoTag employs several independent contractors in connection with its business at its headquarters. As previously discussed, GeoTag's ties to the [*31] existing venue are not recent or ephemeral and must be considered.

Since the District of Nebraska is home to GPI, Midland Computer, and Web Solution Omaha and the Eastern District of Texas is home to only GeoTag, the Court finds that this factor slightly favors transfer.

### 3. The Familiarity of the Forum With the Governing Law

Courts are also to consider ″the familiarity of the forum with the law that will govern the case.″ *Volkswagen I*, 371 F.3d at 203. The Court notes that both the District of Nebraska and the Eastern District of Texas are equally capable of applying the law regarding patent infringement. *See In re TS Tech*, 551 F.3d at 1320. Accordingly, as the parties agree, this factor is neutral.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The parties acknowledge that no conflict of laws questions are expected in this case. Thus, this factor is neutral.

### IV. CONCLUSION

Having fully considered all of the private and public interest factors, GPI has met its burden of showing that the District of Nebraska is ″*clearly* more convenient″ than the Eastern District of Texas. *Volkswagen II*, 545 F.3d at 315 (emphasis added). In balancing all of the factors, the Court finds that GPI [*32] has meet its ″significant burden″ under *§ 1404(a)*. *Id.* at 315 n.10. Accordingly, GPI's motion to sever and transfer (Doc. No. 381) is **GRANTED.** The Court **GRANTS** severance of GeoTag's claims against Defendant Godfather's Pizza, Inc. and **ORDERS** that these severed claims be immediately transferred to the United States District Court for the District of Nebraska Omaha Division. The 20-day waiting period established in Local Rule 83(b) is waived.

**It is SO ORDERED.**

**SIGNED this 14th day of January, 2013.**

/s/ Michael H. Schneider

MICHAEL H. SCHNEIDER

UNITED STATES DISTRICT JUDGE

# In re EMC Corp.

United States Court of Appeals for the Federal Circuit
January 30, 2013, Filed
Miscellaneous Docket No. 142

**Reporter:** 501 Fed. Appx. 973; 2013 U.S. App. LEXIS 1985; 2013 WL 324154

IN RE EMC CORP., DECHO CORP., IOMEGA CORP., AND CARBONITE, INC., Petitioners.

**Notice:** THIS DECISION WAS ISSUED AS UNPUBLISHED OR NONPRECEDENTIAL AND MAY NOT BE CITED AS PRECEDENT. PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** [**1] On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 10-CV-0435, Magistrate Judge Amos L. Mazzant.

Oasis Research, LLC v. Carbonite, Inc., 2012 U.S. Dist. LEXIS 115718 (E.D. Tex., Aug. 15, 2012)

Oasis Research, LLC v. Carbonite, Inc., 2012 U.S. Dist. LEXIS 117999 (E.D. Tex., Aug. 21, 2012)

Oasis Research, LLC v. Pro Softnet Corp., 2012 U.S. Dist. LEXIS 118019 (E.D. Tex., Aug. 21, 2012)

Oasis Research, LLC v. Go Daddy.com, Inc., 2012 U.S. Dist. LEXIS 118014 (E.D. Tex., Aug. 21, 2012)

Oasis Research, LLC v. Iron Mt., Inc., 2012 U.S. Dist. LEXIS 118015 (E.D. Tex., Aug. 21, 2012)

Oasis Research, LLC v. EMC Corp., 2012 U.S. Dist. LEXIS 118000 (E.D. Tex., Aug. 21, 2012)

**Counsel:** For In re: EMC CORPORATION, IOMEGA CORPORATION, DECHO CORP., Petitioners: Bas De Blank, Esq., -, Christopher R. Ottenweller, Attorney, Indra Neel Chatterjee, Esq., Attorney, Orrick, Herrington & Sutcliffe LLP, Menlo Park, CA; Alyssa Margaret Caridis, Esq., Attorney, Orrick, Herrington & Sutcliffe LLP, Los Angeles, CA; Krishnendu Gupta, Esq.,

-, Paul T. Dacier, Esq., -, William R. Clark, Esq., -, EMC Corporation, Hopkington, MA; Katherine M. Kopp, Attorney, Mark S. Davies, Esq., -, Orrick, Herrington & Sutcliffe LLP, Washington, DC.

For CARBONITE, INC., Petitioner: Kevin M. Littman, Esq., -, Matthew B. Lowrie, Foley & Lardner LLP, Boston, MA.

For OASIS RESEARCH, LLC, Respondent: John M. Desmarais, Desmarais LLP, New York, NY.

**Judges:** Before RADER, Chief Judge, DYK, and MOORE, Circuit Judges.

**Opinion by:** DYK

| Opinion |
| --- |

[*974] **ON PETITION**

DYK,*Circuit Judge.*

**ORDER**

This is petitioners EMC Corporation, Decho Corporation, Iomega Corporation and Carbonite Corporation's second request for a writ of mandamus in this case; as we noted before, this matter arose out of a single complaint [**2] filed by respondent Oasis Research LLC ("Oasis") charging a total of eighteen companies with offering online backup and storage for home or business computer users that allegedly infringed its patents. *In re EMC Corp.,* 677 F.3d 1351 (Fed. Cir. 2012). The United States District Court for the Eastern District of Texas denied EMC and Carbonite's requests to sever the claims against them in separate motions filed shortly after the complaint. In its view, Rule 20

of the Federal Rules of Civil Procedure— which governs joinder of claims arising out of the same transaction or occurrence—was met because the defendants' accused services and products were "not dramatically different." *Oasis Research LLC v. ADrive LLC,* No. 4:10-CV-435, 2011 U.S. Dist. LEXIS 80623, 2011 WL 3099885, at *2 (E.D. Tex. May 23, 2011). Given its conclusion that all eighteen claims belonged in the same action, the district court also denied EMC and Carbonite's motions to transfer venue to the United States District Courts for the Districts of Utah and Massachusetts, respectively, on the ground that transfer would divide a single action into several "different lawsuits scattered across the country." 2011 U.S. Dist. LEXIS 80623, [WL] at *4.

On petition this court reversed. We held [**3] that claims against independent defendants cannot be joined under the transaction-or-occurrence test "unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *EMC,* 677 F.3d at 1359. Because application of the improper joinder test could preclude a proper transfer analysis and prevent the defendants from having a "meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages," we granted the petition to the limited extent that we directed the district court to apply the correct [*975] test. *Id.* at 1354-55. We did not express any opinion on the issue of transfer of venue.

After our opinion, the district court severed the matter into four separate cases, including creating a separate action against Carbonite and a separate action against EMC, Decho, and Iomega, consolidated the cases for pretrial proceedings, and again denied the petitioners' motions for transfer in separate orders. In its denial of transfer orders, the district court concluded that in each case the petitioners had failed to show that the transferee venues were clearly more convenient. In so finding, the district [**4] court acknowledged that at least one party in each case had maintained significant operations relating to an accused product in the transferee venues and that the petitioners had identified five potential witnesses who reside in Utah and two potential witnesses who reside in Massachusetts. However, the court concluded that the petitioners had not met their burden of demonstrating the need for transfer, particularly in light of the fact that some potential witnesses were located in or closer to the Eastern District of Texas, and several witnesses and sources of proof were located in various other states, including New York, Virginia, Colorado, and Washington, D.C. The district court, moreover, concluded in each case that judicial economy weighed heavily against transfer. In that regard, the district court noted that if it were to transfer the cases other courts "would have to spend significant resources to familiarize [themselves] with the patents, prosecution history, claim construction, and other issues in th[ese] case[s]." Taking particular issue with that analysis, the petitioners now seek a writ of mandamus with regard to those orders.

The petitioners' request for a writ directing [**5] the district court to transfer these cases runs up against a highly deferential standard of review. The question before us on mandamus is not whether the transferee venues are more convenient and fair; nor is it even whether in our view it was an abuse of discretion for the trial court to have denied transfer, which is the applicable standard of review on direct appeal. *See In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008). Instead, the question is whether the denial of transfer was such a "'clear' abuse of discretion" that refusing transfer would produce a "patently erroneous result." *Id.* (quoting *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). Under this highly deferential standard, we must leave the district court's decision undisturbed unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Volkswagen,* 545 F.3d at 317 n.7 (quoting *McGraw-Edison Co. v. Van Pelt,* 350 F.2d 361, 363 (8th Cir. 1965)). Here, we cannot say that standard has been met.

This case is a prime example of the importance of addressing motions to transfer at the outset of litigation. As the Fifth Circuit stated in *In re Horseshoe* [**6] *Entm't,* "in our view disposition of [a] motion [to transfer] should have taken a top priority in the handling of this case by the . . . District Court.[1]" 337 F.3d 429, 433 (5th Cir. 2003). Congress' intent "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and [*976] expense," *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (internal quotation marks omitted), may be thwarted where, as here, defendants must partake in years of litigation prior to a determination on a transfer motion.

Here, the district court based its denial of the petitioners' motions to transfer venue in part on considerations of judicial economy. Petitioners protest that there is no "legitimate judicial economy factor" here [**7] because the district court's familiarity with the case arises only from its earlier error in refusing to sever and transfer claims against them. Petition at 11. Petitioners are correct that the district court could not properly rely on judicial economy involved in retaining the very cases that were the subject of the transfer motion. Motions to transfer venue are to be decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski,* 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960) (quoting *Paramount Pictures, Inc. v. Rodney,* 186 F.2d 111, 119 (3d Cir. 1950) (Hastie, J., dissenting)). Any subsequent familiarity gained by the district court is therefore irrelevant.

It does not follow, however, that the district court's judicial economy rationale was wholly misplaced. While considerations of judicial economy arising *after* the filing of a suit do not weigh against transfer, a district court may

properly consider any judicial economy benefits which would have been apparent at the time the suit was filed. For example, we have held that a district court's experience with a patent in prior litigation and the copendency of cases involving the same patent are permissible considerations in [**8] ruling on a motion to transfer venue. *In re Vistaprint, Ltd.,* 628 F.3d 1342, 1346-47 & n.3 (Fed. Cir. 2010). The latter consideration is applicable here. The district court could properly consider the benefits to judicial economy arising from having the same judge handle both Oasis's suits against the petitioners and Oasis's suits against other parties involving the same patents and technology as to which there was no issue of transfer. Petitioners complain that Oasis's claims against other defendants have since been dismissed, but, as discussed above, the relevant inquiry is the state of affairs at the time "when suit was instituted." *Hoffman,* 363 U.S. at 343. Because the dismissal of Oasis's suits as to the other defendants occurred later, it is not relevant to the venue inquiry. Accordingly, the district court could properly conclude that considerations of judicial economy favored retention of the cases.

To be clear, we are not suggesting that the judicial economy of having the same judge handle multiple suits involving the same patents should dominate the transfer inquiry. After all, the MultiDistrict Litigation Procedures exist to effectuate this sort of efficiency. Here, the petitioners [**9] concede that the district court considered all of the other relevant interest factors in reaching the conclusion that the transferee venues were not clearly more convenient for trial than the Eastern District of Texas. *See* Petition at 9. The district court found not only that judicial economy weighed against transfer, but also that a significant number of identified potential sources of proof and witnesses are located outside of the transferee venues, including at least one witness in

---

1   Similarly, the Third Circuit has concluded that "[j]udicial economy requires that [a] district court should not burden itself with the merits of the action until it is decided [whether] a transfer should be effected" and thus "it is not proper to postpone consideration of the application for transfer under *§ 1404(a)* until discovery on the merits is completed." *McDonnell Douglas Corp. v. Polin,* 429 F.2d 30, 30 (3d Cir. 1970).

Carbonite's case and two witnesses in EMC's case who reside in the Eastern District of Texas. Given these facts, we cannot say that, on the whole, the district court's determination as to transfer was so unreasonable as to warrant mandamus relief.

Accordingly,

 [*977]  (1) The petition for a writ of mandamus is denied.

(2) The motion for a stay is denied as moot.