NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**IN RE APPLE, INC.,**
*Petitioner.*

―――――――――――

2014-143

―――――――――――

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 6:12-cv-00943-JDL, Judge Leonard Davis.

―――――――――――

**ON PETITION**

―――――――――――

Before REYNA, BRYSON, and HUGHES, *Circuit Judges*.

Opinion of the court filed PER CURIAM.

Dissenting opinion filed by *Circuit Judge* BRYSON.

PER CURIAM.

# O R D E R

Apple, Inc. petitions for a writ of mandamus from an order of the United States District Court for the Eastern District of Texas denying its motion to transfer venue pursuant to 28 U.S.C. § 1404(a). We grant the petition.

BACKGROUND

On December 19, 2012, EON Corp. IP Holdings, LLC ("EON") filed suit against Apple in the Eastern District of

Texas asserting infringement of four patents: U.S. Patent Nos. 5,592,491 (the "'491 patent"), 5,388,101 (the "'101 patent"), 5,481,546 (the "'546 patent"), and 5,663,757 (the "'757 patent").

The record in this case presents certain facts that, while perhaps not relevant to overall substantive patent issues, are significant in the context of venue transfer under § 1404(a). Here, the plaintiff, EON, is headquartered in Texas, but is not involved in manufacturing, marketing, or distribution of any products. It has one employee in Texas, but EON has not identified this sole employee as relevant to the issues in this case. EON has no general, selling, or administrative costs, and hence, it has no records related to such typical corporate activities. It exists to file lawsuits and presumably to engage in licensing activities throughout the United States. While the law recognizes EON's right as a plaintiff to select its forum, the Supreme Court and Congress have determined that this right is not unfettered.

Apple, headquartered in Cupertino, California, moved to transfer venue to the United States District Court for the Northern District of California pursuant to § 1404(a), which authorizes transfer of a civil action "[f]or the convenience of parties and witnesses, in the interest of justice."

According to Apple's filings, all of its relevant evidence was in the Northern District of California. Apple further claimed that at least eight party witnesses, along with several prospective non-party witnesses, reside in the Northern District of California. Apple identified third-party witnesses Patrick King and John Wagner, the prosecuting attorneys for the asserted patents; Lauren Battaglia, a former EON employee; Intellectual Ventures; Latham & Watkins LLP; and Pillsbury Winthrop LLP, as having relevant and material information and residences or offices in the Northern District of California. Apple

also argued that the Eastern District of Texas was no more familiar with this family of patents than other venues, including the transferee venue, given "EON is currently litigating the '491 patent . . . in the Northern District of California." In addition, Apple pointed out that EON had maintained litigation involving the same family of patents in the United States District Courts for the District of Delaware and the District of Puerto Rico.

The district court denied Apple's transfer motion. *EON Corp. IP Holdings, LLC v. Apple, Inc.*, 6:12-cv-941 (E.D. Tex. Mar. 28, 2014), ECF Nos. 40, 53 ("Transfer Order"). To reach this decision, the district court applied the traditional private and public interest *forum non conveniens* factors *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). As to the convenience of the witnesses, the district court found that this factor favors transfer. The district court determined that "[w]hile neither EON nor Apple provides significant detail as to the information possessed by the identified witnesses, and neither suggests that they would require all the witnesses identified to actually attend trial, Apple has identified some witnesses who appear to reside in [the Northern District of California]." *Id.* at *8. The court found that neither party identified any witnesses in the Eastern District of Texas.

The district court also found that the compulsory process factor was neutral. In doing so, the district court's order addressed only Mr. King, one of the prosecuting attorneys for the asserted patents. The district court's order is silent with respect to the other non-party witnesses identified by Apple. *See id.*

The district court further concluded that the practical problems factor disfavored transfer. The court noted that "[a]t the time this case was filed on December 19, 2012, and as of the time the instant motion was filed on April 3, 2013, it was evident that it could be consolidated with

other co-pending cases in this district involving the same Patents-in-Suit." *Id.* at *9. The court added that "this Court has already construed the '101, '546, and '491 Patents several times," and thus "significant judicial economy will be realized if this Court retains the above captioned case." *Id.*

On balance, the district court determined that "the convenience of the witnesses favor transfer, the relative ease of access to sources of proof slightly favors transfer, practical problems disfavor transfer, while the remaining factors are neutral" and thus, "Apple has not shown that it is clearly more convenient for the parties and witnesses to transfer the instant case to [the Northern District of California.]" *Id.* at *12.

## DISCUSSION

We apply regional circuit law, in this case Fifth Circuit law, to procedural issues and issues that do not involve substantive patent law. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In determining whether transfer is warranted, the Fifth Circuit considers the public and private factors used in *forum non conveniens* analysis. *Id.* Mandamus is an appropriate remedy to rectify an erroneous consideration of the *forum non conveniens* factors, as an appeal from final judgment would be an inadequate remedy. *Id.* at 1322. Petitioners seeking mandamus relief face a high hurdle. We will grant mandamus relief only when a district court's clear abuse of discretion produces a patently erroneous result. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (Fed. Cir. 2008). This is such a case.

We hold that the district court's denial of transfer was a "'clear' abuse of discretion" warranting mandamus relief. *Id.* First, the district court failed to fully consider the facts in the record. Second, the district court erred in finding the compulsory process factor neutral. Third, the district court failed to give proper weight to the conven-

ience of the witnesses factor. Fourth, the district court improperly assessed the weight of the practical problems factor. Finally, the district court failed to properly balance the relative convenience of the venues and the interest of justice in light of those facts.

The district court erred in its analysis of the compulsory process factor by failing to fully consider the facts in the record. In its decision as to this factor, the district court addressed only Mr. King. But, it should have also addressed the other identified prospective witnesses, including the other non-party individuals and firms identified in Apple's reply brief and initial disclosures. *See In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004) (finding error in the district court's disregard of many third-party witnesses with relevant knowledge).

The dissent finds no fault in the district court ignoring record evidence. The dissent argues that district courts have "discretion to disregard evidence offered for the first time in a reply brief, and cites a string of cases to support this contention. Dissent at 2-3. Yet, all but two of the cases cited by the dissent focus on *new arguments* first made in a reply brief. The two cases that address new evidence, as opposed to new arguments, are district court conclusions that new evidence presented in a reply brief may be disregarded, but neither of these cases involve venue transfer analysis under § 1404(a).

The dissent also makes other arguments that it believes show that the district court did not err. Dissent at 3-5. Yet, these arguments are precisely what is lacking in the district court's opinion denying transfer. Indeed, the district court's order fails to mention the five other witnesses identified by Apple in its reply brief, or that it disregarded those witnesses because they were identified in a reply brief. Either way, we are left with the conclusion that the district court ignored the relevant evidence that the dissent would have treated differently.

The district court also erred in finding that the compulsory process factor was neutral. This factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Here, the record reflects that six potential third-party witnesses reside within the Northern District of California. This means that the Northern District of California would have authority to compel these witnesses to appear for both deposition and trial. Fed. R. Civ. P. 45(c)(1)(A); *In re Acer of Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010). Conversely, the Eastern District of Texas would lack authority to compel testimony from any of the identified witnesses.[1]

The district court further erred by failing to give proper weight to the convenience of the witnesses factor. Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir.2004) a "100–mile" rule, which requires that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 204–05. Apple identified at least eight prospective party witnesses in the transferee venue with relevant

---

[1] Whether these identified witnesses are willing to attend trial or not, the location of the witnesses and costs associated with travel to the Eastern District of Texas are relevant to the convenience analysis. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. D. of Tex.*, 134 S. Ct. 568, 581 n.6 (2013) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

material information, while EON failed to identify a single prospective witness in the Eastern District of Texas. On the Apple side of the balance are eight identified witnesses while on the EON side of the balance are none. Such a strong showing of convenience weighs heavily in favor of transfer. *See, e.g., In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199–1200 (Fed. Cir. 2009).

The district court also erred by improperly assessing the weight of the practical problems factor. EON argues that this case should be heard in the Eastern District of Texas because the Eastern District of Texas has prior experience with the patents and efficiencies would result in keeping the related cases together. But judicial economy is just one relevant consideration in determining how administration of the court system would best be served in deciding a transfer motion. *See Van Dusen v. Barrack*, 376 U.S. 612, 626–27 (1964). "The proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation." *In re Morgan Stanley*, 417 Fed. App'x. 947, 949 (Fed. Cir. 2011). Although the Eastern District of Texas has prior experience in construing this family of patents, so too does the Northern District of California. While transfer may mean that some of the other related cases remain in the Eastern District of Texas, multidistrict litigation procedures exist to mitigate inefficiencies in this type of situation. *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) ("Common pretrial issues of claim construction and patent invalidity may also be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407."). While multidistrict litigation procedures and the Northern District of California's familiarity with one of the patents in suit do not render the practical problems factor neutral, they do mitigate some judicial economy concerns such that the district court should not have weighed this factor so heavily against transfer.

The dissent argues that "[t]he majority does not point to any factual or legal error by the district court with regard to the judicial efficiency factor, but simply disagrees with the district court as to the importance of that factor." Dissent at 7. That is incorrect. The effect of the combined errors noted above, in addition to the court's failure to account for significant, relevant evidence concerning convenience and compulsory process, inevitably led the district court to err in balancing the relative convenience factors with the interests of justice, regardless of any assigned weight to the judicial efficiency factor. In sum, the district court's clear abuse of discretion led it to reach the patently erroneous determination that transfer is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted, the order denying the motion to transfer is vacated, and the case is remanded with directions to grant Apple's motion to transfer.

FOR THE COURT

<u>/s/ Daniel E. O'Toole</u>
Daniel E. O'Toole
Clerk of Court

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**IN RE APPLE, INC.,**
*Petitioner.*

———————————

2014-143

———————————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 6:12-cv-00943, Judge Leonard Davis.

———————————

**ON PETITION**

———————————

BRYSON, *Circuit Judge*, dissenting.

I would deny the petition. The magistrate judge, whose decision was affirmed by the district judge, carefully considered all of the relevant factors bearing on the transfer decision. Based on his analysis of those factors, he reached a reasonable conclusion that transfer should be denied. While the majority finds fault with the magistrate judge's analysis in several particulars, the criticisms are overblown. More fundamentally, the majority has given short shrift to the extremely limited nature of our reviewing authority in a proceeding such as this. As is clear from Fifth Circuit law, which applies here, mandamus will be granted to overturn a decision on a transfer

motion only when the district court has clearly abused its discretion, resulting in a patently erroneous result. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (Fed. Cir. 2008). I do not believe the transfer decision in this case reflects a "clear abuse of discretion" or comes even close to being "patently erroneous."

As the majority acknowledges, the magistrate judge's opinion addresses each of the traditional factors bearing on the transfer decision, finding that two factors (convenience of the witnesses and relative ease of access to sources of proof) favored transfer, some factors were neutral, and one factor (practical problems) disfavored transfer. After balancing the relevant factors, the magistrate judge concluded that "Apple has not shown that it is clearly more convenient for the parties and witnesses to transfer the instant case" to the Northern District of California.

The majority first criticizes the court for not addressing the availability of all six of the third-party witnesses or entities identified by Apple as being located in the Northern District of California. In its brief in the district court, Apple identified only one of those witnesses, Patrick King. The magistrate judge's opinion fully addressed Mr. King's situation, noting that Apple had not represented that he would decline to appear voluntarily in Texas and that Apple had made no representations as to the general nature of his testimony.

The majority does not take issue with the magistrate judge's analysis in that respect. Instead, the majority criticizes the magistrate judge for not discussing the other five third-party witnesses and organizations, which Apple referred to for the first time in its reply brief in the district court. But it is well settled, in the Eastern District of Texas and elsewhere, that a district court has discretion to disregard evidence offered for the first time in a reply brief. *See, e.g., Flooring Sys., Inc., v. Chow*, 2013 WL

4674667, at *1 n.2 (E.D. Tex. Aug. 29, 2013); *Miles Bramwell USA, LLC v. Weight Watchers Int'l, Inc.*, 2013 WL 1797031, at *4 (E.D. Tex. Mar. 27, 2013); *Nearstar, Inc. v. Waggoner*, 2011 WL 817374, at *4 (E.D. Tex. Mar. 2, 2011); *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 2009 WL 901128, at *2 n.1 (E.D. Tex. Mar. 30, 2009); *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012); *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 633 n.11 (N.D. Tex. 2010); *Brown v. Bridges*, 2014 WL 2777373, at *2 (N.D. Tex. June 19, 2014).

If Apple had in mind third-party witnesses that it wanted to call but was concerned that it could not subpoena them, it should have identified those witnesses in its motion. The reason that the witnesses appeared for the first time in Apple's reply brief was that they were witnesses identified by EON, and thus presumably were witnesses that EON, not Apple, intended to call. An argument that a witness for the other side would be outside the court's subpoena power is not a convincing basis for a party to seek transfer.

There is a further problem with Apple's reference to the five new witnesses and organizations to which it referred in its reply brief. Numerous cases have held that with respect to third-party witnesses, it is the burden of the party seeking transfer to show (1) that the witnesses would be unwilling to travel to the transferor district and (2) that the witnesses' testimony would be important to the issues at trial.[1] A sampling of those cases follows:

---

[1] The willingness of third-party witnesses to attend trial has been regarded as important in myriad cases. In one of our cases, *In re Barnes & Noble, Inc.*, 743 F.3d 1381, 1383 (Fed. Cir. 2014), we found no error in the

*Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 679 (D. Del. 2013) ("Given that defendants simply speculate that this non-party witness would be unwilling to travel, this factor weighs against transfer."); *FC Inv. Grp. LC v. Lichtenstein*, 441 F. Supp. 2d 3, 14 (D.D.C. 2006) ("When analyzing the convenience of parties and witnesses, a defendant must show that witnesses would be unwilling to testify in the [transferor district]."); *Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 718-19 (E.D. Va. 2005) ("The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience. . . . Additionally, the moving party must demonstrate 'whether that witness is willing to travel to a foreign jurisdiction.' Merely stating that potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process.") (internal quotation marks and citations omitted); *Kiss My Face Corp. v. Bunting*, 2003 WL 22244587, at *4 (S.D.N.Y. Sept. 30, 2003) (transfer denied where movant "failed to provide the Court with any affidavits from potential witnesses stating that such witnesses would not voluntarily appear absent transfer"); *Thayer/Patricof Educ.*

--------------------------------------------------------

district court's imposing the burden on the defendant-movant to show that third-party witnesses would be unable or unwilling to travel. Moreover, the cases cited in the text treat a witness's expression of willingness to appear as sufficient to overcome concerns that the witness is not subject to compulsory process within the transferor district.

*Funding v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 33 (D.D.C. 2002) (same); *USES Mfg, Inc. v. Rocky Mountain Inst. Research*, 94 F. Supp. 2d 218, 224 (D. Conn. 1999) (transfer movant did not state what non-party witnesses would testify about, "making it impossible for the Court to determine their relevance or importance" to the case, or "whether these witnesses would be unwilling to voluntarily travel to Connecticut, or would be unable to do so without extreme hardship").

Apple has not satisfied its burden in either of those two respects. Instead, it has simply listed the six witnesses without even suggesting that any of them would be unwilling to travel to Texas. In addition, of the five witnesses that the district court did not discuss, three are institutions, including two law firms. EON represented in the district court, however, that the individuals with knowledge in those two law firms live in Virginia, Florida, and Delaware, not in the Northern District of California. The other organizational "witness," Intellectual Ventures, is a patent assertion entity. Apple has provided no information as to what anyone from that entity could offer at trial. Of the two human witnesses, the record shows that one of them, Lauren Battaglia, is associated with EON and has testified for EON on several occasions in the Eastern District of Texas, so there appears to be no issue of compulsory process as to her. And as to the last individual, the other patent prosecutor, Apple has not suggested what evidence he could provide, what its importance to the case would be, and whether he would balk at having to travel to Texas.[2]

---

[2] In its petition, Apple adds a reference to another EON-related witness, who was not referred to in its reply brief in the district court. Obviously, the district court cannot be criticized for not having adverted to that wit-

The majority next criticizes the magistrate judge for "failing to give proper weight to the convenience of the witnesses factor." The magistrate judge, however, found that the convenience of the witnesses favored transfer. The majority's position thus seems to be not that the district court ignored that factor, or even erred in failing to find that it favored transfer; instead, the majority's position seems to be that the district court did not weigh that factor heavily enough. That determination is not consistent with the role this court is supposed to play in reviewing district court transfer decisions on mandamus, where the district court's decision must be respected unless it is "patently erroneous."

Finally, the majority concludes that the district court "erred by improperly assessing the weight of the practical problems factor." The majority finds that the district court erred in weighing that factor because, "although the Eastern District of Texas has prior experience in construing this family of patents, so too does the Northern District of California." In fact, however, as the district court found, the Eastern District of Texas has much greater familiarity with the patents than does the Northern District of California. While the Northern District of California has construed one of the asserted patents on one occasion, the Eastern District of Texas has construed all but one of the four asserted patents on multiple occasions, and the trial court there has been actively presiding over litigation involving three of the four patents-in-suit since 2008. Apple admits as much in its petition, where it acknowledges that the Eastern District of Texas "has

---

ness, but in any event the witness is associated with EON, and there is no suggestion in Apple's petition that it intends to call that individual as a witness.

construed the terms of the '101 patent four times and the '491 patent three times." Petition at 20 n.5.

The judicial efficiency factor was the most important to the district court, and with good reason. The Eastern District of Texas clearly has had much more experience in dealing with the set of patents at issue in this case than has the Northern District of California. Moreover, the Eastern District of Texas already has cases pending that are not being transferred and that involve those patents. Those considerations reasonably led the district court to find that "significant judicial economy will be realized if this Court retains the above captioned case," and thus that the judicial efficiency factor disfavored transfer. The court's finding as to the judicial efficiency factor is well supported and has been invoked as an important consideration bearing on the transfer decision. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice."); *In re Vicor Corp.*, 493 F. App'x 59, 61 (Fed. Cir. 2012).

The majority does not point to any factual or legal error by the district court with regard to the judicial efficiency factor, but simply disagrees with the district court as to the importance of that factor. Once again, however, a judgment as to the relative importance of one of the transfer factors should not be the basis for taking the exceptional step of granting a writ of mandamus.

In *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), this court made precisely that point in a setting similar to the one before us today. In that case, the district court found that the convenience factors favored transfer but that considerations of judicial economy outweighed the convenience factors; the court therefore denied transfer. This court denied a request for mandamus, noting that the transfer statute "balances a number

of case-specific factors, not just convenience," and that it
"commits the balancing determination to the sound dis-
cretion of the district court."  *Id.* at 1346.  The court
added:

> Our reluctance to interfere is not merely a
> formality, but rather a longstanding recogni-
> tion that a trial judge has a superior oppor-
> tunity to familiarize himself or herself with
> the nature of the case and the probable tes-
> timony at trial, and ultimately is better able
> to dispose of these motions.

*Id.*  The court's analysis in the *Vistaprint* case is equally
applicable here and should lead to the denial of the peti-
tion for mandamus.

Even if the majority were correct that the district
court did not adequately consider some of the factors
bearing on the transfer decision, it is hard to understand
why the remedy is to grant the writ and order the case
transferred, rather than simply directing the district
court to consider the factors that the court believes were
ignored.  The only explanation for the majority's decision
in this regard is that, while purporting to base its decision
on the district court's failure to consider all the evidence
bearing on the transfer issue, the majority in fact has
chosen simply to substitute its judgment for that of the
district court as to whether transfer should be ordered.
The record in this case does not, in my view, justify such a
step.

In sum, I cannot agree with the majority that man-
damus is appropriate in this case, particularly in light of
the very high barrier presented by the requirements for
the issuance of a writ of mandamus, which is reserved for
"extraordinary situations to correct a clear abuse of
discretion or usurpation of judicial power."  *In re Nintendo
Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009).

If we mean what we say when we say that mandamus is reserved for those cases in which the district court "failed to meaningfully consider the merits of the transfer motion," *Barnes & Noble*, 743 F.3d at 1383, then we should surely deny the petition here. Even if the court should have adverted to the two witnesses and three institutions referred to for the first time in Apple's reply brief, the rest of the court's analysis is quite thorough; the court cannot fairly be charged with having failed to give "meaningful consideration" to the merits of the motion to transfer.

I fear that the majority has committed the error that the Supreme Court warned against in *Will v. United States*, 389 U.S. 90, 98 n.6 (1967), where the Court cautioned that "Courts faced with petitions for the peremptory writs must be careful lest they suffer themselves to be misled by labels such as 'abuse of discretion' and 'want of power' into interlocutory review of nonappealable orders on the mere ground that they may be erroneous." *See also In re Volkswagen of Am., Inc.*, 566 F.3d at 1351 ("A suggestion that the district court abused its discretion, which might warrant reversal on a direct appeal, is not a sufficient showing to justify mandamus relief."); *In re Volkswagen of Am., Inc.*, 545 F.3d at 312 ("But—and we stress—in no case will we replace a district court's exercise of discretion with our own; we review only for clear abuses of discretion that produce patently erroneous results.").

I respectfully dissent from the order granting the writ of mandamus.